

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

April 2, 2015

**VIA ECF**

Honorable Mark Falk
United States Magistrate Judge
U.S. Post Office & Courthouse Building
One Federal Square
Newark, New Jersey 07101

Re:  *Carpenter Co. et al. v. BASF et al.*,
     Master Docket No.:  08-5169 (WJM) (MF)

Dear Judge Falk:

  This firm, along with Dechert LLP, represents The Dow Chemical Company ("Dow") in the above-referenced matter.  We are in receipt of the most recent letter filed by the Direct Action Plaintiffs ("DAPs") regarding Dow's preliminary exhibit list (Dkt. 59), dated April 1, 2015.  Rather than burdening the Court with further repetitive argument, as DAPs do, Dow rests on its prior submissions, but writes, most respectfully, to request oral argument on these matters.

  Specifically, Dow wishes to be heard with regard to DAPs' so called "letter motion," Dkt. 59 at 2, n.2,[1] which, in the context of complaining about Dow's preliminary exhibit list, asserts the extraordinary claim that the Court should preclude Dow's use of exhibits from the *Foam* litigation,[2] as well as numerous other exhibits, *without regard to their substance*; indeed, DAPs admit that their application "has nothing to do with the content of the documents[.]"  *See* Dkt. no. 59, at 3 n.3.[3]  Dow stands by its original response, namely that DAPs' request to strike exhibits, without any consideration of their probative value, is a meritless, procedurally improper, and premature motion *in limine*.  Indeed, since DAPs' letter seeks relief by way of excluding evidence, rather than on discovery issues, it would seem, most respectfully, that this is a matter properly considered by Judge Martini, rather than by Your Honor.

---

[1] Such a "letter-motion" is nowhere authorized by this Court's rules, which require both "moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof of acknowledgement of service on all other parties … filed with the Clerk at least 24 days prior to the noticed motion day."  L.Civ.R. 7.1(d).  As Your Honor is aware, a failure to abide generally by the Court's motion practice rules constitutes a reason for denying the relief requested.  See, e.g., Evident Corp. v. Church & Dwight Co., Civ. Action No. 97-3275, 2002 U.S. Dist. LEXIS 22600, at *33 (D.N.J. September 20, 2002) ("The plaintiffs failed to properly seek this relief according to the procedural rules of this Court.  See Local Civ. R. 7.1[.]").

[2] *In re Polyurethane Foam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio).

[3] Nor is the burden of reviewing the exhibit list, again without regard to their contents, a basis to strike exhibits from an exhibit list, and no authority is offered for the proposition that it is.  *See* Dkt. 59 at 4.

GIBBONS P.C.

April 2, 2015
Page 2

      In sum, Dow respectfully requests an opportunity to be heard on these issues and the others raised by DAPs, and is available for such argument at the Court's convenience. Thank you for your kind consideration of this matter.

                                    Respectfully submitted,

                                    <u>s/ Lawrence S. Lustberg</u>
                                    Lawrence S. Lustberg

cc:      All counsel of record (via email and ECF)

15544520.1.LITIGATION

#2200229 v1
104140-89458