## INSTRUCTIONS

## FINAL PRETRIAL ORDER

### Hon. William J. Martini, U.S.D.J.

1.　THE ATTACHED FORM IS TO BE RETYPED <u>IN FULL</u> (INCLUDING ALL INSTRUCTIONS) AND ALL MATERIAL INSERTED IN <u>PROPER SEQUENCE</u> AND NOT BY MEANS OF ATTACHED RIDERS EXCEPT AS SPECIFICALLY SET FORTH BELOW.

2.　<u>NUMBER</u> ALL PAGES.

3.　AN ORIGINAL AND ONE COPY OF THE <u>COMPLETED</u> FINAL PRETRIAL ORDER MUST BE DELIVERED TO THE CHAMBERS OF MAGISTRATE JUDGE MARK FALK.

4.　THE COPY, WHEN EXECUTED, WILL BE GIVEN TO JUDGE MARTINI. THE COPY MUST BE IN A <u>THREE-RING BINDER</u>.

5.　EACH SECTION OF THE FINAL PRETRIAL ORDER MUST BEGIN ON A SEPARATE PAGE.

6.　ALL NUMBERED SECTIONS OF THIS FINAL PRETRIAL ORDER MUST BE PRECEDED BY A CORRESPONDINGLY NUMBERED PAGE.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE: URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF)<br><br>**<u>FINAL PRETRIAL ORDER</u>** |

A pretrial conference\* having been held before the Honorable Mark Falk, U.S.M.J., Jeffrey M. Johnson, Richard J. Leveridge, Daniel P. Schaefer, and James E. Cecchi having appeared for Plaintiffs and David M. Bernick, William T. McEnroe, and Lawrence S. Lustberg having appeared for Defendant, this Final Pretrial Order is hereby entered:

\*Time Incurred: _____

1

**[PRECEDE WITH DIVIDER #1]**

1.      JURISDICTION (set forth specifically)

1.      **Subject Matter Jurisdiction.**  Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1337, and Section 4 of the Clayton Act, 15 U.S.C. § 15(a).  Subject matter jurisdiction is not disputed.

2.      **Personal Jurisdiction.**  Personal jurisdiction exists over Dow pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22.  Personal jurisdiction is not disputed.

**[PRECEDE WITH DIVIDER #2]**

2.      PENDING/CONTEMPLATED MOTIONS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's contemplated <u>in limine</u> motions should also be set forth.)[1]

1.      Plaintiffs contemplate filing a motion *in limine* to preclude evidence of, argument regarding, or reference to Plaintiffs' conduct in their downstream markets, including but not limited to evidence tending to show that Plaintiffs' conduct violated the antitrust laws, that Plaintiffs' conduct in their downstream markets was similar to Dow's conduct in the urethanes market, or that Plaintiffs passed on inflated prices caused by antitrust violations in the urethanes market to their downstream customers.

2.      Plaintiffs contemplate filing a motion *in limine* to preclude Dow from introducing evidence or argument regarding, or referring in any way to,  Fifth Amendment invocations by Carpenter, Vitafoam, or Woodbridge witnesses.

3.      Plaintiffs contemplate filing a motion *in limine* to preclude evidence that certain Plaintiffs who were defendants in the Foam Litigation, and/or expert witnesses called by those Plaintiffs in the Foam Litigation, took positions in the Foam Litigation that are different from the positions Plaintiffs, or expert witnesses called by Plaintiffs in this case, have taken in this case.

4.      Plaintiffs contemplate filing a motion *in limine* to preclude evidence that the Department of Justice closed its investigation of Dow and its co-conspirators without filing a lawsuit.

5.      Plaintiffs contemplate filing a motion *in limine* to preclude Barbour II, Schefsky and McCormick testimony as beyond the scope of and/or inconsistent with the Kansas Court's Order dated July 25, 2013 (Dkt. 2960) granting Dow's motion to modify the scheduling order.

6.      Plaintiffs contemplate filing a motion *in limine* to limit Dow's examination of experts to conform with Dow's Rule 26 disclosures and Kansas Court's Memorandum and Order dated May 16, 2014 (Dkt. 3193), granting Plaintiffs' motion to strike.

7.      Plaintiffs contemplate filing a motion *in limine* to limit the testimony of Professor Kenneth G. Elzinga.

8.      Plaintiffs contemplate filing a motion *in limine* to exclude unavailable Bayer witnesses under Fed. R. Evid. 804(a)(1) and for instruction that no inferences can be drawn based on their absence.

9.      Plaintiffs contemplate filing a motion *in limine* regarding unavailability of documents.

---

[1] Both sides intend to oppose motions listed herein, and the parties reserve all rights and objections with respect to these motions.

10.     Plaintiffs contemplate filing a motion *in limine* to preclude reference to how Plaintiffs became involved in this case or to the case being lawyer driven.

11.     Plaintiffs contemplate filing a motion *in limine* to preclude evidence of or reference to Plaintiffs' financial condition.

12.     Plaintiffs contemplate filing a motion *in limine* under Fed. R. Evid. 403 to require Dow to shorten its 8,700 exhibit list based on undue delay, waste of time, and needless presentation of cumulative evidence.

13.     Plaintiffs contemplate filing a motion *in limine* to exclude Dow's deposition designations from Plaintiffs' case-in-chief that are beyond the scope of proper cross and completeness designations.

14.     Plaintiffs contemplate filing a motion *in limine* to exclude the testimony of Patrick Ho.[2]

15.     Dow filed a motion to exclude the expert testimony of Plaintiffs' damages expert Dr. Marx (MDL Dkt. 3152), which was denied in part and remains pending in part (MDL Dkt. 3193).

16.     Plaintiffs filed a letter application requesting that Judge Falk strike the 1,700 proposed exhibits on Dow's exhibit list consisting of documents Dow obtained from the Foam Litigation. Plaintiffs contend that the application is properly pending before Judge Falk; Dow disputes this (Dkt. 55).

17.     Dow filed a motion *in limine* to admit documents filed in the Foam Litigation, which remains pending (Dkt. 66).

18.     Dow contemplates filing a motion to amend the caption to reference only current parties.

19.     Dow contemplates filing a motion *in limine* to exclude any reference to or evidence of Dow's overall financial condition,[3] including but not limited to its revenues, assets, profits, net worth, size, value, and/or market capitalization.

20.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs and their witnesses from referring to any other price-fixing or other antitrust case against Dow, by name or otherwise, or from discussing the evidence in other price-fixing cases or alleged conspiracies without obtaining prior court approval.

---

[2] In the alternative, Plaintiffs recently requested that Dow provide Plaintiffs with a proffer of the topics to which Mr. Ho intends to testify and also make Mr. Ho available for a pretrial deposition on a date and in a place convenient to him.  Dow is considering this request.

[3] Dow reserves the right to address at trial the profitability (or lack thereof) of the specific lines of business at issue in this litigation.

21.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs and their witnesses from referring to the fact of the class trial or class claims asserted in *In re Urethane Antitrust Litigation*, No. 2:04-cv-01616 (D. Kan.), including but not limited to any reference to or reliance on the testimony of the class plaintiffs' or the class plaintiffs' experts (*see, e.g.*, Pls.' Statement of Contested Facts ¶ 549).  This does not cover evidence that is common between this case and the class case.

22.     Dow contemplates filing a motion *in limine* to exclude any reference to or evidence of internal antitrust compliance policies of companies other than Dow and Dow's internal legal advice regarding its own antitrust compliance policies (*see, e.g.*, TDCC_PU1771447–54).

23.     Dow contemplates filing a motion *in limine* to exclude any evidence relating to an internal investigation by Bayer's counsel, including but not limited to the fact of communications between Plaintiffs' counsel and Bayer's counsel and all information that derives from or relates to Bayer's counsel or their activities (*see, e.g.*, Plaintiffs' Exhibit 534 (Bates White memorandum regarding questions for Phil Proger); Plaintiffs' Exhibit 535 (Bates White memorandum regarding interview of Phil Proger); Plaintiffs' Exhibit 605 (Leslie Marx memorandum regarding interview of Phil Proger); Pls.' Statement of Contested Facts ¶¶ 44-47, 110-119, 143-148, 186-187, 502-503).

24.     Dow contemplates filing a motion *in limine* to exclude any reference to or evidence of witnesses allegedly declining to provide testimony in this action.

25.     Dow contemplates filing a motion *in limine* to exclude Plaintiffs' Exhibit 442 (October 1995 BASF memorandum).

26.     Dow contemplates filing a motion *in limine* to preclude any reference to or evidence about the number of documents Dow and alleged co-conspirators produced from the time period 1994 through 1998, or other aspects of their document productions, including but not limited to evidence or argument regarding document retention policies or alleged destruction of documents.

27.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs and their witnesses from referring to former Defendants in this action as "defendants."

28.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs and their witnesses from referring to Dow and its alleged co-conspirators as "conspirators" or "co-conspirators."

29.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs and their witnesses from referring to any allegations or facts relating to the sale of polyurethanes outside of the United States, including but not limited to facts regarding the business activities of Dow or alleged co-conspirators outside the United States and Plaintiffs' purchases of polyurethanes outside of the United States.

30.     Dow contemplates filing a motion *in limine* to preclude any reference to or evidence regarding any alleged conspiracy to restrict capacity (*see, e.g.*, Pls.' Statement of Contested Facts ¶ 190).

31.     Dow contemplates filing a motion *in limine* to preclude any reference to or evidence regarding claims barred by the statute of limitations; for example, tolling on the basis of the class action does not apply to (a) claims that were not asserted in the class action or (2) claims that were already barred by the statute of limitations when the class action was filed.

32.     Dow contemplates filing a motion to compel Plaintiffs to produce as live witnesses at trial current employees, officers, directors, agents, and owners of Plaintiffs, and to make available to Dow for live testimony at trial any witness whose testimony Plaintiffs intend to present live at trial.

33.     Dow contemplates filing a motion *in limine* to preclude Plaintiffs from using depositions at trial in a manner contrary to Fed. R. Civ. P. 32.

34.     Dow contemplates filing a motion *in limine* challenging the qualifications of Plaintiffs' expert (*see* Section 6 *infra*).

35.     Dow contemplates filing a motion *in limine* to exclude the testimony of Daniel Schaefer.

36.     Dow contemplates filing a motion *in limine* to exclude the testimony of any of Plaintiffs' proposed witnesses who have not been deposed in this case.

**Stipulations Regarding Motions *in Limine***

The parties have reached the following agreements:

1.     The parties will not make reference to or seek to introduce evidence or argument regarding settlements or settlement discussions with former Defendants, with Dow, or with alleged co-conspirators, except that if the Court were to deny Dow's motion *in limine* 23 above, then the parties may refer to and introduce evidence or argument regarding the Bayer settlement in this case.[4]

2.     The parties will not make reference to or seek to introduce evidence or argument that the antitrust laws provide for treble damages.

3.     The parties will not make reference to or seek to introduce evidence or argument with respect to any purported conspiracy to fix the price of polyether polyol systems, but the parties are not precluded from mentioning systems.

---

[4] This agreement does not preclude Dow from arguing to the Court that the Court must reduce the amount of any judgment against Dow to account for amounts Plaintiffs recovered from Dow's alleged co-conspirators.

**[PRECEDE WITH DIVIDER #3]**

3.       STIPULATION OF FACTS (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)

1.       Between 1994 and 2003, Dow sold certain TDI, MDI, and polyether polyol products in interstate commerce.

**[PRECEDE WITH DIVIDER #4]**

4.      CONTESTED FACTS (Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

**A.      Plaintiffs:**



█ ███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████

| ████████ | ████████ | ████████ | ████████ | ████████ |
|---|---|---|---|---|
| | | █████ | █████ | ████ |
| | ████ | █████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████████ | | ████████ | |
| | | ████ | ████████ | ████████ |
| | ████████ | █████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| ████████ | ████████ | | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████ | █████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████████ | | ████████ | ████████ |
| | ████████ | ████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████████ | | ████████ | ████████ |
| ████████████ | | ████ | ████████ | ████████ |
| | ████ | █████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████████ | | ████████ | ████████ |
| | | ████ | ███████ | ████████ |
| | ████ | █████████ | ███████ | ████████ |
| | | ████ | ████████ | ████████ |
| | ████████ | | ████████ | ████████ |
| ████████ | | ████ | ████████ | ████████ |
| | ████ | █████████ | ████████ | ████████ |
| | | ████ | ███████ | ███████ |
| | ████████ | | ████████ | ████████ |
| | | ████ | ███████ | ███████ |
| | ████████████ | █████████ | ████████ | ████████ |
| | | ████ | ███████ | ███████ |
| | ████████ | ████████ | ████████ | ████████ |
| | | ████ | ████████ | ████████ |

| ▆▆▆ | ▆▆▆ | ▆▆ | ▆▆▆ | ▆▆▆ |
|---|---|---|---|---|
| | ▆▆▆▆▆ | | ▆▆▆ | ▆▆ |
| ▆▆▆▆▆▆ | | | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆▆▆ | ▆▆ | ▆▆ | ▆▆ | ▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆ | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆ | ▆▆ | ▆▆ | ▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆ | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆ | ▆▆▆ | ▆▆ | ▆▆ | ▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆ | ▆▆▆ | ▆▆ |
| | ▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆▆ | ▆▆ | ▆▆ | ▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆ | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆▆ | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆ | ▆▆ | ▆▆▆ |
| | ▆▆▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆▆ | | | ▆▆ | ▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| | ▆▆▆ | ▆▆▆▆ | ▆ | ▆ |
| | ▆▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆ | ▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆▆▆ | ▆▆ | ▆▆ |
| | ▆▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆ | ▆▆ | ▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆▆▆ | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆▆ | ▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆▆▆ | ▆▆ | ▆▆ |
| | ▆▆▆▆▆ | | ▆▆▆ | ▆▆▆ |
| | ▆▆▆▆▆ | ▆▆▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆▆▆ | | | ▆▆▆ | ▆▆▆ |
| ▆▆▆▆▆▆ | ▆▆ | ▆▆ | ▆▆▆ | ▆▆▆ |
| | | ▆▆▆ | ▆▆▆ | ▆▆▆ |

| ██████ | ██████ | ████ | ██████ | ██████ |
|---|---|---|---|---|
| | | ██ | ██████ | ██████ |
| | ██████ | | ██████ | ██████ |
| | ████ | ██████ | ██████ | ██████ |
| | | ██ | ██████ | ██████ |
| | ██████ | | ██████ | ██████ |
| | ██ | ██████ | ██████ | ██████ |
| | | ██ | ████ | ████ |
| | ██████ | | ██████ | ██████ |
| | | ██ | ██████ | ██████ |
| | ██████ | ██████ | ████ | ████ |
| | | ██ | ██████ | ██████ |
| | ████████ | | ██████ | ██████ |
| | ██████ | ██████ | ██████ | ██████ |
| | ██████ | | ██████ | ██████ |
| ██████████ | | | ██████ | ██████ |
| | ██ | ██ | ████ | ████ |
| | ██████ | | ████ | ████ |
| | ████ | ██ | ██████ | ██████ |
| ████ | | ██████ | ████ | ████ |
| | ████████ | | ██████ | ██████ |
| | ██████ | ██ | ██████ | ██████ |
| | | ██████ | ████ | ████ |
| | ████████ | | ██████ | ██████ |
| ██████████ | | | ██████ | ██████ |
| | | ██ | ████ | ████ |
| | ████ | ██████ | ████ | ████ |
| | | ██ | ██████ | ██████ |
| | ██████ | | ██████ | ██████ |
| | | ██ | ████ | ████ |
| | ████ | ██████ | ██████ | ██████ |
| | | ██ | ██████ | ████ |
| ██████████████ | ██████ | | ██████ | ████ |
| | | ██ | ██████ | ██████ |
| | ████ | ██████ | ████████ | ████████ |
| | | ██ | ██████ | ██████ |
| | ██████ | | ██████ | ██████ |
| | | ██ | ██████ | ██████ |
| | ██████ | ██████ | ████ | ████ |
| | | ██ | ██████ | ██████ |

| ▮ | ▮ | ▮ | ▮ | ▮ |
|---|---|---|---|---|
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | | ▮ | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| ▮ | | ▮ | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | | ▮ | ▮ | ▮ |
| | ▮ | | ▮ | ▮ |
| | ▮ | ▮ | ▮ | ▮ |





















15

























27





























41



















50











**B.    Defendant:**

1.    Dow did not engage in any contract, combination, or conspiracy with its competitors to fix, raise, maintain, or stabilize the price of any of the three categories of urethane chemicals at issue in this case—MDI, TDI, and/or Polyether Polyols (collectively, "urethane chemicals")—for any portion of the time period alleged in Plaintiffs' complaints (1994 to 2004) or Plaintiffs' revised conspiracy period of 1994-2003 ("alleged conspiracy period").

2.    Moreover, Dow did not participate in a conspiracy with any or all of its competitors in the urethanes industry during the alleged conspiracy period:  Bayer, BASF, Huntsman, and/or Lyondell or their affiliates or predecessors in interest.

3.    Plaintiffs did not suffer any injury in their business or property by reason of the alleged conspiracy.  Plaintiffs did not pay higher prices than they otherwise would have, and Plaintiffs suffered no damages.

4.    Dow did not conceal any conspiracy from Plaintiffs during the alleged conspiracy period.

5.    Dow did not actively mislead any Plaintiffs through the use of price increase announcements or through any others means during the alleged conspiracy period.

6.    The basis for Plaintiffs' claims—which Dow contests—was known to Plaintiffs long before November 23, 2004, which is evidenced in part by the testimony of Jorge Burtin, assignee of Plaintiff Skypark.

7.    In any event, Plaintiffs failed to exercise due diligence to discover the basis for their claims.

8.      Plaintiffs' purchases of urethanes chemicals from outside the United States, in particular from Canada, do not give rise to any claims against Dow or any alleged co-conspirator.

9.      The stated reasons for Dow's price increase announcements during the alleged conspiracy period were accurate, legitimate, and reasonable.

## Background

10.      During the alleged conspiracy period, business conditions in the urethanes industry varied:  the market conditions were at times favorable to suppliers, including Dow, and at other times unfavorable to suppliers.

11.      In this sophisticated industry, both buyers and sellers can develop negotiation leverage without any collusion, depending upon market conditions.  Thus, when demand for consumer products containing foam is high and the capacity to produce it is tight, it can be a sellers' market, and sellers of urethanes have bargaining power.  When demand is soft and capacity is available, buyers can have the bargaining power.

12.      Both Dow as a seller and Plaintiffs as buyers understood these market dynamics and were determined and sophisticated negotiators. Thus, the prevailing economic conditions at different periods of time directly affected the ability of urethanes suppliers, including Dow, to raise or lower the prices charged to their customers.

13.      During a period of time extending from the mid-1990's through the end of 2003, business conditions in the urethanes industry were generally unfavorable to suppliers:  demand for urethane chemicals was soft, capacity was plentiful, and prices remained essentially flat.  As a result, Plaintiffs took advantage of the then-existing buyers' market and used their leverage as large customers and strong negotiators to keep prices low.

14.      Because of the state of the market, competition between other producers, and advantages possessed by Plaintiffs, Dow's overall urethanes business at times suffered significant losses.

15.      It was only after the alleged conspiracy ended that the market began to turn, prices for urethane products began to rise, and urethanes producers began to recover from their losses.

## Plaintiffs and Their Theory of the Case

16.      The Plaintiffs are all very different. They differ in size, the products they sold, the urethane products they purchased, and the producers from whom they purchased those urethane products.

17.      Their transactions with the various urethanes suppliers and with Dow varied; and each transaction was negotiated separately, one-on-one with the selling urethanes producer.

18.      These one-on-one negotiations between Dow and its customers were often highly contentious. Individual plaintiffs would use their considerable purchasing power to play

suppliers off of each other to extract the best prices they could, and suppliers—including Dow—often bent over backwards to win business from their competitors.

19.     Not surprisingly, no Plaintiffs have testified as to liability or damages in this case. Instead, all Plaintiffs rely solely upon their counsel and hired experts.

20.     Plaintiffs' theory of this case turns upon price increase announcements issued periodically throughout the alleged conspiracy period by Dow and the other urethanes producers.

21.     The price increase announcements—usually in the form of letters—served the legitimate interest of notifying customers in advance of any change in urethanes pricing.

22.     The announcements did not include the actual price but only the change in price, and, most importantly, only began a process of customer-by-customer, contract-by-contract price negotiations to determine the actual price that would be charged to Plaintiffs in a given purchase.

23.     The actual prices ultimately charged varied between suppliers and between customers, in part because Plaintiffs themselves monitored raw material prices and thus had a difference of opinion on whether a given price increase on a particular urethane product was actually necessary.

24.     Moreover, Plaintiffs had varying incentives on whether to accept a given price increase announcement and pass those costs onto their customers (perhaps with an additional markup), or to fight the price increase in light of their bargaining power in the then-buyers' market.

25.     The vigorous competition among suppliers is a primary reason why the economic evidence is not consistent with the operation of a cartel, and in fact, Dow often lost money due to the vigorous competition during the alleged conspiracy period.

**<u>Evidence to be Presented at Trial</u>**

26.     The simple fact of price increase announcements is unexceptional in the urethanes industry (or any industry for that matter).

27.     Also unexceptional is the fact that suppliers in the urethanes industry would often announce similar price increases at or around the same time.  Indeed, this is to be expected in an oligopolistic industry, such as the urethanes industry, where factors like raw material costs affect every company in the industry.

28.     In fact, Plaintiffs participated in the same business practices with regard to price increase announcements for their own products.

29.     The same logic applies to any inferences of collusion Plaintiffs wish to draw from the fact that competitors often met both formally and informally in meetings and at trade conferences—occurrences which are both expected and inevitable in an oligopolistic industry (like the urethanes industry) where competitors are also clients and customers in swaps and buy-

sell transactions and share mutual interests.  Such meetings were for legitimate business purposes.

30.     As to actual prices, no witness has provided any direct evidence of any agreement between Dow or any of its competitors in the urethanes industry on actual prices.

31.     Moreover, economic evidence does not support any allegation of price fixing. Although Plaintiffs allege that prices would have fallen further absent some collusion to keep prices inflated, the evidence shows that costs did not fall during the alleged conspiracy period, and neither did demand for the urethane products at issue.  Basic economic principles instruct that absent falling demand or falling costs, prices would not fall in a non-collusive market.

32.     Moreover, there is no evidence of a pattern of sticking prices.  In fact, the evidence shows that most of the proposed price increases failed to take effect—which is why prices stayed flat.  Indeed, the transaction data provided by Dow and the other urethanes producers actually shows that the price in each of the three urethanes categories went *down* (not up) during the alleged conspiracy period.

33.     Additionally, the fact that price increase announcements were issued frequently throughout the alleged conspiracy period is further evidence that price increases repeatedly failed to take effect, primarily due to competition between urethane producers and the bargaining power of Plaintiffs and other purchasers.

34.     Plaintiffs' experts and their models do not establish liability either.  In fact, the models and the opinions of Plaintiffs' experts are not supported by law and are not supported by the evidence in this case.

35.     Plaintiffs' statistical model remarkably avoids making any economic or statistical assessment of the history of the alleged conspiracy period generally and avoids making any specific analysis of whether the price increase announcements issued by Dow and the other urethanes producers went into effect in some way that reflected collusion.  In fact, price increase announcements are not even taken into account in Plaintiffs' model, and neither is any other allegedly collusive act. At bottom, Plaintiffs' experts have not even reached a conclusion as to whether there was collusion, much less what it was, and they have not designed a model tailored to it.

36.     Additionally, Plaintiffs' model does not meet the established methodological standards for admission.  Indeed, two of the three product line models do not yield statistically significant results; none of the models, which are designed to be predictive forecasting models, actually pass basic tests for predictive power; and all of the models were "estimated" using variables that were subjectively chosen to "fit" the benchmark period as closely as possible, thereby assuring that the same would not be true during the alleged conspiracy period at issue.

37.     Thus, as a matter of law, Plaintiffs' model cannot support a finding of liability on the part of Dow.

38.     Finally, Plaintiffs' expert cannot explain how the facts, as they relate to Plaintiffs themselves, support the alleged conspiracy.  To the contrary, the evidence shows that different

prices were being charged by different urethanes suppliers to the same customer, at the same time.  Additionally, customers used their leverage to extract lower prices from urethanes suppliers and/or to punish suppliers that insisted on enforcing a given price increase.  These core instances of competition, which Plaintiffs fully enjoyed, could not be explained by Plaintiffs' expert.

**[PRECEDE WITH DIVIDER #5]**

5.   FACT WITNESSES:  (Aside from those called for impeachment purpose, only the fact witnesses set forth by name and address may testify at trial. No summary of testimony is necessary.)[1]

   **A.   Plaintiffs:**

**Witnesses Plaintiffs Anticipate Calling Live**

   1.   Jeffrey Briney (Flexible Foam)

         c/o Dickstein Shapiro LLP
         1825 Eye Street, N.W.
         Washington, D.C.  20006

   2.   James Boehm (Foam Supplies)

         c/o Dickstein Shapiro LLP
         1825 Eye Street, N.W.
         Washington, D.C.  20006

   3.   David Underdown (Hickory Springs)

         c/o Dickstein Shapiro LLP
         1825 Eye Street, N.W.
         Washington, D.C.  20006

   4.   Alan Weber (Huber)

         c/o Dickstein Shapiro LLP
         1825 Eye Street, N.W.
         Washington, D.C.  20006

   5.   Stephen Jackson (Leggett & Platt)

         c/o Dickstein Shapiro LLP
         1825 Eye Street, N.W.
         Washington, D.C.  20006

---

[1] Both sides reserve the right to call any of the witnesses they presently anticipate calling live via video deposition should those witnesses be unavailable live for trial.  Further, both sides reserve all rights and objections with respect to the parties' witness lists.  Both sides reserve the right to identify at a later date additional witnesses for the purpose of authenticating exhibits, including summary exhibits, to the extent the parties are not able to reach agreement regarding such issues, and the parties reserve their rights to object to any such witnesses within a reasonable time after they are identified.

6.      John Quackenbush (Lubrizol)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

7.      Sandon Wool (MarChem)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

8.      Jorge Burtin (Skypark and Burtin)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

9.      Martin Cosgrove (Vitafoam)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

10.     Nigel Hay (Pathway/Vitafoam)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

11.     Bruce O'Brien (Woodbridge)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

12.     Joseph Plati (Woodbridge)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

13.     Stuart Watson (Carpenter)

       c/o Dickstein Shapiro LLP
       1825 Eye Street, N.W.
       Washington, D.C.  20006

14.     Daniel Schaefer, Esq.[2]

        c/o Dickstein Shapiro LLP
        1825 Eye Street, N.W.
        Washington, D.C.  20006

15.     BASF SE Records Custodian (TBD)

        c/o Mayer Brown LLP
        Andrew Marovitz
        71 S. Wacker Drive
        Chicago, IL  60606

16.     BASF Coordination Center Comm. V. Records Custodian (TBD)

        c/o Mayer Brown LLP
        Andrew Marovitz
        71 S. Wacker Drive
        Chicago, IL  60606

17.     BASF Corporation Records Custodian (TBD)

        c/o Mayer Brown LLP
        Andrew Marovitz
        71 S. Wacker Drive
        Chicago, IL  60606

18.     Dan McMahon (Regarding Bayer AG Documents)

        c/o Jones Day
        Kevin Byrd
        51 Louisiana Avenue, N.W.
        Washington, DC  20001-2113

19.     Mary Schaub Pawlik (Regarding Bayer Corporation Documents)

        c/o Jones Day
        Kevin Byrd
        51 Louisiana Avenue, N.W.
        Washington, DC  2001-2113

---

[2] It is anticipated that Mr. Schaefer will serve as a Fed. R. Evid. 1006 summary witness to testify to the preparation of summary exhibits.  Plaintiffs, however, reserve the right to identify and bring a different summary witness to trial to testify about the preparation of summary exhibits.

20. Amy Smedley (Regarding Huntsman International LLC Documents)

    c/o Vinson Elkins LLP
    Erica Krennerich
    1001 Fannin Street
    Suite 2500
    Houston, TX  77002-6760

21. Barbara Heimann (Regarding Lyondell Chemical Company Documents)[3]

    c/o Rouse Hendricks German May PC
    Phil G. Greenfield
    1201 Walnut, 20th Floor
    Kansas City, MO  64106

**Witnesses Plaintiffs Anticipate Calling Via Video Deposition**

22. Stephanie Barbour (Dow)

    c/o Lindquist & Vennum PLLP
    4200 IDS Center
    80 South Eight Street,
    Minneapolis, MN  55402

23. William Bernstein (BASF)

    c/o Mayer Brown LLP
    71 S. Wacker Drive
    Chicago, IL  60606

24. Michele Blumberg (Bayer)

    c/o Jones Day
    51 Louisiana Avenue, N.W.
    Washington, D.C.  20001

25. Charles Churet (Dow)

    c/o Dechert LLP
    1095 Avenue of the Americas
    New York, NY  10036-6797

---

[3] Other settling defendants' records custodians will be identified, in the event that Plaintiffs are forced to bring live witnesses from these companies to establish the admissibility of their documents.

4

26.    Jean-Pierre Dhanis (BASF)

       c/o Mayer Brown LLP
       71 S. Wacker Drive
       Chicago, IL  60606

27.    Edward Dineen (Lyondell)

       c/o Rouse Hendricks German May PC
       1201 Walnut, 20th Floor
       Kansas City, MO  64106

28.    Arthur Eberhart (Dow)

       c/o Dechert LLP
       1095 Avenue of the Americas
       New York, NY  10036-6797

29.    Thomas Feige (Dow)

       c/o Dechert LLP
       1095 Avenue of the Americas
       New York, NY  10036-6797

30.    David Fischer (Dow)

       c/o Vorys, Sater, Seymour and Pease LLP
       52 East Gay Street
       Columbus, Ohio  43216

31.    Gregory Geaman (Huntsman)

       c/o Vinson & Elkins LLP
       First City Tower
       1001 Fannin Street, Suite 2500
       Houston, TX  77002

32.    Anthony Hankins (Huntsman)

       c/o Vinson & Elkins LLP
       First City Tower
       1001 Fannin Street, Suite 2500
       Houston, TX  77002

33.   Uwe Hartwig (BASF)

      c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

34.   Robert Kirk (Bayer)

      c/o Jones Day
      51 Louisiana Avenue, N.W.
      Washington, D.C.  20001

35.   Kenneth Lane (BASF)

      c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

36.   Robert Lawrence (BASF)

      c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

37.   Larry Heppe (Leggett & Platt)

      c/o Dickstein Shapiro LLP
      1825 Eye Street, N.W.
      Washington, D.C.  20006

38.   Marco Levi (Dow)

      c/o Dechert LLP
      1095 Avenue of the Americas
      New York, NY  10036-6797

39.   William Lizzi (BASF)

      c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

40.   William Long (Dow)

      c/o Dechert LLP
      1095 Avenue of the Americas
      New York, NY  10036-6797

41.   Tom McCormick (Dow)

      c/o Dechert LLP
      1095 Avenue of the Americas
      New York, NY  10036-6797

42.   Richard Mericle (BASF)

      c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

43.   Stanley Pauley (Carpenter)

      c/o Dickstein Shapiro LLP
      1825 Eye Street, N.W.
      Washington, D.C.  20006

44.   Gerald Phelan (Bayer)

      c/o Jones Day
      51 Louisiana Avenue, N.W.
      Washington, D.C.  20001

45.   Lynn Schefsky (Dow)

      c/o Dechert LLP
      1095 Avenue of the Americas
      New York, NY  10036-6797

46.   Amy Smedley (Huntsman)

      c/o Vinson & Elkins LLP
      First City Tower
      1001 Fannin Street, Suite 2500
      Houston, TX  77002

47.   Lawrence Stern (Bayer)

      c/o Jones Day
      51 Louisiana Avenue, N.W.
      Washington, D.C.  20001

48.   Robert Wood (Dow)

      c/o Dechert LLP
      1095 Avenue of the Americas
      New York, NY  10036-6797

49.  Del Felter (Carpenter)

   c/o Dickstein Shapiro LLP
   1825 Eye Street, N.W.
   Washington, D.C.  20006

50.  Franklin Hurst (Carpenter)

   c/o Dickstein Shapiro LLP
   1825 Eye Street, N.W.
   Washington, D.C.  20006

51.  Helen Ebert (Pathway/Vitafoam)

   c/o Dickstein Shapiro LLP
   1825 Eye Street, N.W.
   Washington, D.C.  20006

52.  Thomas Laursen (Vitafoam)

   c/o Dickstein Shapiro LLP
   1825 Eye Street, N.W.
   Washington, D.C.  20006

53.  Raj Mehta (Crest Foam)

   c/o Dickstein Shapiro LLP
   1825 Eye Street, N.W.
   Washington, D.C.  20006

**B.    Defendant:**

**Witnesses Dow Anticipates Calling Live**[4]

**Witnesses Currently or Formerly Affiliated with Dow**

1.  Richard Beitel

   c/o Dechert LLP
      David M. Bernick, Esq.
      1095 Avenue of the Americas
      New York, NY  10036-6797

---

[4] As noted above Dow reserves the right to identify additional witnesses for the purpose of authenticating exhibits, including summary exhibits, to the extent the parties are not able to reach agreement regarding such issues.

2.      Anthony Carbone

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

3.      Phillip Cook

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

4.      Patrick Dawson

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

5.      David Fischer

c/o Vorys, Sater, Seymour and Pease LLP
        52 East Gay Street
        Columbus, OH  43216

6.      Patrick Ho

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

7.      William Long

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

8.      Frank Morgan

c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

9.      David Pashalidis

   c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

10.      Robert Wood

   c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

**<u>Witnesses Currently or Formerly Affiliated with Plaintiffs</u>**

11.      Paul Davidson (Carpenter)

   c/o Dickstein Shapiro LLP
        Richard J. Leveridge, Esq.
        1825 Eye Street, N.W.
        Washington, D.C.  20006

12.      Stanley Pauley (Carpenter)

   c/o Dickstein Shapiro LLP
        Richard J. Leveridge, Esq.
        1825 Eye Street, N.W.
        Washington, D.C.  20006

13.      Christopher Pugh (Carpenter)

   c/o Dickstein Shapiro LLP
        Richard J. Leveridge, Esq.
        1825 Eye Street, N.W.
        Washington, D.C.  20006

14.      Kenneth Todd Councilman (Hickory Springs)

   c/o Dickstein Shapiro LLP
        Richard J. Leveridge, Esq.
        1825 Eye Street, N.W.
        Washington, D.C.  20006

15.      Wilbur Mann (Hickory Springs)

   c/o Dickstein Shapiro LLP
        Richard J. Leveridge, Esq.

1825 Eye Street, N.W.
Washington, D.C.  20006

16.      Don Simpson (Hickory Springs)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

17.      David Underdown (Hickory Springs)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

18.      Steven Jackson (Leggett & Platt)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

19.      John Quackenbush (Lubrizol)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

20.      Michael Vaughn (Lubrizol)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

21.      Jorge Burtin (Skypark)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

22.     Martin Cosgrove (Vita)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

23.     Nigel Hay (Pathway Polymers (Vita))

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

24.     Joseph Plati (Woodbridge)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

25.     David Scott Wheeler (Woodbridge)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

### **Third-Party Witnesses**

26.     Janusz A. Ordover (Live)

    Department of Economics
       New York University
       269 Mercer Street
       New York, New York 10003

### **Witnesses Dow Anticipates Calling Via Video Deposition**

### **Witnesses Currently or Formerly Affiliated with Dow**

27.     Charles Churet

    c/o Dechert LLP
       David M. Bernick, Esq.

1095 Avenue of the Americas
New York, NY  10036-6797

28.    Gregory Comeaux

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

29.    Peter Davies

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

30.    Arthur Eberhart

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

31.    Jerry Fosnaugh

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

32.    William Kincaid

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

33.    Marco Levi

c/o Dechert LLP
David M. Bernick, Esq.
1095 Avenue of the Americas
New York, NY  10036-6797

34.    Donald Marquette

    c/o Dechert LLP
       David M. Bernick, Esq.
       1095 Avenue of the Americas
       New York, NY  10036-6797

35.    Tom McCormick

    c/o Dechert LLP
       David M. Bernick, Esq.
       1095 Avenue of the Americas
       New York, NY  10036-6797

36.    Lynn Schefsky

    c/o Dechert LLP
       David M. Bernick, Esq.
       1095 Avenue of the Americas
       New York, NY  10036-6797

37.    Dale Wingate

    c/o Dechert LLP
       David M. Bernick, Esq.
       1095 Avenue of the Americas
       New York, NY  10036-6797

**<u>Witnesses Currently or Formerly Affiliated with Co-Defendants</u>**

38.    Lawrence Berkowski (BASF)

    c/o Mayer Brown LLP
       71 S. Wacker Drive
       Chicago, IL  60606

39.    William Bernstein (BASF)

    c/o Mayer Brown LLP
       71 S. Wacker Drive
       Chicago, IL  60606

40.    Jean-Pierre Dhanis (BASF)

    c/o Mayer Brown LLP
       71 S. Wacker Drive
       Chicago, IL  60606

41.     John Feldmann (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

42.     David Freidinger (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

43.     Uwe Hartwig (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

44.     Richard Johnston (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

45.     Gary Lambert (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

46.     Richard Mericle (BASF)

    c/o Mayer Brown LLP
      71 S. Wacker Drive
      Chicago, IL  60606

47.     Donald Birnie (Bayer)

    c/o Jones Day
      51 Louisiana Ave., N.W.
      Washington, D.C.  20001

48.     Michelle L. Blumberg (Bayer)

    c/o Jones Day
      51 Louisiana Ave., N.W.
      Washington, D.C.  20001

49.     George Harrick (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

50.     John Houston (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

51.     Robert Kirk (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

52.     Wayne LeSage (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

53.     Gerald MacCleary (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

54.     Azita Owlia (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

55.     Gerald Phelan (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

56.     John Phelps (Bayer)

        c/o Jones Day
            51 Louisiana Ave., N.W.
            Washington, D.C.  20001

16

57.    Gerard Solini (Bayer)

c/o Jones Day
       51 Louisiana Ave., N.W.
       Washington, D.C.  20001

58.    Ernie Springolo (Bayer)

c/o Jones Day
       51 Louisiana Ave., N.W.
       Washington, D.C.  20001

59.    Gregory Geaman (Huntsman)

c/o Vinson & Elkins LLP
       First City Tower
       1001 Fannin St., Suite 2500
       Houston, TX  77002

60.    Anthony Hankins (Huntsman)

c/o Vinson & Elkins LLP
       First City Tower
       1001 Fannin St., Suite 2500
       Houston, TX  77002

61.    Edward Dineen (Lyondell)

c/o Rouse Hendricks German May PC
       1201 Walnut, 20th Floor
       Kansas City, MO  64106

**Witnesses Currently or Formerly Affiliated with Plaintiffs**[5]

62.    Del Felter (Carpenter)

c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

---

[5] Dow reserves the right to call any of these witnesses live if Plaintiffs bring them to trial.  Dow notes, for example, that Plaintiffs intend to have Stuart Watson, Jeffrey Briney, James Boehm, Alan Weber, Sandon Wool, and Bruce O'Brien testify live at trial.

63.    Franklin Hurst (Carpenter)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

64.    Edwin Malechek (Carpenter)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

65.    Stuart Watson (Carpenter)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

66.    Jeffrey Briney (Flexible Foam Products)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

67.    Michael Crowell (Flexible Foam Products)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

68.    James Boehm (Foam Supplies)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

69.    David Keske (Foam Supplies)

    c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

70.   James Coleman (Hickory Springs)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

71.   Hunter Lee Lunsford (Hickory Springs)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

72.   Mark Talbert (Huber)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

73.   Alan Weber (Huber)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

74.   Larry Heppe (Leggett & Platt)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

75.   Clyde Scott (Leggett & Platt)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

76.   Joe York (Leggett & Platt)

c/o Dickstein Shapiro LLP
Richard J. Leveridge, Esq.
1825 Eye Street, N.W.
Washington, D.C.  20006

77.   Sandon Wool (MarChem)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

78.   John Bruno (Vita)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

79.   Michael Curti (Crest Foam (Vita))

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

80.   Helen Ebert (Vita and Pathway Polymers)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

81.   Jeffrey Gomberg (Synair (Vita))

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

82.   Thomas Laursen (Vita)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

83.   Richard Loftin (Vita)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

84.    Raj Mehta (Crest Foam (Vita))

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

85.    Franklin Sasser (Vita)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

86.    David Fowler (Woodbridge)

   c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

87.    Bruce O'Brien (Woodbridge)

       c/o Dickstein Shapiro LLP
       Richard J. Leveridge, Esq.
       1825 Eye Street, N.W.
       Washington, D.C.  20006

**[PRECEDE WITH DIVIDER #6]**

6.    EXPERT WITNESSES:  (No expert shall be permitted to testify at trial unless identified below by name and address and unless the expert's curriculum vitae and report are attached hereto.  An expert's qualifications may not be questioned unless the basis therefor is set forth herein.)[1]

    **A.    Plaintiffs:**

Leslie M. Marx, Ph.D.

c/o Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C.  20006

    **B.    Defendant's objections to plaintiff's expert qualifications:**

    Dow incorporates by reference its pending *Daubert* motion (*see* MDL Dkt. 3152, 3193). Dow also objects to Dr. Marx's qualifications to the extent she intends to offer testimony regarding the credibility of witnesses or other persons, or legal conclusions, or other matters that involve the interpretation of alleged evidence of conspiratorial conduct, require expertise in the urethanes industry, or are otherwise outside her area of expertise.  Dow's objections to Dr. Marx's qualifications will be the subject of a motion *in limine* Dow intends to file with the Court (*see* Parties' Pending, Contemplated Motions, *supra*), and Dow also reserves the right to raise such issues at trial.

    **C.    Defendant:**

Kenneth G. Elzinga, Ph.D.

        c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

Keith R. Ugone, Ph.D.

        c/o Dechert LLP
        David M. Bernick, Esq.
        1095 Avenue of the Americas
        New York, NY  10036-6797

---

[1] If the parties stipulate to an expert's qualifications there is no need to attach a curriculum vitae. In any event, however the expert's report must be attached.

**D.**      **Plaintiff's objections to defendant's expert qualifications:**

Plaintiffs object to Dr. Elzinga's qualifications to the extent he intends to offer testimony on matters of statistics, econometrics, or accounting or matters that require the interpretation of direct evidence of conspiratorial conduct or expertise in the urethanes industry.  Plaintiffs' objections to Professor Elzinga's qualifications, along with objections to the fitness and reliability of his opinions, will be the subject of a motion *in limine* Plaintiffs intend to file with the Court (*see* Parties' Pending, Contemplated Motions, *supra*).

**[PRECEDE WITH DIVIDER #7]**

7.      DEPOSITION: Not later than _____, any party seeking to offer evidence by deposition shall so advise the opposing parties. Within 14 days thereof, all parties are directed to prepare a joint agreed statement, in narrative form, of the testimony which would be given by the deponent if called under oath. No colloquy between counsel shall be included. The agreed statement is not a concession of the factual accuracy of the deponent's testimony. Absent prior leave of Court, no deposition testimony may be offered except as provided herein.

        Within 14 days of the first date above, the parties shall simultaneously exchange and submit to the Court any objections to the deposition testimony proposed above. The objections shall note, separately as to each such challenged portion of the deposition, applicable cases or rules which underlie the objection. If a party fails to comply with this paragraph, the challenged deposition testimony shall deemed admitted.

**SEE ATTACHED DEPOSITION DESIGNATION
CHARTS BY PARTY AND BY WITNESS**

1

**[PRECEDE WITH DIVIDER #8]**

8.      EXHIBITS (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may introduced at trial. Objections to authenticity are deemed waived unless such objections are set forth).[1, 2]

     **A.      Plaintiffs:**      Please see attached exhibit list.

     **B.      Defendant's objections to authenticity:**

       1.      Plaintiffs' Exhibit 1

       2.      Plaintiffs' Exhibit 3

       3.      Plaintiffs' Exhibit 17

       4.      Plaintiffs' Exhibit 20

       5.      Plaintiffs' Exhibit 32

       6.      Plaintiffs' Exhibit 36

       7.      Plaintiffs' Exhibit 47

       8.      Plaintiffs' Exhibit 65

       9.      Plaintiffs' Exhibit 76

       10.      Plaintiffs' Exhibit 83

       11.      Plaintiffs' Exhibit 86

       12.      Plaintiffs' Exhibit 87

       13.      Plaintiffs' Exhibit 88

       14.      Plaintiffs' Exhibit 92

---

[1] The exhibit lists should follow this page.

[2] Both sides agree that demonstratives, records custodian declarations, and summary exhibits may be identified at a later date, and to the extent the parties are not able to reach agreements regarding such issues, they reserve their rights to object to any such exhibits within a reasonable time after they are identified.  The parties have been negotiating conditions regarding the pre-admission of certain exhibits and hope to reach an agreement on that issue prior to trial.

15.     Plaintiffs' Exhibit 98

16.     Plaintiffs' Exhibit 102

17.     Plaintiffs' Exhibit 104

18.     Plaintiffs' Exhibit 105

19.     Plaintiffs' Exhibit 107

20.     Plaintiffs' Exhibit 117

21.     Plaintiffs' Exhibit 119

22.     Plaintiffs' Exhibit 122

23.     Plaintiffs' Exhibit 128

24.     Plaintiffs' Exhibit 132

25.     Plaintiffs' Exhibit 135

26.     Plaintiffs' Exhibit 143

27.     Plaintiffs' Exhibit 144

28.     Plaintiffs' Exhibit 155

29.     Plaintiffs' Exhibit 156

30.     Plaintiffs' Exhibit 157

31.     Plaintiffs' Exhibit 162

32.     Plaintiffs' Exhibit 168

33.     Plaintiffs' Exhibit 169

34.     Plaintiffs' Exhibit 176

35.     Plaintiffs' Exhibit 179

36.     Plaintiffs' Exhibit 191

37.     Plaintiffs' Exhibit 193

38.     Plaintiffs' Exhibit 194

39.     Plaintiffs' Exhibit 205

40.     Plaintiffs' Exhibit 206

41.     Plaintiffs' Exhibit 208

42.     Plaintiffs' Exhibit 209

43.     Plaintiffs' Exhibit 216

44.     Plaintiffs' Exhibit 217

45.     Plaintiffs' Exhibit 218

46.     Plaintiffs' Exhibit 219

47.     Plaintiffs' Exhibit 220

48.     Plaintiffs' Exhibit 221

49.     Plaintiffs' Exhibit 223

50.     Plaintiffs' Exhibit 253

51.     Plaintiffs' Exhibit 257

52.     Plaintiffs' Exhibit 258

53.     Plaintiffs' Exhibit 273

54.     Plaintiffs' Exhibit 291

55.     Plaintiffs' Exhibit 303

56.     Plaintiffs' Exhibit 317

57.     Plaintiffs' Exhibit 334

58.     Plaintiffs' Exhibit 338

59.     Plaintiffs' Exhibit 339

60.     Plaintiffs' Exhibit 343

61.    Plaintiffs' Exhibit 347

62.    Plaintiffs' Exhibit 348

63.    Plaintiffs' Exhibit 349

64.    Plaintiffs' Exhibit 350

65.    Plaintiffs' Exhibit 352

66.    Plaintiffs' Exhibit 363

67.    Plaintiffs' Exhibit 451

68.    Plaintiffs' Exhibit 488

69.    Plaintiffs' Exhibit 489

70.    Plaintiffs' Exhibit 506

71.    Plaintiffs' Exhibit 516

72.    Plaintiffs' Exhibit 541

73.    Plaintiffs' Exhibit 553

74.    Plaintiffs' Exhibit 554

75.    Plaintiffs' Exhibit 555

76.    Plaintiffs' Exhibit 556

77.    Plaintiffs' Exhibit 557

78.    Plaintiffs' Exhibit 558

79.    Plaintiffs' Exhibit 559

80.    Plaintiffs' Exhibit 560

81.    Plaintiffs' Exhibit 561

82.    Plaintiffs' Exhibit 562

83.    Plaintiffs' Exhibit 563

84.     Plaintiffs' Exhibit 564

85.     Plaintiffs' Exhibit 565

86.     Plaintiffs' Exhibit 566

87.     Plaintiffs' Exhibit 567

88.     Plaintiffs' Exhibit 568

89.     Plaintiffs' Exhibit 569

90.     Plaintiffs' Exhibit 570

91.     Plaintiffs' Exhibit 571

92.     Plaintiffs' Exhibit 572

93.     Plaintiffs' Exhibit 573

94.     Plaintiffs' Exhibit 574

95.     Plaintiffs' Exhibit 575

96.     Plaintiffs' Exhibit 576

97.     Plaintiffs' Exhibit 577

98.     Plaintiffs' Exhibit 578

99.     Plaintiffs' Exhibit 579

100.    Plaintiffs' Exhibit 605

101.    Plaintiffs' Exhibit 606

102.    Plaintiffs' Exhibit 607

103.    Plaintiffs' Exhibit 608

104.    Plaintiffs' Exhibit 609

105.    Plaintiffs' Exhibit 610

106.    Plaintiffs' Exhibit 611

107.    Plaintiffs' Exhibit 612

108.    Plaintiffs' Exhibit 616

109.    Plaintiffs' Exhibit 617

110.    Plaintiffs' Exhibit 618

111.    Plaintiffs' Exhibit 620

112.    Plaintiffs' Exhibit 621

113.    Plaintiffs' Exhibit 623

114.    Plaintiffs' Exhibit 624

115.    Plaintiffs' Exhibit 625

116.    Plaintiffs' Exhibit 626

117.    Plaintiffs' Exhibit 627

118.    Plaintiffs' Exhibit 641

119.    Plaintiffs' Exhibit 642

120.    Plaintiffs' Exhibit 643

121.    Plaintiffs' Exhibit 644

122.    Plaintiffs' Exhibit 645

123.    Plaintiffs' Exhibit 646

124.    Plaintiffs' Exhibit 647

125.    Plaintiffs' Exhibit 648

126.    Plaintiffs' Exhibit 649

127.    Plaintiffs' Exhibit 655

128.    Plaintiffs' Exhibit 659

129.    Plaintiffs' Exhibit 660

130.    Plaintiffs' Exhibit 662

131.    Plaintiffs' Exhibit 664

132.    Plaintiffs' Exhibit 665

133.    Plaintiffs' Exhibit 666

134.    Plaintiffs' Exhibit 667

135.    Plaintiffs' Exhibit 668

136.    Plaintiffs' Exhibit 687

137.    Plaintiffs' Exhibit 688

138.    Plaintiffs' Exhibit 692

139.    Plaintiffs' Exhibit 697

140.    Plaintiffs' Exhibit 698

141.    Plaintiffs' Exhibit 699

142.    Plaintiffs' Exhibit 700

143.    Plaintiffs' Exhibit 702

144.    Plaintiffs' Exhibit 731

145.    Plaintiffs' Exhibit 735

146.    Plaintiffs' Exhibit 736

147.    Plaintiffs' Exhibit 737

148.    Plaintiffs' Exhibit 743

149.    Plaintiffs' Exhibit 767

150.    Plaintiffs' Exhibit 788

151.    Plaintiffs' Exhibit 807

152.    Plaintiffs' Exhibit 809

153.  Plaintiffs' Exhibit 818

154.  Plaintiffs' Exhibit 824

155.  Plaintiffs' Exhibit 830

156.  Plaintiffs' Exhibit 837

157.  Plaintiffs' Exhibit 838

158.  Plaintiffs' Exhibit 847

159.  Plaintiffs' Exhibit 879

160.  Plaintiffs' Exhibit 886

161.  Plaintiffs' Exhibit 890

162.  Plaintiffs' Exhibit 892

163.  Plaintiffs' Exhibit 897

164.  Plaintiffs' Exhibit 904

165.  Plaintiffs' Exhibit 906

166.  Plaintiffs' Exhibit 917

167.  Plaintiffs' Exhibit 918

168.  Plaintiffs' Exhibit 919

169.  Plaintiffs' Exhibit 920

170.  Plaintiffs' Exhibit 921

171.  Plaintiffs' Exhibit 922

172.  Plaintiffs' Exhibit 923

173.  Plaintiffs' Exhibit 924

174.  Plaintiffs' Exhibit 925

175.  Plaintiffs' Exhibit 926

176.   Plaintiffs' Exhibit 927

177.   Plaintiffs' Exhibit 928

178.   Plaintiffs' Exhibit 929

179.   Plaintiffs' Exhibit 930

180.   Plaintiffs' Exhibit 936

181.   Plaintiffs' Exhibit 948

182.   Plaintiffs' Exhibit 954

183.   Plaintiffs' Exhibit 966

184.   Plaintiffs' Exhibit 968

185.   Plaintiffs' Exhibit 996

186.   Plaintiffs' Exhibit 997

187.   Plaintiffs' Exhibit 998

188.   Plaintiffs' Exhibit 999

189.   Plaintiffs' Exhibit 1013

190.   Plaintiffs' Exhibit 1014

191.   Plaintiffs' Exhibit 1016

192.   Plaintiffs' Exhibit 1017

193.   Plaintiffs' Exhibit 1018

194.   Plaintiffs' Exhibit 1030

195.   Plaintiffs' Exhibit 1031

196.   Plaintiffs' Exhibit 1045

197.   Plaintiffs' Exhibit 1047

198.   Plaintiffs' Exhibit 1060

199.   Plaintiffs' Exhibit 1064

200.   Plaintiffs' Exhibit 1078

201.   Plaintiffs' Exhibit 1081

202.   Plaintiffs' Exhibit 1082

203.   Plaintiffs' Exhibit 1089

204.   Plaintiffs' Exhibit 1100

205.   Plaintiffs' Exhibit 1101

206.   Plaintiffs' Exhibit 1124

207.   Plaintiffs' Exhibit 1125

208.   Plaintiffs' Exhibit 1127

209.   Plaintiffs' Exhibit 1137

210.   Plaintiffs' Exhibit 1148

211.   Plaintiffs' Exhibit 1160

212.   Plaintiffs' Exhibit 1162

213.   Plaintiffs' Exhibit 1163

214.   Plaintiffs' Exhibit 1164

215.   Plaintiffs' Exhibit 1169

216.   Plaintiffs' Exhibit 1191

217.   Plaintiffs' Exhibit 1192

218.   Plaintiffs' Exhibit 1218

219.   Plaintiffs' Exhibit 1234

220.   Plaintiffs' Exhibit 1236

221.   Plaintiffs' Exhibit 1237

222.   Plaintiffs' Exhibit 1242

223.   Plaintiffs' Exhibit 1251

224.   Plaintiffs' Exhibit 1308

225.   Plaintiffs' Exhibit 1309

226.   Plaintiffs' Exhibit 1310

227.   Plaintiffs' Exhibit 1311

228.   Plaintiffs' Exhibit 1312

229.   Plaintiffs' Exhibit 1314

230.   Plaintiffs' Exhibit 1315

231.   Plaintiffs' Exhibit 1318

232.   Plaintiffs' Exhibit 1382

233.   Plaintiffs' Exhibit 1386

234.   Plaintiffs' Exhibit 1387

235.   Plaintiffs' Exhibit 1392

236.   Plaintiffs' Exhibit 1393

237.   Plaintiffs' Exhibit 1394

**C.**   **Defendant:**   Please see attached exhibit list.

**D.**   **Plaintiff's objections to authenticity:**

1.   Defendant's Exhibit 23

2.   Defendant's Exhibit 65

3.   Defendant's Exhibit 66

4.   Defendant's Exhibit 70

5.   Defendant's Exhibit 87

11

6.      Defendant's Exhibit 104

7.      Defendant's Exhibit 108

8.      Defendant's Exhibit 113

9.      Defendant's Exhibit 114

10.     Defendant's Exhibit 121

11.     Defendant's Exhibit 126

12.     Defendant's Exhibit 128

13.     Defendant's Exhibit 129

14.     Defendant's Exhibit 130

15.     Defendant's Exhibit 151

16.     Defendant's Exhibit 152

17.     Defendant's Exhibit 208

18.     Defendant's Exhibit 215

19.     Defendant's Exhibit 223

20.     Defendant's Exhibit 317

21.     Defendant's Exhibit 318

22.     Defendant's Exhibit 336

23.     Defendant's Exhibit 350

24.     Defendant's Exhibit 354

25.     Defendant's Exhibit 369

26.     Defendant's Exhibit 370

27.     Defendant's Exhibit 423

28.     Defendant's Exhibit 435

29.     Defendant's Exhibit 442

30.     Defendant's Exhibit 479

31.     Defendant's Exhibit 480

32.     Defendant's Exhibit 489

33.     Defendant's Exhibit 506

34.     Defendant's Exhibit 507

35.     Defendant's Exhibit 509

36.     Defendant's Exhibit 511

37.     Defendant's Exhibit 530

38.     Defendant's Exhibit 534

39.     Defendant's Exhibit 548

40.     Defendant's Exhibit 549

41.     Defendant's Exhibit 560

42.     Defendant's Exhibit 563

43.     Defendant's Exhibit 581

44.     Defendant's Exhibit 582

45.     Defendant's Exhibit 589

46.     Defendant's Exhibit 611

47.     Defendant's Exhibit 615

48.     Defendant's Exhibit 619

49.     Defendant's Exhibit 623

50.     Defendant's Exhibit 624

51.     Defendant's Exhibit 625

52.     Defendant's Exhibit 626

53.     Defendant's Exhibit 633

54.     Defendant's Exhibit 666

55.     Defendant's Exhibit 667

56.     Defendant's Exhibit 678

57.     Defendant's Exhibit 684

58.     Defendant's Exhibit 685

59.     Defendant's Exhibit 698

60.     Defendant's Exhibit 708

61.     Defendant's Exhibit 715

62.     Defendant's Exhibit 716

63.     Defendant's Exhibit 717

64.     Defendant's Exhibit 718

65.     Defendant's Exhibit 719

66.     Defendant's Exhibit 721

67.     Defendant's Exhibit 724

68.     Defendant's Exhibit 725

69.     Defendant's Exhibit 729

70.     Defendant's Exhibit 742

71.     Defendant's Exhibit 744

72.     Defendant's Exhibit 795

73.     Defendant's Exhibit 817

74.     Defendant's Exhibit 829

75. Defendant's Exhibit 846

76. Defendant's Exhibit 853

77. Defendant's Exhibit 857

78. Defendant's Exhibit 909

79. Defendant's Exhibit 985

80. Defendant's Exhibit 989

81. Defendant's Exhibit 994

82. Defendant's Exhibit 1008

83. Defendant's Exhibit 1089

84. Defendant's Exhibit 1090

85. Defendant's Exhibit 1099

86. Defendant's Exhibit 1150

87. Defendant's Exhibit 1188

88. Defendant's Exhibit 1229

89. Defendant's Exhibit 1230

90. Defendant's Exhibit 1231

91. Defendant's Exhibit 1252

92. Defendant's Exhibit 1264

93. Defendant's Exhibit 1284

94. Defendant's Exhibit 1297

95. Defendant's Exhibit 1298

96. Defendant's Exhibit 1299

97. Defendant's Exhibit 1305

98.     Defendant's Exhibit 1309

99.     Defendant's Exhibit 1314

100.    Defendant's Exhibit 1324

101.    Defendant's Exhibit 1325

102.    Defendant's Exhibit 1326

103.    Defendant's Exhibit 1329

104.    Defendant's Exhibit 1331

105.    Defendant's Exhibit 1334

106.    Defendant's Exhibit 1340

107.    Defendant's Exhibit 1351

108.    Defendant's Exhibit 1352

109.    Defendant's Exhibit 1353

110.    Defendant's Exhibit 1360

111.    Defendant's Exhibit 1361

112.    Defendant's Exhibit 1362

113.    Defendant's Exhibit 1363

114.    Defendant's Exhibit 1364

115.    Defendant's Exhibit 1365

116.    Defendant's Exhibit 1370

117.    Defendant's Exhibit 1372

118.    Defendant's Exhibit 1374

119.    Defendant's Exhibit 1375

120.    Defendant's Exhibit 1376

121. Defendant's Exhibit 1377

122. Defendant's Exhibit 1385

123. Defendant's Exhibit 1390

124. Defendant's Exhibit 1391

125. Defendant's Exhibit 1392

126. Defendant's Exhibit 1400

127. Defendant's Exhibit 1429

128. Defendant's Exhibit 1430

129. Defendant's Exhibit 1436

130. Defendant's Exhibit 1452

131. Defendant's Exhibit 1474

132. Defendant's Exhibit 1477

133. Defendant's Exhibit 1482

134. Defendant's Exhibit 1493

135. Defendant's Exhibit 1497

136. Defendant's Exhibit 1511

137. Defendant's Exhibit 1515

138. Defendant's Exhibit 1518

139. Defendant's Exhibit 1548

140. Defendant's Exhibit 1559

141. Defendant's Exhibit 1570

142. Defendant's Exhibit 1571

143. Defendant's Exhibit 1575

144.  Defendant's Exhibit 1576

145.  Defendant's Exhibit 1603

146.  Defendant's Exhibit 1604

147.  Defendant's Exhibit 1624

148.  Defendant's Exhibit 1625

149.  Defendant's Exhibit 1626

150.  Defendant's Exhibit 1627

151.  Defendant's Exhibit 1635

152.  Defendant's Exhibit 1637

153.  Defendant's Exhibit 1640

154.  Defendant's Exhibit 1654

155.  Defendant's Exhibit 1663

156.  Defendant's Exhibit 1705

157.  Defendant's Exhibit 1721

158.  Defendant's Exhibit 1724

159.  Defendant's Exhibit 1734

160.  Defendant's Exhibit 1738

161.  Defendant's Exhibit 1742

162.  Defendant's Exhibit 1743

163.  Defendant's Exhibit 1744

164.  Defendant's Exhibit 1745

165.  Defendant's Exhibit 1749

166.  Defendant's Exhibit 1759

167.   Defendant's Exhibit 1760

168.   Defendant's Exhibit 1763

169.   Defendant's Exhibit 1765

170.   Defendant's Exhibit 1779

171.   Defendant's Exhibit 1785

172.   Defendant's Exhibit 1786

173.   Defendant's Exhibit 1797

174.   Defendant's Exhibit 1798

175.   Defendant's Exhibit 1802

176.   Defendant's Exhibit 1824

177.   Defendant's Exhibit 1874

178.   Defendant's Exhibit 1925

179.   Defendant's Exhibit 1928

180.   Defendant's Exhibit 1953

181.   Defendant's Exhibit 1964

182.   Defendant's Exhibit 1982

183.   Defendant's Exhibit 1984

184.   Defendant's Exhibit 1985

185.   Defendant's Exhibit 1999

186.   Defendant's Exhibit 2002

187.   Defendant's Exhibit 2073

188.   Defendant's Exhibit 2075

189.   Defendant's Exhibit 2083

190.    Defendant's Exhibit 2087

191.    Defendant's Exhibit 2097

192.    Defendant's Exhibit 2107

193.    Defendant's Exhibit 2112

194.    Defendant's Exhibit 2121

195.    Defendant's Exhibit 2126

196.    Defendant's Exhibit 2169

197.    Defendant's Exhibit 2181

198.    Defendant's Exhibit 2196

199.    Defendant's Exhibit 2207

200.    Defendant's Exhibit 2208

201.    Defendant's Exhibit 2223

202.    Defendant's Exhibit 2225

203.    Defendant's Exhibit 2227

204.    Defendant's Exhibit 2238

205.    Defendant's Exhibit 2239

206.    Defendant's Exhibit 2297

207.    Defendant's Exhibit 2348

208.    Defendant's Exhibit 2349

209.    Defendant's Exhibit 2368

210.    Defendant's Exhibit 2369

211.    Defendant's Exhibit 2398

212.    Defendant's Exhibit 2413

213.    Defendant's Exhibit 2414

214.    Defendant's Exhibit 2415

215.    Defendant's Exhibit 2435

216.    Defendant's Exhibit 2436

217.    Defendant's Exhibit 2438

218.    Defendant's Exhibit 2459

219.    Defendant's Exhibit 2461

220.    Defendant's Exhibit 2462

221.    Defendant's Exhibit 2466

222.    Defendant's Exhibit 2467

223.    Defendant's Exhibit 2468

224.    Defendant's Exhibit 2469

225.    Defendant's Exhibit 2471

226.    Defendant's Exhibit 2472

227.    Defendant's Exhibit 2473

228.    Defendant's Exhibit 2475

229.    Defendant's Exhibit 2477

230.    Defendant's Exhibit 2481

231.    Defendant's Exhibit 2485

232.    Defendant's Exhibit 2499

233.    Defendant's Exhibit 2500

234.    Defendant's Exhibit 2509

235.    Defendant's Exhibit 2510

236.  Defendant's Exhibit 2511

237.  Defendant's Exhibit 2512

238.  Defendant's Exhibit 2513

239.  Defendant's Exhibit 2514

240.  Defendant's Exhibit 2515

241.  Defendant's Exhibit 2516

242.  Defendant's Exhibit 2517

243.  Defendant's Exhibit 2518

244.  Defendant's Exhibit 2527

245.  Defendant's Exhibit 2541

246.  Defendant's Exhibit 2550

247.  Defendant's Exhibit 2557

248.  Defendant's Exhibit 2573

249.  Defendant's Exhibit 2593

250.  Defendant's Exhibit 2598

251.  Defendant's Exhibit 2604

252.  Defendant's Exhibit 2622

253.  Defendant's Exhibit 2643

254.  Defendant's Exhibit 2644

255.  Defendant's Exhibit 2651

256.  Defendant's Exhibit 2655

257.  Defendant's Exhibit 2656

258.  Defendant's Exhibit 2657

259.   Defendant's Exhibit 2659

260.   Defendant's Exhibit 2660

261.   Defendant's Exhibit 2672

262.   Defendant's Exhibit 2673

263.   Defendant's Exhibit 2691

264.   Defendant's Exhibit 2702

265.   Defendant's Exhibit 2705

266.   Defendant's Exhibit 2706

267.   Defendant's Exhibit 2717

268.   Defendant's Exhibit 2719

269.   Defendant's Exhibit 2721

270.   Defendant's Exhibit 2731

271.   Defendant's Exhibit 2734

272.   Defendant's Exhibit 2754

273.   Defendant's Exhibit 2760

274.   Defendant's Exhibit 2770

275.   Defendant's Exhibit 2777

276.   Defendant's Exhibit 2780

277.   Defendant's Exhibit 2790

278.   Defendant's Exhibit 2793

279.   Defendant's Exhibit 2794

280.   Defendant's Exhibit 2796

281.   Defendant's Exhibit 2797

282.   Defendant's Exhibit 2800

283.   Defendant's Exhibit 2802

284.   Defendant's Exhibit 2803

285.   Defendant's Exhibit 2810

286.   Defendant's Exhibit 2812

287.   Defendant's Exhibit 2818

288.   Defendant's Exhibit 2819

289.   Defendant's Exhibit 2820

290.   Defendant's Exhibit 2837

291.   Defendant's Exhibit 2843

292.   Defendant's Exhibit 2848

293.   Defendant's Exhibit 2852

294.   Defendant's Exhibit 2854

295.   Defendant's Exhibit 2855

296.   Defendant's Exhibit 2892

297.   Defendant's Exhibit 2896

298.   Defendant's Exhibit 2903

299.   Defendant's Exhibit 2904

300.   Defendant's Exhibit 2907

301.   Defendant's Exhibit 2945

302.   Defendant's Exhibit 2971

303.   Defendant's Exhibit 2978

304.   Defendant's Exhibit 2986

305.   Defendant's Exhibit 2989

306.   Defendant's Exhibit 2995

307.   Defendant's Exhibit 3025

308.   Defendant's Exhibit 3047

309.   Defendant's Exhibit 3048

310.   Defendant's Exhibit 3049

311.   Defendant's Exhibit 3050

312.   Defendant's Exhibit 3052

313.   Defendant's Exhibit 3053

314.   Defendant's Exhibit 3054

315.   Defendant's Exhibit 3055

316.   Defendant's Exhibit 3059

317.   Defendant's Exhibit 3061

318.   Defendant's Exhibit 3063

319.   Defendant's Exhibit 3072

320.   Defendant's Exhibit 3076

321.   Defendant's Exhibit 3078

322.   Defendant's Exhibit 3079

323.   Defendant's Exhibit 3080

324.   Defendant's Exhibit 3081

325.   Defendant's Exhibit 3082

326.   Defendant's Exhibit 3088

327.   Defendant's Exhibit 3093

328.   Defendant's Exhibit 3094

329.   Defendant's Exhibit 3095

330.   Defendant's Exhibit 3096

331.   Defendant's Exhibit 3097

332.   Defendant's Exhibit 3098

333.   Defendant's Exhibit 3099

334.   Defendant's Exhibit 3100

335.   Defendant's Exhibit 3101

336.   Defendant's Exhibit 3102

337.   Defendant's Exhibit 3103

338.   Defendant's Exhibit 3104

339.   Defendant's Exhibit 3105

340.   Defendant's Exhibit 3106

341.   Defendant's Exhibit 3107

342.   Defendant's Exhibit 3108

343.   Defendant's Exhibit 3119

344.   Defendant's Exhibit 3120

345.   Defendant's Exhibit 3136

346.   Defendant's Exhibit 3169

347.   Defendant's Exhibit 3170

348.   Defendant's Exhibit 3172

349.   Defendant's Exhibit 3175

350.   Defendant's Exhibit 3192

351.    Defendant's Exhibit 3202

352.    Defendant's Exhibit 3203

353.    Defendant's Exhibit 3204

354.    Defendant's Exhibit 3231

355.    Defendant's Exhibit 3235

356.    Defendant's Exhibit 3236

357.    Defendant's Exhibit 3249

358.    Defendant's Exhibit 3266

359.    Defendant's Exhibit 3272

360.    Defendant's Exhibit 3276

361.    Defendant's Exhibit 3277

362.    Defendant's Exhibit 3279

363.    Defendant's Exhibit 3280

364.    Defendant's Exhibit 3287

365.    Defendant's Exhibit 3299

366.    Defendant's Exhibit 3343

367.    Defendant's Exhibit 3356

368.    Defendant's Exhibit 3362

369.    Defendant's Exhibit 3365

370.    Defendant's Exhibit 3388

371.    Defendant's Exhibit 3403

372.    Defendant's Exhibit 3404

373.    Defendant's Exhibit 3405

374.   Defendant's Exhibit 3406

375.   Defendant's Exhibit 3407

376.   Defendant's Exhibit 3408

377.   Defendant's Exhibit 3412

378.   Defendant's Exhibit 3413

379.   Defendant's Exhibit 3414

380.   Defendant's Exhibit 3415

381.   Defendant's Exhibit 3416

382.   Defendant's Exhibit 3417

383.   Defendant's Exhibit 3418

384.   Defendant's Exhibit 3419

385.   Defendant's Exhibit 3420

386.   Defendant's Exhibit 3421

387.   Defendant's Exhibit 3422

388.   Defendant's Exhibit 3423

389.   Defendant's Exhibit 3424

390.   Defendant's Exhibit 3425

391.   Defendant's Exhibit 3426

392.   Defendant's Exhibit 3428

393.   Defendant's Exhibit 3429

394.   Defendant's Exhibit 3430

395.   Defendant's Exhibit 3431

396.   Defendant's Exhibit 3432

397.   Defendant's Exhibit 3433

398.   Defendant's Exhibit 3434

399.   Defendant's Exhibit 3435

400.   Defendant's Exhibit 3436

401.   Defendant's Exhibit 3437

402.   Defendant's Exhibit 3438

403.   Defendant's Exhibit 3439

404.   Defendant's Exhibit 3440

405.   Defendant's Exhibit 3441

406.   Defendant's Exhibit 3442

407.   Defendant's Exhibit 3443

408.   Defendant's Exhibit 3444

409.   Defendant's Exhibit 3445

410.   Defendant's Exhibit 3446

411.   Defendant's Exhibit 3447

412.   Defendant's Exhibit 3448

413.   Defendant's Exhibit 3449

414.   Defendant's Exhibit 3450

415.   Defendant's Exhibit 3451

416.   Defendant's Exhibit 3452

417.   Defendant's Exhibit 3455

418.   Defendant's Exhibit 3470

419.   Defendant's Exhibit 3471

420.    Defendant's Exhibit 3472

421.    Defendant's Exhibit 3473

422.    Defendant's Exhibit 3474

423.    Defendant's Exhibit 3475

424.    Defendant's Exhibit 3476

425.    Defendant's Exhibit 3477

426.    Defendant's Exhibit 3478

427.    Defendant's Exhibit 3479

428.    Defendant's Exhibit 3480

429.    Defendant's Exhibit 3485

430.    Defendant's Exhibit 3492

431.    Defendant's Exhibit 3493

432.    Defendant's Exhibit 3494

433.    Defendant's Exhibit 3495

434.    Defendant's Exhibit 3496

435.    Defendant's Exhibit 3498

436.    Defendant's Exhibit 3499

437.    Defendant's Exhibit 3503

438.    Defendant's Exhibit 3505

439.    Defendant's Exhibit 3506

440.    Defendant's Exhibit 3508

441.    Defendant's Exhibit 3509

442.    Defendant's Exhibit 3510

443.    Defendant's Exhibit 3512

444.    Defendant's Exhibit 3514

445.    Defendant's Exhibit 3517

446.    Defendant's Exhibit 3518

447.    Defendant's Exhibit 3519

448.    Defendant's Exhibit 3523

449.    Defendant's Exhibit 3524

450.    Defendant's Exhibit 3525

451.    Defendant's Exhibit 3526

452.    Defendant's Exhibit 3527

453.    Defendant's Exhibit 3528

454.    Defendant's Exhibit 3529

455.    Defendant's Exhibit 3530

456.    Defendant's Exhibit 3531

457.    Defendant's Exhibit 3532

458.    Defendant's Exhibit 3533

459.    Defendant's Exhibit 3534

460.    Defendant's Exhibit 3535

461.    Defendant's Exhibit 3536

462.    Defendant's Exhibit 3537

463.    Defendant's Exhibit 3538

464.    Defendant's Exhibit 3539

465.    Defendant's Exhibit 3540

466.   Defendant's Exhibit 3541

467.   Defendant's Exhibit 3542

468.   Defendant's Exhibit 3543

469.   Defendant's Exhibit 3544

470.   Defendant's Exhibit 3545

471.   Defendant's Exhibit 3546

472.   Defendant's Exhibit 3547

473.   Defendant's Exhibit 3548

474.   Defendant's Exhibit 3549

475.   Defendant's Exhibit 3550

476.   Defendant's Exhibit 3551

477.   Defendant's Exhibit 3552

478.   Defendant's Exhibit 3553

479.   Defendant's Exhibit 3556

480.   Defendant's Exhibit 3558

481.   Defendant's Exhibit 3562

482.   Defendant's Exhibit 3576

483.   Defendant's Exhibit 3577

484.   Defendant's Exhibit 3578

485.   Defendant's Exhibit 3579

486.   Defendant's Exhibit 3580

487.   Defendant's Exhibit 3581

488.   Defendant's Exhibit 3583

489.   Defendant's Exhibit 3584

490.   Defendant's Exhibit 3585

491.   Defendant's Exhibit 3586

492.   Defendant's Exhibit 3587

493.   Defendant's Exhibit 3588

494.   Defendant's Exhibit 3593

495.   Defendant's Exhibit 3602

496.   Defendant's Exhibit 3603

497.   Defendant's Exhibit 3604

498.   Defendant's Exhibit 3608

499.   Defendant's Exhibit 3609

500.   Defendant's Exhibit 3610

501.   Defendant's Exhibit 3612

502.   Defendant's Exhibit 3616

503.   Defendant's Exhibit 3632

504.   Defendant's Exhibit 3633

505.   Defendant's Exhibit 3653

506.   Defendant's Exhibit 3655

507.   Defendant's Exhibit 3665

508.   Defendant's Exhibit 3683

509.   Defendant's Exhibit 3715

510.   Defendant's Exhibit 3725

511.   Defendant's Exhibit 3747

512.    Defendant's Exhibit 3751

513.    Defendant's Exhibit 3752

514.    Defendant's Exhibit 3773

515.    Defendant's Exhibit 3774

516.    Defendant's Exhibit 3780

517.    Defendant's Exhibit 3786

518.    Defendant's Exhibit 3787

519.    Defendant's Exhibit 3790

520.    Defendant's Exhibit 3795

521.    Defendant's Exhibit 3804

522.    Defendant's Exhibit 3822

523.    Defendant's Exhibit 3823

524.    Defendant's Exhibit 3824

525.    Defendant's Exhibit 3826

526.    Defendant's Exhibit 3844

527.    Defendant's Exhibit 3906

528.    Defendant's Exhibit 3914

529.    Defendant's Exhibit 3921

530.    Defendant's Exhibit 3948

531.    Defendant's Exhibit 3949

532.    Defendant's Exhibit 3951

533.    Defendant's Exhibit 3971

534.    Defendant's Exhibit 3983

535.    Defendant's Exhibit 3984

536.    Defendant's Exhibit 3999

537.    Defendant's Exhibit 4038

538.    Defendant's Exhibit 4046

539.    Defendant's Exhibit 4071

540.    Defendant's Exhibit 4074

541.    Defendant's Exhibit 4091

542.    Defendant's Exhibit 4095

543.    Defendant's Exhibit 4116

544.    Defendant's Exhibit 4117

545.    Defendant's Exhibit 4136

546.    Defendant's Exhibit 4143

547.    Defendant's Exhibit 4150

548.    Defendant's Exhibit 4177

549.    Defendant's Exhibit 4217

550.    Defendant's Exhibit 4228

551.    Defendant's Exhibit 4229

552.    Defendant's Exhibit 4231

553.    Defendant's Exhibit 4238

554.    Defendant's Exhibit 4245

555.    Defendant's Exhibit 4252

556.    Defendant's Exhibit 4265

557.    Defendant's Exhibit 4266

558.   Defendant's Exhibit 4267

559.   Defendant's Exhibit 4279

560.   Defendant's Exhibit 4304

561.   Defendant's Exhibit 4312

562.   Defendant's Exhibit 4330

563.   Defendant's Exhibit 4338

564.   Defendant's Exhibit 4354

565.   Defendant's Exhibit 4403

566.   Defendant's Exhibit 4425

567.   Defendant's Exhibit 4431

568.   Defendant's Exhibit 4432

569.   Defendant's Exhibit 4437

570.   Defendant's Exhibit 4438

571.   Defendant's Exhibit 4439

572.   Defendant's Exhibit 4440

573.   Defendant's Exhibit 4441

574.   Defendant's Exhibit 4442

575.   Defendant's Exhibit 4443

576.   Defendant's Exhibit 4444

577.   Defendant's Exhibit 4464

578.   Defendant's Exhibit 4578

579.   Defendant's Exhibit 4595

580.   Defendant's Exhibit 4603

581.    Defendant's Exhibit 4606

582.    Defendant's Exhibit 4608

583.    Defendant's Exhibit 4611

584.    Defendant's Exhibit 4636

585.    Defendant's Exhibit 4638

586.    Defendant's Exhibit 4640

587.    Defendant's Exhibit 4641

588.    Defendant's Exhibit 4651

589.    Defendant's Exhibit 4659

590.    Defendant's Exhibit 4666

591.    Defendant's Exhibit 4670

592.    Defendant's Exhibit 4672

593.    Defendant's Exhibit 4677

594.    Defendant's Exhibit 4681

595.    Defendant's Exhibit 4698

596.    Defendant's Exhibit 4706

597.    Defendant's Exhibit 4707

598.    Defendant's Exhibit 4713

599.    Defendant's Exhibit 4715

600.    Defendant's Exhibit 4718

601.    Defendant's Exhibit 4720

602.    Defendant's Exhibit 4726

603.    Defendant's Exhibit 4728

604.    Defendant's Exhibit 4729

605.    Defendant's Exhibit 4730

606.    Defendant's Exhibit 4733

607.    Defendant's Exhibit 4737

608.    Defendant's Exhibit 4754

609.    Defendant's Exhibit 4758

610.    Defendant's Exhibit 4802

611.    Defendant's Exhibit 4825

612.    Defendant's Exhibit 4833

613.    Defendant's Exhibit 4846

614.    Defendant's Exhibit 4850

615.    Defendant's Exhibit 4873

616.    Defendant's Exhibit 4874

617.    Defendant's Exhibit 4884

618.    Defendant's Exhibit 4888

619.    Defendant's Exhibit 4889

620.    Defendant's Exhibit 4890

621.    Defendant's Exhibit 4891

622.    Defendant's Exhibit 4892

623.    Defendant's Exhibit 4893

624.    Defendant's Exhibit 4894

625.    Defendant's Exhibit 4895

626.    Defendant's Exhibit 4896

627.    Defendant's Exhibit 4897

628.    Defendant's Exhibit 4898

629.    Defendant's Exhibit 4899

630.    Defendant's Exhibit 4900

631.    Defendant's Exhibit 4901

632.    Defendant's Exhibit 4902

633.    Defendant's Exhibit 4903

634.    Defendant's Exhibit 4904

635.    Defendant's Exhibit 4905

636.    Defendant's Exhibit 4906

637.    Defendant's Exhibit 4907

638.    Defendant's Exhibit 4908

639.    Defendant's Exhibit 4909

640.    Defendant's Exhibit 4910

641.    Defendant's Exhibit 4911

642.    Defendant's Exhibit 4912

643.    Defendant's Exhibit 4913

644.    Defendant's Exhibit 4914

645.    Defendant's Exhibit 4915

646.    Defendant's Exhibit 4920

647.    Defendant's Exhibit 4921

648.    Defendant's Exhibit 4923

649.    Defendant's Exhibit 4927

650.   Defendant's Exhibit 4928

651.   Defendant's Exhibit 4930

652.   Defendant's Exhibit 4935

653.   Defendant's Exhibit 4936

654.   Defendant's Exhibit 4976

655.   Defendant's Exhibit 5010

656.   Defendant's Exhibit 5066

657.   Defendant's Exhibit 5070

658.   Defendant's Exhibit 5110

659.   Defendant's Exhibit 5133

660.   Defendant's Exhibit 5134

661.   Defendant's Exhibit 5135

662.   Defendant's Exhibit 5177

663.   Defendant's Exhibit 5180

664.   Defendant's Exhibit 5217

665.   Defendant's Exhibit 5260

666.   Defendant's Exhibit 5278

667.   Defendant's Exhibit 5284

668.   Defendant's Exhibit 5292

669.   Defendant's Exhibit 5293

670.   Defendant's Exhibit 5295

671.   Defendant's Exhibit 5299

672.   Defendant's Exhibit 5300

673.   Defendant's Exhibit 5308

674.   Defendant's Exhibit 5310

675.   Defendant's Exhibit 5319

676.   Defendant's Exhibit 5338

677.   Defendant's Exhibit 5350

678.   Defendant's Exhibit 5351

679.   Defendant's Exhibit 5353

680.   Defendant's Exhibit 5354

681.   Defendant's Exhibit 5375

682.   Defendant's Exhibit 5376

683.   Defendant's Exhibit 5377

684.   Defendant's Exhibit 5379

685.   Defendant's Exhibit 5380

686.   Defendant's Exhibit 5381

687.   Defendant's Exhibit 5382

688.   Defendant's Exhibit 5383

689.   Defendant's Exhibit 5384

690.   Defendant's Exhibit 5385

691.   Defendant's Exhibit 5386

692.   Defendant's Exhibit 5387

693.   Defendant's Exhibit 5388

694.   Defendant's Exhibit 5389

695.   Defendant's Exhibit 5391

696.   Defendant's Exhibit 5392

697.   Defendant's Exhibit 5393

698.   Defendant's Exhibit 5394

699.   Defendant's Exhibit 5395

700.   Defendant's Exhibit 5396

701.   Defendant's Exhibit 5397

702.   Defendant's Exhibit 5398

703.   Defendant's Exhibit 5399

704.   Defendant's Exhibit 5401

705.   Defendant's Exhibit 5403

706.   Defendant's Exhibit 5404

707.   Defendant's Exhibit 5405

708.   Defendant's Exhibit 5406

709.   Defendant's Exhibit 5407

710.   Defendant's Exhibit 5408

711.   Defendant's Exhibit 5409

712.   Defendant's Exhibit 5410

713.   Defendant's Exhibit 5411

714.   Defendant's Exhibit 5412

715.   Defendant's Exhibit 5413

716.   Defendant's Exhibit 5414

717.   Defendant's Exhibit 5415

718.   Defendant's Exhibit 5416

719.   Defendant's Exhibit 5417

720.   Defendant's Exhibit 5418

721.   Defendant's Exhibit 5419

722.   Defendant's Exhibit 5420

723.   Defendant's Exhibit 5421

724.   Defendant's Exhibit 5426

725.   Defendant's Exhibit 5427

726.   Defendant's Exhibit 5428

727.   Defendant's Exhibit 5429

728.   Defendant's Exhibit 5430

729.   Defendant's Exhibit 5431

730.   Defendant's Exhibit 5432

731.   Defendant's Exhibit 5434

732.   Defendant's Exhibit 5435

733.   Defendant's Exhibit 5436

734.   Defendant's Exhibit 5440

735.   Defendant's Exhibit 5479

736.   Defendant's Exhibit 5494

737.   Defendant's Exhibit 5578

738.   Defendant's Exhibit 5580

739.   Defendant's Exhibit 5586

740.   Defendant's Exhibit 5628

741.   Defendant's Exhibit 5656

742.    Defendant's Exhibit 5659

743.    Defendant's Exhibit 5670

744.    Defendant's Exhibit 5671

745.    Defendant's Exhibit 5672

746.    Defendant's Exhibit 5674

747.    Defendant's Exhibit 5771

748.    Defendant's Exhibit 5772

749.    Defendant's Exhibit 5773

750.    Defendant's Exhibit 5774

751.    Defendant's Exhibit 5775

752.    Defendant's Exhibit 5800

753.    Defendant's Exhibit 5811

754.    Defendant's Exhibit 5829

755.    Defendant's Exhibit 5915

756.    Defendant's Exhibit 5916

757.    Defendant's Exhibit 5917

758.    Defendant's Exhibit 5918

759.    Defendant's Exhibit 5919

760.    Defendant's Exhibit 5921

761.    Defendant's Exhibit 5923

762.    Defendant's Exhibit 5926

763.    Defendant's Exhibit 5934

764.    Defendant's Exhibit 5935

765.   Defendant's Exhibit 5936

766.   Defendant's Exhibit 5937

767.   Defendant's Exhibit 5938

768.   Defendant's Exhibit 5939

769.   Defendant's Exhibit 5940

770.   Defendant's Exhibit 5941

771.   Defendant's Exhibit 5942

772.   Defendant's Exhibit 5943

773.   Defendant's Exhibit 5944

774.   Defendant's Exhibit 5945

775.   Defendant's Exhibit 5946

776.   Defendant's Exhibit 5947

777.   Defendant's Exhibit 5948

778.   Defendant's Exhibit 5949

779.   Defendant's Exhibit 5950

780.   Defendant's Exhibit 5951

781.   Defendant's Exhibit 5952

782.   Defendant's Exhibit 5953

783.   Defendant's Exhibit 5954

784.   Defendant's Exhibit 5955

785.   Defendant's Exhibit 5956

786.   Defendant's Exhibit 5957

787.   Defendant's Exhibit 5958

788.    Defendant's Exhibit 5959

789.    Defendant's Exhibit 5960

790.    Defendant's Exhibit 5961

791.    Defendant's Exhibit 5962

792.    Defendant's Exhibit 5963

793.    Defendant's Exhibit 5964

794.    Defendant's Exhibit 5967

795.    Defendant's Exhibit 5968

796.    Defendant's Exhibit 5969

797.    Defendant's Exhibit 5970

798.    Defendant's Exhibit 5971

799.    Defendant's Exhibit 5972

800.    Defendant's Exhibit 5973

801.    Defendant's Exhibit 5974

802.    Defendant's Exhibit 5975

803.    Defendant's Exhibit 5976

804.    Defendant's Exhibit 5977

805.    Defendant's Exhibit 5978

806.    Defendant's Exhibit 5979

807.    Defendant's Exhibit 5980

808.    Defendant's Exhibit 5981

809.    Defendant's Exhibit 5982

810.    Defendant's Exhibit 5983

811.    Defendant's Exhibit 5984

812.    Defendant's Exhibit 5985

813.    Defendant's Exhibit 5986

814.    Defendant's Exhibit 5987

815.    Defendant's Exhibit 5994

816.    Defendant's Exhibit 5995

817.    Defendant's Exhibit 5996

818.    Defendant's Exhibit 5997

819.    Defendant's Exhibit 5998

820.    Defendant's Exhibit 5999

821.    Defendant's Exhibit 6000

822.    Defendant's Exhibit 6001

823.    Defendant's Exhibit 6002

824.    Defendant's Exhibit 6013

825.    Defendant's Exhibit 6014

826.    Defendant's Exhibit 6015

827.    Defendant's Exhibit 6016

828.    Defendant's Exhibit 6017

829.    Defendant's Exhibit 6018

830.    Defendant's Exhibit 6019

831.    Defendant's Exhibit 6020

832.    Defendant's Exhibit 6022

833.    Defendant's Exhibit 6023

834.    Defendant's Exhibit 6024

835.    Defendant's Exhibit 6025

836.    Defendant's Exhibit 6026

837.    Defendant's Exhibit 6027

838.    Defendant's Exhibit 6028

839.    Defendant's Exhibit 6030

840.    Defendant's Exhibit 6032

841.    Defendant's Exhibit 6033

842.    Defendant's Exhibit 6034

843.    Defendant's Exhibit 6035

844.    Defendant's Exhibit 6036

845.    Defendant's Exhibit 6037

846.    Defendant's Exhibit 6038

847.    Defendant's Exhibit 6039

848.    Defendant's Exhibit 6040

849.    Defendant's Exhibit 6041

850.    Defendant's Exhibit 6042

851.    Defendant's Exhibit 6043

852.    Defendant's Exhibit 6044

853.    Defendant's Exhibit 6045

854.    Defendant's Exhibit 6046

855.    Defendant's Exhibit 6047

856.    Defendant's Exhibit 6048

857.    Defendant's Exhibit 6049

858.    Defendant's Exhibit 6056

859.    Defendant's Exhibit 6057

860.    Defendant's Exhibit 6058

861.    Defendant's Exhibit 6059

862.    Defendant's Exhibit 6060

863.    Defendant's Exhibit 6062

864.    Defendant's Exhibit 6063

865.    Defendant's Exhibit 6064

866.    Defendant's Exhibit 6065

867.    Defendant's Exhibit 6067

868.    Defendant's Exhibit 6068

869.    Defendant's Exhibit 6069

870.    Defendant's Exhibit 6070

871.    Defendant's Exhibit 6071

872.    Defendant's Exhibit 6072

873.    Defendant's Exhibit 6080

874.    Defendant's Exhibit 6081

875.    Defendant's Exhibit 6082

876.    Defendant's Exhibit 6107

877.    Defendant's Exhibit 6108

878.    Defendant's Exhibit 6109

879.    Defendant's Exhibit 6110

880.   Defendant's Exhibit 6111

881.   Defendant's Exhibit 6112

882.   Defendant's Exhibit 6114

883.   Defendant's Exhibit 6115

884.   Defendant's Exhibit 6116

885.   Defendant's Exhibit 6117

886.   Defendant's Exhibit 6118

887.   Defendant's Exhibit 6119

888.   Defendant's Exhibit 6120

889.   Defendant's Exhibit 6121

890.   Defendant's Exhibit 6122

891.   Defendant's Exhibit 6123

892.   Defendant's Exhibit 6124

893.   Defendant's Exhibit 6125

894.   Defendant's Exhibit 6126

895.   Defendant's Exhibit 6127

896.   Defendant's Exhibit 6128

897.   Defendant's Exhibit 6129

898.   Defendant's Exhibit 6130

899.   Defendant's Exhibit 6133

900.   Defendant's Exhibit 6134

901.   Defendant's Exhibit 6135

902.   Defendant's Exhibit 6136

903.    Defendant's Exhibit 6137

904.    Defendant's Exhibit 6138

905.    Defendant's Exhibit 6139

906.    Defendant's Exhibit 6140

907.    Defendant's Exhibit 6141

908.    Defendant's Exhibit 6142

909.    Defendant's Exhibit 6143

910.    Defendant's Exhibit 6144

911.    Defendant's Exhibit 6145

912.    Defendant's Exhibit 6146

913.    Defendant's Exhibit 6147

914.    Defendant's Exhibit 6199

915.    Defendant's Exhibit 6200

916.    Defendant's Exhibit 6201

917.    Defendant's Exhibit 6211

918.    Defendant's Exhibit 6212

919.    Defendant's Exhibit 6213

920.    Defendant's Exhibit 6214

921.    Defendant's Exhibit 6215

922.    Defendant's Exhibit 6216

923.    Defendant's Exhibit 6217

924.    Defendant's Exhibit 6218

925.    Defendant's Exhibit 6219

926.    Defendant's Exhibit 6220

927.    Defendant's Exhibit 6221

928.    Defendant's Exhibit 6222

929.    Defendant's Exhibit 6223

930.    Defendant's Exhibit 6224

931.    Defendant's Exhibit 6225

932.    Defendant's Exhibit 6226

933.    Defendant's Exhibit 6227

934.    Defendant's Exhibit 6228

935.    Defendant's Exhibit 6229

936.    Defendant's Exhibit 6230

937.    Defendant's Exhibit 6231

938.    Defendant's Exhibit 6232

939.    Defendant's Exhibit 6233

940.    Defendant's Exhibit 6234

941.    Defendant's Exhibit 6235

942.    Defendant's Exhibit 6236

943.    Defendant's Exhibit 6237

944.    Defendant's Exhibit 6238

945.    Defendant's Exhibit 6239

946.    Defendant's Exhibit 6240

947.    Defendant's Exhibit 6241

948.    Defendant's Exhibit 6242

949.   Defendant's Exhibit 6243

950.   Defendant's Exhibit 6244

951.   Defendant's Exhibit 6245

952.   Defendant's Exhibit 6246

953.   Defendant's Exhibit 6247

954.   Defendant's Exhibit 6249

955.   Defendant's Exhibit 6250

956.   Defendant's Exhibit 6251

957.   Defendant's Exhibit 6252

958.   Defendant's Exhibit 6253

959.   Defendant's Exhibit 6254

960.   Defendant's Exhibit 6255

961.   Defendant's Exhibit 6256

962.   Defendant's Exhibit 6257

963.   Defendant's Exhibit 6258

964.   Defendant's Exhibit 6259

965.   Defendant's Exhibit 6260

966.   Defendant's Exhibit 6261

967.   Defendant's Exhibit 6262

968.   Defendant's Exhibit 6263

969.   Defendant's Exhibit 6264

970.   Defendant's Exhibit 6265

971.   Defendant's Exhibit 6266

972.    Defendant's Exhibit 6267

973.    Defendant's Exhibit 6269

974.    Defendant's Exhibit 6270

975.    Defendant's Exhibit 6307

976.    Defendant's Exhibit 6308

977.    Defendant's Exhibit 6309

978.    Defendant's Exhibit 6311

979.    Defendant's Exhibit 6312

980.    Defendant's Exhibit 6313

981.    Defendant's Exhibit 6314

982.    Defendant's Exhibit 6315

983.    Defendant's Exhibit 6319

984.    Defendant's Exhibit 6321

985.    Defendant's Exhibit 6322

986.    Defendant's Exhibit 6324

987.    Defendant's Exhibit 6325

988.    Defendant's Exhibit 6326

989.    Defendant's Exhibit 6327

990.    Defendant's Exhibit 6328

991.    Defendant's Exhibit 6330

992.    Defendant's Exhibit 6331

993.    Defendant's Exhibit 6332

994.    Defendant's Exhibit 6333

995.   Defendant's Exhibit 6334

996.   Defendant's Exhibit 6336

997.   Defendant's Exhibit 6337

998.   Defendant's Exhibit 6338

999.   Defendant's Exhibit 6339

1000.   Defendant's Exhibit 6340

1001.   Defendant's Exhibit 6347

1002.   Defendant's Exhibit 6348

1003.   Defendant's Exhibit 6349

1004.   Defendant's Exhibit 6350

1005.   Defendant's Exhibit 6351

1006.   Defendant's Exhibit 6357

1007.   Defendant's Exhibit 6358

1008.   Defendant's Exhibit 6359

1009.   Defendant's Exhibit 6368

1010.   Defendant's Exhibit 6369

1011.   Defendant's Exhibit 6373

1012.   Defendant's Exhibit 6374

1013.   Defendant's Exhibit 6375

1014.   Defendant's Exhibit 6376

1015.   Defendant's Exhibit 6377

1016.   Defendant's Exhibit 6378

1017.   Defendant's Exhibit 6379

1018. Defendant's Exhibit 6380

1019. Defendant's Exhibit 6381

1020. Defendant's Exhibit 6382

1021. Defendant's Exhibit 6383

1022. Defendant's Exhibit 6384

1023. Defendant's Exhibit 6385

1024. Defendant's Exhibit 6386

1025. Defendant's Exhibit 6387

1026. Defendant's Exhibit 6388

1027. Defendant's Exhibit 6389

1028. Defendant's Exhibit 6390

1029. Defendant's Exhibit 6391

1030. Defendant's Exhibit 6392

1031. Defendant's Exhibit 6393

1032. Defendant's Exhibit 6394

1033. Defendant's Exhibit 6395

1034. Defendant's Exhibit 6396

1035. Defendant's Exhibit 6397

1036. Defendant's Exhibit 6453

1037. Defendant's Exhibit 6454

1038. Defendant's Exhibit 6455

1039. Defendant's Exhibit 6456

1040. Defendant's Exhibit 6457

1041.  Defendant's Exhibit 6458

1042.  Defendant's Exhibit 6459

1043.  Defendant's Exhibit 6460

1044.  Defendant's Exhibit 6461

1045.  Defendant's Exhibit 6462

1046.  Defendant's Exhibit 6467

1047.  Defendant's Exhibit 6468

1048.  Defendant's Exhibit 6469

1049.  Defendant's Exhibit 6472

1050.  Defendant's Exhibit 6488

1051.  Defendant's Exhibit 6489

1052.  Defendant's Exhibit 6490

1053.  Defendant's Exhibit 6491

1054.  Defendant's Exhibit 6492

1055.  Defendant's Exhibit 6493

1056.  Defendant's Exhibit 6494

1057.  Defendant's Exhibit 6495

1058.  Defendant's Exhibit 6496

1059.  Defendant's Exhibit 6497

1060.  Defendant's Exhibit 6498

1061.  Defendant's Exhibit 6499

1062.  Defendant's Exhibit 6500

1063.  Defendant's Exhibit 6501

1064.   Defendant's Exhibit 6502

1065.   Defendant's Exhibit 6503

1066.   Defendant's Exhibit 6513

1067.   Defendant's Exhibit 6514

1068.   Defendant's Exhibit 6515

1069.   Defendant's Exhibit 6516

1070.   Defendant's Exhibit 6517

1071.   Defendant's Exhibit 6518

1072.   Defendant's Exhibit 6519

1073.   Defendant's Exhibit 6520

1074.   Defendant's Exhibit 6521

1075.   Defendant's Exhibit 6522

1076.   Defendant's Exhibit 6523

1077.   Defendant's Exhibit 6524

1078.   Defendant's Exhibit 6525

1079.   Defendant's Exhibit 6526

1080.   Defendant's Exhibit 6527

1081.   Defendant's Exhibit 6528

1082.   Defendant's Exhibit 6536

1083.   Defendant's Exhibit 6537

1084.   Defendant's Exhibit 6538

1085.   Defendant's Exhibit 6539

1086.   Defendant's Exhibit 6540

1087.  Defendant's Exhibit 6541

1088.  Defendant's Exhibit 6542

1089.  Defendant's Exhibit 6543

1090.  Defendant's Exhibit 6545

1091.  Defendant's Exhibit 6549

1092.  Defendant's Exhibit 6691

1093.  Defendant's Exhibit 6692

1094.  Defendant's Exhibit 6697

1095.  Defendant's Exhibit 6698

1096.  Defendant's Exhibit 6699

1097.  Defendant's Exhibit 6700

1098.  Defendant's Exhibit 6701

1099.  Defendant's Exhibit 6702

1100.  Defendant's Exhibit 6703

1101.  Defendant's Exhibit 6758

1102.  Defendant's Exhibit 6759

1103.  Defendant's Exhibit 6760

1104.  Defendant's Exhibit 6761

1105.  Defendant's Exhibit 6763

1106.  Defendant's Exhibit 6764

1107.  Defendant's Exhibit 6765

1108.  Defendant's Exhibit 6766

1109.  Defendant's Exhibit 6767

1110.  Defendant's Exhibit 6768

1111.  Defendant's Exhibit 6769

1112.  Defendant's Exhibit 6770

1113.  Defendant's Exhibit 6771

1114.  Defendant's Exhibit 6772

1115.  Defendant's Exhibit 6773

1116.  Defendant's Exhibit 6774

1117.  Defendant's Exhibit 6775

1118.  Defendant's Exhibit 6776

1119.  Defendant's Exhibit 6777

1120.  Defendant's Exhibit 6778

1121.  Defendant's Exhibit 6779

1122.  Defendant's Exhibit 6780

1123.  Defendant's Exhibit 6781

1124.  Defendant's Exhibit 6782

1125.  Defendant's Exhibit 6787

1126.  Defendant's Exhibit 6794

1127.  Defendant's Exhibit 6795

1128.  Defendant's Exhibit 6796

1129.  Defendant's Exhibit 6797

1130.  Defendant's Exhibit 6798

1131.  Defendant's Exhibit 6799

1132.  Defendant's Exhibit 6800

1133.   Defendant's Exhibit 6801

1134.   Defendant's Exhibit 6802

1135.   Defendant's Exhibit 6803

1136.   Defendant's Exhibit 6804

1137.   Defendant's Exhibit 6805

1138.   Defendant's Exhibit 6806

1139.   Defendant's Exhibit 6807

1140.   Defendant's Exhibit 6808

1141.   Defendant's Exhibit 6809

1142.   Defendant's Exhibit 6810

1143.   Defendant's Exhibit 6822

1144.   Defendant's Exhibit 6824

1145.   Defendant's Exhibit 6825

1146.   Defendant's Exhibit 6829

1147.   Defendant's Exhibit 6830

1148.   Defendant's Exhibit 6831

1149.   Defendant's Exhibit 6832

1150.   Defendant's Exhibit 6833

1151.   Defendant's Exhibit 6834

1152.   Defendant's Exhibit 6835

1153.   Defendant's Exhibit 6836

1154.   Defendant's Exhibit 6837

1155.   Defendant's Exhibit 6838

1156.   Defendant's Exhibit 6841

1157.   Defendant's Exhibit 6842

1158.   Defendant's Exhibit 6843

1159.   Defendant's Exhibit 6849

1160.   Defendant's Exhibit 8595

1161.   Defendant's Exhibit 8596

1162.   Defendant's Exhibit 8597

1163.   Defendant's Exhibit 8598

1164.   Defendant's Exhibit 8599

1165.   Defendant's Exhibit 8600

1166.   Defendant's Exhibit 8609

1167.   Defendant's Exhibit 8610

1168.   Defendant's Exhibit 8626

1169.   Defendant's Exhibit 8629

1170.   Defendant's Exhibit 8631

1171.   Defendant's Exhibit 8633

1172.   Defendant's Exhibit 8634

1173.   Defendant's Exhibit 8661

**[PRECEDE WITH DIVIDER #9]**

9.      SINGLE LIST OF LEGAL ISSUES (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)[1]

    **A.      Plaintiffs:**

    1.      What factors and evidence the jury can consider in determining whether there was a conspiracy among urethane manufacturers to fix, raise, maintain, and/or stabilize the prices of urethane products in violation of Section 1 of the Sherman Act.

    2.      Whether there was a conspiracy among urethane manufacturers to fix, raise, maintain, and/or stabilize the prices of urethane products.

    3.      Whether Dow was a member of the conspiracy.

    4.      Whether the conspiracy occurred in or affected interstate, import or foreign commerce.

    5.      Whether each Plaintiff sustained an injury in fact to its business or property.

    6.      Whether the conduct of Dow or its co-conspirators was a material cause of injury to Plaintiffs.

    7.      The applicable legal standard for fraudulent concealment.

    8.      Whether Dow and its co-conspirators fraudulently concealed the conspiracy.

    9.      When Plaintiffs could have discovered the conspiracy with reasonable diligence.

    10.      Whether any of Plaintiffs' purchases should be deemed subject to the Foreign Trade Antitrust Improvements Act, 15 U.S.C. §6a ("FTAIA").

    **B.      Defendant:**

    11.      The legal standard for proving conspiracy in an antitrust case, including but not limited to the standard for proving conspiracy through circumstantial evidence in an oligopolistic industry.

    12.      The legal standard for proving impact/injury in an antitrust case.

    13.      The legal standard for proving causation in an antitrust case.

    14.      The legal standard for proving damages in an antitrust case.

---

[1] Both sides also incorporate by reference the legal issues reflected in their list of Pending/Contemplated Motions (*see* Section 2 *supra*).

15.     The legal standard for proving fraudulent concealment in an antitrust case.

16.     The sufficiency of Plaintiffs' proof regarding the existence of the alleged conspiracy, including but not limited to the sufficiency of the econometric "model" proffered by Plaintiffs' expert in this case.

17.     The sufficiency of Plaintiffs' proof regarding Dow's participation in the alleged conspiracy.

18.     The sufficiency of Plaintiffs' proof regarding alleged co-conspirators' participation in the alleged conspiracy.

19.     The sufficiency of Plaintiffs' proof regarding the products subject to the alleged conspiracy.

20.     The sufficiency of Plaintiffs' proof regarding the time period of the alleged conspiracy.

21.     The sufficiency of each Plaintiff's proof of impact/injury to its business or property by reason of the alleged conspiracy, including but not limited to the sufficiency of the econometric "model" proffered by Plaintiffs' expert in this case.

22.     The sufficiency of each Plaintiff's proof as to causation, including but not limited to the sufficiency of the econometric "model" proffered by Plaintiffs' expert in this case.

23.     The sufficiency of each Plaintiff's proof as to the amount of its alleged damages, including but not limited to the sufficiency of the econometric "model" proffered by Plaintiffs' expert in this case.

24.     The sufficiency of each Plaintiff's proof as to its entitlement to recover damages for purchases by persons or entities that are not named as Plaintiffs in this case.

25.     The sufficiency of each Plaintiff's proof as to the timeliness of its claim and the elements of fraudulent concealment.

26.     Whether Plaintiffs' claims are barred in whole or in part by the statute of limitations.

27.     Whether Plaintiffs' claims are barred in whole or in part by the Foreign Trade Antitrust Improvements Act.

28.     The legal standard for admitting evidence of econometric "models" such as the one proffered by Plaintiffs' expert in this case (*see, e.g.*, Dow's pending *Daubert* motion (MDL Dkt. 3152)).

29.     The extent to which expert testimony in general—and Plaintiffs' proposed expert testimony in particular—can be used as evidence of conspiracy, impact/injury, causation, and/or damages in an antitrust case.

30.     The appropriate standard for statistical significance.

31.     Whether Plaintiffs' claims are barred in whole or in part because their alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

32.     Whether any award of damages would violate Dow's due process or other constitutional rights.

33.     Whether Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

34.     Whether Dow may be held liable for treble damages, costs of suit, attorneys' fees, and/or interest.

35.     Whether the statements of alleged co-conspirators may be used against Dow.

36.     Whether Dow may be held jointly and severally liable for the conduct of alleged co-conspirators.

37.     Whether Dow is entitled to set off for any award of damages due to Plaintiffs' settlements with alleged co-conspirators.

38.     Whether Plaintiffs should be estopped from taking positions in this litigation inconsistent with those they took in this or other litigation, including but not limited to *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D. Ohio), and any appeals therefrom; and/or whether these fundamentally inconsistent positions should preclude Plaintiffs from prosecuting their case.

39.     Whether any of the Plaintiffs' claims are barred in whole or in part by the doctrine of judicial estoppel.

40.     Whether the jury may draw any adverse inference based on the refusal of Plaintiffs' current and/or former employees to testify on Fifth Amendment grounds.

**[PRECEDE WITH DIVIDER #10]**

10:   CONCLUSION

    A.   MISCELLANEOUS: (Set forth any matters which require action or should be brought to the attention of the Court.)

    B.   TRIAL COUNSEL:  (List the names of trial counsel for all parties.)

**Plaintiffs:**

    Jeffrey M. Johnson
    Richard J. Leveridge
    James R. Martin
    James E. Cecchi
    Lindsey H. Taylor

**Defendant:**

    David M. Bernick
    Lawrence S. Lustberg
    Jonathan R. Streeter
    Carolyn M. Hazard
    William T. McEnroe

    C.   JURY TRIALS:

    Not later than _____

1.   Each party shall submit <u>to the District Judge and to opposing counsel</u> a trial brief in accordance with Local Civil Rule 7.2.(b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law.  THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE.  In the event a brief is not submitted, the delinquent party's pleading may be stricken.

2.   Any hypothetical questions to be put to an expert witness on direct examination shall be submitted <u>to the District Judge and to opposing counsel</u>.

3.   Each party shall <u>submit to the District Judge and to opposing counsel</u> proposed <u>voir dire</u>.

4.   Plaintiff shall <u>submit to opposing counsel, in writing</u>, proposed jury instructions.  Each instruction shall be on a <u>separate</u> sheet of <u>legal sized paper</u> and shall be numbered in sequence.  Each instruction shall include citations to authorities, if any.

1

Within 7 days of the above, opposing counsel shall, on the face of the instructions submitted by plaintiff, set forth any objections to the proposed jury instructions and/or proposed counter-instructions.

D.      NON-JURY TRIALS: Not later than _____

1.      Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2(b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law.  THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE.  In the event a brief is not submitted, the delinquent party's pleading may be stricken.

2.      Any hypothetical questions toput to an expert witness on direct examination shall be submitted to the District Judge and to opposing counsel.

3.      Proposed Findings of Fact and Conclusions of Law shall be submitted to the District Judge and to opposing counsel after the close of evidence. These shall include annotations to trial transcripts and exhibits.

E.      BIFURCATION (When appropriate, liability issues shall severed and tried to verdict. Thereafter, damage issues will be tried to the same jury.)

F.      ESTIMATED LENGTH OF TRIAL

_____ days for liability and

_____ days for damages.

G.      TRIAL DATE: _____

AMENDMENTS TO THIS FINAL PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.   THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

_____
Attorneys for Plaintiff

_____
Attorneys for Defendant

_____
Hon. Mark Falk
United States Magistrate Judge

2

## RIDER ON LENGTH OF BRIEFS

The attention of the parties is directed to Local Civil Rule 7.2.  Briefs shall not exceed 40 "ordinary typed or printed pages ***" (emphasis added).  This page limitation shall be strictly enforced.

When submitting a brief in accordance with this rule a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument.  This request must be made by letter not to exceed two ordinary typed or printed pages and must be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.