# GIBBONS

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

June 8, 2015

**FILED & SERVED ELECTRONICALLY**

Honorable Mark Falk
United States Magistrate Judge
Frank R. Lautenberg U.S. Post Office & Courthouse
1 Federal Square
Newark, NJ 07102

   Re: **In re Urethane Antitrust Investigation**
     **Civil Action No. 08-5169 (WJM) (MF)**

Dear Judge Falk:

   As Your Honor is aware, this Firm, along with Dechert, LLP, represents The Dow Chemical Company ("Dow") in this matter. I write in brief response to Plaintiffs letter of yesterday, proposing a schedule for *in limine* motions and trial in this matter. In the letter, Plaintiffs state that they proposed this schedule to Dow but had not yet received a response (omitting that such proposal had been made just the day before). This letter constitutes Dow's response.

   Dow shares Plaintiffs' desire to resolve this case expeditiously. However, the schedule set by Plaintiffs is completely unrealistic. First, in the proposed Pretrial Order, the parties list no fewer than 36 potential *in limine* motions, not including the complex pending motion to exclude expert testimony on *Daubert* grounds (MDL Dkt. 3156), which motions will -- Dow agrees with Plaintiffs -- likely "substantially reduce the size and scope of the case." Given the number and importance of these motions, Dow suggests that a minimum of sixty (60) days will be required to fully brief these motions, with 45 days for responses and thirty (30) days for reply. This elongates the briefing schedule proposed by Plaintiffs by only 45 days, making it complete in October rather than September, but will thereby allow for the drafting and submission of papers more likely to assist the Court with regard to the critical issues raise.

   Respectfully, Dow also believes that, given the extent and complexity of the already filed *Daubert* motion, the *in limine* motion already filed, and the numerous additional motions that the parties have indicated are yet to be filed, it does not make sense to set a trial date in advance of the District Court's consideration of these motions. Rather, Dow would suggest that the parties and Judge Martini should conference this matter and set a trial date once these motions have been decided. Certainly, Dow does not believe that the October trial date proposed by Plaintiffs is even remotely possible and that a trial date some time in the first quarter of 2016 is much more likely and practicable. In that regard, please note that, subject to the decisions on the *in limine* motions, we believe that trial is more likely to last eight weeks than the 5-6 weeks forecast by Plaintiffs and that any schedule that is set ought to account for that time period, and for the

GIBBONS P.C.

Honorable Mark Falk
June 5, 2015
Page 2

possible burdens on the Court, counsel and jurors of a trial that would occur during the holidays season were the Plaintiffs' schedule to be adopted.

    We look forward to discussing this matter in further detail with the Court at Tuesday's pretrial conference. Thank you for you kind consideration.

                                        Respectfully submitted,

                                        Lawrence S. Lustberg

LSL/dah

cc:       All Counsel of Record (via ECF)