# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARPENTER CO.**, *et al.*,<br><br>     Plaintiffs,<br><br>  v.<br><br>**BASF SE**, *et al*.<br><br>     Defendants. | Civ. No. 2:08-5169 (WJM-MF)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Dow Chemical Company's motion *in limine* to admit documents filed in a separate action currently pending in the United States District Court for the Northern District of Ohio. Because prior discovery orders in this case have already held those documents to be undiscoverable, Dow's motion *in limine* is **DENIED**. Moreover, the Court will strike those documents from Dow Chemical Company's exhibit list.

## I.  BACKGROUND

Plaintiffs in this action are purchasers of Polyether Polyol Products ("PPPs"), while Defendant Dow Chemical Company ("Dow") is a major manufacturer and seller of PPPs. Plaintiffs accuse Dow of conspiring to manipulate prices for PPPs with other PPP manufacturers in violation of antitrust laws. Plaintiffs allege that as a result of the conspiracy, they paid inflated prices for PPPs.

In 2004, Dow (along with other defendants) was named as a defendant in a series of class action lawsuits alleging price fixing. Those cases were consolidated in the United States District Court for the District of Kansas (hereinafter, "the MDL Court") for pre-trial proceedings. In 2008, the MDL Court certified a class of entities that purchased PPPs directly from Defendants between 1999 and 2004. A number of entities that fell within the class description opted out of the class and initiated the instant litigation in the District of New Jersey. The MDL Panel transferred those cases to the MDL Court for the handling of various pretrial proceedings, including discovery disputes. In July 2014, the MDL Court

issued an order suggesting that this case be remanded to this Court.  The order suggesting remand also indicated that discovery in this matter was "complete."    The matter is now before this Court for final pre-trial proceedings and trial.

    The MDL Court presided over the bulk of pre-trial proceedings in this matter, including discovery issues.  Of relevance to this motion *in limine*, the MDL Court presided over discovery issues concerning Plaintiffs' role as a seller of foam products in the downstream foam market.  Specifically, it has been Dow's position that in the downstream foam market, Plaintiffs have engaged in the same type of conduct that they accuse Dow of in the instant action.  Consistent with their position, Dow has sought discovery related to Plaintiffs' participation in the downstream foam market.

    One sub-category of those documents consists of court filings in a case captioned *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D.Ohio) (hereinafter, "the *Foam* Litigation").  Certain Plaintiffs in this action (hereinafter, "the Overlapping Parties") are defendants in the *Foam* Litigation, which was filed in 2010.  According to Dow, the Overlapping Parties have taken "diametrically opposed positions" by portraying certain conduct as evidence of price-fixing in this litigation, while simultaneously defending that same conduct in the *Foam* Litigation.

    While Dow has been successful in obtaining some documents that pertain to Plaintiffs' conduct in the downstream market, it has encountered some difficulty in its pursuit of documents from the *Foam* Litigation (hereinafter, "the *Foam* Documents").  Before describing those difficulties, it is first important to note that Dow represented to the MDL Court in May 2013 that it did not intend to request new discovery from the *Foam* Litigation. *See* Dow Notice Regarding Discovery Materials from the Polyurethane Litigation, June 10, 2013, 04-md-1616 (D. Kansas), May 17, 2013, ECF No. 2882. Additionally, a prior order from the MDL Court had already noted that fact discovery would conclude in February 2012.

    In September 2013, however, Plaintiff Carpenter Co. and E.R. Carpenter (collectively, "Carpenter") moved to reopen discovery so that some of their former employees who had previously invoked their Fifth Amendment privilege could withdraw their invocations and testify.  The MDL Court permitted discovery to reopen, and allowed Dow to seek "limited follow-up discovery after the depositions."

    Following the depositions, Dow sought additional documents filed under seal in the *Foam* Litigation as follow-up discovery.  An order dated November 5, 2013 from the MDL Court (hereinafter, "the November 2013 Order") denied Dow's request, and noted that "Dow fails…to address why its new discovery request is *timely*, in other words, what information arose in the recent depositions that would justify Dow's request for the information *now*."  Order dated Nov. 5, 2013, 04-md-1616 (D. Kansas), ECF No. 3073, at 3.  It further held:

2

> In its instant request to reopen discovery into the Foam Litigation, Dow does not identify any specific new information arising from the depositions of the [Carpenter] witnesses that would justify a wholesale change of course…. Dow does not identify a single line of recent testimony that would suggest the necessity of follow-up discovery consisting of the entire discovery record in the Foam Litigation"

*Id*. at 4.  Following the November 2013 Order, Dow again sought the *Foam* Documents, this time arguing that they were encompassed in prior discovery requests.  The MDL Court denied that request as well, explaining that "the time to make new discovery requests related to the *Foam* Litigation had long passed, and that Dow had previously represented to the Court that it would not seek new discovery from that litigation."  Order dated Jan. 24, 2014, 04-md-1616 (D. Kansas), ECF No. 3129.  Six months later, the MDL Court suggested remand to this Court, noting that discovery in this case was complete.  Pretrial Order of the Transferee Court Regarding Cases Ready for Remand dated July 1, 2014, 04-md-1616 (D. Kansas), ECF No. 3202.

Having twice failed in its attempts before the MDL Court, Dow then filed a motion to intervene in the Northern District of Ohio (hereinafter, "the *Foam* Court") for the limited purpose of obtaining the *Foam* Documents, which, as stated previously, were filed under seal.  The *Foam* Court granted Dow's motion to intervene in part, and provided Dow with electronic access to the *Foam* Documents, subject to the following caveat: the *Foam* Court's order only gives Dow "access to the [*Foam* documents], and permits use of those documents in *In re Urethane Antitrust Litig.*, Case No. 2:08-cv-5169-WJM-MF (D.N.J) if that court so allows."  Order dated February 24, 2015, 10-md-2196 (N.D.Ohio), ECF No. 1527.  Moreover, the *Foam* Court explicitly noted that it was not ruling on the discoverability or admissibility of the *Foam* Documents in this action; instead it was leaving those issues for this Court to decide.  *Id*.

After this case was remanded here, the parties exchanged exhibit lists.  Upon realizing that Dow had placed the *Foam* Documents on its list, Plaintiffs sought to strike those documents by way of a letter motion filed with United States Magistrate Judge Mark Falk.  In response, Dow filed the instant motion *in limine*.

## II. DISCUSSION

The threshold issue is whether the November 2013 Order, along with another discovery order issued on January 24, 2014, precludes Dow from admitting the *Foam* Documents.  Dow accessed the *Foam* Documents through permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).  The Third Circuit has held that permissive intervention may be used by a collateral litigant who, while not an original party to an action, seeks judicial records

3

filed under seal in that action. *Jackson v. Delaware River and Bay Auth.*, 224 F.Supp.2d 834, 837-38 (D.N.J. 2002) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994)). It is widely accepted, however, that permissive intervention may not be used "merely to subvert limitations on discovery in [the collateral] proceeding…[and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (1990) (quoting *Superior Oil Co. v. American Petrofina Co.*, 785 F.2d 130, 130 (5th Cir. 1986)). *See also AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (permissive intervention not appropriate when used to circumvent the close of discovery in a separate action).

That is exactly what Dow seeks to do here. The MDL Court issued two discovery orders explicitly denying Dow's request for the *Foam* Documents. Then, once the case was remanded to this Court, Dow sought to circumvent those discovery orders by intervening in the *Foam* Litigation. Under the principles described above, the *Foam* Documents remain undiscoverable pursuant to the prior discovery orders issued in this case. Moreover, this Court sees no reason to disturb the MDL Court's prior discovery orders. *Cf. Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1982) ("[P]rinciples of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.") (citations omitted). Specifically, the MDL Court properly concluded that (1) Dow was aware of the *Foam* Litigation well before this action's discovery deadline passed; (2) Dow had previously represented that it was not seeking additional discovery from the *Foam* Litigation; and (3) Dow could not point to any specific portions of the Carpenter testimony that would justify its untimely request for the *Foam* Documents. The Court concludes that there has been no change in circumstances that warrant a departure from the MDL's prior discovery orders.

Dow argues that because it has already obtained access to the *Foam* Documents, the November 2013 Order is not implicated. In doing so, Dow assumes that because it possesses the *Foam* Documents, issues relating to their discoverability – including the effect of past discovery orders – are no longer relevant. The Court rejects Dow's position. Courts granting permissive intervention motions that allow a collateral litigant access to judicial records have firmly held that it is for the collateral court to decide whether those records are discoverable in the collateral action. *See, e.g., United States Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1429 (10th Cir. 1990) (citing *Superior Oil Co. v. American Petrofina Co. of Texas*, 785 F.2d 130 (5th Cir. 1986)). Indeed, the *Foam* Court explicitly stated the discoverability of the *Foam* Documents was for this Court to decide, while noting that it was granting Dow's motion to intervene as a means of avoiding repetitive discovery *should this Court deem those documents discoverable*.[1]

---

[1] In support of its position, Dow relies on decisions that are readily distinguishable from the case at bar. In *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341 (9th Cir. 1984), the Ninth Circuit held that the trial

4

As explained above, the *Foam* Documents are not discoverable in this action. Because the *Foam* Documents are not discoverable, the Court need not engage in a typical motion *in limine* analysis, *i.e.*, the Court need not decide whether the Documents are admissible under the Federal Rules of Evidence. Additionally, the Court will strike the *Foam* Documents from Dow's exhibit list. However, this opinion and accompanying order have absolutely no bearing on any materials other than the *Foam* Documents.[2] The Court currently takes no position on the admissibility of any other documents that concern Plaintiffs' activities in the downstream market.

### III.   CONCLUSION

For the foregoing reasons, Dow's motion *in limine* is **DENIED**. Additionally, the Court will order that the *Foam* Documents be stricken from Dow's Exhibit List. An appropriate order accompanies this decision.

          /s/ William J. Martini
          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 16, 2015**

---

court erred by prohibiting the plaintiff from admitting documents it obtained in a separate antitrust case after the discovery cutoff date. The Ninth Circuit, however, partially rested its holding on the fact that the antirust documents were not subject to a protective order and were therefore publicly available. Moreover, there is no indication that the trial court in that case had already issued (multiple) discovery orders specifically holding that the documents from the antitrust action were undiscoverable. The court in *American Bank v. City of Menasha*, 627 F.3d 261 (7th Cir. 2010) similarly noted that it was dealing with documents that were publicly available and not obtained through discovery under the Federal Rules of Civil Procedure. Moreover, the court in *Menasha* strongly implied that its holding would be different if it involved the scenario that is currently before this Court — namely, where a party uses civil discovery in one action for the purpose of obtaining non-public documents that have already been deemed undiscoverable in a separate action.

[2] To be clear, this opinion and accompanying order applies only to the documents Dow obtained from the *Foam* Court through permissive intervention.

5