Lawrence S. Lustberg
Daniel J. McGrady
**Gibbons P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARPENTER CO., et al.<br><br>                   Plaintiffs,<br><br>v.<br><br>BASF SE, et al.<br><br>                   Defendants. | Civil Action No.: 2:08-CV-05169 (WJM) (MF)<br><br>***Document Filed Electronically***<br><br>**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER TO SEAL MATERIALS PURSUANT TO LOCAL CIVIL RULE 5.3(c)** |

This matter having come before the Court upon the motion of The Dow Chemical Company ("Dow"), pursuant to Local Civil Rule 5.3(c) for an order sealing (1) Dow's Brief in Support of its Motion *In Limine* To Admit Documents Filed in the *Foam* Litigation; (2) selected Exhibits from the Certification of Lawrence S. Lustberg, Esq., including Exhibits 1, 4, 22, 24, 25, 26, 29, and 30, which consist of (a) documents previously filed under seal in *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D. Ohio) ("the *Foam* Litigation"); (b) documents filed under seal related to Dow's pre-trial *Daubert* motion before the MDL Court; (c) selected deposition transcript excerpts; and (d) Plaintiffs' Statement of Facts; and the Court having considered the submissions in support of, and in opposition to, the motion as well as the

arguments of counsel, if any; the following shall constitute the findings of fact and conclusions of law of this Court and the Order of the Court as to the materials that are the subject of the motion:

### FINDINGS OF FACT

1. On February 6, 2015, Dow moved to intervene in *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D. Ohio) ("the *Foam* Litigation") for the limited purpose of obtaining access to the *Foam* documents, which consisted of sealed judicial records from three specific sets of motions filed in that matter: motions for class certification; motions for summary judgment; and motions to exclude expert testimony, including documents filed or otherwise submitted to the court in connection with those motions.

2. On February 24, 2015, the *Foam* Court, sitting in the Northern District of Ohio, granted Dow's motion to intervene and granted Dow access to the requested judicial records ("the *Foam* documents").

3. On April 24, 2015, Dow filed a motion *in limine* to admit into evidence the *Foam* documents, arguing that the documents are highly relevant as evidence against the Plaintiffs in the instant litigation. In order to prove the relevancy of the *Foam* documents to underlying matter before this Court, Dow discusses the content of the *Foam* documents in its brief in support of its motion *in limine*.

4. The *Foam* documents were sealed by the Northern District of Ohio in the *Foam* Litigation.

5. Dow's brief in support of its motion *in limine* also addresses the *Foam* documents with regard to how they relate to Dow's *Daubert* motion before the MDL Court in the District of Kansas.

6. The MDL Court has previously sealed all documents related to Dow's *Daubert* motion.

7. The following documents are the subjects of the motion to seal underlying this Order: (1) Dow's Brief in Support of its Motion *In Limine* To Admit Documents Filed in the *Foam* Litigation; (2) selected Exhibits from the Certification of Lawrence S. Lustberg, Esq. which include (a) documents that were previously filed under seal in *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D. Ohio) ("the *Foam* Litigation"); (b) documents related to Dow's pre-trial *Daubert* motion before the MDL Court; (c) selected deposition transcript excerpts; and (d) plaintiffs' Statement of Facts.

8. Dow produced and properly designated the Confidential Documents as "Confidential" pursuant to the terms of the Protective Order.

9. Pursuant to Local Civil Rule 5.3(c)(3), Dow has filed under seal one set of all Confidential Documents in completely unredacted form and filed in the public record a second set of all papers with its proposed redactions and removals.

10. Dow has carefully maintained the Confidential Documents as confidential.

11. The Confidential Documents reveal confidential commercial, financial, marketing and business information.

12. If the contents of the Confidential Documents were to be publicly disclosed, it would violate the confidentiality interests of, and would cause serious harm to, both Dow and Plaintiffs.

13. Public disclosure of the Confidential Documents would serve no legitimate purpose nor would it aid in promoting fairness or efficiency among the parties to this action.

14. Given the obvious harm to Dow and Plaintiffs, any residual, inherent public interest in access to the Confidential Documents is clearly outweighed.

15. Good cause exists for protecting the Confidential Documents.

## CONCLUSIONS OF LAW

1. The public's right of access to court submissions is more restrictive when a party is seeking the protection of a party's interest in confidential commercial information where there is a sufficient threat of irreparable harm. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). The presence of such confidential information weighs against public access and therefore, documents containing such information may be protected from disclosure. *Id.*

2. While the party seeking protection has the burden of demonstrating that it is entitled to protection, courts will find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation and internal quotations omitted).

3. The privacy and business interests of both Dow and DAPs in this action warrant entry of an Order to Seal the Confidential Materials, which contain confidential commercial, financial, marketing and business information within the meaning of Fed. R. Civ. P. 26(c)(G).

4. The disclosure of the Confidential Materials and the information extracted therefrom would allow Dow's and DAPs' business competitors to gain an unfair advantage over them.

5. The interests of the public that warrant entry by the Court of the Order to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure

Case 2:08-cv-05169-WJM-MF Document 68-2 Filed 04/24/15 Page 5 of 5 PageID: 2759

of valuable confidential information as a condition of litigating their rights. No interest of the public warrants disclosure of the Confidential Documents sealed by this Order to Seal.

6. The clearly defined and serious injury that would result should this Order to Seal not be entered is that confidential, commercial, financial, marketing and business information, created and developed at substantial expense by both Dow and Plaintiffs will be lost, and Dow's and DAPs' competitors would unjustly gain access to such information. The companies' confidential business relationship and strategies would be revealed to its competitors, and these competitors would unjustly gain the ability to thwart, anticipate or usurp those relationships and strategies to the competitors' unfair advantage.

7. There are no less restrictive means for preserving the confidentiality of the Confidential Documents.

IT IS this 31 day of Aug. 2015,

ORDERED that the Clerk of the Court shall maintain under seal the following documents: (1) Dow's Brief in Support of its Motion *In Limine* To Admit Documents Filed in the *Foam* Litigation; (2) selected Exhibits from the Certification of Lawrence S. Lustberg, Esq., including Exhibits 1, 4, 22, 24, 25, 26, 29, and 30, which consist of (a) documents previously filed under seal in *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196 (N.D. Ohio) ("the *Foam* Litigation"); (b) documents filed under seal related to Dow's pre-trial *Daubert* motion before the MDL Court; (c) selected deposition transcript excerpts; and (d) plaintiffs' Statement of Facts. *

*Excluding any information contained in Judge Martini's June 16, 2015 Opinion.

Hon. William J. Martini, U.S.D.J.



MARK FALK
U.S. Magistrate Judge