UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE URETHANE ANTITRUST
LITIGATION

Master Docket No. 08-5169 (WJM) (MF)

*Document Filed Electronically*

**DEFENDANT THE DOW CHEMICAL COMPANY'S BRIEF
IN SUPPORT OF MOTION *IN LIMINE* REGARDING WITNESS TESTIMONY AT
TRIAL [#8]**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant
The Dow Chemical Company*

## **TABLE OF CONTENTS**

                                                                            **Page**

INTRODUCTION ........................................................................................................................ 1

GENERAL LEGAL STANDARD ............................................................................................... 1

ARGUMENT ................................................................................................................................ 3

I.     PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING THE DEPOSITION TESTIMONY OF FORMER DOW EMPLOYEES FISCHER, LONG, AND WOOD. ............................................................................................... 3

II.    ABSENT A SHOWING THAT THEIR OWN WITNESSES ARE UNAVAILABLE, PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING THEIR DEPOSITION TESTIMONY. ...................................................... 4

III.   PLAINTIFFS SHOULD BE REQUIRED TO MAKE THEIR LIVE WITNESSES EQUALLY AVAILABLE TO DOW. ................................................................................. 5

IV.   PLAINTIFFS SHOULD BE REQUIRED TO MAKE CERTAIN OF THEIR CURRENT EMPLOYEES AVAILABLE TO TESTIFY LIVE AT TRIAL OR AT A MINIMUM VIA LIVE VIDEO CONFERENCE. .................................................... 7

CONCLUSION ............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**CASES**

*ADC Telecom., Inc. v. Switchcraft, Inc.*,
  No. 04-1590, 2007 WL 6347404 (D. Minn. Jan. 8, 2007)..........................................................6

*Banks v. Yokemick*,
  144 F. Supp. 2d 272 (S.D.N.Y. 2001).......................................................................................2

*Buchwald v. Renco Grp., Inc.*,
  No. 13-7948, 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014)..............................................2, 4, 6

*Carpenter v. Forest Meadows Owners Ass'n*,
  No. 09-1918, 2011 WL 3207778 (E.D. Cal. Jul. 27, 2011) ........................................................3

*COA Network, Inc. v. JS Global Commc'n, Inc.*,
  No. 09-6505, 2010 WL 2539692 (D.N.J. Jun. 17, 2010).......................................................2, 4

*Collins v. Omega Flex, Inc.*,
  No. 08-1422, 2010 WL 2470944 (E.D. Pa. June 15, 2010)........................................................4

*Estate of Spear v. C.I.R.*,
  41 F.3d 103 (3d Cir. 1994).........................................................................................................2

*Flores v. NJ Rail Operations, Inc.*,
  No. 96-3237, 1998 WL 1107871 (D.N.J. Nov. 2, 1998) ...................................................2, 3, 4

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
  415 F. Supp. 2d 370 (S.D.N.Y. 2006)........................................................................................7

*In re Actos (Pioglitazone) Prods. Liab. Litig.*,
  No. 12-00064, 2014 WL 107153 (W.D. La. Jan. 8, 2014) ........................................................7

*In re Transcontinental Energy Corp.*,
  683 F.2d 326 (9th Cir. 1982) .....................................................................................................4

*Iorio v. Allianz Life Ins. Co.*,
  No. 05-633, 2009 WL 3415689 (S.D. Cal. Oct. 21, 2009) ........................................................1

*R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*,
  945 F.2d 269 (9th Cir. 1991) .....................................................................................................6

*Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC*,
  No. 05-2309, 2006 WL 1675067 (D.N.J. Jun. 15, 2006)...........................................................1

*Rogers v. Roth*,
  477 F.2d 1154 (10th Cir. 1973) .............................................................................................4, 5

*Sawant v. Ramsey*,
    No. 07-980, 2012 WL 1605450 (D. Conn. May 8, 2012).............................................................8

*Schmidt v. Duo-Fast Corp.*,
    No. 94-6541, 1996 WL 238555 (E.D. Pa. May 7, 1996)..............................................................3

*The Sherwood Grp., Inc. v. Rittereiser*,
    No. 90-2414, 1990 WL 159925 (D.N.J. Oct. 17, 1990) ........................................................2, 4

*Thomas v. Tennis*,
    No. 03-6273, 2005 WL 1025078 (E.D. Pa. Apr. 29, 2005).........................................................5

*Virtual Architecture, Ltd. v. Rick*,
    No. 08-5866, 2012 WL 388507 (S.D.N.Y. Feb. 7, 2012)............................................................8

*Willemijm Houdstermaatschaapij BV v. Apollo Computer Inc.*,
    707 F. Supp. 1429 (D. Del. 1989)..............................................................................................7

*Ziemkiewicz v. R+L Carriers, Inc.*,
    No. 12-1923, 2013 WL 505798 (D.N.J. Feb. 8, 2013) ..............................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 32(a) ................................................................................................ passim

Fed. R. Civ. P. 43(a) ................................................................................................8

Fed. R. Evid. 611(a)..............................................................................................5, 6

## INTRODUCTION

Defendant The Dow Chemical Company ("Dow") has moved for a court order regarding certain matters relating to witness testimony at trial. In particular, Dow seeks an order (1) precluding Plaintiffs from presenting the deposition testimony of former Dow employees David Fischer, William Long, and Robert Wood, who are expected to testify live at trial and were not officers, directors, managing agents, or designees of Dow at the time of their depositions; (2) precluding Plaintiffs from presenting the deposition testimony of their own witnesses Larry Heppe (Leggett & Platt), Stanley Pauley (Carpenter), Del Felter (Carpenter), Franklin Hurst (Carpenter), Helen Ebert (Pathway/Vitafoam), Thomas Laursen (Vitafoam), and Raj Mehta (Crest Foam) unless and until Plaintiffs meet their burden of showing that these witnesses are "unavailable" within the meaning of Rule 32(a)(4); (3) requiring Plaintiffs to make their live witnesses equally available to Dow; and (4) requiring Plaintiffs to make certain of their current employees available to testify live at trial or at a minimum via live video conference.

Dow attempted to resolve the issues presented by this Motion without the need for Court intervention, and in fact proposed several potential compromises. *See* Ex. A [Aug. 6, 2015 Letter from D. Bernick to J. Johnson] at 5. Plaintiffs' response was that they "intend[ed] to oppose [Dow's motions]." *See* Ex. B [Aug. 11, 2015 Letter from J. Johnson to D. Bernick] at 1.

## GENERAL LEGAL STANDARD

Live testimony is preferable to deposition testimony for a variety of reasons. For instance, it allows juries to engage in more robust credibility assessments. *See, e.g.*, *Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC*, No. 05-2309, 2006 WL 1675067, at *4 (D.N.J. Jun. 15, 2006) (explaining "live testimony is recognized as especially preferable over depositions where the factfinder will be making credibility determinations"); *Iorio v. Allianz Life Ins. Co.*, No. 05-633, 2009 WL 3415689, at *5 (S.D. Cal. Oct. 21, 2009) (acknowledging

"inherent disparity between depositions and live testimony, especially when credibility is at issue"). Thus, "deposition testimony is only a substitute, not to be resorted to if the witness can appear in person." *Banks v. Yokemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001); *see also Estate of Spear v. C.I.R.*, 41 F.3d 103, 116 (3d Cir. 1994) (explaining "live testimony is generally preferable to videotaped testimony"); *COA Network, Inc. v. JS Global Commc'n, Inc.*, No. 09-6505, 2010 WL 2539692, at *4 (D.N.J. Jun. 17, 2010) ("Live testimony is generally preferred and parties should not unnecessarily be forced to rely on trial by deposition."); *Flores v. NJ Rail Operations, Inc.*, No. 96-3237, 1998 WL 1107871, at *2 (D.N.J. Nov. 2, 1998) ("Although the increasing availability and fidelity of videotaped depositions has provided a better alternative than reading a written transcription, the preference for live testimony is still endorsed by federal courts."); *The Sherwood Grp., Inc. v. Rittereiser*, No. 90-2414, 1990 WL 159925, at *6 (D.N.J. Oct. 17, 1990) ("live testimony is preferable to deposition testimony"); *accord Buchwald v. Renco Grp., Inc.*, No. 13-7948, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014) (noting that "the preference for live testimony" is "dictated by . . . common sense").

Rule 32 of the Federal Rules of Civil Procedure reflects the strong preference for live testimony by limiting the circumstances in which depositions can be used in court proceedings, including trial. For example, "[a]n adverse party"—but only an adverse party—"may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." Fed. R. Civ. P. 32(a)(3). In addition, a party "may use for any purpose the deposition of a witness" who is shown to be unavailable. Fed. R. Civ. P. 32(a)(4).

**ARGUMENT**

I. **PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING THE DEPOSITION TESTIMONY OF FORMER DOW EMPLOYEES FISCHER, LONG, AND WOOD.**

In their case-in-chief, Plaintiffs intend to present deposition testimony from former Dow employees David Fischer, William Long, and Robert Wood. *See* Final Pretrial Order (Doc. 84) § 5 at 5–7. At the time of their depositions, however, these witnesses were not even employed by, let alone officers, directors, or managing agents of Dow. *See* Ex. C [Excerpt of Dep. of D. Fischer] at 12:4–12; Ex. D [Excerpt of Dep. of W. Long] at 51:24–52:8; Ex. E [Excerpt of Dep. of R. Wood] at 17:22–18:19. Nor were they designated to provide testimony on Dow's behalf under Rule 30(b)(6). *See* Exs. C, D, E. Accordingly, Rule 32(a)(3) provides no basis for Plaintiffs to use these depositions at trial. *See Carpenter v. Forest Meadows Owners Ass'n*, No. 09-1918, 2011 WL 3207778, at *3–4 (E.D. Cal. Jul. 27, 2011) (precluding deposition testimony of persons who did not qualify as "officer[s], director[s], managing agent[s], or designee[s]" under Rule 32(a)(3)); *Schmidt v. Duo-Fast Corp.*, No. 94-6541, 1996 WL 238555, at *3 (E.D. Pa. May 7, 1996) (same).

Nor can Plaintiffs rely on Rule 32(a)(4) as a basis for using these depositions at trial. Dow presently expects Messrs. Fischer, Long, and Wood to be available for live testimony. *See* Final Pretrial Order (Doc. 84) § 5 at 9–10. If that is the case,[1] they will not be "unavailable" within the meaning of Rule 32(a)(4), and they should testify live, consistent with Rule 32's strong preference for live testimony. For instance, in *Flores v. NJ Rail Operations, Inc.*, this Court prohibited the use of videotaped deposition testimony of the plaintiff's medical experts, who the plaintiff claimed were "unavailable" because they had "busy medical schedules,"

---

[1] If for some reason the witnesses do *not* testify live at trial, then either side should be able to rely on their deposition testimony under Rule 32(a)(4).

3

explaining that "[a]lthough the increasing availability and fidelity of videotaped depositions has provided a better alternative than reading a written transcription, the preference for live testimony is still endorsed by federal courts." 1998 WL 1107871, at *2–5. *Accord COA Network, Inc.*, 2010 WL 2539692, at *4; *The Sherwood Grp., Inc.*, 1990 WL 159925, at *6; *Buchwald*, 2014 WL 4207113, at *2. Here, Messrs. Fischer, Long, and Wood are not too "busy" to appear for live testimony in support of Plaintiffs' case; and, to that effect, are certainly not "unavailable" within the meaning of Rule 32(a)(4).

## II. ABSENT A SHOWING THAT THEIR OWN WITNESSES ARE UNAVAILABLE, PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING THEIR DEPOSITION TESTIMONY.

In their case-in-chief, Plaintiffs also intend to present deposition testimony from several of their own witnesses. *See* Final Pretrial Order (Doc. 84) § 5 at 4–8. In particular, Plaintiffs have designated deposition testimony of the following individuals: Larry Heppe (Leggett & Platt); Stanley Pauley (Carpenter); Del Felter (Carpenter); Franklin Hurst (Carpenter); Helen Ebert (Pathway/Vitafoam); Thomas Laursen (Vitafoam); and Raj Mehta (Crest Foam). *Id.* Yet Plaintiffs have made no effort to meet their burden of showing that these witnesses are "unavailable" within the meaning of the Rule 32(a)(4). *Collins v. Omega Flex, Inc.*, No. 08-1422, 2010 WL 2470944, at *3 (E.D. Pa. June 15, 2010) ("The burden of showing the witness's unavailability . . . rests with the party seeking to introduce the deposition."); *accord In re Transcontinental Energy Corp.*, 683 F.2d 326, 330 (9th Cir. 1982) (affirming exclusion of deposition testimony because proponents of such testimony "had not met their burden of proving . . . that the deponent lived more than one hundred miles from the place of the hearing"); *Rogers v. Roth*, 477 F.2d 1154, 1159 (10th Cir. 1973) ("The party seeking to use the deposition has the

4

burden of conforming with the rule."). Accordingly, their deposition testimony should be excluded unless and until such time as Plaintiffs make the requisite showing.

### III. PLAINTIFFS SHOULD BE REQUIRED TO MAKE THEIR LIVE WITNESSES EQUALLY AVAILABLE TO DOW.

Plaintiffs intend to call seven live witnesses in their case-in-chief whom Dow also wishes to examine live at trial in support of its defenses.[2] *Compare* Final Pretrial Order (Doc. 84) § 5 at 1–2 *with id.* at 11–12. Plaintiffs have refused to make these witnesses available to Dow live except on cross-examination, *see* Ex. F [Jul. 27, 2015 Letter from J. Johnson to D. Bernick], and further refused to agree that for these witnesses Dow's cross-examinations can go beyond the scope of the direct examination (which Dow had suggested so as to avoid the need to have the witnesses appear a second time). *Compare* Ex. A [Aug. 6, 2015 Letter from D. Bernick to J. Johnson] at 5, *with* Ex. B [Aug. 11, 2015 Letter from J. Johnson to D. Bernick] at 1.

Plaintiffs' gamesmanship should not be tolerated. Parties routinely agree to make witnesses equally available to both sides for live testimony. *See, e.g.*, *Thomas v. Tennis*, No. 03-6273, 2005 WL 1025078, at *9 (E.D. Pa. Apr. 29, 2005). Even where that is not the case, courts have the discretion to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment and undue embarrassment." Fed. R. Evid. 611(a). One of the ways in which courts may do this is by allowing a cross-examining party to inquire "into additional matters as if on direct examination." Fed. R. Evid. 611(b). The Court should exercise that discretion here and allow Dow to question these seven witnesses as if on direct examination during Plaintiffs' case-in-chief, rather than

---

[2] These witnesses are David Underdown (Hickory Springs); Steven Jackson (Leggett & Platt); John Quackenbush (Lubrizol); Jorge Burtin (Skypark); Martin Cosgrove (Vita); Nigel Hay (Pathway Polymers/Vita); and Joseph Plati (Woodbridge).

limiting Dow to the narrow scope of questioning typically allowed on cross-examination. *See ADC Telecom., Inc. v. Switchcraft, Inc.*, No. 04-1590, 2007 WL 6347404, at *2 (D. Minn. Jan. 8, 2007) (allowing defendant to examine two of plaintiff's employees during the plaintiff's case in chief and noting that defendant would be permitted to examine witnesses on issues outside the scope of the plaintiff's direct examination).

This result will ensure that the jury enjoys the benefit of these witnesses' live testimony on all subjects relevant to both Plaintiffs' claim and Dow's defense, thereby promoting the determination of the truth. It would also streamline the presentation of evidence in this trial, which is expected to last well over a month, and avoid any need for the witnesses to return to the courtroom to present live testimony on multiple occasions. Therefore, Dow respectfully requests that this Court use its discretionary power under Rule 611 to permit Dow to question Plaintiffs' live witnesses on any relevant subject matter during Plaintiffs' case-in-chief. *See ADC Telecom., Inc.*, 2007 WL 6347404, at *2; *see also R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 273 (9th Cir. 1991) ("By denying [plaintiff]'s requests to produce . . . live witnesses, [defendant] engaged in gamesmanship, forcing [plaintiff] to rely on depositions . . . If [defendant] had truly wished to present the live testimony of [defendant's witnesses], it could have done so by making those witnesses available when [plaintiff] requested that they be produced."); *Buchwald*, 2014 WL 4207113, at *1 ("To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief. Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief.").

**IV.　PLAINTIFFS SHOULD BE REQUIRED TO MAKE CERTAIN OF THEIR CURRENT EMPLOYEES AVAILABLE TO TESTIFY LIVE AT TRIAL OR AT A MINIMUM VIA LIVE VIDEO CONFERENCE.**

There are eight other witnesses whom Dow wishes to examine live at trial in support of its defenses, but whom Plaintiffs refuse to make available, even though the witnesses remain affiliated with Plaintiffs.[3] *See* Final Pretrial Order (Doc. 84) § 5 at 10–12; Ex. G [Mar. 20, 2015 Letter from J. Trulove to C. Hazard]; Ex. H [Mar. 23, 2015 Email from J. Trulove to W. McEnroe]; Ex. I [Apr. 24, 2015 Letter from J .Trulove to C. Hazard].  Although some of those witnesses may technically be outside the subpoena power of the Court, that is beside the point, because courts have recognized that parties have the authority to compel their own employees to testify.  *See, e.g.*, *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) (noting that "parties can compel the testimony of their own employees without the need for subpoena"); *Willemijm Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1438–39 (D. Del. 1989) ("[S]ince most of the witnesses that have been referred to by defendant are its own employees, defendant can compel their presence at trial regardless of this Court's lack of subpoena power."); *cf. Ziemkiewicz v. R+L Carriers, Inc.*, No. 12-1923, 2013 WL 505798, at *4 (D.N.J. Feb. 8, 2013) ("party witnesses are presumed to be willing to testify at trial no matter the inconvenience").

At a minimum, the Court should require these witnesses to testify via live video feed. "Ideally, all witnesses would appear in Open Court and testify before the trier of fact." *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 12-00064, 2014 WL 107153, at *5 (W.D. La. Jan. 8, 2014).  Since this is not always possible, a "court may permit testimony in open court by

---

[3]　These witnesses are Paul Davidson, Stanley Pauley, and Christopher Pugh (Carpenter); Kenneth Todd Councilman, Wilbur Mann, and Don Simpson (Hickory Springs); Michael Vaughn (Lubrizol); and David Scott Wheeler (Woodbridge).

7

contemporaneous transmission from a different location."[4] Fed. R. Civ. P. 43(a). Long travel times for potential witnesses can constitute "good cause" under Rule 43. *See, e.g.*, *Virtual Architecture, Ltd. v. Rick*, No. 08-5866, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012). Likewise, health concerns that complicate travel can warrant testimony via video. *See, e.g.*, *Sawant v. Ramsey*, No. 07-980, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012). Accordingly, to the extent Plaintiffs' witnesses are unable to testify in person, Dow requests that the Court require them to testify via live video conference.

## CONCLUSION

For the foregoing reasons, Dow respectfully requests that this Court issue an order (1) precluding Plaintiffs from presenting the deposition testimony of former Dow employees David Fischer, William Long, and Robert Wood, who are expected to testify live at trial and were not officers, directors, managing agents, or designees of Dow at the time of their depositions; (2) precluding Plaintiffs from presenting the deposition testimony of their own witnesses Larry Heppe (Leggett & Platt), Stanley Pauley (Carpenter), Del Felter (Carpenter), Franklin Hurst (Carpenter), Helen Ebert (Pathway/Vitafoam), Thomas Laursen (Vitafoam), and Raj Mehta (Crest Foam) unless and until Plaintiffs meet their burden of showing that these witnesses are "unavailable" within the meaning of Rule 32(a)(4); (3) requiring Plaintiffs to make their live witnesses equally available to Dow; and (4) requiring Plaintiffs to make certain of their current employees available to testify live at trial or at a minimum via live video conference.

---

[4] The advisory committee notes to this rule make it clear that live testimony is still preferred: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.

                Respectfully submitted,

Dated: September 3, 2015        s/ Lawrence S. Lustberg
Newark, New Jersey             Lawrence S. Lustberg
                                    Daniel J. McGrady
                                    **GIBBONS P.C.**
                                    One Gateway Center
                                    Newark, NJ 07102
                                    Telephone:  (973) 596-4500
                                    Facsimile:  (973) 596-0545

                                    David M. Bernick (*admitted pro hac vice*)
                                    **DECHERT LLP**
                                    1095 Avenue of the Americas
                                    New York, NY 10036
                                    Telephone:  (212) 698-3500
                                    Facsimile:  (212) 698-3599

                                    *Attorneys for Defendant*
                                    *The Dow Chemical Company*