## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF)<br><br>*Document Filed Electronically* |

### DEFENDANT THE DOW CHEMICAL COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* "TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO THE DEPARTMENT OF JUSTICE INVESTIGATION AND ITS RESULT" (DKT. 97)

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.   DOW DOES NOT INTEND TO USE THE DOJ INVESTIGATION FOR ANY IMPROPER PURPOSE. .................................................................................................... 2

II.  THE DOJ INVESTIGATION IS HIGHLY RELEVANT TO THE JURY'S ASSESSMENT OF ███████████ CREDIBILITY. ........................................ 2

III. PLAINTIFFS' SPECULATIVE CONCERNS ABOUT JURY CONFUSION ARE EASILY ADDRESSED, IF NECESSARY, THROUGH A LIMITING INSTRUCTION. ................................................................................................................ 5

IV.  THE RULING IN THE CLASS TRIAL IS NOT BINDING ON THIS COURT AND WAS WRONGLY DECIDED. ................................................................................. 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Ansell v. Green Acres Contracting Co.*,
  347 F.3d 515 (3d Cir. 2003) ..................................................................................6

*United States v. Abel*,
  469 U.S. 45 (1984) ..............................................................................................2, 4

*United States v. Bergrin*,
  682 F.3d 261 (3d Cir. 2012) ..................................................................................6

*United States v. Blyden*,
  964 F.2d 1375 (3d Cir. 1992) ................................................................................6

*United States v. Higgs*,
  713 F.2d 39 (3d Cir. 1983) ....................................................................................5

*United States v. Hutchinson*,
  573 F.3d 1011 (10th Cir. 2009) .............................................................................6

*United States v. Murray*,
  468 F. App'x 104 (3d. Cir. 2012) ..........................................................................5

*United States v. Pelullo*,
  964 F.2d 193 (3d Cir. 1992) ..................................................................................4

**OTHER AUTHORITIES**

██████████████████████████████ ..............................................................3

Fed. R. Evid. 403 ......................................................................................................5, 6

Fed. R. Evid. 607 .........................................................................................................4

**INTRODUCTION**

Plaintiffs' motion *in limine* (ECF No. 97) seeks a sweeping order precluding defendant The Dow Chemical Company ("Dow") from "any and all mention of, or evidence related to," a criminal investigation by the U.S. Department of Justice ("DOJ"), which as Plaintiffs note was closed without any charges being brought against Dow (or anyone else). *See* Pls.' Br. (ECF No. 98) at 1, 5. Such an order would be inappropriate in the circumstances of this case for at least three reasons.

*First*, Dow does not intend to argue that the Government's actions reflect a determination that no conspiracy existed or that Dow must not have participated in it. To the extent Plaintiffs' motion is based on this concern, it is wholly misguided.

*Second*, references to the DOJ investigation are critical to impeach the credibility of certain of Plaintiffs' witnesses, especially ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Evidence relating to the DOJ investigation bears centrally on the credibility and bias of this important witness, and it would unfairly prejudice Dow's defense if the Court were to exclude this essential impeachment evidence.

*Third*, Plaintiffs' speculative concerns about jury confusion may be easily addressed, if necessary, through a limiting instruction. There is no justification for the broad, prophylactic *in limine* ruling Plaintiffs seek.

## ARGUMENT

**I.   DOW DOES NOT INTEND TO USE THE DOJ INVESTIGATION FOR ANY IMPROPER PURPOSE.**

Plaintiffs' brief focuses almost exclusively on their assertion that the Government's decision to close a criminal investigation is not necessarily tantamount to a finding of innocence. *See* Pls.' Br. (ECF No. 98) at 3–5. As noted above, however, this is a point as to which there is no disagreement. Dow does not intend to argue to the jury that the DOJ's decision to refrain from prosecution means that there must not have been a conspiracy or that Dow must not have participated in it. But regardless of whether this evidence might be inadmissible for the purpose Plaintiffs identify, it must nevertheless be admitted at trial because of its admissibility for the purpose for which Dow actually intends to use it—to impeach witness credibility. *See United States v. Abel*, 469 U.S. 45, 56 (1984) ("[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case."). Thus, the concerns Plaintiffs articulate in their motion are entirely unfounded, and the cases they cite—none of which address whether the DOJ investigation is relevant for witness impeachment—are inapposite.

**II.   THE DOJ INVESTIGATION IS HIGHLY RELEVANT TO THE JURY'S ASSESSMENT OF ▇▇▇▇▇ CREDIBILITY.**

The relief Plaintiffs seek would, by Plaintiffs' design, impede Dow's ability to impeach the credibility of certain witnesses—especially ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2

3

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████

   ██████████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

        ████████████████████████████████████
        ████████████████████████████████████
        █████████████████

        █████████

        ████████████████████████████████████
        ████████████████████████

        █████████████████

        ████████████████████████████████████
        ████████████████████████████████████
        █████████

        █████████████████

3

4



### III. PLAINTIFFS' SPECULATIVE CONCERNS ABOUT JURY CONFUSION ARE EASILY ADDRESSED, IF NECESSARY, THROUGH A LIMITING INSTRUCTION.

Plaintiffs' suggestion that evidence of the DOJ investigation should be excluded under Rule 403 fares no better.  Under Rule 403, relevant evidence may be excluded only "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Plaintiffs do not come even close to meeting this standard.  First, as explained above, the probative value of the proposed evidence is extremely high, as it bears directly on issues of witness credibility.

Second, while Plaintiffs speculate that the jury could be confused into concluding that the DOJ believed Dow was innocent, Pls.' Br. (ECF No. 98) at 4, or that the evidence would necessitate "a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency," *id.* at 5, these concerns are unfounded,

5

because Dow *agrees* that it will not use evidence of the DOJ investigation to argue that the DOJ exonerated Dow.  As explained above, Dow intends to use such evidence for the purpose of impeaching witness credibility, and Plaintiffs do not articulate any risk of unfair prejudice, jury confusion, or undue delay that would flow from its use for that purpose.

Third, even if such risks existed here, they could be addressed through an appropriate limiting instruction.  *See, e.g.*, *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009) ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice."); *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 526 n.7 (3d Cir. 2003) ("a limiting instruction is the primary means by which the prejudicial effect…is minimized").  Such an instruction might, for example, inform the jury that the DOJ decides not to prosecute cases for a variety of reasons; that a decision not to file criminal charges should not be construed as a determination that Dow was innocent; and that evidence of the DOJ investigation should be considered by them solely for the purpose of assessing ███████████████████████████████████████████████████ ███████.

Finally, legitimate impeachment evidence that calls into question the credibility of a witness—such as ███████████████████████████████████████████████████—can hardly be said to create **unfair** prejudice to Plaintiffs or **undue** delay.  *See United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) ("It must always be remembered that *unfair* prejudice is what 403 is meant to guard against, that is, prejudice based on something *other* than the evidence's persuasive weight." (emphasis in original) (citations omitted)); *see also United States v. Blyden*, 964 F.2d 1375, 1378 (3d Cir. 1992) (the focus of the court's Rule 403 inquiry "must be on unfairness in the sense that the proponent would secure an advantage that results from the likelihood the evidence would persuade by illegitimate means").  Evidence suggesting that ██

6

███ testimony is biased or should otherwise be discounted is precisely the sort of matter that a jury should in fairness consider and assess.

### IV. THE RULING IN THE CLASS TRIAL IS NOT BINDING ON THIS COURT AND WAS WRONGLY DECIDED.

Plaintiffs note that the United States District Court for the District of Kansas granted a similar motion by class plaintiffs, but they do not—and could not—argue that such a ruling is binding on this Court. *See* Pls.' Br. (ECF No. 98) at 1–2. And, crucially, this Court should give no weight to the Kansas court's ruling because it failed to acknowledge Dow's fundamental argument on this issue.

In short, the Kansas court erred when it stated ████████████████████



████████████████████████████████████████████ But now, this Court must make its own determination as to whether evidence regarding ████████████

7

▓▓▓▓▓▓▓ is relevant to ▓ credibility and admissible under Third Circuit law.  For the reasons explained above, the answer to that question is yes.

## **CONCLUSION**

The Court should deny Plaintiffs' motion *in limine* "to preclude evidence and argument relating to the Department of Justice investigation and its result."

 

Respectfully submitted,

Dated: September 30, 2015  
Newark, New Jersey

s/ Lawrence S. Lustberg  
Lawrence S. Lustberg  
Daniel J. McGrady  
**GIBBONS P.C.**  
One Gateway Center  
Newark, NJ  07102  
Telephone:  (973) 596-4500  
Facsimile:  (973) 596-0545

David M. Bernick (admitted *pro hac vice*)  
**DECHERT LLP**  
1095 Avenue of the Americas  
New York, NY  10036  
Telephone:  (212) 698-3551  
Facsimile:  (212) 698-3599

*Attorneys for Defendant*  
*The Dow Chemical Company*

8

## **CERTIFICATE OF SERVICE**

On September 30, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company
