# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF) *Document Filed Electronically* |

**DEFENDANT THE DOW CHEMICAL COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* "TO PRECLUDE USE OF EXCERPTS FROM THE DEPOSITIONS OF LYNN SCHEFSKY AND TOM MCCORMICK THAT VIOLATE THE MDL COURT'S DISCOVERY ORDER DATED JULY 25, 2013" (ECF. NO. 99)**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 4

I.    THE CHALLENGED DEPOSITION TESTIMONY IS WITHIN THE SCOPE OF DISCOVERY CONTEMPLATED BY THE MDL COURT ...................................... 4

II.    PLAINTIFFS' OBJECTIONS ARE UNTIMELY. ............................................................ 6

CONCLUSION ................................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. District of Columbia*,
   281 F.R.D. 53 (D.D.C. 2012) ................................................................................................4

*Reconstructive Orthopaedic Assocs. II, P.C. v. Specialty Care Network, Inc.*,
   No. 99-5329, 2004 WL 1470222 (E.D. Pa. Oct. 3, 2000) .......................................................5

**Rules**

Fed. R. Civ. P. 30(c)(2) ................................................................................................................6

# INTRODUCTION

Defendant The Dow Chemical Company ("Dow") respectfully submits this brief in opposition to Plaintiffs' motion *in limine* "to preclude use of excerpts from the depositions of Lynn Schefsky and Tom McCormick that violate the MDL Court's Discovery Order dated July 25, 2013" (ECF No. 99).

Plaintiffs seek an order precluding Dow from using at trial certain excerpts from the depositions of Mr. Schefsky and Mr. McCormick. *See* Pls.' Br. (ECF No. 100) at 1, 2 n.2. According to Plaintiffs, Dow elicited this testimony in violation of a July 25, 2013 order by the MDL Court permitting additional discovery. As explained below, however, there is no merit to this assertion. Rather, the challenged deposition testimony is entirely within the scope of discovery contemplated by the MDL Court. Moreover, if Plaintiffs believed otherwise, they should have raised the issue with the MDL Court. Plaintiffs' motion should be denied.

# BACKGROUND

Former Dow employee Stephanie Barbour, along with numerous other Dow employees (including her supervisor, David Fischer), was terminated from Dow as part of a company-wide restructuring in early 2004. *See* Ex. E to Dow's Brief in Support of Motion *In Limine* to Exclude Evidence Relating to Allegations of Document Destruction (ECF No. 126-1) [Excerpt of Dep. of S. Barbour] at 47:22–48:12. ███████████████████████████████████████████████████████████████████████████████████ *Id.* at 48:10–51:18. ███████████████████████████████████████████████ Ex. G to Dow's Brief in Support of Motion *In Limine* to

1

Exclude Evidence Relating to Allegations of Document Destruction (ECF No. 126-3) [McCormick Dep. Ex. 1] at 1.

In response to Ms. Barbour's allegations, Mr. Cook directed Tom McCormick, a Dow in-house attorney, and Larry Washington, the head of Dow's Human Resources Department, to conduct an investigation, which included meeting with Ms. Barbour (the "2004 Investigation"). ███████████████████████████████████████████████████████████████████████████████████████

*See* Ex. H to Dow's Brief in Support of Motion *In Limine* to Exclude Evidence Relating to Allegations of Document Destruction (ECF No. 126-4) [Excerpt of Dep. of T. McCormick] at 45:5. ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████ *See id.* at 46:4–47:14.

In September 2010, six years after the conclusion of the 2004 Investigation, Ms. Barbour was first deposed in this action. During that deposition, Ms. Barbour claimed that she had raised other competition-related concerns with Mr. Schefsky prior to her termination from Dow. *See* (MDL Dkt. 1947) [Jan. 31, 2011 Order] at 2. Dow permitted Ms. Barbour to testify as to those alleged communications but continued to assert privilege over the 2004 Investigation—a position the MDL Court sustained. *See id.* at 2–3, 13–14.

Dow later elected to waive privilege with regard to the 2004 Investigation and filed a motion with the MDL Court requesting permission "to conduct discovery into the allegations that Ms. Barbour made about anti-competition matters in 2004 (as compared to her statements in her 2010 deposition), as well as the conclusion of the 2004 investigation into her allegations." *See* Pls.' Br., Ex. A (ECF No. 99-2) ("Discovery Order") at 21. In finding good cause to allow

this additional discovery, the MDL Court noted that the Plaintiffs in this case had "indicated an intent to pursue two theories that were not active in the case during the discovery period," including an assertion that "[Ms.] Barbour made antitrust allegations and complaints in 2004 but that Dow did not investigate them." *Id.* at 8.  The MDL Court further commented that the requested discovery was "clearly relevant to the issues of whether Ms. Barbour made antitrust allegations and complaints in 2004 (and earlier), and whether Dow acted on them." *Id.* at 21.

The MDL Court declined to set any "stringent limits on the means and manner" of the additional discovery and noted that the topic specified in Dow's motion was "fairly well defined and limited." *Id.* at 22.  Nevertheless, the MDL Court expressly instructed the parties that any alleged "abus[e of] the limited extension of the discovery deadline granted in this order" should be brought "to the court's attention by filing a motion (after, of course, following the court's meet-and-confer requirements)." *Id.* at 22–23.  The MDL Court also established strict limits with regard to the briefing of any such motions.  *See id.* at 23.

The additional discovery contemplated by the Discovery Order—namely depositions of Ms. Barbour, Mr. Schefsky, and Mr. McCormick[1]—took place in autumn 2013.  At no time did Plaintiffs file a motion with the MDL Court alleging that Dow had violated the Discovery Order in connection with those depositions.

---

[1] Apparently, Plaintiffs believe that Dow violated the Discovery Order in connection with Ms. Barbour's 2013 deposition as well, but they deliberately decided not to raise that issue in connection with their motion *in limine*.  *See* Pls.' Br. (ECF No. 100) at 3.  Instead, they expressed their belief "that the most efficient way to resolve the objections to Ms. Barbour's deposition will be through the ordinary course of deposition designation negotiations." *Id.*  Surely this same reasoning should apply to Plaintiffs' challenges to Mr. Schefsky's and Mr. McCormick's depositions.  Nevertheless, since Plaintiffs raised those challenges by motion *in limine*, Dow responds.

3

**ARGUMENT**

I. **THE CHALLENGED DEPOSITION TESTIMONY IS WITHIN THE SCOPE OF DISCOVERY CONTEMPLATED BY THE MDL COURT.**

Plaintiffs' brief repeatedly characterizes the Discovery Order as having "specifically confined" any additional discovery "to Dow's internal investigation in February 2004." Pls.' Br. (ECF No. 100) at 2; *see also id.* at 7 ("The [Discovery Order] is unambiguous in ruling that the discovery it authorized was narrowly limited to the 2004 investigation."). But this is simply not true. The Discovery Order granted Dow's request that the court "permit the parties to conduct discovery into the allegations that Ms. Barbour made about competition matters in 2004 (as compared to her statements in her 2010 deposition), as well as the conclusion of the 2004 investigation into her allegations." Discovery Order (ECF No. 99-2) at 21. The court noted that this discovery was "clearly relevant to the issues of whether Ms. Barbour made antitrust allegations and complaints in 2004 (and earlier), and whether Dow acted on them." *Id.* Thus, the topics of discovery contemplated by the MDL Court clearly extended beyond the 2004 Investigation and expressly included, at a minimum: (1) Ms. Barbour's 2004 allegations; (2) Ms. Barbour's allegations prior to 2004; (3) Ms. Barbour's 2010 deposition statements relating to her 2004 allegations; and (4) Dow's investigation in response to Ms. Barbour's allegations. *See, e.g.*, *Barnes v. District of Columbia*, 281 F.R.D. 53, 55 (D.D.C. 2012) (looking to the purpose of discovery order to ascertain whether requested discovery is permissible).

In their motion, Plaintiffs object to testimony that plainly falls within the scope of the Discovery Order. ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████ *See* Pls.' Br., Ex. B (ECF No. 100-1) (challenged Schefsky deposition excerpts) at 7–8. ████████████████████████

4

█████████████████████████████████████████████████████████ *See id.* at 9–14.
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████ *See* Pls.' Br., Ex. C (ECF No. 100-2) (challenged McCormick deposition excerpts) at 4–8.  But these topics relate directly to the very issues the MDL Court intended be addressed pursuant to the Discovery Order—namely, "the allegations that Ms. Barbour made about competition matters in 2004 (as compared to her statements in her 2010 deposition), as well as the conclusion of the 2004 investigation into her allegations," including "whether Ms. Barbour made antitrust allegations and complaints in 2004 (and earlier), and whether Dow acted on them."  Discovery Order (ECF No. 99-2) at 21.

Other excerpts designated by Dow provide foundation and context for this testimony and are likewise not objectionable.  █████████████████████████████████
█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
███████████████████████████████ Pls.' Br., Ex. B (ECF No. 100-1) (challenged Schefsky deposition excerpts) at 3–4.  ██████████████████████████████████
█████████████████████████████████████████████████████████████████████████
████████ *Id.* at 4–6.  This is in no way "well outside" the scope of discovery permitted by the Discovery Order, as Plaintiffs contend; nor is the basic background Mr. McCormick provided about his job responsibilities and experience.  Pls.' Br., Ex. C (ECF No. 100-2) (challenged McCormick deposition excerpts) at 3–4; *see also, e.g.*, *Reconstructive Orthopaedic Assocs. II, P.C. v. Specialty Care Network, Inc.*, No. 99-5329, 2004 WL 1470222 (E.D. Pa. Oct. 3, 2000)

5

(amending Magistrate Judge's protective order as having too narrowly construed scope of discovery set forth by prior judge as discovery must "afford [party] an opportunity to prove its case").[2]  In sum, the testimony at issue, including some brief background discussion, falls within the precise scope of the additional discovery allowed by the MDL court.  For that reason, Plaintiff's motion must be denied.

## II.     PLAINTIFFS' OBJECTIONS ARE UNTIMELY.

Plaintiffs' arguments are also untimely, for at least two reasons.  <u>First</u>, as noted above, in issuing the Discovery Order, the MDL Court expressly instructed the parties that any alleged "abus[e of] the limited extension of the discovery deadline granted in this order" should be brought "to the court's attention by filing a motion (after, of course, following the court's meet-and-confer requirements)."  Discovery Order (ECF No. 99-2) at 22–23.  If Plaintiffs truly believed that Dow had violated the Discovery Order through its questioning at the 2013 Schefsky and McCormick depositions, they could and should have raised that issue through a motion directed to the MDL Court.  They did not, and should not be permitted to do so now, two years later.  As Plaintiffs put it in their own brief, a party "must live with the tactical decisions (or omissions) it made during the course of discovery."  Pls.' Br. (ECF No. 100) at 7.

<u>Second</u>, under this Court's Scheduling Order (ECF No. 53), Plaintiffs were obligated to state their objections to Dow's deposition designations on or before April 22, 2015.  Plaintiffs indicated their objections to Dow's designations for Mr. Schefsky and Mr. McCormick as

---

[2]     Plaintiffs complain that Dow refused to let Mr. McCormick answer their counsel's questions about Mr. McCormick's "role in the development and implementation of Dow's antitrust compliance program" and "whether the [2004] investigation comported with best practices in the industry," Pls.' Br. (ECF No. 100) at 2, but those questions *did* far exceed the permissible scope of discovery under the Discovery Order, as well as the bounds of relevant or potentially relevant evidence, and so Dow's objections were proper.  *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer . . . when necessary . . . to enforce a limitation ordered by the court.").  Moreover, if Plaintiffs disagreed with Dow's position, they could have filed a motion to compel with the MDL Court—but they did not do so.

beyond the scope of the Discovery Order with the objection "OUT/SCOPE." *See* Ex. A [Plaintiffs' Objections and Cross and Completeness Designations to Dow's Deposition Designations] at 2. But they did not make many of the objections they now raise by motion *in limine*. *See* Plaintiffs' Objections to Dow's Initial Deposition Designations (ECF No. 76-3) at 140–43, 172–77. To the extent Plaintiffs now attempt to expand their objections, their effort is untimely. For this reason too, this motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* "to preclude use of excerpts from the depositions of Lynn Schefsky and Tom McCormick that violate the MDL Court's Discovery Order dated July 25, 2013" should be denied.

Respectfully submitted,

| | |
|---|---|
| Dated: September 30, 2015<br>Newark, New Jersey | s/ Lawrence S. Lustberg<br>Lawrence S. Lustberg<br>Daniel J. McGrady<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br><br>David M. Bernick (*admitted pro hac vice*)<br>**DECHERT LLP**<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Fascimile: (212) 698-3599<br><br>*Attorneys for Defendant*<br>*The Dow Chemical Company* |

7

## **CERTIFICATE OF SERVICE**

On September 30, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company
