UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF) *Document Filed Electronically* |

**DEFENDANT THE DOW CHEMICAL COMPANY'S BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* "TO PRECLUDE
EVIDENCE AND ARGUMENT RELATING TO PLAINTIFFS' FINANCIAL
CONDITION" (DKT. 105)**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant
The Dow Chemical Company*

**TABLE OF CONTENTS**

                                                                                                                              **Page**

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I.     THE EVIDENCE PLAINTIFFS SEEK TO EXCLUDE IS HIGHLY RELEVANT ........ 3

II.    THE EVIDENCE PLAINTIFFS SEEK TO PRECLUDE IS NOT UNFAIRLY
       PREJUDICIAL. .................................................................................................................. 5

CONCLUSION ......................................................................................................................... 8

**TABLE OF AUTHORITIES**

**CASES**

*Apartment Source, L.P. v. Philadelphia Newspapers, Inc.*,
  1999 U.S. Dist. LEXIS 7744 (E.D. Pa. May 18, 1999) ............................................... 4

*Badger v. Wal-Mart Stores, Inc.*,
  2013 U.S. Dist. LEXIS 91216 (D. Nev. June 28, 2013) ............................................. 7

*De La Cruz v. V.I. Water & Power Auth.*,
  597 F. App'x. 83 (3d Cir. 2014) ................................................................................. 5

*Hanover Shoe, Inc. v. United Shoe Machinery Corp.*,
  392 U.S. 481 (1968) ................................................................................................... 7

*In re Homestore.com, Inc. Sec. Litig.*,
  2011 U.S. Dist. LEXIS 10677 (C.D. Cal. Jan. 25, 2011) ........................................... 7

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*,
  466 U.S. 2 (1984) ....................................................................................................... 4

*Johnson v. Fed. Express Corp.*, Civ. No. 12-cv-444,
  2014 U.S. Dist. LEXIS 25861, (M.D. Pa. Feb. 28, 2014) ......................................... 7

*N. Jackson Pharm., Inc. v. Caremark RX, Inc.*,
  385 F. Supp. 2d 740 (N.D. Ill. 2005) ......................................................................... 4

*Reppert v. Marino*,
  259 F. App'x. 481 (3d Cir. 2007) ............................................................................... 6

*Tenegood v. City of Philadelphia*,
  529 F. App'x. 204 (3d Cir. 2013) ............................................................................... 6

*Town Sound & Custom Tops, Inc. v. Chrysler Motors Corp.*,
  959 F.2d 468 (3d Cir. 1992) ....................................................................................... 4

*United States v. Butch*,
  48 F. Supp. 2d 453 (D.N.J. 1999) .............................................................................. 5

*United States v. Claxton*,
  766 F.3d 280 (3d Cir. 2014) ....................................................................................... 5

*United States v. E.I. du Pont de Nemours & Co.*,
  351 U.S. 377 (1956) ................................................................................................... 4

*United States v. Elwell*,
  515 F. App'x. 155 (3d Cir. 2013) ............................................................................... 3

*United States v. LSL Biotechnologies*,
   379 F.3d 672 (9th Cir. 2004) .................................................................................. 4

*United States v. Remache-Garcia*,
   102 F. App'x 761 (3d Cir. 2004) ............................................................................. 6

*United States v. Roland*,
   545 F. App'x. 108 (3d Cir. 2013) ............................................................................ 3

*United States v.* Schneider,
   2015 U.S. App. LEXIS 15999 (3d Cir. Sept. 9, 2015) ............................................ 6

*United States v. Sriyuth*,
   98 F.3d 739 (3d Cir. 1996) ...................................................................................... 6

*United States v. Starnes*,
   583 F.3d 196 (3d Cir. 2009) ................................................................................ 4, 5

*Vaughn v. Target Corp.*,
   2015 U.S. Dist. LEXIS 17912 (W.D. Ky. Feb. 13, 2015) ....................................... 7

## **OTHER AUTHORITIES**

Robert Pitofsky, *New Definitions of Relevant Market and the Assault on Antitrust*, 90
   Colum. L. Rev. 1805 (1990) ................................................................................... 5

## **RULES**

Fed. R. Evid. 105 ............................................................................................................ 7

Fed. R. Evid. 401 ............................................................................................................ 3

Fed. R. Evid. 402 ............................................................................................................ 5

## INTRODUCTION

Defendant The Dow Chemical Company ("Dow") respectfully submits this brief in opposition to Plaintiffs' motion *in limine* "to preclude evidence and argument relating to Plaintiffs' financial condition" (ECF No. 105).

As the Court is aware, this case will turn on, among other things, whether the evidence supports an inference of collusion and if so whether these Plaintiffs could have been harmed by it. In addressing these questions, the jury will need to consider certain basic economic facts, including the structure of the industry and the market power of each Plaintiff. Plaintiffs concede that their "market power . . . in the urethanes market may be relevant and admissible." *See* Pls.' Br. (ECF No. 105-1) at 2. At the same time, however, they insist that evidence regarding their profitability would be irrelevant and prejudicial. *See id.*

Plaintiffs' position conflicts with simple common sense, because market power and profitability are necessarily interrelated. A company with significant market power will have high profits, because it can demand low prices from suppliers and high prices from sellers. Such a company is also more likely to avoid harm from any conspiracy, again because it has the power to dictate prices. Profitability is thus a sign or measure of market power, highly relevant to a jury's assessment of conspiracy and impact.[1]

Plaintiffs' prejudice arguments fall flat. Pls.' Br. (ECF No. 105-1) at 3–4. As an initial matter, Plaintiffs fail to cite a single case in which relevant evidence concerning a plaintiff's financial status was excluded on grounds of prejudice. Further, Plaintiffs' reliance on Judge Lungstrum's ruling in the class case is misplaced, as that ruling precluded only evidence

---

[1] The impact requirement flows from Section 4 of the Clayton Act, 15 U.S.C. § 15, which provides that only those "injured in [their] business or property by reason of" an antitrust violation can file private civil claims for damages.

regarding Dow's "overall" financial condition.  But evidence of Plaintiffs' "overall" financial condition is not at all at issue in this motion, which specifically addresses only evidence of Plaintiffs' market presence and profitability in the urethanes industry.  The parties have agreed that this more limited type of evidence is relevant as it pertains to Dow, and Plaintiffs offer no legitimate reason why corollary evidence of Plaintiffs' own profitability would somehow be uniquely prejudicial.

## BACKGROUND

As noted above, the United States District Court for the District of Kansas granted Dow's motion *in limine* to preclude evidence of Dow's overall financial condition in the class case.  *See* Ex. A [Tr. of Mot. In Limine Conf., *In re Urethane Antitrust Litig.*, No. 04-1616, (D. Kan. Jan. 9, 2013)] at 60.  Judge Lungstrum reasoned that evidence of Dow's "overall revenues, assets, profits, or net worth" was not relevant.  *Id.* at 60–61.  In particular, the court limited evidence regarding Dow's overall financial condition out of concern that the jury would unfairly conclude that Dow has "got a lot of money" and "can afford to write a check to these poor struggling companies," rather than decide the case on its merits.  *Id.* at 64.  This ruling did not, however, preclude admission of evidence of Dow's "global scope or the range of its business to the extent that that is relevant to explain Dow's pertinent operations."  *Id.* at 61.

In correspondence between the parties on the present issue prior to Plaintiffs' motion, Dow acknowledged that its "profitability in the urethanes industry is relevant to this case and . . . anticipate[s] that both sides would present evidence that is limited in scope to Dow's profitability in the urethanes industry."  Ex. B [Jul. 23, 2015 Letter from D. Bernick to J. Johnson] at 2.  Dow noted, however, that "just as Dow's profitability in the urethanes industry is relevant to this case, so too is the profitability and size of individual Plaintiffs in the urethanes industry."  *Id.*  Thus,

early on, Dow noted its intention to "present evidence regarding individual Plaintiffs' profitability and negotiation power based on the size and market presence of each plaintiff." *Id.*

Plaintiffs responded that they would "agree to stipulate to the application of Judge Lungstrum's entire ruling to this case." Ex. C [Jul. 24, 2015 Letter from J. Johnson to D. Bernick] at 2. Plaintiffs also asked that the parties "stipulate that they will not introduce evidence regarding Plaintiffs' revenues, assets, profits, or net worth[,]" noting, however, that this "would not preclude the parties from introducing evidence regarding Plaintiffs' market power, or the lack thereof." *Id.* at 2. Dow responded that it was "willing to follow the ruling in the class case regarding Dow's *overall* financial condition" but that "Plaintiffs' profitability in the urethanes industry is relevant just as Dow's profitability in the industry is relevant." Ex. D [Aug. 6, 2015 Letter from D. Bernick to J. Johnson] at 3 (emphasis in original). Dow proposed that the parties "follow the ruling in the class case and refer to Plaintiffs' and Dow's respective profitability and market power in the urethanes industry." *Id.* Plaintiffs rejected this proposal and filed the present motion.

## ARGUMENT

**I.  THE EVIDENCE PLAINTIFFS SEEK TO EXCLUDE IS HIGHLY RELEVANT.**

Plaintiffs' market presence and profitability in the urethanes industry are relevant to issues at the core of this litigation, namely Plaintiffs' negotiating power and thus, both Dow's lack of the requisite intent to fix prices and its inability to do so. Under Federal Rule of Evidence 401, evidence is relevant if it "has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence." *United States v. Roland*, 545 F. App'x. 108, 112 (3d Cir. 2013) (quoting Fed. R. Evid. 401). "Because Rule 401 does not raise a high standard, evidence is considered irrelevant only if it has no tendency to prove a consequential fact." *United States v. Elwell*, 515 F. App'x. 155, 159 (3d Cir. 2013) (quoting *United States v.*

3

*Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)) (internal quotation marks omitted).  A fact need not be an element of the offense to be "consequential."  *Elwell*, 515 F. App'x. at 159.

Here, Plaintiffs expressly concede that their market power[2] in the urethanes industry is relevant.  *See* Pls.' Br. (ECF No. 105-1) at 2 ("The parties appear to agree that evidence regarding Plaintiffs' market power (or lack thereof) in the urethanes market may be relevant and admissible."); Ex. C at 2 ("This would not preclude the parties from introducing evidence regarding Plaintiffs' market power, or lack thereof.").  Plaintiffs maintain, however, that evidence of their financial condition, including their profitability in the urethanes industry, is nonetheless irrelevant.  *See* Pls.' Br. (ECF 105-1) at 1.

But Plaintiffs' position is completely undermined by the fact that courts and commentators consider profitability to be one way to assess a participant's market presence or power.  *See United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 404 (1956) ("du Pont's profits, while liberal . . . [did not] demonstrate the existence of a monopoly."); *Town Sound & Custom Tops, Inc. v. Chrysler Motors Corp.*, 959 F.2d 468, 481 n.17 (3d Cir. 1992) ("[C]ourts can also infer market power from direct evidence of sustained paranormal profits rather than indirectly from evidence of market shares[.]"); *Apartment Source, L.P. v. Philadelphia Newspapers, Inc.*, No. 98-5472, 1999 U.S. Dist. LEXIS 7744, at *45 (E.D. Pa. May 18, 1999) ("[T]he Court cannot, in the face of Apartment Solutions' massive losses, draw the

---

[2]  The Supreme Court has described "market power" as existing "whenever prices can be raised above the levels that would be charged in a competitive market." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 27 n.46 (1984).  While ordinarily defined from the seller's perspective, the concept applies equally to buyers as well, which is sometimes referred to as "monopsony power."  *See United States v. LSL Biotechnologies*, 379 F.3d 672, 696 (9th Cir. 2004) (noting that "a participant can exercise market power either as a seller or as a buyer"); *N. Jackson Pharm., Inc. v. Caremark RX, Inc.*, 385 F. Supp. 2d 740, 749 (N.D. Ill. 2005) ("A buyer has monopsony power—or a group of buyers has oligopsony power—when it can profitably reduce prices in a market below competitive levels by curtailing purchases of the relevant product or service.").

conclusion from market share alone that there is monopoly power.  If Apartment Solutions had monopoly power, it would be raising its prices to increase its profitability."); *see also* Robert Pitofsky, *New Definitions of Relevant Market and the Assault on Antitrust*, 90 Colum. L. Rev. 1805, 1847 (1990) ("When relatively high profit levels exist, the market definition process can be abandoned entirely and market power inferred directly from profitability.").  Therefore, if Plaintiffs' market power is relevant, as they concede, then evidence of their profitability in the urethanes industry is necessarily relevant as well.

**II.  THE EVIDENCE PLAINTIFFS SEEK TO PRECLUDE IS NOT UNFAIRLY PREJUDICIAL.**

As a general matter, "all relevant evidence is admissible."  *United States v. Butch*, 48 F. Supp. 2d 453, 456 (D.N.J. 1999) (citing Fed. R. Evid. 402).  Of course, pursuant to Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *De La Cruz v. V.I. Water & Power Auth.*, 597 F. App'x. 83, 89 (3d Cir. 2014) (quoting Fed. R. Evid. 403).  But "Rule 403 creates a presumption of admissibility."  *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014).  And unfair prejudice does not mean the prejudice that flows from evidence that undermines a party's litigation position.  *See United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) ("It must always be remembered that *unfair* prejudice is what Rule 403 is meant to guard against, that is, prejudice based on something *other* than [the evidence's] persuasive weight." (alteration and emphasis in original) (internal quotation marks omitted)); *Starnes*, 583 F.3d at 215 ("[U]nfair prejudice does not simply mean damage to the opponent's cause." (internal quotation mark omitted)).  Rather it means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Schneider*, No. 12-1145,

2015 U.S. App. LEXIS 15999, at *24 (3d Cir. Sept. 9, 2015) (quoting Fed. R. Evid. 403 advisory committee's note). In considering whether evidence should be excluded under Rule 403, courts "must assess the genuine need for the challenged evidence" and balance that necessity against the risk that the information will improperly influence the jury. *See United States v. Remache-Garcia*, 102 F. App'x 761, 763 (3d Cir. 2004) (quoting *United States v. Sriyuth*, 98 F.3d 739, 747–48 (3d Cir. 1996)).

According to Plaintiffs, "evidence that some of the Plaintiffs are large or profitable companies might lead the jury to surmise that the Plaintiffs do not really 'need' the recovery they are seeking with respect to Dow's antitrust violations, which would be an improper basis for decision." Pls.' Br. (ECF No. 105-1) at 4. But Dow does not seek to introduce evidence of Plaintiffs' overall net worth or revenues, but rather more limited—and more obviously probative—evidence of their market presence and profitability specifically in the urethanes industry, at issue here. Indeed, Plaintiffs' prejudice argument rings particularly hollow in light of their own intention to admit evidence of Dow's profitability in the urethanes industry; Plaintiffs offer no legitimate reason why evidence of profitability is uniquely prejudicial as applied to them. Nor are the cases cited by Plaintiffs in the least bit helpful to their argument. *See Tenegood v. City of Philadelphia*, 529 F. App'x. 204, 213 (3d Cir. 2013) (holding that the district court's ruling that introduction of a Grand Jury Presentment risked unfairly prejudicing Defendants' case was not arbitrary or irrational); *Reppert v. Marino*, 259 F. App'x. 481, 489 (3d Cir. 2007) (finding that impeachment testimony regarding plaintiff's history of drug use was unfairly prejudicial).³ Accordingly, the limited evidence of Plaintiffs' market presence and

---

³ In the opening paragraph of their legal argument, Plaintiffs also cite four out-of-district cases for the proposition that evidence of a party's financial condition is inadmissible. Pls.' Br. (ECF No. 105-1) at 3. But none of these cases involves a situation where specific, *relevant*

profitability in the urethanes industry utterly fails to pose a substantial risk of unfair prejudice in this case.[4]

Plaintiffs attempt to make a simple issue confusing by arguing that Dow is improperly trying to introduce evidence "that Plaintiffs profited by 'passing on' artificially inflated urethanes prices to their customer in downstream markets, which is an improper consideration in an antitrust case." Pls.' Br. (ECF No. 105-1) at 3–4 (citing *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 488 (1968)). But that, of course, is not what Dow seeks to do here: Dow is not arguing, as in *Hanover Shoe*, that Plaintiffs' damages should be limited by the amounts they "passed on" to their own customers, or anything else regarding Plaintiffs' "downstream profits." Instead, Dow contends that Plaintiffs were profitable in the urethanes industry, that profitability is indicative of their market presence and thus of their negotiating power, and that, as Plaintiffs themselves concede, such market power is highly relevant in an antitrust case. Indeed, whether *these particular Plaintiffs* were impacted by any conspiracy—even assuming one existed—is of central importance to this case, *see supra* at 2 & n.1, and

---

financial evidence, like that at issue here, was found to be prejudicial. *Johnson v. Fed. Express Corp.*, No. 12-444, 2014 U.S. Dist. LEXIS 25861, at *35–36 (M.D. Pa. Feb. 28, 2014) (finding that evidence of defendant's net worth and revenue was not relevant "until the factfinder concludes that the defendant's intentional conduct warrants an award of punitive damages"); *Badger v. Wal-Mart Stores, Inc.*, No. 11-1609, 2013 U.S. Dist. LEXIS 91216, at *16 (D. Nev. June 28, 2013) (granting unopposed motion to exclude evidence relating to financial condition, without discussing whether the evidence at issue was relevant or prejudicial); *In re Homestore.com, Inc. Sec. Litig.*, No. 01-11115, 2011 U.S. Dist. LEXIS 10677, at *7–8 (C.D. Cal. Jan. 25, 2011) (excluding evidence of a party's financial condition without analysis of the facts at issue or why the evidence was being offered); *Vaughn v. Target Corp.*, No. 13-521, 2015 U.S. Dist. LEXIS 17912, at *8 (W.D. Ky. Feb. 13, 2015) (finding that the plaintiff's bankruptcy was not relevant to "a fact that is of consequence to determining the action"). As explained above, and by contrast, here the evidence of profitability is specifically targeted to the industry at issue, and is introduced to establish the market power of the Plaintiffs, a fact of consequence to whether Dow intended to fix prices and succeeded in doing so.

[4]     Moreover, any such concern can be addressed by an appropriate limiting instruction, without the extreme and inappropriate step of categorically excluding the evidence at issue. *See* Fed. R. Evid. 105.

Plaintiffs' market power and profitability is directly relevant to that inquiry.  Accordingly, Plaintiffs' prejudice argument is entirely inapposite in this regard as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* "to preclude evidence and argument relating to Plaintiffs' financial condition" should be denied.

|  |  |
|---|---|
|  | Respectfully submitted |
| Dated: September 30, 2015<br>Newark, New Jersey | s/ Lawrence S. Lustberg<br>Lawrence S. Lustberg<br>Daniel J. McGrady<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ  07102<br>Telephone:  (973) 596-4500<br>Facsimile:  (973) 596-0545 |
|  | David M. Bernick (admitted *pro hac vice*)<br>**DECHERT LLP**<br>1095 Avenue of the Americas<br>New York, NY  10036<br>Telephone:  (212) 698-3551<br>Facsimile:  (212) 698-3599 |
|  | *Attorneys for Defendant*<br>*The Dow Chemical Company* |

## **CERTIFICATE OF SERVICE**

On September 30, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company