UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE URETHANE ANTITRUST
LITIGATION

Master Docket No. 08-5169 (WJM) (MF)

*Document Filed Electronically*

**DEFENDANT THE DOW CHEMICAL COMPANY'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* "TO PRECLUDE REFERENCE TO HOW
PLAINTIFFS BECAME INVOLVED IN THE CASE, PLAINTIFFS' KNOWLEDGE OF
THE LITIGATION OR TO THE CASE BEING LAWYER-DRIVEN" (DKT. 103)**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................... 1

BACKGROUND ......................................................................................................... 1

ARGUMENT ............................................................................................................... 4

I.      THE EVIDENCE PLAINTIFFS SEEK TO CATEGORICALLY EXCLUDE IS HIGHLY RELEVANT ........................................................................ 4

II.     THE EVIDENCE AT ISSUE IS NOT UNFAIRLY PREJUDICIAL TO PLAINTIFFS .................................................................................................. 7

CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**C**ASES

*De La Cruz v. V.I. Water & Power Auth.*,
  597 F. App'x 83 (3d Cir. 2014) ...................................................................................7

*Holland v. Holt*,
  409 F. App'x 494 (3d Cir. 2010) .................................................................................6

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
  No. 12-525, 2015 U.S. Dist. LEXIS 43042 (E.D. Va. March 31, 2015) ...................6

*Jaroslawicz v. Engelhard Corp.*,
  No. 8403641, 1989 U.S. Dist. LEXIS 3332 (D.N.J. Apr. 5, 1989) ...........................6

*Lewis v. Ethicon, Inc.*,
  No. 12-4301, 2014 U.S. Dist. LEXIS 14971 (S.D. W. Va. Feb. 5, 2014) .............5, 6

*United States v. Bergrin*,
  682 F.3d 261 (3d Cir. 2012).......................................................................................7

*United States v. Butch*,
  48 F. Supp. 2d 453 (D.N.J. 1999) ..............................................................................7

*United States v. Claxton*,
  766 F.3d 280 (3d Cir. 2014).......................................................................................7

*United States v. Cruz-Garcia*,
  344 F.3d 951 (9th Cir. 2003) .....................................................................................7

*United States v. DeMuro*,
  677 F.3d 550 (3d Cir. 2012).......................................................................................5

*United States v. Dobson*,
  454 F. App'x 127 (3d Cir. 2011) ................................................................................5

*United States v. Elwell*,
  515 F. App'x 155 (3d Cir. 2013) ................................................................................4

*United States v. Remache-Garcia*,
  102 F. App'x 761 (3d Cir. 2004) ................................................................................8

*United States v. Roland*,
  545 F. App'x 108 (3d Cir. 2013) ................................................................................4

*United States v. Starnes*,
  583 F.3d 196 (3d Cir. 2009).......................................................................................7

*Wink v. Ott*,
No. 11-596, 2012 U.S. Dist. LEXIS 76261 (M.D. Pa. June 1, 2012)........................................6

## INTRODUCTION

Defendant The Dow Chemical Company ("Dow") respectfully submits this brief in opposition to Plaintiffs' motion *in limine* "to preclude reference to how Plaintiffs became involved in the case, Plaintiffs' knowledge of the litigation, or to the case being lawyer-driven" (ECF No. 103).

Plaintiffs claim that between 1994 and 2003 Dow and other urethanes producers repeatedly "announc[ed] price increases at the same or virtually same time for the same amounts (or in some instances, very similar amounts) with the same effective dates," but that in all that time Plaintiffs never suspected a conspiracy. *See* Final Pretrial Order (ECF No. 84) § 4 ¶¶ 65, 539–40.  Even as of the time of their depositions, Plaintiffs' witnesses disclaimed personal knowledge or information that Dow had done anything wrong.  Instead, those witnesses testified that their decisions to file this lawsuit were based solely on instructions from their attorneys.

That Plaintiffs' witnesses never were and are not now personally aware of any facts supporting their conspiracy claims goes to the very heart of their credibility.  If Plaintiffs' witnesses do not know the factual predicate for their claims, surely the jury should be made aware of that information.

## BACKGROUND

During discovery, a number of Plaintiff-witnesses provided deposition testimony regarding the circumstances under which they became involved in this litigation.  Although Plaintiffs claim that "Dow has designated for use at trial the deposition testimony of many present or former employees of Plaintiffs in which the witnesses were questioned regarding the manner in which their companies became aware of this lawsuit," they provide the Court with only a few such examples, in which they focus almost entirely upon the questions that were asked and conspicuously omit their witnesses' responses.  *See* Pls.' Br. (ECF No. 103) at 2–3.

The complete exchanges are, however, far more revealing, since they include the facts that Plaintiffs themselves concede may be introduced—that Plaintiffs were unaware of any wrongdoing by Dow during the alleged conspiracy. *See* Pls.' Br. (ECF No. 103) at 4 n.7 ("This motion does not seek to preclude Dow from introducing evidence regarding whether Plaintiffs knew or had reason to know of Dow's anticompetitive conduct *when it was occurring.*" (emphasis in original)).   Further, the excerpts at issue, and others, reveal that this case was initiated and driven entirely by Plaintiffs' lawyers—a fact critical to explaining to jurors exactly why Dow has been sued if, as Plaintiffs admit, they do not know if Dow has done anything wrong.

The following excerpt from the deposition of Stanley Pauley, Carpenter's chairman, chief executive officer, and sole shareholder, illustrates the type of evidence Plaintiffs seek to preclude in the present motion:





Ex. A [Excerpt of Dep. of S. Pauley] at 60:11–62:11  (objections omitted).[1]

---

[1]      Other witnesses gave similar testimony.  *See, e.g.*, Ex. B [Excerpt of Dep. of L. Heppe] at 69:4–13 , 76:3–6 (objections omitted)); Ex. C [Excerpt of Dep. of M. Cosgrove] at 119:2–5 (objections omitted)); Ex. D [Excerpt of Dep. of J. Burtin] at 110:8–11 (objections omitted)); Ex. E [Excerpt of Dep. of R. Mehta]

3

These excerpts certainly indicate that Plaintiffs did not believe Dow was colluding while the alleged conspiracy was taking place—a fact clearly relevant to whether collusion in fact occurred.  Furthermore, a defendant dragged into Court should have the right to show (and a jury deciding the fate of that defendant should be permitted to hear) that Plaintiffs' witnesses have no factual basis for their claims.

**ARGUMENT**

**I.     THE EVIDENCE PLAINTIFFS SEEK TO CATEGORICALLY EXCLUDE IS HIGHLY RELEVANT.**

Evidence relating to how Plaintiffs became involved in this case is relevant, both substantively and as impeachment material.  Under Federal Rule of Evidence 401, evidence is relevant if it "has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence."  *United States v. Roland*, 545 F. App'x 108, 112 (3d Cir. 2013) (quoting Fed. R. Evid. 401).  "Because Rule 401 does not raise a high standard, evidence is considered irrelevant only if it has no tendency to prove a consequential fact."  *United States v. Elwell*, 515 F. App'x 155, 159 (3d Cir. 2013) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)) (internal quotation marks omitted).  A fact need not be an element of the



at 202:21–24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, 203:9–20 ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (objections omitted)); Ex. F
[Excerpt of Dep. of J. Quackenbush] at 62:8–23 ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (objections
omitted)).

offense to be "consequential." *Elwell*, 515 F. App'x at 159.  Instead, "evidence that aids the jury in understanding the background and the nature of the underlying offense also has probative value." *Id.*

As a defendant, Dow should be permitted to explain the circumstances leading to its being forced into this lawsuit.  A defendant's right to probe the genesis of the plaintiff's litigation accords with the well-established notion that background information may be admitted to provide context for the case at hand.  *See United States v. DeMuro*, 677 F.3d 550, 560 (3d Cir. 2012); *United States v. Dobson*, 454 F. App'x 127, 130 (3d Cir. 2011) ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding." (quoting Fed. R. Evid. 401 advisory committee's note)).  Thus, courts provide parties considerable leeway in introducing facts that "fill in the background of the narrative and give it interest, color, and lifelikeness." 1 McCormick Evidence § 185, at 729 (6th ed. 2006). That the Plaintiffs in this case came to sue Dow not because they saw any evidence that Dow fixed prices but because their lawyers urged them to do so certainly constitutes this kind of significant background information Dow should be permitted to present to the jury.

Furthermore, it is significant that Plaintiffs have designated deposition testimony from every witness referenced earlier in this brief.  *Compare supra* at 2–3 & n. 1 *with* Plaintiffs' Deposition Designations (Jun. 5, 2015) (ECF No. 76-2) at 29, 34, 67, 120, 130, and 148. Obviously, then, Dow may properly introduce the evidence at issue for impeachment purposes. Indeed, courts routinely allow admission of evidence of a plaintiff's motivations for bringing suit as a means to test a plaintiff's credibility.  *See, e.g.*, *Lewis v. Ethicon, Inc.*, No. 12-4301, 2014 U.S. Dist. LEXIS 14971, at *7–8 (S.D. W. Va. Feb. 5, 2014) ("As to the second statement—that [plaintiff] was prompted by a television commercial to file suit—this statement is probative of

her credibility regarding her injuries.")[2]; *Galen v. Ave. of the Stars Assocs., LLC*, No. 09-4738, 2011 U.S. Dist. LEXIS 28305, at *14 (C.D. Cal. March 1, 2011) ("Plaintiff's motivation for bringing this Action is relevant to her credibility"); *Wink v. Ott*, 11-596, 2012 U.S. Dist. LEXIS 76261, at *3 (M.D. Pa. June 1, 2012) (finding that "the circumstances surrounding Plaintiff's termination and his motivations for filing suit against Defendants are relevant to his credibility.").[3]

Tellingly, Plaintiffs provide absolutely no case law supporting a categorical exclusion of the relevant evidence at issue. Instead, they rely entirely on a one-sentence oral ruling in the class case on a similar issue, in which Judge Lungstrum stated only: "I'm granting that motion under 402 and 403." *See* Pls.' Br. (ECF No. 103) at Ex. C. Plaintiffs ask this Court simply to "follow Judge Lungstrum's ruling," *see* Pls.' Br. (ECF No. 103) at 5, but that ruling, which certainly does not bind the Court,[4] did not contain any legal analysis whatsoever to which this

---

[2]    In *Lewis*, the Court granted a motion to preclude reference to the lawsuit being "attorney driven," but that motion was unopposed, because the defendant represented that it would not mention the existence of other similar lawsuits. *Id.* Of course, Dow does not seek to reference other litigations here, or the fact that Plaintiffs' attorneys may be driving other lawsuits of this sort. Rather, the present situation is much more similar to what the *Lewis* court found to be admissible—that the plaintiff was prompted by a television commercial to file her lawsuit, and that this was probative of her credibility regarding her injuries. *Lewis*, No. 12-4301, 2014 U.S. Dist. LEXIS 14971 at *7-8.

[3]    At a minimum, Plaintiffs' request for an up-front, categorical exclusion should be denied. *See, e.g.*, *Jaroslawicz v. Engelhard Corp.*, No. 8403641, 1989 U.S. Dist. LEXIS 3332, at *2 (D.N.J. Apr. 5, 1989) ("Motions *in limine* are to be cautiously evaluated, and granted only when supported by a well-developed record and sufficient legal arguments." (citing *American Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 324 (3d Cir. 1985))); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, Case No. 12-525, 2015 U.S. Dist. LEXIS 43042, at *41 (E.D. Va. March 31, 2015) ("Such motions are disfavored, and should only be granted when the evidence is clearly inadmissible on all potential grounds . . . . Often, whether evidence should be admissible will depend upon the factual context in which it is placed. Accordingly, '[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.'" (citations omitted)).

[4]    As a general matter the *in limine* proceedings in the class action did not apply to this case and thus have no preclusive effect. *See Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010)

Court can or should defer.  Moreover, there are fundamental differences between a class action, in which most claimants are absent class members, and a direct action lawsuit like this one.   In the former, it would be assumed that absent class members would lack direct knowledge of the facts of the case.  But in the latter, a similar lack of knowledge on the part of the direct plaintiffs is inexcusable.

## II.     THE EVIDENCE AT ISSUE IS NOT UNFAIRLY PREJUDICIAL TO PLAINTIFFS.

As a general matter, "all relevant evidence is admissible."  *United States v. Butch*, 48 F. Supp. 2d 453, 456 (D.N.J. 1999) (citing Fed. R. Evid. 402).   Relevant evidence should be excluded only "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *De La Cruz v. V.I. Water & Power Auth.*, 597 F. App'x 83, 89 (3d Cir. 2014) (quoting Fed. R. Evid. 403).   But "Rule 403 creates a presumption of admissibility."  *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014).  And unfair prejudice does not mean merely the prejudice that flows from evidence that undermines a party's position. *See United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) ("It must always be remembered that *unfair* prejudice is what 403 is meant to guard against, that is, prejudice based on something *other* than the evidence's persuasive weight." (emphasis in original)); *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's cause."); *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("That evidence may decimate an opponent's case is no ground for its exclusion under 403.").  Rather it means "an undue tendency to suggest decision on an improper basis, commonly, though not

---

(noting that "a decision of a federal district court judge is not binding precedent in . . . a different judicial district[.]" (quoting 18 James Wm. Moore et al., Moore's Federal Practice ¶ 134.02[1][d] (3d ed. 1997))).

necessarily, an emotional one." *United States v. Schneider*, No. 12-1145, 2015 U.S. App. LEXIS 15999, at \*24 (3d Cir. Sept. 9, 2015) (quoting Fed. R. Evid. 403 advisory committee's note).  In considering whether evidence should be excluded under Rule 403, courts "must assess the genuine need for the challenged evidence" and balance that necessity against the risk that the information will improperly influence the jury.  *See United States v. Remache-Garcia*, 102 F. App'x 761, 763 (3d Cir. 2004) (quoting *United States v. Sriyuth*, 98 F.3d 739, 747–48 (3d Cir. 1996)).

Here, there is no such risk.  Though Plaintiffs argue that the evidence at issue is unfairly prejudicial because it creates a "risk that the jury will be distracted from the key issues in the case and decide the case on an improper basis," Pls.' Br. (ECF No. 103) at 4, they do not explain how this is so; and instead rely on the bald assertion that the evidence at issue "has the potential to cloud the jury's view of the merits, and is . . . extraneous to the issues on which the jury must decide the case."  *Id.*  Yet, as discussed above, how a matter came to be in court is never "extraneous" to a case; nor will it in any way distract the jury from the key issues.  To the contrary, as set forth above, it will shed light on the absence of any evidence against Dow and explain inconsistencies in evidence presented by Plaintiffs, including, potentially providing significant impeachment material that simply cannot be excluded.  Accordingly, the evidence should be allowed and Plaintiffs' unsupported categorical efforts to exclude such evidence should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* "to preclude reference to how Plaintiffs became involved in the case, Plaintiffs' knowledge of the litigation, or to the case being lawyer-driven" (ECF No. 103) should be denied.

Respectfully submitted,

Dated: September 30, 2015
Newark, New Jersey

s/ Lawrence S. Lustberg
Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545

David M. Bernick (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 698-3551
Facsimile:  (212) 698-3599

*Attorneys for Defendant*
*The Dow Chemical Company*

9

## CERTIFICATE OF SERVICE

On September 30, 2015, a copy of the foregoing was served on all counsel of record via

ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company