UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF)<br><br>*Document Filed Electronically* |

**DEFENDANT THE DOW CHEMICAL COMPANY'S BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO LIMIT
THE SCOPE OF DOW'S DEPOSITION COUNTER-DESIGNATIONS**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant
The Dow Chemical Company*

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................... 2

I. THE FEDERAL RULES OF EVIDENCE PROVIDE FOR CROSS EXAMINATION ON THE SAME "SUBJECT MATTER." ........................................... 2

II. THE COURT SHOULD REQUIRE A SINGLE PRESENTATION FOR EACH WITNESS. ........................................................................................................... 3

III. IN ANY EVENT, PLAINTIFFS SCOPE OBJECTIONS ARE OVER BROAD AND WITHOUT MERIT. ........................................................................................... 4

IV. PLAINTIFFS' ADDITIONAL ARGUMENTS ARE WITHOUT MERIT. .................... 10

    A. Judge Lungstrum's Ruling In The Class Case Required Individual Evaluation. ........................................................................................................... 10

    B. Dow Did Not Violate The Court's Scheduling Order. ........................................ 11

CONCLUSION ................................................................................................................ 13

## **TABLE OF AUTHORITIES**

**CASES**

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC,*
  No. 08-0840-CV, slip op. (W.D. Mo. Oct. 23, 2012) ............................................................4

*United States v. Arnott*,
  704 F.2d 322 (6th Cir. 1983) .................................................................................................3

*United States v. Segal*,
  534 F.2d 578 (3d Cir. 1976) ..................................................................................................2

*United States v. Tomblin*,
  46 F.3d 1369 (5th Cir. 1995) .................................................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 32 ................................................................................................3

Federal Rule of Evidence 106 .........................................................................................................3

Federal Rule of Evidence 611 ................................................................................................ *passim*

Wright & Miller, 28 *Fed. Prac. & Proc. Evid.* § 6165 ............................................................ *passim*

## INTRODUCTION

Defendant The Dow Chemical Company ("Dow") respectfully submits this brief in opposition to Plaintiffs' motion *in limine* "to limit the scope of Dow's deposition counterdesignations." (ECF No. 106).

In a case of this magnitude—in which virtually all evidence is circumstantial and requires considerable context to understand properly—this Court should exercise its discretion to require the parties to work together to present a single videotape deposition for each witness listed in both Plaintiffs' and Dow's case-in-chief ("overlapping witnesses"). Dow made this proposal to Plaintiffs in a conference before the Magistrate Judge, but it was rejected and the Court's scheduling order instead called for simultaneous exchange of deposition designations. However, as the parties' deposition designations now show, the evidence in this case is highly inter-related and lengthy counter-designations are often required to provide appropriate context for witnesses' testimony. A unified presentation will save time for the Court and be more easily understood by the jury.

Even if the Court does not require a single presentation for each witness, however, Plaintiffs' motion should be denied. Plaintiffs' motion seeks unwarranted blanket acceptance of their objections to Dow's deposition counter-designations as beyond the scope of Plaintiffs' initial designations. Plaintiffs' objections are inconsistent with the Federal Rules of Evidence, which provide for broad cross-examination where testimony addresses the same "subject matter." Moreover, Plaintiffs' reliance on Judge Lungstrum's decision in the class trial is misplaced. In the class trial, Judge Lungstrum individually evaluated each of the class plaintiffs' scope objections and upheld some of the class plaintiffs' scope objections—contrary to the blanket approach urged here. In addition, Plaintiffs' argument that Dow violated the scheduling

1

order in this case by submitting a unified set of "counter-designations" with its "completeness designations" is without merit—there was no such requirement in either the plain text of the Court's order or in the form the parties agreed to use for deposition designations.

At the end of the day, Plaintiffs seek blanket approval for their scope objections in order to avoid justifying their individual objections, which are—without question—overly broad and without merit. Under the Federal Rules of Evidence, Dow's counter-designations must relate only to the same "subject matter" as Plaintiffs' direct testimony—a standard which is easily met. If the Court is not inclined to require a single presentation for each witness, Dow respectfully suggests that the Court either (i) individually evaluate counter-designations as the testimony is presented each day in trial under the proper permissive scope of Rule 611(b), or (ii) provide guidance to the parties as to the Court's view of permissive counter-designations because, at this point, it appears that Plaintiffs and Dow have fundamentally differing perceptions as to the permissive scope of cross-examination. With the Court's guidance, the parties may be more likely to reach agreement regarding the presentation of witness testimony.

## ARGUMENT

**I.  THE FEDERAL RULES OF EVIDENCE PROVIDE FOR CROSS EXAMINATION ON THE SAME "SUBJECT MATTER."**

Under Federal Rule of Evidence 611(b), cross-examination must relate to the same "subject matter" as the direct examination or to matters affecting a witness's credibility. *See* Fed. R. Evid. 611(b). Whether a defendant could introduce the same evidence in its case-in-chief "is not determinative" and "does not preclude its development on cross-examination" if the subject matter is introduced on direct. *See United States v. Segal*, 534 F.2d 578, 582–83 (3d Cir. 1976). Further, "[t]he 'subject matter of the direct examination,' within the meaning of Rule 611(b), has been liberally construed to include all inferences and implications arising from such

2

testimony[.]" *See United States v. Arnott*, 704 F.2d 322, 324 (6th Cir. 1983); *see also United States v. Tomblin*, 46 F.3d 1369, 1386 (5th Cir. 1995) (cross examination permissible where court could "fairly infer the question's basis from the direct examination"); Wright & Miller, 28 *Fed. Prac. & Proc. Evid.* § 6165 ("*FPP*") ("[T]he court should consider whether the logical connections between the direct examination and proposed cross-examination are so attenuated as to risk confusing the jury. If they are not so attenuated, the court should consider the cross-examination to be within the subject matter of the direct."). In addition, a court may, in its discretion, allow inquiry on cross examination "into additional matters as if on direct examination." Fed. R. Evid. 611(b); *see also* Wright & Miller, 28 *FPP* § 6165 (noting that where testimony is outside the scope of direct, courts have the discretion to permit the testimony under Rule 611(b)).[1]

## II. THE COURT SHOULD REQUIRE A SINGLE PRESENTATION FOR EACH WITNESS.

While Plaintiffs complain that Dow has proposed lengthy counter-designations, this was an unfortunate consequence of having to provide context to Plaintiffs' often-misleading deposition designations and the difficulty of providing adequate context to Plaintiffs' self-serving sound bites. In any event, the answer to this problem is simply that the jury should be

---

[1] This standard set forth by Rule 611(b) is easily met in a case like this where Plaintiffs bring a single claim of conspiracy that rests primarily on circumstantial evidence, and the same types of business practices that Plaintiffs claim are indicative of collusion—such as monitoring the prices of competitors and near simultaneous price increases—are practices in which Plaintiffs themselves engaged.

In addition, Plaintiffs' discussion of the permissible scope of *completeness* designations pursuant to Federal Rule of Evidence 106 and Federal Rule of Civil Procedure 32(a)(6) is misplaced. Completeness designations are limited to testimony that should, in fairness, be considered at the same time—*e.g.*, incomplete quotes. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Counter-designations, however, which Plaintiffs object to here as beyond the scope of their direct testimony, must only relate to the same *subject matter*. *See* Fed. R. Evid. 611(b).

presented with a single videotape for each of the witnesses listed in both Plaintiffs' and Dow's case-in-chief, accurately providing all relevant evidence.  This is an approach that has been endorsed by other courts.  As the court in one case explained, the presentation of a consolidated videotape for each overlapping witness facilitates the "logical" presentation of evidence and is easier for a jury to understand:

> Pursuant to the Court's inherent power to control testimony, and in order to make the presentation as logical as possible and as easy for the jury to understand as possible, the parties will develop a single videotape for each witness.

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC,* No. 08-0840-CV, slip op. (W.D. Mo. Oct. 23, 2012), attached as Ex. I.  There can be little doubt that in a trial of this magnitude, it would be confusing and wasteful for the jury to sit through two rounds of testimony from 26 of the same witnesses.[2]  Accordingly, the Court should exercise its discretion to order the parties to present testimony for each overlapping witness in one, streamlined presentation.

### III.   IN ANY EVENT, PLAINTIFFS SCOPE OBJECTIONS ARE OVER BROAD AND WITHOUT MERIT.

Even if the Court is not inclined to require a single presentation for each overlapping witness, as discussed above, Federal Rule of Evidence 611(b) provides for broad inquiry into the same "subject matter" and, in the Court's discretion, "additional matters as if on direct examination."  Fed. R. Evid. 611(b); *see also* Wright & Miller, 28 *FPP* § 6165.  But Plaintiffs did not follow this rule in objecting to Dow's counter-designations.  Rather, in an apparent attempt to present a one-sided view of the evidence in their case without the burden of cross examination, Plaintiffs have objected to large swaths of Dow's counter-designations as beyond

---

[2]   Although this approach was not followed in the class trial, that decision is not binding on the Court here.  Dow respectfully submits that it is even more important to present streamlined deposition testimony in this case, where the individual negotiations of the eleven Plaintiffs (and related entities) are at issue—an important issue that was not implicated in the class trial.

the scope of the initial designations.[3] Many, if not all, of these objections are plainly without merit—as evidenced by looking at objections lodged to the witnesses of a single Plaintiff, Carpenter:

**Carpenter Witness Del Felter**. Plaintiffs initially designated the following testimony for Del Felter relating to Carpenter's knowledge of the alleged conspiracy:



*See* Ex. D [Excerpt of Dep. of D. Felter] at 46:22–47:2, 47:6–10, 59:14–18, 59:22–60:3 (objections omitted) (Plaintiffs' initial designations). Dow counter-designated the following responsive testimony (Plaintiffs' scope objections are italicized):

---

[3] Plaintiffs have opted to present numerous witnesses (including the sole owner of one of the largest Plaintiffs) through videotaped depositions. *See* Ex. B [Mar. 20, 2015 Letter from J. Trulove to C. Hazard]; Ex. C [Mar. 23 Email from J. Trulove to W. McEnroe]. Dow has listed nearly all of these same witnesses for its case-in-chief. *See* Final Pretrial Order (ECF No. 84) § 5 at 8–21. Making matters worse, 20 witnesses from Plaintiffs Carpenter, Vita, Woodbridge have refused to testify on Fifth Amendment grounds and participate in discovery. *See* Dow's Memo. In Supp. Mot. to Dismiss Claims of Carpenter, Woodbridge, and Vita Plaintiffs at 9-10 (MDL Dkt. No. 2959).



*See id.* at 47:20–48:2, 52:14–53:14 (objections omitted) (Dow's counter-designations).

Here, Plaintiffs put Carpenter's knowledge of an alleged conspiracy between Dow and the other urethane products manufactures at issue, and Dow's counter-designations—to assist the jury in understanding that Carpenter had no direct knowledge of any aspect of the conspiracy—relate to the scope of Carpenter's knowledge of the alleged conspiracy. *See also id.* at 63:10–15, 68:9–18, 68:21–21 (███████████████████████████████████████; *id.* at 65:4–66:2, 70:12–22, 70:24–71:16, 71:18–19 (████████████████████████████████████████████████████████).

6

Dow's counter-designations are entirely proper and are certainly within the same "subject matter."

**Carpenter Witness (and Sole Owner) Stan Pauley**. Similarly, Plaintiffs initially designated the following testimony for Carpenter CEO and sole owner Stan Pauley:



See Ex. E [Excerpt of Dep. of S. Pauley] at 106:7–8, 106:11–13 (objections omitted) (Plaintiffs' initial designations). Dow counter-designated the following testimony (scope objections italicized):



7



*See id.* at 104:8–12, 104:14–21, 104:24–105:9, 105:13, 105:15–17 (objections omitted) (Dow's counter-designations).  Here, Plaintiffs designated testimony regarding Mr. Pauley's substantive knowledge about this case, and testimony that elaborates on his (lack of) substantive knowledge and dependence on his attorneys for decision-making on the case is well within the scope of Plaintiffs' initial testimony.  Again, Dow's counter-designations were entirely proper.

**Carpenter Witness Frank Hurst**.  Plaintiffs also initially designated the following testimony regarding Carpenter employee Frank Hurst's dates of employment:



*See* Ex. F. [Excerpt of Dep. of F. Hurst] at 10:5–19 (Plaintiffs' initial designations), attached as Ex. F.

Given the discrepancy between Mr. Hurst's retirement date and the end of his employment, Dow counter-designated the following testimony, which Plaintiffs objected to as beyond the scope:



*Id.* at 11:3–17 (Dow's counter-designations).  There can be little doubt that this designation relates to the same "subject matter," Fed. R. Evid. 611(b), and would not be "so attenuated [to the same subject matter] as to risk confusing the jury." 28 *FPP* § 6165.

Beyond Carpenter witnesses, there are numerous other examples of Plaintiffs objecting to Dow's counter-designations on the basis of scope that are devoid of merit, and the parties simply appear to have fundamentally differing conceptions of what constitutes permissible cross-examination material. *See, e.g.*, Ex. G [Excerpt of Dep. of R. Lawrence] at 264–265:6; 265:8–17; 265:19–23; 266:1–8 (); 294:2–295:1; 295:3–23 (                                                                      ); Ex. H [Excerpt of Dep. of U. Hartwig] at

9

149:17–150:19 ( ); 152:2–22 ( ).

## IV. PLAINTIFFS' ADDITIONAL ARGUMENTS ARE WITHOUT MERIT.

### A. Judge Lungstrum's Ruling In The Class Case Required Individual Evaluation.

In addition to claiming that the sheer volume of Dow's counter-designations demonstrates their over-breadth (without actually examining the *subject matter* as required by Rule 611(b)—which approach the foregoing examples show is without merit), Plaintiffs heavily rely on Judge Lungstrum's ruling on the class case limiting Dow's counter-designations. This argument is misplaced for several reasons. In particular, Judge Lungstrum—contrary to the approach urged here—carefully evaluated all of the scope objections in the class trial. Although he "accepted some of the principles" of the class plaintiffs' argument, Judge Lungstrum "[c]ertainly [did] not grant[] the motion as made[.]" *See* Ex. A [MIL Transcript] at 58. In fact, Judge Lungstrum "thank[ed] and congratulate[d] both sides on an excellent job" in presenting all of the competing objections, and he individually ruled on them. *See id.* at 83–84.

Moreover, in his evaluation of scope objections, Judge Lungstrum explained that he "tended to come down on the side of allowing something in" where the responsive testimony "isn't much of a stand-alone piece" and "arguably it's not a big deal to allow it to go forward"— even if the testimony is "technically" beyond the scope of initial designations. *See id.* at 87. Dow respectfully submits that the scope of permissive counter-designations is broader under Rule 611(b) than some of Judge Lungstrum's individual rulings suggest. *See supra* Part I. In any event, Plaintiffs' proposal to have this Court provide blanket approval for Plaintiffs' objections finds no support in the approach Judge Lungstrum followed in the class case.

B.     **Dow Did Not Violate The Court's Scheduling Order.**

Moreover, in an apparent effort to color the Court's view of this issue, Plaintiffs accuse Dow of violating this Court's scheduling order. Plaintiffs are wrong.

As an initial matter, the scheduling order in this case simply does *not* require separating counter-designations from completeness designations. *See* Dkt. No. 53 at 3 (ordering "the parties exchange Objections to Deposition Designations and Cross and Completeness Counter Designations by April 22, 2015"). The order provided for exchanging cross and completeness designations on a particular date, but nowhere in the order did the Court specify that the designations should be separately listed. *See id*.

In addition, for deposition designations in this case, the parties agreed to use the same color-coded form that was used in the class case. *See* Exs. J, K [Designation Form and Related Correspondence]. This form provided one column for the designating party's initial designations (in blue), one column for the counter-designating party's responsive objections and counter-designations (in yellow), and a third column for the initial designating party's objections to counter-designations and completeness designations (in blue):

| In re Urethane Antitrust Litigation, MDL No. 1616, Civil No. 04-1616-JWL (D. Kan.) Defendant's Initial Designations |||||||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Witness: [insert witness name] |||||||||||||||
| Date of Deposition: [insert date] |||||||||||||||
| Initial Designations |||||| Counterdesignations |||||| Completeness Designations ||||
| Begin Page | Begin Line | End Page | End Line | Notes (partial line designa-tions) | Objections | Begin Page | Begin Line | End Page | End Line | Notes (partial line designa-tions) | Objections | Begin Page | Begin Line | End Page | End Line | Notes (partial line designa-tions) |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

*See* Ex. J.

This form tracked the three-part scheduling order in the class trial, which provided for initial designations to be filed by October 22, 2012, objections and counter-designations to be

11

filed November 21, and objections to counter-designations to be filed December 10, 2012. *See* Ex. L (MDL Dkt. No. 2374) [Jul. 10, 2012 Pretrial Order].[4]  As can plainly be seen, this form does not call for distinguishing counter-designations for the purposes of completeness from those for purposes of cross.  Instead, *all* responsive designations to the initial designations would be listed in one column under the heading "counterdesignations."  The additional designating party would then have an opportunity to identify completeness designations based on the counter-designations.  *See* Ex. J.[5]

Unbeknownst to Dow, Plaintiffs apparently failed to recognize the significance of the color coding and misunderstood the form.  Rather than conferring with Dow, however, Plaintiffs unilaterally separated counter and completeness designations in their initial exchange (leaving no room for the third step of objections and completeness designations) and the, for the final Pretrial Order, and again without consulting Dow, changed the headers of the form for the final pretrial order from "Counterdesignations" and "Completeness Designations" to "Plaintiffs' Counterdesignations" and "Plaintiffs' Completeness Designations."  *See* Exs. N, Q.  Plaintiffs' misunderstanding of the form that the parties agreed to use to exchange their designations in no way suggests that Dow violated a Court order by not separating counter and completeness

---

[4]  Notably, in the class deposition designations, the parties did not separate counter-designations and completeness designations in response to initial designations.  *See* Ex. M. Rather, the "completeness" designations column was used by the initial party for its final objections and completeness designations.  *See id*.  It did not become apparent that Plaintiffs in this case did not understand the color-coding of the agreed upon form until Plaintiffs used both columns in their first round of responsive designations.  *See* Ex. N (unilaterally modifying agreed upon form).

[5]  This Court's scheduling order did not provide for this third step, but both sides recognized it was necessary and exchanged such additional completeness designations on during the week of June 2, 2015.  *See* Exs. O, P.

12

designations. Indeed, Plaintiffs' assertion is contradicted by both the plain text of the scheduling order and the original headings on the form the parties agreed to use.

## CONCLUSION

Because a streamlined presentation of evidence will avoid wasting the Court's time and facilitate the jury's understanding in this complex case, the Court should order the parties to present a single videotape deposition for each of the overlapping witnesses. If the Court is not inclined to require a single presentation for each witness, Dow respectfully suggests that the Court either (i) individually evaluate counter-designations or (ii) provide guidance to the parties as to the Court's view of permissive counter-designations. Without further guidance, the parties are simply at loggerheads because Dow believes that Plaintiffs' view of the permissible scope of cross-examination is fundamentally inconsistent with Rule 611(b).

Respectfully submitted,

Dated: September 30, 2015
Newark, New Jersey

s/ Lawrence S. Lustberg
Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Defendant
The Dow Chemical Company*

## **CERTIFICATE OF SERVICE**

On September 30, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company
