UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM)(MF) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT DOW CHEMICAL COMPANY'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO FORMER DEFENDANTS AS "DEFENDANTS"**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 1

I.      BOTH DOW AND PLAINTIFFS' DEPOSITION WITNESSES REFER TO THE PRIOR DEFENDANTS AS "DEFENDANTS" OR "CO-DEFENDANTS" ...................... 1

II.     ANY POTENTIAL PREJUDICE TO EITHER PARTY EASILY CAN BE CURED THROUGH JURY INSTRUCTIONS ................................................................................ 3

CONCLUSION .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Mavrinac v. Emergency Med. Assoc. of Pittsburgh (EMAP)*, 2007 WL 4190714
    (W.D. Pa. Nov. 21, 2007) ...............................................................................................3

**OTHER AUTHORITIES**

Fed. Civ. Jury Instr. 7th Cir. 1.26 (2010).........................................................................................3

## INTRODUCTION

Dow's motion to preclude Plaintiffs from referring to the former defendants in this case as "defendants" or "co-defendants" ignores a crucial practical reality: that the former defendants in this case were referred to as "defendants" or "co-defendants" throughout the video deposition excerpts designated for trial by both Dow and Plaintiffs. In a trial in which much of the evidence will be presented through deposition videos, precluding any reference to the former defendants in this case as "defendants" or "co-defendants," as they were when the depositions were taken, would create a logistical nightmare for the parties and would increase, rather than decrease, jury confusion and unfair prejudice.

In addition to the impracticality of requiring both parties to eliminate all references to "defendants" or "co-defendants" from the videos, Dow's purported concern that it would be unfairly prejudiced if the jury were to find out that there had once been other defendants in this case is misplaced. Plaintiffs have no intention of suggesting that Dow should be held liable because there were once other defendants in the case, or referring to any settlements with Dow's alleged co-conspirators. Any theoretical prejudice from the mere mention of the words "defendants" and "co-defendants" easily can be remedied with a standard jury instruction, such as is found in many antitrust cases brought under Section 1 of the Sherman Act that have multiple (some former) defendants. Indeed, that is precisely how Dow and the class plaintiffs addressed the issue in the class trial.

## LEGAL ARGUMENT

### I.  BOTH DOW AND PLAINTIFFS' DEPOSITION WITNESSES REFER TO THE PRIOR DEFENDANTS AS "DEFENDANTS" OR "CO-DEFENDANTS"

Plaintiffs do not intend to unnecessarily use the terms "defendants" and "co-defendants" at trial, and will normally refer to each company by name. As the Court is aware, however,

much of the evidence in this trial will be presented via video deposition testimony, and excising the words "defendants" and "co-defendants" from that testimony, if even possible, would be incredibly burdensome and would only lead to jury confusion.

On Dow's deposition designation list alone, forty-nine of its designated deposition transcripts include the words "defendants" or "co-defendants," most on multiple occasions. Examples of the designated testimony containing these words include:

█████████████████████████████

Burtin Dep. 112:7-10, Jan. 27, 2010 (Ex. A).

█████████████████████████████

*Id.* 112:12-15.

█████████████████████████████

Heppe Dep. 76:3-5, Feb. 24, 2010 (Ex. B).

Similarly, Plaintiffs designated a number of excerpts from deposition transcripts that contain the words "defendants" or "co-defendants." To require the parties to attempt to redact the video transcripts to remove every instance in which those words appear would be extremely burdensome to both parties. It would also be confusing to the jury.

Indeed, Dow does not even suggest how it will present video that currently states, for example, ████████████████████████████████ ████████████████████████████ if the word "defendants" is to be forbidden. Will the word "defendants" be "bleeped" out or deleted from the video? Will another word or other words be substituted for "defendants"? Will new video of someone reading these new words (or an entire new question) be spliced into the video — changing the question but leaving the deponent's answer the same? Any of these "solutions" to

the purported problem identified by Dow would be both intensely laborious to the parties and extremely confusing to the jury.

## II.  ANY POTENTIAL PREJUDICE TO EITHER PARTY EASILY CAN BE CURED THROUGH JURY INSTRUCTIONS

In order to prove their case, Plaintiffs must convince the jury, among other things, that Dow conspired with others to violate the antitrust laws.  The fact that some of those alleged conspirators were either never named as defendants, or were previously defendants but are not at the time of trial, is a common occurrence in antitrust cases.  Courts routinely deal with this issue through jury instructions, and this case should be no exception.  Using a jury instruction to inform the jury that, for example, it might hear references to "defendants" but that it should not speculate as to the reasons that other defendants are not present in the case would cure any prejudice that Dow feels it might suffer from the use of the words "defendants" or "co-defendants" in connection with the former defendants.

Dow is fully aware of this practice.  In fact, in the class trial, Dow and the class plaintiffs jointly proposed that Judge Lungstrum give the following instruction:  "The fact that BASF, Bayer, Huntsman, and Lyondell are not here as defendants has nothing to do with the merits of the claim against Dow, and must not play any part in your consideration of this case.  You should not hold the absence of these urethanes manufacturers from this trial against either Class Plaintiffs or Dow."  Dow Chemical Co.'s Proposed Jury Instructions Ex. A, at 9, MDL Doc. No. 2690.  Judge Lungstrum gave the agreed instruction.  Jury Instructions at 22, Feb. 20, 2013, MDL Doc. No. 2797; *see also Mavrinac v. Emergency Med. Assoc. of Pittsburgh (EMAP)*, 2007 WL 4190714, at *2 (W.D. Pa. Nov. 21, 2007) (preliminary instruction cautioned the jury that it was not "to wonder or speculate" as to why only two of the original defendants remained in the case at the time of trial); Fed. Civ. Jury Instr. 7th Cir. 1.26 (2010) ("[Former Party] is no longer a

defendant in this case.  You should not consider any claims against [Former Party].  Do not speculate on the reasons.  You should decide this case as to the remaining parties.").

In support of its argument, Dow cites a number of inapposite cases, none of which are antitrust or conspiracy cases.  Instead, the majority of Dow's cases involve litigants (both plaintiffs and defendants) seeking to introduce the fact that former co-defendants settled, to either prove that the remaining defendant is liable, or to (in the case of defendants trying to introduce it) limit damages.  Neither of those situations is present here.  As stated above, Plaintiffs do not intend to use the settlements with former defendants against Dow or even to refer to them.

Thus, Dow's motion *in limine* should be denied and the issue should be dealt with as other courts have dealt with it (and as agreed by Dow in the class trial), through the use of a jury instruction.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Dow's motion *in limine*.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
*Attorneys for Plaintiffs*


By:    /s/ James E. Cecchi
          JAMES E. CECCHI

DATED:  October 5, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

*Attorneys for Plaintiffs*

5