UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM)(MF) |

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT DOW
CHEMICAL COMPANY'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE RELATING TO ALLEGATIONS OF DOCUMENT DESTRUCTION

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELL, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND .................................................................................................3

I.     DOW'S ADMITTED DESTRUCTION OF DOCUMENTS MAINTAINED BY FISCHER AND WOOD AT DOW ...............................................................................3

II.    EVIDENCE RELATING TO THE BARBOUR NOTES .................................................4

LEGAL ARGUMENT ...........................................................................................................5

I.     THE MDL COURT REJECTED VIRTUALLY THE SAME MOTION AND NO REASON EXISTS FOR THIS COURT TO ARRIVE AT A DIFFERENT RESULT.......5

II.    THE EVIDENCE THAT DOW SEEKS IS HIGHLY RELEVANT ................................6

    A.    The Evidence Is Relevant to Establishing Dow's Participation in the Conspiracy ..................................................................................................6

    B.    The Evidence Is Relevant to Issues of Credibility ....................................7

    C.    The Evidence Is Relevant to Fraudulent Concealment ............................7

    D.    Dow Conceded the Relevance of Its Document Retention Policy .........8

III.   EVIDENCE OF DOW'S DOCUMENT DESTRUCTION IS NOT UNFAIRLY PREJUDICIAL IN ANY RESPECT ..............................................................................8

CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                              **PAGE(S)**

*Anderson v. United States*, 417 U.S. 211 (1974) .................................................................6

*Ansell v. Green Acres Contr. Co.*, 347 F.3d 515 (3d Cir. 2003).........................................9

*Carter v. Hewitt*, 617 F.2d 961 (3d Cir. 1980) ....................................................................9

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962).................6

*Cruz v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 14744 (D.N.J. Feb. 6, 2014) .......10

*Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655 (3d Cir. 2002) .....................................9

*Grunewald v. United States*, 353 U.S. 391 (1957).............................................................7

*Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777 (3d Cir. 1996).........................2

*In re Bulk Extruded Graphite Prods. Antitrust Litig.*, 2007 WL 1062979 (D.N.J.
    Apr. 4, 2007) ...................................................................................................................7

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 782
    F. Supp. 487 (C.D. Cal. 1991) .......................................................................................7

*In re Delta/AirTran Baggage Fee Antitrust Litig.*, 2015 U.S. Dist. LEXIS 101474
    (N.D. Ga. Aug. 3, 2015)...............................................................................................10

*Patel v. Prime Fitness, Inc.*, 2000 U.S. App. LEXIS 40956 (5th Cir. Feb. 29,
    2000) .........................................................................................................................9, 10

*Rossi v. Standard Roofing, Inc.*, 156 F.3d 452 (3d Cir. 1998)...........................................6

*Spain v. Gallegos*, 26 F.3d 439 (3d Cir. 1994) ...................................................................9

*United States v. Fields*, 871 F.2d 188 (1st Cir. 1989).........................................................6

*United States v. Nelson*, 481 Fed. App'x 40 (3d Cir. 2012) ............................................10

*United States v. Rutland*, 372 F.3d 543 (3d Cir. 2004)......................................................9

*United States v. Smith*, 294 F.3d 473 (3d Cir. 2002) .........................................................6

**RULES**

Fed. R. Civ. P. 32................................................................................................................8

Fed. R. Evid. 401 ................................................................................................................7

Fed. R. Evid. 403 .................................................................................................................8, 9, 10

**OTHER AUTHORITIES**

1 McCormick On Evid. § 33 (7th ed.) ..........................................................................................7

Third Circuit Model Civil Jury Instructions ..................................................................................2

## **INTRODUCTION**

Plaintiffs respectfully submit this brief in opposition to The Dow Chemical Company's motion *in limine* to preclude Plaintiffs from "mentioning or referring to any allegations of spoliation with respect to Dow's former employees—Stephanie Barbour, David Fischer, and Bob Wood—or to the testimony of 30(b)(6) witness Arthur Eberhart concerning Dow's document retention policies and practices." Dow's Brief Support Mot. *In Limine* Exclude Evidence Doc. Destruction 1 ("Dow Br."). It is virtually the same motion that the MDL Court rejected in the class action. Nothing has occurred in this case since that ruling that would undermine Judge Lungstrum's holding. This Court should follow Judge Lungstrum's lead and deny Dow's motion for several reasons.

First, Dow's motion completely misses the point. "Spoliation" is a term of art used to refer to the legal conclusion that a party's intentional destruction of documents rises to the level of such bad faith that the Court may impose legal sanctions, such as instructing a jury that an adverse inference is appropriate or precluding a contention or defense. Plaintiffs do not seek such sanctions. Rather, Plaintiffs seek only to let the jury hear what happened to potentially relevant contemporaneous documents that, at least in the case of Fischer and Wood, Dow admittedly destroyed. Such evidence is highly relevant to core issues of liability and rebuts Dow's assertion that it "maintained and produced all relevant documents." Dow Br. 9. Contrary to Dow's assertion, the jury could infer that Dow destroyed documents to prevent anyone from discovering evidence of unlawful collusion.

For example, Dow *admits* that it destroyed documents maintained by Fischer, the former global head of its urethanes business, after he left the company in May 2004. Dow Br. 7. Dow claims only that it did so pursuant to its document retention policy and because it supposedly had no idea that Fischer had been accused of participating in unlawful conversations with

competitors.  ████████████████████████████████████████████

████████████████████████████████████████████████████████████

Dep. David Fischer vol. 1, 56:4-15 (Apr. 29, 2010) (Ex. A).  Those are facts the jury should be allowed to hear.  *See Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) ("The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact.").

Second, while Dow seeks to preclude Plaintiffs from introducing excerpts from the Rule 30(b)(6) deposition of Dow regarding document preservation issues, Dow has designated the same deposition testimony to be introduced in its own case.[1]  Thus, Dow has admitted the relevance and admissibility not just of that testimony, but of the entire topic.

Third, Dow has made no secret that its defense to Barbour's testimony relies entirely on attacking her credibility.  Dow will ask the jury to reject her testimony that she memorialized on her work computer her reports of improper competitor contacts.  Dow did not produce those materials in discovery.  Plaintiffs seek to present evidence from which the jury could believe that Dow erased those materials from her work computer.  Whether Dow did so intentionally or accidentally, such evidence tends to support Barbour's version of events and rebuts Dow's credibility attacks.  *See* Third Circuit Model Civil Jury Instruction No. 1.7 (2014) ("You [the jury] are the sole judges of the credibility of the witnesses.").

Finally, Dow's assertion that evidence would be "unfairly prejudicial" is only half correct.  The evidence is certainly prejudicial in the sense that it tends to show that Dow participated in the price-fixing conspiracy, Barbour's testimony is credible, and Dow sought to

---

[1] Attached as Exhibit B are the parties' designations from the Rule 30(b)(6) deposition.  Dow's designations are blue, and Plaintiffs' designations are red.  The designations of Plaintiffs that Dow seeks to exclude mostly overlap with designations Dow intends to introduce during its own case.

2

conceal its participation in the conspiracy. But that is not the same as *unfair* prejudice, which means that the evidence would lead the jury to decide the case on an *improper* basis – a proposition for which Dow offers no support.

## **FACTUAL BACKGROUND**

### I. **DOW'S ADMITTED DESTRUCTION OF DOCUMENTS MAINTAINED BY FISCHER AND WOOD AT DOW**

There is no dispute that Dow destroyed documents maintained by Fischer and Wood. Dow Br. 7. Nor is there any dispute that ample evidence exists to show that Dow management was aware of reports that Fischer knew of, and was involved in, improper competitor contacts. Indeed, Dow's own witnesses admit that at least the following events occurred: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dep. Lynn Schefsky vol. 1, 59:23-60:1, 61:10-66:6, 77:23-78:15, 79:23-84:13, 85:18-86:4, 87:5-96:10, 113:6-136:8 (Dec. 7, 2010) (Ex. C); ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dep. Tom McCormick 41:20-44:10 (Sept. 23, 2013) (Ex. D); and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Fischer Dep. 56:4-15 (Ex. A).[2] All of this activity occurred against a backdrop of multiple government investigations into price-fixing among chemical "powerhouses," like Dow. It was also public knowledge that Bayer had twice been

---

[2] In light of the fact that Wood was Fischer's direct supervisor and the business vice president in charge of polyurethanes, Dow should have preserved Wood's documents as well. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Schefsky Dep. vol. 1, 160:2-12, 161:13-17, 165:10-167:5 (Ex. C).

3

raided in late 2002 for price-fixing, and investigators raided Dow's facility in Europe for evidence of price-fixing in the rubber chemicals sector. In the context of all of the other evidence,[3] some of which is discussed below, the jury could properly infer from these facts that Dow did, in fact, participate in the alleged conspiracy and sought to hide the evidence.

Dow, of course, may introduce the evidence discussed in its motion *in limine* to argue that there was "no reason whatsoever" to preserve those documents. Plaintiffs respectfully submit that Dow's position defies credulity given the overwhelming evidence of knowledge that would be elicited from numerous witnesses and documents, but that is a question for the jury to decide.

## II.    EVIDENCE RELATING TO THE BARBOUR NOTES

Dow's recitation of evidence relating to Barbour is equally slanted and misleading.[4]



Dep. Stephanie Barbour vol. 1, 41:19-43:17; 43:23-44:8, 44:16-44:20 (Sept. 14, 2010) (Ex. E); *see also* Final Pretrial Order, § 4(A), Pls.' Stmt. Facts ¶ 211 (July 1, 2015) (Dkt. 84) ("Pls.' Stmt. Facts").

Barbour Dep. vol. 1, 46:14-47:20, 132:14-133:4 (Ex. E); Pls.' Stmt. Facts ¶ 221.

Barbour Dep. vol. 1, 48:3-12, 75:2-75:13, 76:7-14 (Ex. E);

---

[3] Barbour Dep. vol. 1, 60:2-23 (Ex. E).

[4] Unless indicated otherwise, Plaintiffs designated for trial the testimony cited in this Opposition.

4

Pls.' Stmt. Facts ¶ 221. 

Barbour Dep. vol. 1, 47:22-48:2 (Ex. E).

As stated in its motion *in limine*, Dow denies that Barbour told anyone at Dow about the notes or of any concerns of improper competitor contacts before she testified (pursuant to a subpoena) in 2010. Dow Br. 4. Thus, evidence relating to the contents of Barbour's work computer is relevant to whether Dow intentionally or inadvertently erased that computer. In fact, even Dow seems unsure what happened.



Eberhart Dep. 115:11-116:21, 117:13-16 (Ex. B).

Mem. from H. Loeb to J. Ella, *Follow-Up Items from Last Meeting with Stephanie*, at 2 (May 24, 2010) (TDCC_PU3020045-50) (Ex. F).

## LEGAL ARGUMENT

### I. THE MDL COURT REJECTED VIRTUALLY THE SAME MOTION AND NO REASON EXISTS FOR THIS COURT TO ARRIVE AT A DIFFERENT RESULT

In the class action trial, Dow filed virtually the same motion *in limine* mistakenly arguing that the class action plaintiffs were seeking to argue "spoliation." *See* Dow Chem. Co.'s Mot. Exclude Testimony Arthur Eberhart (Jan. 28, 2013) (Dkt. 2731); Class Pls.' Opp. Dow's Mot.

---

[5]   Dow mistakenly states that Plaintiffs designated 133:5-133:25 of Barbour's 2010 deposition in which she volunteered her belief that Dow erased the notes from her computer after she left Dow. Dow Br. 5-6, 9. Plaintiffs did not designate any of those lines of testimony. Plaintiffs did, however, inadvertently designate two lines of Barbour's deposition testimony in which she stated                                                                                                      Barbour Dep. vol. 1, 74:23, 74:25 (Ex. E). Dow's motion seeks to preclude these two lines. Dow Br. 5-6, 9. Plaintiffs will withdraw them. Had Dow raised this issue earlier (Dow posed no objection to the designation), Plaintiffs would have done so voluntarily.

5

Exclude Testimony Arthur Eberhart (Jan. 29, 2013) (Dkt. 2734). The court denied Dow's motion, finding that evidence of document destruction was relevant, not to establish "spoliation," but as evidence of Dow's participation in the conspiracy and concealment of the conspiracy. Tr. Trial Proc. Before Hon. John W. Lungstrum, 1108:8-15 (Jan. 29, 2013) (Ex. G); *see also* Tr. Trial Proc. Before Hon. John W. Lungstrum, 13:11-15:9, 32:3-34:18 (Jan. 22, 2013) (Ex. H).

## II. THE EVIDENCE THAT DOW SEEKS IS HIGHLY RELEVANT

### A. The Evidence Is Relevant to Establishing Dow's Participation in the Conspiracy

In deciding whether Plaintiffs met their burden of proving that Dow participated in a price-fixing conspiracy, the jury will be directed to consider the evidence as a whole. *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("[P]laintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each."). The jury may consider both direct and circumstantial evidence. *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 465 (3d Cir. 1998).

The Third Circuit has held that acts of concealment, including document destruction, are relevant to determining whether a conspiracy existed. *United States v. Smith*, 294 F.3d 473, 479 (3d Cir. 2002) (reversing a district court's post-verdict judgment of acquittal because it disregarded evidence of a "concerted cover-up" that was "relevant (and was properly admitted during the trial)"). Further, "[e]vidence of a conspirator's post conspiracy activity is admissible if probative of the existence of a conspiracy or the participation of an alleged conspirator, 'even though they might have occurred after the conspiracy ended.'" *United States v. Fields*, 871 F.2d 188, 197 (1st Cir. 1989) (quoting *Anderson v. United States*, 417 U.S. 211, 219 (1974));

6

*accord*, *Grunewald v. United States*, 353 U.S. 391, 402 (1957) ("[E]very conspiracy will inevitably be followed by actions taken to cover the conspirators' traces.").

As shown above, there is ample evidence from which a jury could conclude that Dow intentionally destroyed documents to hide the fact of its involvement in the conspiracy. A full explication of evidence showing that Dow intentionally conducted superficial "investigations" designed to hide, rather than reveal, the truth is beyond the scope of this Opposition. It is sufficient to note at this juncture that such evidence exists and will be presented to the jury for its consideration.

### B. The Evidence Is Relevant to Issues of Credibility

In addition, the jury may consider the challenged evidence to decide what weight it should give to the testimony of Barbour and McCormick, Schefsky, Eberhart, Fischer, Wood, and Levi. *See* 1 McCormick On Evid. § 33 (7th ed.) (as soon as a witness gives testimony, the credibility of the witness becomes a fact of consequence within the range of dispute at trial under Fed. R. Evid. 401).

### C. The Evidence Is Relevant to Fraudulent Concealment

The jury may consider this evidence to determine whether Dow and its alleged co-conspirators fraudulently concealed the conspiracy from Plaintiffs. *See* Pls.' Stmt. Facts ¶¶ 528-41; *In re Bulk Extruded Graphite Prods. Antitrust Litig.*, 2007 WL 1062979 *2 (D.N.J. Apr. 4, 2007). It is well established that document destruction is precisely the kind of conduct that juries may consider in determining whether Dow took affirmative steps to conceal the conspiracy from Plaintiffs. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 782 F. Supp. 487, 491 (C.D. Cal. 1991) (concealment shown by, *inter alia*, destruction or redrafting of written records of contacts involving pricing information).

### D. Dow Conceded the Relevance of Its Document Retention Policy

Dow identified its corporate designee, Arthur Eberhart, as a witness it "anticipates" calling at trial via video deposition. Final Pretrial Order, § 5(B), Dow Witness No. 30. Dow designated the testimony it will seek to introduce affirmatively from Eberhart's deposition. Ex. B. That testimony includes questions and answers regarding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ex. B at 83-95, 100-20, 131-35. Presumably, Dow did not designate irrelevant testimony.[6]

In any event, Eberhart's testimony regarding Dow's disposition of the files of Barbour, Fischer, and Wood is indisputably relevant evidence that the jury may permissibly consider on the issues of liability, credibility, and concealment. Among other issues, Eberhart's testimony establishes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Eberhart Dep. 117:17-22, 126:23-128:17, 130:9-131:12 (Ex. B).

### III. EVIDENCE OF DOW'S DOCUMENT DESTRUCTION IS NOT *UNFAIRLY PREJUDICIAL* IN ANY RESPECT

This Court should reject Dow's assertion that evidence relating to document destruction should be excluded under Fed. R. Evid. 403 for the same reasons that the MDL Court rejected that assertion: There is no "unfair" prejudice that could possibly "substantially" outweigh the evidence's plain probative value. Tr. Trial Proc. Before Hon. John W. Lungstrum, 1108:8-15

---

[6] While Plaintiffs can introduce the deposition of Dow's 30(b)(6) witness pursuant to Fed. R. Civ. P. 32(a)(3), it is unclear how Dow intends to use Eberhart's deposition at trial. Dow has not demonstrated that Eberhart (or, for that matter, any of the 35 other current and former employees of Dow and the other defendants whose depositions Dow intends to introduce at trial) is unavailable under Fed. R. Civ. P. 32(a)(4).

8

(Jan. 29, 2013) (Ex. G) (denying Dow's motion to exclude as unfairly prejudicial evidence relating to document destruction).

Rule 403 does not "offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980); *see also Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)) ("Prejudice does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed prejudicial.").

Dow argues that the evidence would "invite the jury to view Dow as a bad actor" despite Dow's claim that it "had no duty to preserve the documents at issue." Dow Br. 12. However, while the evidence that Dow seeks to exclude may be damaging to Dow's defense at trial, there is no reason to believe that it carries an "undue tendency to suggest decision on an improper basis." *United States v. Rutland*, 372 F.3d 543, 546 (3d Cir. 2004) (quoting Fed. R. Evid. 403 Adv. Comm. Note (1972)).

There is thus nothing to balance under Rule 403. The evidence is undoubtedly probative. It relates to issues of liability, credibility, and concealment that lie at the heart of this case. On the other side of the scale, there is zero risk of unfair prejudice. *See Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) ("[I]n determining the probative value of evidence under Rule 403, [the Court] must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case.").

The cases cited by Dow are inapposite because they all involve requests for sanctions for asserted spoliation. For example, Dow cites *Patel*, where the court found an insufficient basis to give a formal spoliation jury instruction, but in so ruling stated that its decision did *not* preclude

9

the proponent from asking questions at trial about the absence of the records. *Patel v. Prime Fitness, Inc.*, 2000 U.S. App. LEXIS 40956, at *2 (5th Cir. Feb. 29, 2000), *cited in* Dow Br. at 12.[7] Moreover, *Cruz v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 14744 (D.N.J. Feb. 6, 2014) (Martini, J.), on which Dow also mistakenly relies, stands merely for the proposition that an administrative law judge can weigh the evidence and choose which to accept and which to reject. In a jury trial, however, that fact-finding role is bestowed upon the jury. A party should not be permitted, under the guise of Rule 403, to take away the jury's opportunity to make credibility determinations based on all the relevant evidence.

---

[7] Dow cites the following cases in its motion at page 12, all of which are inapplicable: *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 2015 U.S. Dist. LEXIS 101474 (N.D. Ga. Aug. 3, 2015) (denying plaintiffs' request for evidentiary or merits sanctions based on alleged spoliation of evidence), *Patel v. Prime Fitness Inc.*, 2000 U.S. App. LEXIS 40956 (5th Cir. Tex. Feb. 29, 2000) (holding that district court's finding that party had not produced sufficient evidence to warrant a spoliation instruction was not an abuse of discretion), *United States v. Nelson*, 481 Fed. App'x 40 (3d Cir. 2012) (holding that it is improper to give a spoliation instruction, if there is insufficient evidence of willful destruction).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Dow's motion *in limine* to exclude evidence relating to allegations of document destruction.

> CARELLA, BYRNE, CECCHI,
> OLSTEIN, BRODY & AGNELLO
> *Attorneys for Plaintiffs*
>
> By: /s/ James E. Cecchi
>      JAMES E. CECCHI

DATED:  October 5, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

*Attorneys for Plaintiffs*