**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM)(MF) |


**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT DOW CHEMICAL COMPANY'S MOTION IN LIMINE REGARDING WITNESS TESTIMONY AT TRIAL**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELL, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ i

INTRODUCTION ....................................................................................................... 1

I.      PLAINTIFFS ARE NOT REQUIRED TO "MAKE AVAILABLE" TO DOW ANY
        WITNESSES WHO ARE OUTSIDE THE COURT'S SUBPOENA POWER ................ 2

        A.      The Witnesses Are Beyond the Court's Subpoena Power and There Is No
                Other Authority to Compel Their Attendance ............................................. 2

        B.      Given That the Witnesses Are Beyond the Court's Subpoena Power, the
                Court Cannot Compel the Witnesses to Testify Remotely by Video ................ 5

II.     PLAINTIFFS MAY USE THE DEPOSITIONS OF ANY OF THEIR CURRENT
        OR FORMER EMPLOYEES AT TRIAL WHO ARE UNAVAILABLE UNDER
        RULE 32 .......................................................................................................... 6

III.    PLAINTIFFS HAVE NO OBJECTION TO DOW CONDUCTING ITS DIRECT
        EXAMINATION OF LIVE WITNESSES CALLED BY PLAINTIFFS DURING
        PLAINTIFFS' CASE-IN-CHIEF ........................................................................... 9

IV.     PLAINTIFFS WOULD BE ABLE TO CALL FISCHER, LONG, AND WOOD AS
        ADVERSE WITNESSES IF THEY TESTIFY LIVE ................................................ 9

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE(S)

*Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560 (N.D. Ala. 2009) ........................................................8

*Delgado v. Pawtucket Police Dep't*, 668 F.3d 42 (1st Cir. 2012) ..................................................7

*Estate of Spear v. C.I.R.*, 41 F.3d 103 (3d Cir. 1994) ......................................................................6

*Havens v. Mar. Commc'ns/Land Mobile, LLC*, 2014 WL 2094035 (D.N.J. May
    20, 2014) ....................................................................................................................................3, 4, 8

*In re Actos (Pioglitazone) Prods. Liab. Litig.*, 2014 WL 107153 (W.D. La. Jan. 8,
    2014) ..................................................................................................................................................5

*In re Jacoby Airplane Crash*, 2007 WL 559801 (D.N.J. Feb. 14, 2007) .....................................7, 8

*In re Vioxx Products Liability Litig.*, 438 F. Supp. 2d 664 (E.D. La. 2006) ..................................2

*Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) ................................................3

*Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585 (S.D.N.Y. Aug.
    13, 2014) .............................................................................................................................................5

*Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259 (W.D. Wa. June 3, 2014) .....................5

*Universal Elec., Inc. v. Universal Remote Control, Inc.*, 2014 WL 8096334 (C.D.
    Cal. 2014)...........................................................................................................................................7

*Ziemkiewicz v. R+L Carriers, Inc.*, 2013 WL 505798 (D.N.J. Feb. 8, 2013) ...............................4

STATUTES

28 U.S.C. § 1404 ...............................................................................................................................4

RULES

Fed. R. Civ. P. 32 .................................................................................................................. passim

Fed. R. Civ. P. 43 ............................................................................................................................5, 6

Fed. R. Civ. P. 45 .................................................................................................................. passim

Fed. R. Evid. 804 ..............................................................................................................................7

## <u>INTRODUCTION</u>

Plaintiffs respectfully submit this brief in opposition to Defendant The Dow Chemical Company's Motion *In Limine* Regarding Witness Testimony At Trial.  In this Motion, Dow seeks four separate evidentiary rulings relating to the parties' trial witnesses.

First, Dow moves to compel Plaintiffs to "make available" to Dow at trial a group of witnesses who Plaintiffs do not intend to call at trial.  These witnesses are outside the Court's subpoena power pursuant to Fed. R. Civ. P. 45, and thus, under well-established law, the Court can neither compel the witnesses to appear at trial nor compel Plaintiffs to cause them to be "available" to testify at trial.  Counsel for Plaintiffs directed Dow's counsel to the unambiguous law on this point during the meet-and-confer process in the hopes of obviating this motion, but to no avail.

Second, Dow seeks to preclude Plaintiffs from using the deposition testimony of any of Plaintiffs' former or current employees at trial until Plaintiffs establish their unavailability pursuant to Fed. R. Civ. P. 32.  Plaintiffs file herewith a declaration establishing, in a manner sufficient to satisfy Fed. R. Civ. P. 32, the unavailability of all but one of the witnesses at issue. (Plaintiffs will withdraw the deposition designations of the single witness whose unavailability Plaintiffs cannot establish at this time.)

Third, Dow asks that it be permitted to conduct its direct examination of live witnesses called by Plaintiffs during Plaintiffs' case-in-chief, rather than calling those witnesses again during Dow's defense case.  Plaintiffs already agreed to this, and believed that this issue had been resolved during the meet-and-confer process.

Finally, Dow seeks to preclude Plaintiffs from using the depositions of former Dow employees David Fischer, Robert Long, and Bob Wood, based on Dow's assertion that it "presently expects" that these witnesses will be available at trial.  Should these witnesses indeed

be available at trial, Plaintiffs would be able to call Fischer, Long, and Wood as adverse witnesses, and would not rely on their depositions.  Because Dow has hedged as to whether these witnesses will actually be available and testify live, Plaintiffs  designated their depositions as a precautionary measure.   Plaintiffs were unaware that Dow's motion would address these witnesses.  Had Dow raised the issue during the meet-and-confer process, it could have been easily resolved without resorting to motion practice before the Court.

## LEGAL ARGUMENT

I.    **PLAINTIFFS ARE NOT REQUIRED TO "MAKE AVAILABLE" TO DOW ANY WITNESSES WHO ARE OUTSIDE THE COURT'S SUBPOENA POWER**

Dow first moves to compel Plaintiffs to "make available" as live witnesses eight of Plaintiffs' current employees who are outside the subpoena power of the Court and who Plaintiffs are not calling to testify at trial.[1]  Dow Br. 7.  As Plaintiffs explained to Dow during the meet-and-confer process on the parties' proposed motions *in limine*,[2] the law is clear that Plaintiffs are not required to produce these witnesses to testify.

### A.    The Witnesses Are Beyond the Court's Subpoena Power and There Is No Other Authority to Compel Their Attendance

Fed. R. Civ. P. 45 was amended in 2013 to resolve a split among district courts in interpreting Rule 45's provisions for subpoenaing parties and party officers.  Prior to the amendment, some district judges had concluded that they had the power under Rule 45 to compel a party or an officer of a party to appear to testify at trial even if he or she was outside the geographic limits of the court's subpoena power.  *Compare In re Vioxx Products Liability Litig.*,

---

[1]    These witnesses are Paul Davidson (Carpenter), Stanley Pauley (Carpenter), Christopher Pugh (Carpenter), Todd Councilman (Hickory Springs), Wilbur Mann (Hickory Springs), and Don Simpson (Hickory Springs), Michael Vaughn (Lubrizol), and Scott Wheeler (Woodbridge). As of this filing, these witnesses are current employees.

[2]    *See* Ltr. from J. Johnson to D. Bernick, *Dow's Motion to Compel Plaintiffs to Produce Witnesses at Trial #32* (July 27, 2015) (Ex. A).

438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), *with Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state).

The 2013 amendments to Rule 45 terminated this debate, providing the unequivocal answer that a court cannot compel the attendance of a party or party officer who is outside the court's geographic subpoena power.  The new Rule 45(c)(1) states:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

The comments to the new rule state that "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45 Adv. Comm. Notes (2013).

"Thus, whether an officer of a party or not, under Rule 45(c) a person cannot be compelled to travel more than 100 miles to attend at trial if the place of trial is not in the state where the witness resides, is employed, or regularly transacts business in person." *Havens v. Mar. Commc'ns/Land Mobile, LLC*, 2014 WL 2094035, at *1 (D.N.J. May 20, 2014) (granting defendant's motion to quash trial subpoenas issued to two witnesses who were California residents, worked in California, and did not regularly transact business in person in New Jersey). The *Havens* court rejected the argument that the subpoenas issued to the witnesses were really subpoenas issued to a company that regularly transacted business in New Jersey (one witness was a corporate officer and one was a corporate designee) and thus could properly require the

3

witnesses' attendance. *Id.* at *2. The 2013 amendments to Rule 45 undermine such arguments, the court held, because the amendments "were intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials." *Id.*[3]

All of the cases Dow cites miss the mark, some of them widely. *See* Dow Br. 7. Most strikingly, all of the cases on which Dow relies preceded the amendments to Rule 45, which became effective December 1, 2013. Thus, none have any precedential value under current Rule 45. Further, none of the cases even dealt with motions to compel trial witnesses. Rather, Dow's cases involve orders on motions to transfer venue under 28 U.S.C. § 1404(a). In considering whether to transfer venue, one of the factors is the convenience of the witnesses. These courts simply recognized that party witnesses are not normally considered part of this analysis, because they are presumed to be willing to testify. *See, e.g.*, *Ziemkiewicz v. R+L Carriers, Inc.*, 2013 WL 505798 (D.N.J. Feb. 8, 2013), *cited in* Dow Br. 7. There was no indication in any of those cases that the party witnesses were unavailable to testify.

Here, by contrast, the witnesses whom Dow wishes to call at trial are outside the Court's subpoena power pursuant to the plain language of Rule 45. As Dow is undoubtedly aware, none of the witnesses reside in, are employed in, or regularly transact business in person in, New Jersey, or within 100 miles of the Court. *See* Declaration of Richard J. Leveridge ("Leveridge Decl.") ¶¶ 3-10 (Sept. 29, 2015) (Ex. B). Thus, a straightforward application of Rule 45 requires that the Court deny Dow's motion to compel these witnesses to appear live at trial. *See Havens*, 2014 WL 2094035, at * 1-5.

---

[3]      In any event, most of the witnesses in question here are neither officers nor designated representatives, and would testify only as individuals.

**B.** **Given That the Witnesses Are Beyond the Court's Subpoena Power, the Court Cannot Compel the Witnesses to Testify Remotely by Video**

Perhaps recognizing the inevitability of this result under the current version of Rule 45, Dow next seeks to circumvent Rule 45 by asking the Court, in the alternative, to "require these witnesses to testify via live video feed" pursuant to Fed. R. Civ. P. 43(a).  Dow Br. 7-8.  Rule 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  However, the circumstances presented here do not satisfy the requirements for this extraordinary procedure to be used.

First, the court's power to utilize the Rule 43(a) procedure "presupposes a witness willing or compelled to testify at trial."  *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wa. June 3, 2014).  Rule 43(a) "does not operate to extend the range or requirements of a subpoena."  *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (denying motion to compel witness to testify by videoconference, because witness was unwilling to testify and witness could not be compelled to testify).  Thus, because these witnesses are outside the Court's subpoena power, and have not agreed to appear voluntarily, Rule 43(a) may not be used to require the witnesses to testify via live video feed.[4]

Even if one were to ignore this fatal flaw in Dow's argument, Dow still has not come close to establishing the "compelling circumstances" that would justify utilizing the Rule 43(a)

---

[4]      In a single case, *In re Actos (Pioglitazone) Prods. Liab. Litig.*, 2014 WL 107153 (W.D. La. Jan. 8, 2014), a district court granted the plaintiffs' request to present testimony of defendants' current and former employees by videoconference even though they were outside the Court's Rule 45 subpoena power.  However, as explained in *Ping-Kuo Lin*, the result in *Actos* was based on the unique facts of that case.  *Actos* involved a bellwether trial in a multidistrict litigation, which was sought and agreed to by defendants.  As the court noted in *Ping-Kuo Lin*, there is no indication that the witnesses in *Actos* were unwilling to appear at trial voluntarily. *See Ping-Kuo Lin*, 2014 WL 3974585, at *1.

procedure.  The language of the Rule, and the advisory committee notes thereto, send a clear message that the procedure is only to be used in rare and exceptional circumstances.  "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."  Fed. R. Civ. P. 43 Adv. Comm. Notes (1996).  No such unexpected or compelling circumstances are present here.[5]

Dow took all of these witnesses' depositions.  It was entirely foreseeable that any of these witnesses who were outside the Court's subpoena power might be unavailable for trial.  Plaintiffs respectfully submit that under these ordinary circumstances it is appropriate for Dow to present any relevant and admissible testimony from these witnesses at trial via deposition.[6]

## II.    PLAINTIFFS MAY USE THE DEPOSITIONS OF ANY OF THEIR CURRENT OR FORMER EMPLOYEES AT TRIAL WHO ARE UNAVAILABLE UNDER RULE 32

Dow also seeks to preclude Plaintiffs from presenting deposition testimony from six of Plaintiffs' former employees and one current employee.[7]  Dow Br. 4-5.  Dow's challenge relies

---

[5]    Dow grossly overstates the Third Circuit's preference for live testimony.  *See* Dow Br. 2.  In *Estate of Spear v. C.I.R.*, 41 F.3d 103, 116 (3d Cir. 1994), the court stated as follows: "Although live testimony is generally preferable to videotaped testimony, the absence of such testimony, even from a key witness, is only minimally prejudicial when that witness is adverse and when there is a videotaped deposition that can be introduced in lieu of live testimony."  The *Spear* court's holding is also directly contrary to Dow's contention.  In *Spear*, which presents the same situation as ours (adverse witnesses, deposition testimony available), the court found that there was no prejudice and that the videotaped depositions were sufficient.  *Id. at* 111-16.

[6]    After Plaintiffs notified Dow that Plaintiffs were not calling these witnesses at trial, Dow submitted "provisional" designations for the witnesses' depositions, to which Plaintiffs served objections and cross and completeness designations.  Thus, a denial of Dow's motion does not create additional work for the parties.

[7]    The current employee is Stanley Pauley (Carpenter).  The former employees are Larry Heppe (Leggett & Platt), Del Felter (Carpenter), Franklin Hurst (Carpenter), Helen Ebert (Pathway/Vitafoam), Thomas Laursen (Vitafoam), and Raj Mehta (Crest Foam).

solely upon the argument that Plaintiffs have not sufficiently demonstrated the employees' unavailability in order to satisfy Fed. R. Civ. P. 32.[8]  This argument is without merit.

Under Fed. R. Civ. P. 32(a)(4), the deposition of any witness may be used for any purpose if the court finds "that the witness is more than 100 miles from the place of hearing or trial."  Thus, this Court has held, a party may use the depositions of any of its own current and former employees at trial for any purpose, provided only that the employees live more than 100 miles from the courthouse.  *In re Jacoby Airplane Crash*, 2007 WL 559801, at *6-8 (D.N.J. Feb. 14, 2007).  The *Jacoby* court rejected the view that the proponent had to also show that the witness was unavailable as articulated in Fed. R. Evid. 804(a)(5), *i.e.*, that the party was unable to procure the attendance of the defendant through process or other reasonable means.  *Id.*  The *Jacoby* court also found no room for judicial discretion in Rule 32:  "Clearly the discretion is left to the *party*, not the court. A party is not required to use deposition testimony in place of having the person testify live at trial, but [Rule 32] certainly gives the party that option and nothing within the rule gives discretion to the court."  *Id.* at *8; *accord*, *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 49 (1st Cir. 2012) (holding that "so long as [the 100-mile] distance criterion is satisfied, the admissibility of deposition testimony under the aegis of Rule [32(a)(4)(B)] is not contingent upon a showing that the witness is otherwise unavailable."); *Universal Elec., Inc. v. Universal Remote Control, Inc.*, 2014 WL 8096334, at *5 (C.D. Cal. 2014) ("Under the case law interpreting Rule 32, the mere fact that the deponents are employed by the defendant and that there is an identity of interest between the deponents and their employer is not enough to trigger

---

[8]      Dow demonstrates its hypocrisy in challenging the unavailability of Plaintiffs' witnesses, while at the same time reserving the right to use the depositions of its own former employees Long, Fischer, and Wood, should those witnesses decide not to testify live for any reason. *See* Dow Br. 3, n.1. For that matter, Dow is also seeking to introduce deposition testimony from 11 witnesses currently or formerly affiliated with Dow, and 24 witnesses currently or formerly affiliated with co-defendants (some of whom Plaintiffs also intend to call by deposition).

exclusion because procuring absence and doing nothing to facilitate presence are quite different things.").

In cases like this, in which no party can seriously dispute the fact that the witnesses at issue are located more than 100 miles away from the courthouse, a declaration from counsel suffices to establish admissibility under Rule 32. *See, e.g.*, *Havens*, 2014 WL 2094035 (declaration from party's counsel established that the witnesses lived and worked outside New Jersey and were therefore unavailable); *Jacoby*, 2007 WL 559801, at *7 ("Here, no party denies that the individuals at issue are located more than 100 miles away and therefore this Court is satisfied with the offered proof"); *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 561-62 (N.D. Ala. 2009) (accepting representation from party's counsel that the witnesses at issue would not be present at trial and were located more than 100 miles from the courthouse and allowing their depositions to be used in lieu of live testimony).[9]

The attached declaration from Plaintiffs' counsel, Richard J. Leveridge, establishes that all but one of the witnesses at issue live and work more than 100 miles away from the courthouse.[10]   Leveridge Decl. ¶¶ 11-15.  Because the requirements for admissibility under Fed. R. Civ. P. 32(a)(4)(B) are satisfied, and provided that these witnesses do not actually appear at trial, Plaintiffs should be permitted to use their depositions for any purpose.

---

[9]   In addition to Fed. R. Civ. P. 32(a)(4)(B), the deposition testimony may also be admitted pursuant to subsection (D), which provides that a witness is unavailable if the court finds "that the party offering the deposition could not procure the witness's attendance by subpoena." As explained above, none of the witnesses are within the Court's subpoena power.

[10]   Plaintiffs agree to withdraw their designations for former Crest Foam employee, Raj Mehta.

### III. PLAINTIFFS HAVE NO OBJECTION TO DOW CONDUCTING ITS DIRECT EXAMINATION OF LIVE WITNESSES CALLED BY PLAINTIFFS DURING PLAINTIFFS' CASE-IN-CHIEF

Plaintiffs agree that Dow should be permitted to conduct its direct examination of live witnesses called by Plaintiffs during Plaintiffs' case-in-chief, rather than requiring Dow to recall these witnesses during the defense case.  *See* Dow Br. 5-6.  Assuming the evidence that Dow seeks to elicit from these witnesses is relevant and admissible, Plaintiffs understand that the Court has discretion to allow Dow, within reasonable limits, to question the witnesses during its cross-examination regarding additional matters (beyond the scope of Plaintiffs' direct) as if on direct examination, to streamline the presentation of evidence and lessen the burden on the witnesses.

In fact, during the meet-and-confer process, Plaintiffs stated that it was unnecessary for Dow to file a motion seeking this relief, pointing out that Dow would have an opportunity to cross-examine the witnesses called by Plaintiffs and that those witnesses should not be required to come back to testify again in Dow's case-in-chief.  Ex. A.  If Dow was uncertain as to Plaintiffs' position in this regard, it should have sought clarification rather than engaging in unnecessary motion practice.

### IV. PLAINTIFFS WOULD BE ABLE TO CALL FISCHER, LONG, AND WOOD AS ADVERSE WITNESSES IF THEY TESTIFY LIVE

Finally, Dow seeks to preclude Plaintiffs from using the depositions of former Dow employees David Fischer, Robert Long, and Bob Wood, based on Dow's assertion that it "presently expects" that these witnesses will be available at trial.  Dow Br. 3-4.  If these three witnesses indeed make themselves available at trial, Plaintiffs would not seek to introduce their deposition testimony, except for purposes of impeachment.  Rather, should Plaintiffs wish to

examine these witnesses during their case-in-chief, Plaintiffs would call them as adverse witnesses (and not "in support of Plaintiffs' case," as Dow so blithely suggests).

Plaintiffs designated the deposition testimony of these witnesses as a precaution, because Dow has not yet confirmed whether these witnesses will in fact appear at trial. *See* Dow's Objections to Pls.' Prelim. Witness List 2 (Apr. 1, 2015) (Ex. C) (with respect to the deposition testimony of Fischer, Long, and Wood, Dow stated the witnesses would not be unavailable within the meaning of Rule 32(a)(4) "*if* these witnesses do appear live at trial") (emphasis added); Dow's Final Witness List 2 (May 13, 2015) (Ex. D) ("Should any witness whose testimony Dow anticipates presenting live be unavailable for trial for any reason, Dow reserves the right to present such witness by deposition testimony."); Final Pre-Trial Order, § 5, Fact Witnesses, 1 n.1 (July 1, 2015) (Dkt. 84) ("Both sides reserve the right to call any of the witnesses they presently anticipate calling live via video deposition should those witnesses be unavailable live for trial.").[11] Even now Dow is hedging as to whether Fischer, Long, and Wood will testify live: "If for some reason the witnesses do not testify live at trial, then either side should be able to rely on their deposition testimony under Rule 32(a)(4)." Dow Br. 1, n.1.

Of the three witnesses, only Wood testified live in the class trial. Class Plaintiffs and Dow both presented Fischer's testimony by deposition, and Long, whose testimony relates to the pre-class period, was not a witness at all.

Plaintiffs were unaware that Dow's motion *in limine* would address this issue. Dow's discussion of its proposed motion *in limine* regarding trial witnesses made no mention of this issue, and Dow's correspondence regarding this proposed motion focused exclusively on

---

[11]    Plaintiffs also expressly reserved the right to call these witnesses live. *See* Pls.' Initial Designations Dep. Test. 2 (Mar. 25, 2015) (Ex. E) ("Plaintiffs reserve the right to call live at trial rather than use the deposition testimony of any witnesses whose deposition testimony is designated herein.").

witnesses currently or formerly affiliated with Plaintiffs, not Dow.  *See* Ltr. from D. Bernick to J. Johnson 5 (Aug. 6, 2015) (Ex. F).  Thus, Plaintiffs understood Dow's contemplated "motion #33" to relate to Plaintiffs' use of their own present or former employees' depositions.  If Dow had raised this issue with Plaintiffs during the meet-and-confer process, which Dow did not, the parties could have easily resolved this issue without resorting to court intervention.

In sum, should Fischer, Long, and Wood be available to testify live, and should Plaintiffs wish to call these witnesses, Plaintiffs will call them as adverse witnesses, and will not rely on their depositions; and if, as Dow allows is possible, it turns out that these witnesses are unavailable under Fed. R. Civ. P. 32(a)(4), Plaintiffs agree that either side should be able to rely on their deposition testimony.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully request that Dow's motion *in limine* be denied.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
*Attorneys for Plaintiffs*


By:____/s/ James E. Cecchi_____
      JAMES E. CECCHI

DATED:  October 5, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

*Attorneys for Plaintiffs*