UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM)(MF) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT
RELATING TO FIFTH AMENDMENT INVOCATIONS**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW.
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ................................................................................................................. 1

LEGAL ARGUMENT .......................................................................................................... 3

I.    DOW SHOULD BE PRECLUDED FROM USING THE CARPENTER WITNESSES' FIFTH AMENDMENT INVOCATIONS AT TRIAL ...................................................... 3

II.    DOW SHOULD BE PRECLUDED FROM USING THE VITAFOAM AND WOODBRIDGE WITNESSES' FIFTH AMENDMENT INVOCATIONS ...................... 9

CONCLUSION.................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Copperweld v. Indep. Tube Corp.*, 467 U.S. 752 (1984) ...................................................................3

*Couch v. Vill. of Dixmoor*, 2006 WL 3409153 (N.D. Ill. Nov. 27, 2006) .......................................8

*Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992)............................................4

*Hartford Steam Boiler Inspection & Ins. Co. v. International Glass Prods., LLC*,
    2014 WL 109078 (W.D. Pa. Jan. 10, 2014)................................................................................9

*Huaman v. Sirios*, 2015 WL 1806660 (D. Conn. Apr. 21, 2015) ....................................................4

*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211 (1951),
    *overruled on other grounds by Copperweld*, 467 U.S. 752 ......................................................3

*McMullen v. Bay Ship Mgmt.*, 335 F.3d 215 (3d Cir. 2003).......................................................6, 7

*N. Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 85 F.R.D.
    249 (M.D.N.C. 1979)................................................................................................................7, 8

*Penfield v. Venuti*, 569 F. Supp. 250 (D. Conn. 1984) ...................................................................8

*Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134 (1968), *overruled on
    other grounds by Copperweld v. Indep. Tube Corp.*, 467 U.S. 752 (1984)................................3

*Piontek v. I.C. Sys.*, 2009 WL 1044596 (M.D. Pa. Apr. 17, 2009)..................................................8

*S.E.C. v. Dibella*, 2007 WL 1395105 (D. Conn. May 8, 2007) ......................................................4

*S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187 (3d Cir. 1997)............................................................6

*Serafino v. Hasbro, Inc.*, 82 F.3d 515 (1st Cir. 1996) .....................................................................7

*Walton v. Bridgestone/Firestone, Inc.*, 2009 WL 2778441 (D. Ariz. Jan. 16, 2009) ......................8

**RULES**

Fed. R. Civ. P. 30(b)(6)....................................................................................................................6

Fed. R. Evid. 403 .............................................................................................................................8

## INTRODUCTION

Plaintiffs respectfully submit this Reply Brief in support of their motion to preclude reference to the Fifth Amendment invocations of certain present or former employees of Plaintiffs Carpenter, Vitafoam, and Woodbridge.

In its Opposition Brief, Dow does not dispute that it is precluded from using the Fifth Amendment invocations as substantive evidence because it did not designate any of the deposition testimony in which the invocations occurred. Dow claims that it may nevertheless use these invocations at trial for other purposes, but it fails to demonstrate that the invocations are relevant to what Dow has identified as "[*t*]*he issue in this case*[:]" "*whether Dow conspired with certain other urethanes manufacturers to fix the price of TDI, MDI, and/or polyether polyols in the United States from 1994 to 2003*." Def. Dow Chemical Co.'s Br. Supp. Mot. *In Limine* To Preclude References to Other Antitrust Cases at 1, D.N.J. Dkt. 115 (emphasis added). Conversely, the issues that Dow claims the invocations will shed light on, such as Plaintiffs' "motivations and incentives" for filing the lawsuit, are not relevant issues in this case.

Dow also argues that an adverse inference instruction is warranted as a sanction on the ground that the witnesses' Fifth Amendment invocations supposedly interfered with its ability to gather evidence and were "calculated, lawyer-driven tactics." Dow fails, however, to make any showing that the invocations prevented it from obtaining relevant, non-cumulative evidence or that the invocations were in any way improper — nor does Dow even address the fact that the MDL Court rejected the same accusations Dow now makes, and held that Dow received full and fair discovery, and that Plaintiffs and their counsel engaged in no improper conduct regarding the invocations.

Furthermore, reference to the Fifth Amendment invocations would be unfairly prejudicial, and the unfair prejudice would far outweigh any probative value that the invocations

might conceivably have.  The Fifth Amendment invocations occurred during the pendency of a criminal antitrust investigation into the foam market.  At the depositions, Dow asked dozens of argumentative questions aimed at implicating Plaintiffs in a conspiracy to fix foam prices.[1] Contrary to what one would reasonably surmise from Dow's deposition questioning, Dow's current position is that Plaintiffs did *not* conspire to fix prices in the foam market, but rather that Plaintiffs' conduct was perfectly legal.  *See* Def. Dow Chemical Co.'s Br. Opp'n Pls.' Mot. *In Limine* To Preclude Evidence and Argument Related to Pls.' Conduct in Downstream Markets at 6, D.N.J. Dkt. 139.[2]  Yet Dow *still* wants to smear Plaintiffs with the fact that certain of their present and former employees invoked the Fifth Amendment.  If Dow is trying to prove that Plaintiffs' conduct was *legal*, of what relevance is it that these witnesses invoked their Fifth Amendment rights when Dow asked them to admit that they participated in an antitrust conspiracy in the foam market?

This Court should preclude Dow from using the invocations for any purpose.  First, Dow should not be allowed to refer to the previous Fifth Amendment invocations of the Carpenter witnesses who subsequently made themselves available for deposition and testified

---

[1] For example, ██████████████████████████████████████████████████████████ Malechek Dep. vol. 1, 43:8-13, Jan. 18, 2012 (Ex. B to Pls.' Br. Supp. Mot. *In Limine* To Preclude Evidence & Argument Relating to Fifth Amendment Invocations [hereinafter "Pls.' Br."]) ██████████████████████████████████████ Pauley Dep. vol. 1, 67:4-7, Jan. 19, 2012 (Ex. C to Pls.' Br.); and ██████████████████████████████████ *id.* 68:9-1 (Ex. C to Pls.' Br.).

[2] For the reasons set forth in Plaintiffs' Motion *In Limine* to Preclude Evidence and Argument Related to Plaintiffs' Conduct in Downstream Markets, Plaintiffs' testimony asserting that Plaintiffs' conduct in the foam market was legal is also irrelevant to whether Dow's conduct violated the antitrust laws.

substantively. The initial invocations are not relevant to any valid issue in the case, and any possible probative value would be vastly outweighed by the potential for unfair prejudice because a jury might infer from the invocations that Plaintiffs engaged in a conspiracy to fix prices in the foam market — which Dow insists it is not trying to prove, and which would not be a valid defense if it were. *See, e.g.*, *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 140 (1968), *overruled on other grounds by Copperweld v. Indep. Tube Corp.*, 467 U.S. 752 (1984); *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951), *overruled on other grounds by Copperweld*, 467 U.S. 752.

The Fifth Amendment invocations by the Vitafoam and Woodbridge witnesses — who are not on either party's witness or deposition designation lists, and therefore will not testify at trial — should also be excluded. The invocations do not satisfy the requirements for impeachment because they do not contradict or undermine the veracity of any witness whose testimony will be presented at trial, nor do they merit an adverse inference instruction because the invocations are not relevant to any valid issue in the case, and Dow was not substantially prejudiced in its ability to conduct discovery. Moreover, as with the Carpenter witnesses, the risk of unfair prejudice would far outweigh any probative value that the invocations might have.

## LEGAL ARGUMENT

### I. DOW SHOULD BE PRECLUDED FROM USING THE CARPENTER WITNESSES' FIFTH AMENDMENT INVOCATIONS AT TRIAL

Because the Carpenter witnesses testified at deposition, and will testify at trial, the fact that they previously invoked the Fifth Amendment is irrelevant and unfairly prejudicial. Dow's opposition brief does not even attempt to distinguish cases such as *Huaman v. Sirios*, 2015 WL 1806660, at *6 (D. Conn. Apr. 21, 2015), in which the court held that it would be improper to allow a jury to be told of a witness's Fifth Amendment invocation when the invocation had been

3

withdrawn and the witness had then been deposed, or *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453 (5th Cir. 1992), in which the Fifth Circuit affirmed a ruling precluding the introduction of a witness's prior Fifth Amendment invocation when that witness withdrew the invocation and submitted to deposition questioning, on the ground that the risk of unfair prejudice far outweighed any slight probative value that the Fifth Amendment invocation might have.[3]  The basis for exclusion is even stronger here because the reason that the jury would undoubtedly infer that the witnesses invoked the Fifth Amendment — that they did not want to implicate themselves in a conspiracy to fix prices in the foam market — is by Dow's own logic not a legitimate issue in this case.

Dow's argument that it should be allowed to use the Fifth Amendment invocations in some fashion in order to punish Plaintiffs for supposedly "impair[ing] Dow's ability to defend itself," "depriv[ing] its adversary of critical evidence," or preventing Dow from obtaining "information that might conceivably be determinative in a search for truth," is wholly without merit.  Dow fails to identify a single relevant, non-cumulative fact that it would have been able to discover were it not for the Fifth Amendment invocations.  Dow's speculation that discovery would have somehow gone better for Dow if it had taken the depositions of witnesses in a different order or had obtained testimony from a greater number of corporate employees in addition to the Rule 30(b)(6) depositions of corporate designees regarding the same topics, Def.'s Br. Opp'n Pls.' Mot. *In Limine* To Preclude Evidence & Argument Related to Fifth

---

[3]   *S.E.C. v. Dibella*, 2007 WL 1395105 (D. Conn. May 8, 2007), on which Dow relies, is inapposite.  Unlike in the present case, in which the Carpenter witnesses testified fully after withdrawing their Fifth Amendment invocations, in *Dibella* the court permitted an adverse inference because the defendant, after withdrawing his Fifth Amendment invocation, testified at his subsequent deposition that "he could not recall details or events vital to the present matter due to the length of time that had passed" during the 6-year period between his initial Fifth Amendment invocation and his subsequent withdrawal of the invocation.

4

Amendment Invocations [hereinafter "Opp'n"] at 6-7, D.N.J. Dkt. 137, falls woefully short of demonstrating that Dow suffered any substantial prejudice or is entitled to the imposition of any sort of sanction.

Indeed, Dow repeatedly asserted to the MDL Court that its ability to defend itself was substantially impaired by the Fifth Amendment invocations, and the MDL Court rejected Dow's assertions each time.

On January 4, 2013, Judge Lungstrum denied Dow's motion for summary judgment against Plaintiff Vitafoam Canada as a sanction for the Fifth Amendment invocations of that company's present and former employees, noting that Vitafoam Canada provided a Rule 30(b)(6) witness who answered questions regarding that company's purchases, and other witnesses from related entities also answered similar questions, so that Dow was not prevented from obtaining the information it needed. Mem. & Order at 11-12, Jan. 4, 2013, D. Kan. Dkt. 2678.

On November 5, 2013, Magistrate Judge O'Hara denied Dow's request for additional discovery based on the Fifth Amendment invocations of the Carpenter witnesses, noting that those witnesses revoked their invocations and Dow had the opportunity to depose them, and that Dow had failed to support its claim that it needed additional discovery (beyond the follow-up discovery Dow had previously requested and the MDL Court had already permitted). Order, Nov. 5, 2013, D. Kan. Dkt. 3073. Judge O'Hara further stated that Dow was merely seeking "a second bite at discovery topics that closed more than twenty months ago." *Id.* at 6. On January 8, 2014, Judge Lungstrum affirmed Judge O'Hara's order denying Dow's request for further discovery. Mem. & Order, Jan. 8, 2014, D. Kan. Dkt. 3124.

5

Moreover, on February 3, 2014, Judge Lungstrum denied Dow's motion for dismissal of Plaintiffs' antitrust claim, or in the alternative striking Plaintiffs' fraudulent concealment claim, as a sanction for the Fifth Amendment invocations of the Carpenter, Woodbridge and Vitafoam witnesses. Mem. & Order, Feb. 3, 2014, D. Kan. Dkt. 3138. In doing so, the MDL Court stated that it did "not agree that [Dow] suffered substantial prejudice from the invocations of the privilege here." *Id.* at 4. The Court noted that Dow had failed to demonstrate it could not have obtained the same information from other witnesses, especially in light of the fact that Plaintiffs' had provided corporate designees pursuant to Federal Rule of Civil Procedure 30(b)(6) to answer questions regarding the same topics — including information regarding the conduct of the witnesses who invoked the privilege — and Dow had not challenged the adequacy of the Rule 30(b)(6) depositions at the time. *Id.* at 4. Moreover, the MDL Court held that Dow had "not shown that it was denied any discovery from the Carpenter witnesses' temporary invocation of the privilege." *Id.* at 8.[4]

In short, Dow has patently failed to demonstrate that it has suffered substantial prejudice as a result of the Fifth Amendment invocations, or that any sort of sanction is warranted.[5]

---

[4] The MDL Court did not, however, rule on the admissibility of the invocations or the appropriateness of any adverse inferences, because those issues were not before the MDL Court.

[5] The burden is on Dow to establish that it has been sufficiently prejudiced by the invocations to warrant the remedy it requests. For example, in *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187 (3d Cir. 1997), on which Dow mistakenly relies, the Third Circuit reversed a district court's preclusion order because the plaintiff had failed to sufficiently demonstrate that it had suffered prejudice as a result of the defendant's Fifth Amendment invocation. Similarly, in *McMullen v. Bay Ship Management*, 335 F.3d 215 (3d Cir. 2003), on which Dow also incorrectly relies, the Third Circuit reversed the dismissal sanction imposed by the district court for the plaintiff's invocation of the Fifth Amendment, concluding that the sanction was not justified by the degree of prejudice the defendant had shown. Moreover, the Third Circuit in *McMullen* rejected the district court's reliance on *Serafino v. Hasbro, Inc.*, 82 F.3d 515 (1st Cir. 1996), on which Dow also relies, noting that *Serafino* is not "governing precedent within this circuit." 335 F.3d at 219.

Similarly, Dow has offered no support for its bald assertion that the Fifth Amendment invocations were "calculated, lawyer-driven tactics designed to deprive Dow of access to critical evidence." Indeed, the MDL Court rejected Dow's previous accusations of this sort, and expressly held that Plaintiffs and their lawyers engaged in no "improper conduct" regarding the Fifth Amendment invocations. *Id.* at 5.[6] Thus, Dow cannot justify an adverse inference instruction on this ground, nor use the invocations as "impeachment" based on its baseless accusation that the witnesses' credibility is "undermined" because their invocations were "lawyer-driven tactics." Opp'n at 4, 8 n.14.

This Court should also reject Dow's argument that the Fifth Amendment invocations are relevant because the invocations (or the evidence that Dow supposedly would have obtained but for the invocations) would shed light on the "motivations and incentives" of Plaintiffs in bringing the case. Whatever Plaintiffs' "motivations and incentives" for filing suit may have been (and Dow never specifies what it believes they were), they are irrelevant to whether Dow is liable under the antitrust laws. For example, in *North Carolina Electric Membership Corp. v. Carolina Power & Light Co.*, 85 F.R.D. 249 (M.D.N.C. 1979), the district court held that "[p]laintiffs' motive in filing an antitrust action has absolutely no relevance to the existence of liability of the defendant," and that informing the jury of plaintiff's motive would be unfairly prejudicial. *Id.* at 254 & n.7. Indeed, the court remarked that to make plaintiff's motive for bringing suit an issue

---

6 [redacted] Pauley Dep. 83:21-25 (Ex. D to Opp'n), [redacted]

7

in an antitrust case would "pervert the Congressional purpose behind the antitrust laws." *Id.* at 254 n.7.[7]

In sum, the issues to which Dow claims the Fifth Amendment invocations are relevant are not valid issues in this case. Conversely, the inference that the jury will most likely make if the invocations are introduced — that the witnesses invoked the Fifth Amendment because they did not wish to implicate themselves in a conspiracy to fix prices in the foam market — relates to an issue that Dow insists it is not trying to prove.[8]

Because the Fifth Amendment invocations have little probative value — if they have any at all — regarding any proper issue in the case, and because there is a great risk that the invocations will unfairly prejudice Plaintiffs, they should be excluded under Federal Rule of Evidence 403. The invocations are unfairly prejudicial because they are likely to lead the jury to conclude that Plaintiffs were involved in a conspiracy to fix prices in the foam market, and to consider this irrelevant issue in making their decision.

---

[7] *See also, e.g., Walton v. Bridgestone/Firestone, Inc.*, 2009 WL 2778441, at *9 (D. Ariz. Jan. 16, 2009) (excluding references to "[p]laintiffs' plans for lawsuit proceeds or Plaintiffs' motives for initiating this action"); *Piontek v. I.C. Sys.*, 2009 WL 1044596, at *1 (M.D. Pa. Apr. 17, 2009) (holding that plaintiff's "motivation for . . . bringing the suit" was irrelevant); *Couch v. Vill. of Dixmoor*, 2006 WL 3409153, at *3 (N.D. Ill. Nov. 27, 2006) (granting plaintiffs' motion to "exclude evidence as to 'plaintiff's motives for filing suit,'" as a party may not "impugn the motives of any plaintiff for doing what the law not only permits but encourages: the pursuit of his or her perceived rights through litigation").

[8] The fact that the Fifth Amendment invocations (and any inferences that reasonably could be drawn therefrom) are not relevant to any legitimate issue in the litigation distinguishes this case from those on which Dow relies. For example, in *Penfield v. Venuti*, 569 F. Supp. 250 (D. Conn. 1984), the issue in the case was whether defendant had negligently injured plaintiff in a vehicular collision. The defendant invoked the Fifth Amendment when asked about the collision, and the court ruled that the jury could draw an adverse inference about the circumstances of the collision from the Fifth Amendment invocation. Here, by contrast, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

8

## II. DOW SHOULD BE PRECLUDED FROM USING THE VITAFOAM AND WOODBRIDGE WITNESSES' FIFTH AMENDMENT INVOCATIONS

The basis for exclusion of the Fifth Amendment invocations by the Vitafoam and Woodbridge witnesses is even more compelling than for the Carpenter witnesses, because none of the Vitafoam and Woodbridge witnesses who invoked the Fifth Amendment are on the witness list of either party. As Plaintiffs explained in their original Brief, the invocations of these witnesses cannot be the basis for any valid form of impeachment because the invocations cannot undermine the testimony of the witnesses themselves (as they will not testify) and cannot undermine the testimony of other witnesses who do testify (because the fact that other witnesses refused to testify does not contradict the testimony or undermine the veracity of the witnesses who testify). And they cannot be admitted into evidence because Dow did not designate any of the invocations for use at trial. Dow does not respond meaningfully to any of these arguments.

Instead, Dow argues in its Opposition Brief that the jury should be given a "limited instruction," to be "formulat[ed] . . . at trial,"[9] telling the jury "that Dow was denied the opportunity to gather evidence because key witnesses refused to testify on matters relevant to Dow's defense," so that the jury will not "wonder why Dow did not present the testimony of such witnesses, and speculate that their testimony must have been unfavorable to Dow." There are several fatal flaws in Dow's argument.

First, as explained above, Dow was not "denied the opportunity to gather evidence." The MDL Court ruled that Dow received all the discovery to which it was entitled. Dow states that it

---

[9] Dow erroneously relies on *Hartford Steam Boiler Inspection & Ins. Co. v. International Glass Products, LLC*, 2014 WL 109078 (W.D. Pa. Jan. 10, 2014), for the proposition that the court should wait until trial to assess any prejudice to Dow and determine what if any adverse inference instruction should be given. However, the *Hartford Steam* court reserved judgment on determining prejudice and deciding whether to impose sanctions because the case was still in the midst of discovery. Here, discovery is concluded and the MDL Court has already determined that Dow suffered no significant prejudice in defending this action as a result of the Fifth Amendment invocations, so there is no reason to postpone ruling on this motion.

asked each of the witnesses who invoked their Fifth Amendment rights a litany of deposition questions that they did not answer, Opp'n at 8-9, but Dow makes no showing that it failed to obtain the same information from other witnesses.[10]

Second, satisfying the jury's curiosity as to why certain witnesses did not testify is not a valid reason to give a jury instruction. There is no basis to believe that the jury would expect Dow to call employees of Plaintiffs as witnesses, or think badly of Dow for failing to do so. Notwithstanding Dow's efforts to distract attention from its own conduct, there is very little about Plaintiffs' conduct that has any relevance to Dow's liability, or that the jury would expect to hear about from witnesses called by Dow.

Moreover, giving the jury an instruction to the effect that "key witnesses" who were present or former employees of Plaintiffs "refused to testify on matters relevant to Dow's defense" would be unfairly prejudicial to Plaintiffs.[11] At best, the jurors would speculate that the reason for the witnesses' refusal to testify was that they invoked the Fifth Amendment or that their testimony would have been unfavorable to Plaintiffs — which, as explained above, would be unfairly prejudicial. At worst, the jurors would concoct more sinister, counterfactual reasons for the witnesses' refusal to testify, the significance of which would only be magnified by the

---

[10] Moreover, as discussed above, many of the questions that Dow complains it did not receive answers to relate to topics, such as "Vita and Woodbridge's motivations for bringing the suit against Dow in the first place," Opp'n at 9 n.15, that are not relevant to this case.

[11] By contrast, with respect to the Bayer witnesses who invoked the Fifth Amendment, the parties agreed to the following instruction: "Several potential witnesses from chemical manufacturers have not testified in this matter. Neither Dow nor the Plaintiffs are responsible for the failure of these potential third-party witnesses — including, in particular, the Bayer Witnesses — to testify. As a result, you should draw no inference either for or against the Plaintiffs or Dow based on these witnesses' failure to testify." Letter from D. Bernick to J. Johnson at 2 (Aug. 6, 2015) (Ex. A to Pls.' Br.); Letter from J. Johnson to D. Bernick at 2 (Aug. 11, 2015) (Ex. A hereto). During the meet-and-confer process, however, Dow refused to agree to a similarly even-handed instruction with respect to the present and former employees of Plaintiffs who invoked the Fifth Amendment. Ex. A to Pls.' Br. at 2.

10

greater importance that the jury would attach to a judicial instruction singling out these witnesses.[12]

In sum, the Fifth Amendment invocations of the Woodbridge and Vitafoam witnesses, like those of the Carpenter witnesses, are not admissible, are not proper impeachment evidence, and do not warrant an adverse inference instruction.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' original Brief, Plaintiffs respectfully request that Dow be precluded from introducing evidence or argument regarding the invocation of the Fifth Amendment by Carpenter, Woodbridge or Vitafoam witnesses, including any reference to any witnesses declining to provide testimony against Dow.

                                                   CARELLA, BYRNE, CECCHI,
                                                   OLSTEIN, BRODY & AGNELLO
                                                   *Attorneys for Plaintiffs*

                                        By:    /s/ James E. Cecchi
                                                  JAMES E. CECCHI

DATED:  October 15, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200

*Attorneys for Plaintiffs*

---

[12]    Dow is vague as to the language of the instruction it requests, at some points arguing that the jury should be instructed that "Dow was denied the opportunity to gather evidence because key witnesses refused to testify," Opp'n at 8-9, and at other points suggesting that the jury should "simply be informed that [certain present and former employees of Plaintiffs] have declined to participate in the case," Opp'n at 2, 10.  The latter formulation, while less extreme than the former, would also be unfairly prejudicial because it would invite the jury to speculate as to why these witnesses "declined to participate," and suggest that it must be for some nefarious reason.