UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM)(MF) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO
THE DEPARTMENT OF JUSTICE INVESTIGATION AND ITS RESULT**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiffs*


## **TABLE OF CONTENTS**

                                                                                     **PAGE**

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

LEGAL ARGUMENT ................................................................................................................... 2

I.      DOW SHOULD BE PRECLUDED FROM TELLING THE JURY THE RESULT OF THE DOJ INVESTIGATION OF DOW AND ITS CO-CONSPIRATORS ............... 2

II.     DOW SHOULD NOT BE ALLOWED TO USE IMMUNITY AGREEMENTS TO "IMPEACH" WITNESSES ....................................................................................... 3

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*In re High Fructose Corn Syrup Antitrust Litig.,* 295 F.3d 651 (7th Cir. 2002) ..............................2

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2011 WL 1219238
 (N.D. Cal. Jan. 12, 2011) ..........................................................................................................6

*In re Urethane Antitrust Litig.*, 2013 WL 2097346 (D. Kan. May 15, 2013),
 amended 2013 WL 3879264 (D. Kan. July 26, 2013), *aff'd on other grounds*,
 768 F.3d 1245 (10th Cir. 2014) ................................................................................................6

*In re Urethane Antitrust Litig.*, 2013 WL 3879264 (D. Kan. July 26, 2013) ..................................6

*In re Urethane Antitrust Litig.*, 768 F.3d 1245 (10th Cir. 2014) ................................................1, 6

*Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) ..............................................................................3

*U.S. ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12 (D.D.C.
 2008) .........................................................................................................................................2

**RULES**

Fed. R. Evid. 402 .............................................................................................................................5

Fed. R. Evid. 403 .............................................................................................................................5

# INTRODUCTION

While not to be encouraged, at least Dow's sophistry is transparent. Although conceding that it cannot argue "to the jury that the DOJ's decision to refrain from prosecution means that there must not have been a conspiracy or that Dow must not have participated in it," Def. Dow Chemical Co.'s Opp'n Pls.' Mot. *In Limine* "To Preclude Evidence and Argument Relating to the Dept. of Justice Investigation and Its Result" [hereinafter "Opp'n"] at 2, Dkt. 132, Dow goes on to assert that the jury should nonetheless be told of "the DOJ's decision to refrain from prosecution" for the purpose of impeaching witness credibility. *Id.* As explained below, the DOJ's decision not to prosecute has nothing to do with any impeachment issue.

There is no logical connection between (1) "the DOJ's decision to refrain from prosecution," (2) that "certain witnesses" were granted immunity by the DOJ in exchange for their truthful cooperation, and (3) the unrelated testimony of those witnesses in this case. The fact that Dow tries to link these disconnected facts reveals Dow's true purpose: to suggest to the jury that Dow is innocent because the DOJ declined to prosecute. This is improper and should not be permitted, irrespective of the Court's views on the impeachment issue.

Dow already made this illogical argument in the class action trial, and failed. United States District Court Judge John Lungstrum twice concluded that the same questions should be excluded for the same reasons they should be excluded in this case. Dow argues that Judge Lungstrum got it wrong, Opp'n at 7-8, yet no error was raised on appeal or found by the Tenth Circuit, which ultimately affirmed the class action verdict, *see In re Urethane Antitrust Litig.*, 768 F.3d 1245 (10th Cir. 2014). Plaintiffs' motion *in limine* should be granted and all evidence of the DOJ investigation or its results (including any grant of immunity) should be excluded from the trial in this case.

## **LEGAL ARGUMENT**

**I.     DOW SHOULD BE PRECLUDED FROM TELLING THE JURY THE RESULT OF THE DOJ INVESTIGATION OF DOW AND ITS CO-CONSPIRATORS**

Dow agrees that it cannot use the fact that the DOJ closed its investigation of Dow and its co-conspirators to suggest that Dow is not liable for antitrust violations or that there was no conspiracy.  Opp'n at 1-2.  It argues, however, that the *outcome* of the DOJ investigation "must nevertheless be admitted at trial because of its admissibility for the purpose for which Dow actually intends to use it — to impeach witness credibility."  *Id.* at 2.  Dow then devotes the remainder of its Opposition to a discussion of the purported reasons that it should be allowed to introduce testimony regarding Lawrence Stern's grant of immunity from the DOJ.  *Id.* at 2-7.

Right from the start, Dow's argument is unsound.  Regardless of whether Dow should be allowed to introduce evidence that a witness was granted immunity in exchange for cooperation in another proceeding (which, as demonstrated below, it should not), the outcome of the DOJ investigation has no bearing on this issue.  Nothing in Dow's Opposition points to a logical connection between impeaching Mr. Stern's credibility with the grant of immunity, and informing the jury that the DOJ declined to prosecute Dow.  Dow is simply making a naked attempt to put before the jury the DOJ's prosecutorial decision, a fact that has no probative value in this civil antitrust price-fixing case.  *See, e.g.*, *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664-65 (7th Cir. 2002) (many factors could have entered into the DOJ's decision not to prosecute, including limited resources and the ability of private litigants to bring a civil action); *U.S. ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 20 (D.D.C. 2008) ("Without knowing the actual motivation behind the government's nonintervention, evidence of its nonintervention is not probative of how the government appraised the merits of this case and is therefore not relevant.").  In fact, as the Supreme Court has recognized, Congress authorized

private damage actions like this specifically to supplement the "limited resources available to the Department of Justice for enforcing the antitrust laws and deterring violations." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979).

Dow tries to bootstrap a connection between the immunity grant and the DOJ's prosecutorial decision by proposing a jury instruction that would first unnecessarily tell the jury that the DOJ decides not to prosecute cases for a number of reasons, and then would tell it that evidence of the DOJ investigation should only be considered for purposes of impeaching Mr. Stern's credibility. Opp'n at 6. Yet Dow never explains why the jury needs to know that the DOJ declined prosecution in order to make the point it wishes to make about Mr. Stern's immunity. In short, whether or not impeachment is proper, the result of the DOJ investigation is immaterial to that impeachment.

Further, Dow would be unable to use Mr. Stern's testimony to discuss the outcome of the DOJ investigation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Stern Dep. vol. 1, 207:4-10, 12-18, Nov. 2, 2009 (Ex. A hereto), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Stern Dep. vol. 4, 1138:14-22, Nov. 5, 2009 (Ex. C to Pls.' Br. Supp. Mot. *In Limine* To Preclude Evidence and Argument Relating to the Dept. of Justice Investigation and Its Result [hereinafter "Pls.' Br."]). Because Dow offers no other reason that the "DOJ's decision to refrain from prosecution" is relevant beyond its untenable argument that it is necessary to impeach Mr. Stern, any reference to the outcome of the DOJ investigation should be excluded from this trial.

II. **DOW SHOULD NOT BE ALLOWED TO USE IMMUNITY AGREEMENTS TO "IMPEACH" WITNESSES**

Dow maintains that it should be able to tell the jury that "certain witnesses" received immunity from the DOJ in exchange for cooperation, although its Opposition exclusively

3

focuses on Mr. Stern's testimony. Boiled down, Dow would like to argue that ███████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████ Opp'n at 3-4. First, the website referenced by Dow for the proposition that leniency is only available to those who admit "wrongdoing" merely reflects general policies and in no way illuminates the specifics of Mr. Stern's immunity agreement with the DOJ.[1] ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████ Letter from Richard S. Rosenberg to James R. Loftis, III (Dec. 14, 2005) (Ex. B hereto).

Moreover, Dow would like to impeach Mr. Stern's credibility by informing the jury that he received immunity in exchange for his testimony. The testimony that Plaintiffs seek to admit (and Dow seeks to impeach), however, is not Mr. Stern's testimony or statement to the DOJ pursuant to the immunity agreement, but his deposition testimony in *this case*. Finally, while Dow asserts in its Opposition that ████████████████████████████████████████ ███████████████████████████████████ the testimony Dow designated for that point does not establish it. Stern Dep. vol. III, 1017:5-22, Nov. 4, 2009 (Ex. A to Opp'n) (██████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████);

---

[1] ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████

4

*id.* 1018:1-1020:20 (███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████).

Dow twice argued in the class case that Mr. Stern's agreement with the DOJ should be admitted and twice Dow lost before Judge Lungstrum. First, in his rulings on the *in limine* motions, Judge Lungstrum concluded there was no "logical connection between what Stern is saying here, his Justice Department immunity, and his credibility, even in light of his business success." Mot. *in Limine* Conference Before Hon. John W. Lungstrum Tr. 54:3-55:6, Jan. 9, 2013 (Ex. A to Pls.' Br.). Judge Lungstrum found that it would be unfairly prejudicial and "circuitous" to allow evidence of immunity to impeach testimony in a different case. *Id.* 54:17-22. After trial, in ruling against Dow on its Motion for a New Trial, Judge Lungstrum again addressed the issue of impeaching Mr. Stern's credibility. Citing Federal Rules of Evidence 402 and 403, Judge Lungstrum concluded that the Court did not err in excluding evidence of Mr. Stern's immunity, stating, in part:

> Both before trial and in this briefing, Dow was unable to explain how there was a link between Mr. Stern's agreement and his credibility at trial. Dow's suggestion that Mr. Stern had a motive to "embellish" his story to the DOJ is pure speculation, as Dow has no information concerning the terms or conditions of Mr. Stern's immunity agreement and his provision of information to the DOJ. . . . Dow cannot say whether that general requirement [that a person must admit participation in a criminal antitrust violation in order to secure an immunity agreement] was followed in Mr. Stern's case . . . . Mr. Stern's agreement required him to tell the truth. Thus, the Court concludes that Mr. Stern's incentive to be truthful in talking to the DOJ was just as strong, if not stronger, than any incentive to "embellish" or lie at that time. For that reason, the evidence was not relevant under Rule 402.
>
> Finally, . . . any minimal probative value of this evidence was substantially outweighed by a danger of unfair prejudice, confusion, and undue delay. Specifically, plaintiffs would have suffered unfair prejudice from a suggestion (clearly intended by Dow) that Mr. Stern somehow acted improperly in seeking an immunity agreement or that he lied to gain an immunity deal, in the absence of evidence to that effect. In addition, the admission of such evidence would

5

> unnecessarily have prolonged the trial and possibly confused the jury, as parties would then have been forced to litigate and argue about the reasons why a person might enter into an immunity agreement and the DOJ's practice in offering such agreements.

*In re Urethane Antitrust Litig.*, 2013 WL 2097346, at *12-13 (D. Kan. May 15, 2013) (citations omitted), *amended* 2013 WL 3879264 (D. Kan. July 26, 2013), *aff'd on other grounds*, 768 F.3d 1245 (10th Cir. 2014).[2]

While Dow argues that this Court is not bound by Judge Lungstrum's decision and should disregard it, the facts, testimony, and Dow's arguments are identical to those before Judge Lungstrum.  Judge Lungstrum had the opportunity to twice consider the matter, and Dow had the opportunity to twice argue the matter, but lost both times.  As there, Dow is seeking to "impeach" Mr. Stern's credibility by introducing a grant of immunity in a different proceeding, in exchange for which Mr. Stern gave testimony.  But, as Judge Lungstrum pointed out, such impeachment would be "circuitous," given that neither Plaintiffs nor Dow have access to Stern's statements or testimony to the DOJ and given that Dow is trying to tie evidence of Stern's immunity to testimony in an altogether different case.  Allowing Dow to introduce such evidence would present a high risk of jury confusion with very little (if any) probative value.

---

[2] *See also In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2011 WL 1219238, at *1 (N.D. Cal. Jan. 12, 2011) (denying request to use leniency agreement to impeach certain witnesses at trial because the agreement did not "provide a proper basis for impeachment," as "the agreement require[d] 'truthful' and 'candid' cooperation with the DOJ, and expressly bar[red] cooperating witnesses from falsely protecting or falsely implicating any person").

## **CONCLUSION**

For the foregoing reasons and the reasons stated in Plaintiffs' original Brief, Plaintiffs respectfully request that the Court grant their motion *in limine* and exclude from the trial in this matter any and all mention of, or evidence related to, the DOJ investigation of Dow and its alleged co-conspirators, including but not limited to the result of that investigation and the DOJ's grant of immunity to Larry Stern.

                        CARELLA, BYRNE, CECCHI,
                        OLSTEIN, BRODY & AGNELLO
                        *Attorneys for Plaintiffs*

                        By:   /s/ James E. Cecchi
                              JAMES E. CECCHI

DATED:  October 15, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200

*Attorneys for Plaintiffs*