UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE URETHANE ANTITRUST
LITIGATION

Master Docket No. 08-5169 (WJM)(MF)

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO PRECLUDE USE OF EXCERPTS FROM THE DEPOSITIONS OF
LYNN SCHEFSKY AND TOM MCCORMICK THAT VIOLATE THE MDL COURT'S
DISCOVERY ORDER DATED JULY 25, 2013**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068-1739
(973) 994-1700

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW.
Washington, DC 20006
(202) 420-2200

*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ..................................................................................................................1

LEGAL ARGUMENT ............................................................................................................2

I.      PLAINTIFFS' ADMISSIBILITY OBJECTIONS ARE APPROPRIATE ..........................2

          A.      Dow's Defense of Its Questions of Stephanie Barbour Is Premature .......................2

          B.      Dow Misunderstands the Scope of the Deposition Order ........................................2

          C.      Dow Does Not Deny That Plaintiffs' Cross-Examination Questions Were Within the Scope Permitted Under Fed. R. Evid. 611 .............................................3

II.     DOW'S TIMELINESS OBJECTIONS SHOULD BE REJECTED .................................4

CONCLUSION .......................................................................................................................5

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                              **PAGE(S)**

*Davis v. Alaska*, 415 U.S. 308 (1974)..................................................................................3

*Hussey v. Chase Manhattan Bank*, 2005 WL 1787571 (E.D. Pa. July 27, 2005)............................3

*Perry v. Leake*, 488 U.S. 272 (1989) ...................................................................................3

**RULES**

Fed. R. Civ. P. 30(c)(2)........................................................................................................3

Fed. R. Civ. P. 32(a) ............................................................................................................1

Fed. R. Evid. 611 .........................................................................................................1, 3, 4

**OTHER AUTHORITIES**

5 J. Wigmore, *Wigmore on Evidence* §1367 (J. Chadbourn rev. 1974) ..........................................3

## **INTRODUCTION**

Dow's Opposition ignores the fundamental fairness problems that form the core of Plaintiffs' *in limine* motion to preclude Dow from introducing excerpts of deposition testimony from two of its former in-house lawyers. The problem with the designated testimony is not just that Dow's counsel asked questions that exceeded the scope of the MDL Court's July 25, 2013 Order ("Deposition Order"). Dow's counsel also improperly instructed those witnesses not to answer Plaintiffs' cross-examination questions regarding the subject matter of Dow's overbroad examination and matters affecting the witnesses' credibility. *See* Fed. R. Evid. 611(b).

Dow should not be permitted to introduce such one-sided videotaped deposition testimony from its former lawyers. Dow could not get away with such tactics in the courtroom, and the Federal Rules only permit deposition testimony to the extent it would be admissible "if the deponent were present and testifying." Fed. R. Civ. P. 32(a). The Court should therefore exercise its right to ensure the testimony is "effective for determining the truth." Fed. R. Evid. 611(a)(1).

The Court should also reject Dow's assertion that Plaintiffs waived their right to object to admissibility by declining to file a discovery motion in the MDL Court. The Deposition Order on which Dow relies did not require such a motion, nor does Dow give any indication why the MDL Court, rather than the trial court, would have been the appropriate forum to determine questions of admissibility. At the time of the depositions, Plaintiffs were attempting to overcome Dow's efforts to stall remand to this Court. Filing unnecessary motions in the MDL Court would only have further delayed remand.

## LEGAL ARGUMENT

### I. PLAINTIFFS' ADMISSIBILITY OBJECTIONS ARE APPROPRIATE

#### A. Dow's Defense of Its Questions of Stephanie Barbour Is Premature

Although Plaintiffs' motion *in limine* only concerns the depositions of Dow's former in-house lawyers, Dow devotes a significant amount of time seeking to defend its improper questioning of another witness, Stephanie Barbour. Def. Dow Chemical Co.'s Opp'n Pls.' Mot. *In Limine* "To Preclude Use of Excerpts from the Depositions of Lynn Schefsky and Tom McCormick That Violate the MDL Court's Discovery Order Dated July 25, 2013" [hereinafter "Opp'n"] at 4-5, D.N.J. Dkt. 133. As Plaintiffs previously explained, the parties have agreed to deal with those issues in the ordinary deposition designation process because Ms. Barbour's deposition raises issues that are more fact-intensive and do not lend themselves to the same categorical treatment as the problems with the depositions of Dow's prior lawyers.

#### B. Dow Misunderstands the Scope of the Deposition Order

Dow overstates the scope of the MDL Court's Deposition Order in two ways. First, it misinterprets a parenthetical in the Deposition Order, which gave Dow a limited right to conduct discovery "into the allegations that Ms. Barbour made about anti-competition matters in 2004 (as compared to her statements in her 2010 deposition)." Order at 21, July 25, 2013, D. Kan. Dkt. 2960. The purpose of the parenthetical was to juxtapose the permissible — discovery that Dow short-circuited with its prior assertion of privilege — against the impermissible — discovery that Dow could have pursued before it withdrew its privilege assertion. It was not, as Dow claims, an invitation to conduct discovery it chose not to pursue before the fact-discovery deadline expired. Opp'n at 5.

Second, Dow claims the Deposition Order implicitly authorized it to ask "foundational" and "context" questions unrelated to Ms. Barbour's 2010 deposition. Again, Dow could have

2

asked all of these questions before the close of fact discovery (and before it lost the class action trial).

### C. Dow Does Not Deny That Plaintiffs' Cross-Examination Questions Were Within the Scope Permitted Under Fed. R. Evid. 611

If Dow had only exceeded the Deposition Order but permitted cross-examination regarding the subject matters it improperly raised on direct examination, Plaintiffs might not have brought this *in limine* motion. But Dow chose to instruct those witnesses not to answer Plaintiffs' questions that were well within the scope of Dow's direct examination.

Dow relegates to a footnote its response to this critical problem. It argues only that the cross-examination went beyond the bounds of the Deposition Order. Opp'n at 6 n.6. Dow never confronts the fact that Plaintiffs' cross-examination was permissible because it related to matters within the scope of Dow's overbroad direct examination. *See* Fed. R. Evid. 611(b).

The Court undoubtedly knows the importance of cross-examination. The Supreme Court has called it a "vital feature of the law" and an "age-old tool for ferreting out truth in the trial process." *Perry v. Leake*, 488 U.S. 272, 283 n.7 (1989); *Hussey v. Chase Manhattan Bank*, 2005 WL 1787571, at *4 (E.D. Pa. July 27, 2005). The respected treatise, *Wigmore on Evidence*, calls cross-examination the "greatest legal engine ever invented for the discovery of truth." 5 J. Wigmore, *Evidence* §1367 (J. Chadbourn rev. 1974). It is the "principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

The Federal Rules do not give counsel the right to instruct witnesses not to answer questions that purportedly exceed the scope of direct. *See* Fed. R. Civ. P. 30(c)(2). By improperly instructing Messrs. Schefsky and McCormick not to answer proper cross-examination questions, Dow affirmatively interfered with Plaintiffs' ability to ferret out the truth.

3

Dow compounds that error by now seeking to introduce one-sided excerpts of those depositions. The jury should not be exposed to such biased evidence and the Court is under no obligation to permit it.  Fed. R. Evid. 611.

## II.     DOW'S TIMELINESS OBJECTIONS SHOULD BE REJECTED

In an effort to shift the focus away from its misconduct, Dow argues that Plaintiffs waived their trial objections because they did not choose to file a discovery motion with the MDL Court.  That argument lacks any legal support or validity.

As explained in Plaintiffs' original Brief, Dow sought the Deposition Order long after the discovery deadline expired.  Plaintiffs opposed Dow's request because it would delay the remand of their cases to this Court for trial.  Over Plaintiffs' objection, the MDL Court allowed Dow to pursue "limited" discovery, and did not set "stringent limits on the means and manner — as opposed to the content — of discovery."  Recognizing that the means and manner could be abused to further delay the matter, Magistrate Judge O'Hara merely authorized either side to seek the Court's help to address any abuse of the "the limited extension of the *discovery deadline* granted in this order."  Opp'n at 6 (emphasis added).  Dow's overbroad examination and its instructions not to answer were improper but they did not affect the discovery deadline or the remand date.

The discovery motion that Dow now claims Plaintiffs should have filed, in fact, would only have further delayed remand.  And for what?  Plaintiffs could have filed a motion to strike with the MDL Court, but there was no way to know at the time that Dow would later seek to designate the overbroad testimony for trial and, in any event, the trial court is obviously better positioned to determine questions of admissibility.

Plaintiffs objected at the time of the deposition to Dow's tactics, but properly allowed it to go forward subject to those objections.  Plaintiffs made no express waiver of their right to

4

object at trial to admissibility, and Dow has not cited any authority for the proposition that Plaintiffs impliedly waived their trial objections by declining to further delay remand with discovery motions.

Dow, of course, bears the burden of establishing the admissibility of evidence it seeks to introduce at trial. It cannot do so and has no one to blame but itself for that inability.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' original Brief, Plaintiffs respectfully request that the Court grant Plaintiffs' motion *in limine* to preclude deposition testimony of Lynn Schefsky and Tom McCormick that exceeds the scope permitted by the Deposition Order of the MDL Court.

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
*Attorneys for Plaintiffs*

By:   /s/ James E. Cecchi
        JAMES E. CECCHI

DATED:  October 15, 2015

Jeffrey M. Johnson
Richard J. Leveridge
Elaine Metlin
James R. Martin
Adam Proujansky
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200

*Attorneys for Plaintiffs*