## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF) <br><br> *Document Filed Electronically* |

## REPLY IN SUPPORT OF DEFENDANT THE DOW CHEMICAL COMPANY'S MOTION *IN LIMINE* CONCERNING ANTITRUST COMPLIANCE POLICIES [#2] (DKT. 116)

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

                                                  **Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    I.     PLAINTIFFS MISCHARACTERIZE THE SCOPE AND POTENTIAL EFFECT OF DOW'S MOTION ........................................................................................ 1

    II.    PLAINTIFFS MISCHARACTERIZE THE CLASS TRIAL TRANSCRIPT .................. 3

    III.   THE ACTUAL EVIDENCE DOW SEEKS TO EXCLUDE IS IRRELEVANT AND UNFAIRLY PREJUDICIAL .................................................................................. 5

    IV.   PLAINTIFFS' RELEVANCE ARGUMENTS ARE MISPLACED ................................ 7

    V.    PLAINTIFFS MISCHARACTERIZE THE CASE LAW .................................................. 9

    VI.   EVIDENCE REGARDING OTHER COMPANIES' ANTITRUST POLICIES IS IRRELEVANT AND UNFAIRLY PREJUDICIAL ........................................................ 10

    VII.  A LIMITING INSTRUCTION WOULD NOT BE SUFFICIENT ................................. 11

CONCLUSION ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Burns v. Benik*,
  No. 04-582, 2007 WL 3342579 (E.D. Wis. Nov. 5, 2007)..........................................................9

*In re Aspartame Antitrust Litig.*,
  416 F. App'x 208 (3d Cir. 2011) ...............................................................................................8

*In re Chocolate Confectionary Antitrust Litig.*,
  Nos. 14-2790–14-2795, 2015 WL 5332604 (3d Cir. Sept. 15, 2015) ........................................5

*In re Elec. Carbon Prods. Antitrust Litig.*,
  333 F. Supp. 2d 303 (D.N.J. 2004) ............................................................................................8

*In re Linerboard Antitrust Litigation*,
  504 F. Supp. 38 (E.D. Pa. 2007) ................................................................................................9

*J & M Distributing, Inc. v. Hearth & Home Technologies, Inc.*,
  No. 13-72, 2015 WL 144797 (D. Minn. Jan. 12, 2015).....................................................10, 12

*Lawler v. Richardson*,
  No. 10-196, 2012 WL 2362383 (E.D. Pa. Jun. 20, 2012).........................................................11

*MM Steel, LP v. Reliance Steel & Alum. Co.*,
  No. 12-1227, 2013 WL 6588836 (S.D. Tex. Dec. 16, 2013).............................................10, 12

*Park West Radiology v. CareCore Nat'l LLC*,
  547 F. Supp. 2d 320 (S.D.N.Y. 2008).......................................................................................11

*Softball Country Club–Atlanta v. Decatur Fed. Sav. & Loan Ass'n*,
  121 F.3d 649 (11th Cir. 1997) ..................................................................................................11

*Transnor (Bermuda) Ltd. v. BP N. Am. Petroleum*,
  666 F. Supp. 581 (S.D.N.Y. 1987) .............................................................................................5

*United States v. Pernell*,
  No. 09-452, 2014 WL 2002210 (E.D. Va. May 15, 2014) .......................................................10

*United States v. Stora Enso North American Corp.*,
  No. 06-323, 2007 WL 1630366 (D. Conn. Jun. 5, 2007) ..................................................10, 12

**STATUTES**

15 U.S.C. § 1..................................................................................................................................7

15 U.S.C. § 15b..............................................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Evid. 103(d) ............................................................................................................9, 12

Fed. R. Evid. 402 ..................................................................................................................5, 11

Fed. R. Evid. 403 .........................................................................................................................6

Fed. R. Evid. 404(b) ....................................................................................................................8

Fed. R. Evid. 608 .........................................................................................................................9

## INTRODUCTION

Dow has moved to limit the way in which its antitrust compliance policy may be used at trial and also to exclude evidence of other companies' antitrust compliance policies. *See* Dow's Mot. (Dkt. 116). Dow's opening brief explained at length why the evidence at issue is irrelevant and unfairly prejudicial. *See* Dow's Initial Br. (Dkt. 116-1).

In response, Plaintiffs mischaracterize Dow's motion as seeking to exclude "*any* evidence" involving Dow's antitrust compliance policies. Pls.' Opp'n Br. (Dkt. 150) at 1 (emphasis added). They then proceed to catalog the evidence that would supposedly be excluded by Dow's motion—relying in large part on testimony that Plaintiffs do not even intend to use at trial. *See infra* at 2–3. Plaintiffs also misrepresent the record from the class trial, mischaracterize the case they claim "is most closely on point," and erroneously state there is not "a single [antitrust] case" supporting Dow's position. *See* Pls.' Opp'n Br. at 1–2. Moreover, Plaintiffs' illogical assertions of "relevance" confirm they intend to use this evidence for an improper and unfairly prejudicial purpose. *See id.* at 2–8. Dow's motion should be granted.

## ARGUMENT

**I.   PLAINTIFFS MISCHARACTERIZE THE SCOPE AND POTENTIAL EFFECT OF DOW'S MOTION.**

Although Plaintiffs contend that Dow's motion seeks to exclude "*any* evidence" involving Dow's antitrust compliance policy, Pls.' Opp'n Br. at 1 (emphasis added), the second sentence of Dow's opening brief stated unequivocally: "To be clear, Dow does not object to evidence that Dow had a Code of Business Conduct that, among other things, forbade Dow employees from 'engag[ing] in practices that are generally acknowledged to violate antitrust and competition laws.'" Dow's Initial Br. at 1. In fact, Dow offered to so stipulate. *Id.* at 1–2. Dow's motion *in limine* is targeted at a different set of evidence: "evidence regarding Dow's

*interpretation* of [the antitrust] laws, as well as its internal advice to employees on how to avoid conduct that could be *misconstrued* as a violation of the law." *Id.* at 1 (emphasis in original).[1]

Thus, Dow has not asked the Court to exclude all of Plaintiffs' Exhibit 277, contrary to Plaintiffs' contention. Pls.' Opp'n Br. at 3, 10 & n.7. Instead, Dow requested that *portions* of that document be excluded—namely, ███████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ████████ Dow's Initial Br. at 2. However, ███████████████ ██████████████████████████, would *not* be excluded.

Plaintiffs also argue that Dow's motion, if granted, would exclude certain testimony that Lynn Schefsky, a former Dow in-house lawyer, gave at the class trial. Pls.' Opp'n Br. at 3–4. But that testimony will not be presented to the jury in any event because both sides have designated Mr. Schefsky to testify, if at all, by video deposition, Final Pretrial Order (Dkt. 84) § 5 at 7, 14, and no party designated his testimony from the class trial or identified the transcript of that testimony as an exhibit, *id.* §§ 7–8 & related exhibits. It is thus unclear why Plaintiffs would even mention this testimony.

The same is true for Plaintiffs' discussion of pages 344 and 345 of David Fischer's April 30, 2010 deposition testimony. Pls.' Opp'n Br. at 4–5. Plaintiffs intend to present Mr. Fischer

---

[1] Dow also seeks to exclude "evidence regarding *other companies'* antitrust compliance policies." Dow's Initial Br. at 1. This issue is discussed in Section VI, *infra*.

by video deposition, and no party designated those pages of his deposition to be played at trial. Final Pretrial Order § 5 at 5; *id.* § 7 & related exhibits. The entire discussion is pointless.

## II. PLAINTIFFS MISCHARACTERIZE THE CLASS TRIAL TRANSCRIPT.

The parties here are not bound either by evidentiary positions taken in the class trial or by Judge Lungstrum's rulings on contested evidentiary issues in that trial—and Plaintiffs do not explicitly contend otherwise. Nevertheless, Plaintiffs claim that, in the class trial, Dow "stipulated to the admission of all of [Plaintiffs' Exhibit 277] except the last two pages," "raised no objection to the portion of the document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and objected ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pls.' Opp'n Br. at 8–9. These assertions are false.

Indeed, the transcript pages on which Plaintiffs rely show that Dow's counsel objected to admission of the "dos and don'ts"—which are not on the last two pages of the exhibit, as Plaintiffs contend, but rather on the preceding two pages, *see* Pls.' Opp'n Br., Ex. A (Dkt. 149-1)—and Dow's counsel also noted that the parties had reached "a specific agreement that [this section] would be taken out," Pls.' Opp'n Br., Ex. B (Dkt. 149-2) at 1169:23, 1170:9–13. In addition, Dow *did not* object to the portion of the exhibit entitled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but *did* object to the section on "the bottom of that page . . . and the top of the [next page]"—*i.e.*, the section entitled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* at 1169:25–1170:7; *see also* Pls.' Opp'n Br., Ex. A at TDCC_PU1771453–54. Thus, Dow's position here is consistent with the one it took in the class trial: the antitrust compliance policy in Dow's Code of Business Conduct may come in, but the ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ should stay out.

Plaintiffs' descriptions of Judge Lungstrum's rulings are also inaccurate. First, in admitting Plaintiffs' Exhibit 277 (Exhibit 2893 in the class trial), Judge Lungstrum overruled Dow's objections only "to the extent that this was simply communicated by the Dow folks to their people as to what Dow thought the law was." Pls.' Opp'n Br., Ex. B at 1170:19–22. Judge Lungstrum did not, as Plaintiffs contend, "stat[e] that the entire document . . . was relevant." Pls.' Opp'n Br. at 9. Actually, he said: "What Dow tells its people they think the law is may be a guidance to them, *and to the extent that's relevant*, it can come in." Pls.' Opp'n Br., Ex. B at 1170:25–1171:2 (emphasis added). Because the evidence Dow seeks to exclude is not relevant, it may not be admitted here. *See* Dow's Initial Br. at 1–4; *see also infra* at 5–9.

Second, Plaintiffs suggest that Judge Lungstrum approved of and allowed "extensive[]" questioning about Dow's "dos and don'ts," as well as testimony about whether certain conduct "violated Dow's compliance policies." Pls.' Opp'n Br. at 9. Again, they are wrong. While some such testimony occurred, Judge Lungstrum said he would have prevented it if an objection had been made. *See* Pls.' Opp'n Br., Ex. B at 1456:7–17 ("[T]he line of inquiry that you suggest you want to carry on here is impermissible in my opinion and I would sustain an objection to such questioning. We have had some of that yesterday, some of that went without objection. I didn't take the initiative to intervene because that's not my place, but upon proper objection I would sustain it."). He explained:

> *I think that's irrelevant, frankly. What this individual thinks is illegal or even violative of Dow policy is not relevant, in my opinion*, except to the extent, frankly, that Dow could argue, see, we knew so well that this was illegal that that probably never happened. But that's up to Dow if they don't want to let the evidence go any further on this point. *I see it as irrelevant. I think violation of Dow's antitrust policies is irrelevant as far as whether or not the law was violated. Dow is entitled to have antitrust policies that way exceed what the law requires, so I find that to be irrelevant in and of itself from the perspective of the plaintiffs.*

4

*Id.* at 1455:19–1456:7 (emphasis added).

In sum, even though it is not binding here regardless, the class trial record does not support Plaintiffs' claims that they should be given wide latitude to try to show and/or argue that Dow employees engaged in conduct inconsistent with Dow's antitrust policies and advice.

### III. THE ACTUAL EVIDENCE DOW SEEKS TO EXCLUDE IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.

As explained above, Plaintiffs' response fails to recognize the distinction between (1) the antitrust compliance policy in Dow's Code of Business Conduct, which simply required conformance with the law, and (2) evidence of Dow's *interpretations* of those laws and its guidance on how to avoid conduct that could be *misconstrued* as a violation of the law. Dow admits that the former may be admitted here. But the latter may not: such evidence is irrelevant, unfairly prejudicial, and should be excluded.

Dow's interpretations of the law are irrelevant because, under the Sherman Act, the relevant intent is intent to enter into an agreement, not intent to violate the law. *See In re Chocolate Confectionary Antitrust Litig.*, Nos. 14-2790–14-2795, 2015 WL 5332604, at *6 (3d Cir. Sept. 15, 2015) ("plaintiff need only prove that the defendants conspired among each other and that this conspiracy was the proximate cause of the plaintiff's injury"); *Transnor (Bermuda) Ltd. v. BP N. Am. Petroleum*, 666 F. Supp. 581, 583 (S.D.N.Y. 1987) (in price-fixing case, courts need not look into whether defendants can "justify their conduct by showing any procompetitive intent"). Thus, whether Dow or its employees believed that particular conduct constituted a violation of Section 1 has no bearing on any fact of consequence to the determination of this action. Fed. R. Evid. 402. Moreover, the risk of jury confusion from admitting Dow's interpretations of the law is obvious: this Court must define what the law is, and jurors ought not be tempted to apply some other definition, such as Dow's oversimplified, superficial

5

interpretations from more than a decade ago, rather than the more detailed and up-to-date instructions to be provided by this Court.[2] *See* Dow's Initial Br. at 2–3.

Plaintiffs discount this concern, arguing that "there is no logical reason that the jury will disregard the Court's instructions in favor of applying legal principles summarized in one of the hundreds of exhibits that may be introduced at trial." Pls.' Opp'n Br. at 8. But the issue is not the number of exhibits, but rather whether the risk of unfair prejudice substantially outweighs the probative value of the specific evidence at issue. Fed. R. Evid. 403. The answer to that question is yes, both because Dow's interpretations of the antitrust laws are of negligible probative value and because of the substantial risk of jury confusion and thus unfair prejudice. *See* Dow's Initial Br. at 2–3. Plaintiffs' speculation that one exhibit may get lost in the shuffle of "hundreds" of others is simply not a reason to ignore its prejudicial effect.

Dow's guidance to its employees on how to avoid conduct that could be misconstrued as a violation of the law is likewise irrelevant and unfairly prejudicial. *See generally id.* at 3–4. Indeed, the risk of jury confusion and unfair prejudice is even greater with respect to this category of evidence, because Dow's internal advice was never intended to be co-extensive with the Sherman Act. To the contrary, Dow recommended prophylactic measures to help avoid even false accusations of Sherman Act violations. *See, e.g.*, Pls.' Ex. A at TDCC_PU1771447–52; Pls.' Ex. C (Dkt. 149-3).

In their response, Plaintiffs focus on just one aspect of Dow's guidance—■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■—and insist there will be no prejudice because Plaintiffs "do not intend to

---

[2] There is apparently no dispute that differences between the two exist. Plaintiffs admit that they "do not intend to argue that Plaintiffs' Exhibit 277 sets forth the law that the jury should apply." Pls.' Opp'n Br. at 8.

argue at trial that failing to adhere to this thirty-day policy would violate the antitrust laws." Pls.' Opp'n Br. at 8 n.4. Despite this contention, however, this portion of the exhibit remains unfairly prejudicial, for it could be interpreted as setting forth legal requirements, as opposed to Dow's internal guidance. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was not the only way in which its guidance went above and beyond legal requirements. *See* Pls.' Opp'n Br., Ex. A at TDCC_PU1771447–52. Dow's brief made clear that this was just one example. *See* Dow's Initial Br. at 3 & n.1.

Apparently, except with respect to the advance notification provision, Plaintiffs *do* intend to argue that Dow employees violated the law if they engaged in conduct inconsistent with Dow's prophylactic advice. Indeed, Plaintiffs say that if the evidence shows communications "made in contravention of Dow's own policies," this would "support an inference of conspiracy." Pls.' Opp'n Br. at 6. This assertion is false: Section 1 of the Sherman Act does not prohibit *communications* with competitors, only certain types of *agreements*. *See* 15 U.S.C. § 1. Yet the statement shows beyond doubt that Plaintiffs intend to use Dow's internal guidance to its employees for an improper and unfairly prejudicial purpose: namely, to have jurors conflate and confuse prophylactic advice intended to avoid even accusations of misconduct with actual legal standards. Judge Lungstrum rightly prohibited this at the class trial, *see supra* at 4, and this Court should do likewise here.

IV. **PLAINTIFFS' RELEVANCE ARGUMENTS ARE MISPLACED.**

Plaintiffs' contention that Dow seeks to exclude relevant evidence regarding conspiracy, fraudulent concealment, intent, and/or credibility, Pls.' Opp'n Br. at 3, 6–8, cannot withstand scrutiny. First, Plaintiffs cannot infer a conspiracy from any alleged violation of Dow's guidance to its employees because, as explained above, conduct inconsistent with Dow's advice would not

7

necessarily violate the law. *See supra* at 5–7. Moreover, this proposed use would run afoul of Federal Rule of Evidence Rule 404(b), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Second, fraudulent concealment turns on such issues as whether Dow affirmatively concealed a price-fixing conspiracy from Plaintiffs and whether Plaintiffs discovered or should have discovered the basis for their claims earlier.[3] *See In re Aspartame Antitrust Litig.*, 416 F. App'x 208, 211 (3d Cir. 2011); *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 315 (D.N.J. 2004). The evidence Plaintiffs describe has nothing to do with these issues. For example, Plaintiffs contend ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[4] Pls.' Opp'n Br. at 7. But, even if true, this has nothing to do with fraudulent concealment, and, not surprisingly, in describing their fraudulent concealment claim in the Final Pretrial Order, Plaintiffs made no mention of it. *See* Final Pretrial Order § 4 at ¶¶ 528–41. Evidence that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ does not show that anyone fraudulently concealed an alleged price-fixing conspiracy from Plaintiffs.

Third, as noted above, under the Sherman Act, the relevant intent is intent to enter into an agreement. Whether Dow employees intended to violate Dow's internal policies or even the law is simply not relevant. *See supra* at 5–7.

---

[3] The doctrine of fraudulent concealment comes into play here because the statute of limitations on an antitrust claim is four years, 15 U.S.C. § 15b, and the first claim was filed on November 24, 2004; but (unlike the class plaintiffs) Plaintiffs seek damages all the way back to the beginning of 1994.

[4] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs concede these are contested facts. *See* Pls.' Opp'n Br. at 7 (citing only to Plaintiffs' statement of contested facts in the Final Pretrial Order).

Plaintiffs' final argument, that the evidence at issue goes to the credibility of Dow witnesses, fares no better. Plaintiffs' proposed attacks on the "credibility" and "veracity" of Dow witnesses are not legitimate grounds for impeachment, *see* Pls.' Opp'n Br. at 8, but rather improper attacks on those witnesses' general character for truthfulness—attempts to paint them as liars and bad actors. *See* Fed. R. Evid. 608 advisory comm. note (explaining Rule 608 absolutely prohibits evidence of specific instances of conduct "when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness"). Even where allowed, such evidence is subject to Rule 403's balancing test. *Id.* Here, any probative value is minimal and substantially outweighed by the obvious risk that jurors would conflate and confuse any violation of Dow's internal guidance with a violation of the law. Indeed, Plaintiffs make plain that they intend to appeal to that very instinct.

## V.     PLAINTIFFS MISCHARACTERIZE THE CASE LAW.

*In re Linerboard Antitrust Litigation*, 504 F. Supp. 38 (E.D. Pa. 2007), did not hold that antitrust compliance policies are relevant to prove conspiracy, as Plaintiffs state, but rather that in the circumstances of that case such policies were relevant to explain "why [a witness] felt uncomfortable" with a phone call he received from a competitor. *Id.* at 58 n.13. Furthermore, the court did not consider the risk of unfair prejudice or jury confusion, because the issue was whether the evidence could be considered *by the court* in ruling on defendants' motion for summary judgment. *Id.* Here, in contrast, the issue is whether similar evidence should go ***to the jury***, and therefore different considerations apply. *See* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."); *cf. Burns v. Benik*, No. 04-582, 2007 WL 3342579, at *5 (E.D. Wis. Nov. 5, 2007) (juries are more susceptible than judges to having difficulty disregarding evidence

9

which should have been excluded in the first place); *see also United States v. Pernell*, No. 09-452, 2014 WL 2002210, at *7 (E.D. Va. May 15, 2014) (recognizing "difficulty of jury's task where it is told to disregard certain evidence").

Plaintiffs also suggest that there is not "a single case" supporting Dow's position in "the antitrust context." Pls.' Opp'n Br. at 1. That is untrue. For instance, in *United States v. Stora Enso North American Corp.*, No. 06-323, 2007 WL 1630366 (D. Conn. Jun. 5, 2007), the court excluded two sections of the defendant's antitrust compliance policy because those sections "present[ed] legal conclusions as to the scope and meaning of the Sherman Act that would undermine the Court's role as the jury's sole source of law applicable to this case" and "create[d] a substantial risk of unfair prejudice" and "a significant risk that the jury [would] be misled as to the Sherman Act's proper scope and interpretation." *Id.* at *1; *accord MM Steel, LP v. Reliance Steel & Alum. Co.*, No. 12-1227, 2013 WL 6588836, at *3 (S.D. Tex. Dec. 16, 2013). And in *J & M Distributing, Inc. v. Hearth & Home Technologies, Inc.*, No. 13-72, 2015 WL 144797 (D. Minn. Jan. 12, 2015), cited by Plaintiffs, the court excluded portions of an antitrust compliance policy that were "irrelevant and could potentially confuse the jury." *Id.* at *2. In short, authority exists for the relief Dow seeks.

## VI. EVIDENCE REGARDING OTHER COMPANIES' ANTITRUST POLICIES IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.

Whether a *competitor's* communication violated its antitrust compliance *policy* is irrelevant to whether *Dow* violated the *law*, for reasons already stated. Moreover, any conceivable relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Admitting such evidence would unnecessarily require jurors to keep straight which policy applies to which company, whether a particular company's conduct violated the relevant policy, and whether the violation of the policy also constituted a violation of

the law.  *See Park West Radiology v. CareCore Nat'l LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) (advising against permitting "a multi-ringed sideshow of mini-trials on collateral issues pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in th[e] case"); *Softball Country Club–Atlanta v. Decatur Fed. Sav. & Loan Ass'n*, 121 F.3d 649, 653–54 (11th Cir. 1997) (affirming exclusion of evidence to avoid "a mini-trial on collateral matters that might have confused the issues before the jury, and surely would have taken significant time"); *Lawler v. Richardson*, No. 10-196, 2012 WL 2362383, at *4 (E.D. Pa. Jun. 20, 2012) (excluding evidence which would have caused "a mini-trial [that] would certainly have confused the jury, been overly-time consuming, and as a result, unfairly prejudicial" to the defendants).  Because whether Dow violated the law is the only relevant issue, the rest is both a waste of time and needlessly risks juror confusion.

## VII.  A LIMITING INSTRUCTION WOULD NOT BE SUFFICIENT.

If some portion of Plaintiffs' Exhibit 277 is admitted into evidence,[5] Dow does not object to a limiting instruction.  But with respect to *other* portions of that exhibit, and the other evidence Dow seeks to exclude by this motion, exclusion is required, because such evidence is irrelevant, *see supra* at 5–9, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Moreover, a limiting instruction would not adequately avoid unfair prejudice to Dow, because—as explained above—it would be extremely difficult if not impossible for the jury to distinguish alleged violations of antitrust compliance policies from alleged violations of the Sherman Act. The Court should order exclusion and/or redactions to avoid this risk, as other courts routinely do.  *See, e.g.*, *MM Steel*, 2013 WL 6588836, at *3 (excluding antitrust compliance policy); *Stora Enso*, 2007 WL 1630366, at *2 (excluding two sections of antitrust compliance policy); *J&M*

---

[5]  As noted above, Dow does not object to admission of the section entitled ███████ ████████████████████████. *See supra* at 2.

11

*Distrib.*, 2015 WL 144797, at *2–3 (requiring not only limiting instruction but also redactions); *see also* Fed. R. Evid. 103(d).

## CONCLUSION

For the foregoing reasons and those explained in its opening brief, Dow respectfully requests that this Court grant its motion *in limine* concerning antitrust policies.

Respectfully submitted,

| | |
|---|---|
| Dated: October 15, 2015<br>Newark, New Jersey | s/ Lawrence S. Lustberg<br>Lawrence S. Lustberg<br>Daniel J. McGrady<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ  07102<br>Telephone:  (973) 596-4500<br>Facsimile:  (973) 596-0545<br><br>David M. Bernick (*admitted pro hac vice*)<br>**DECHERT LLP**<br>1095 Avenue of the Americas<br>New York, NY  10036<br>Telephone:  (212) 698-3500<br>Fascimile:  (212) 698-3599<br><br>*Attorneys for Defendant*<br>*The Dow Chemical Company* |

## **CERTIFICATE OF SERVICE**

On October 15, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company
