## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08- 5169 (WJM)(MF) <br><br> *Document Filed Electronically* |

### DEFENDANT THE DOW CHEMICAL COMPANY'S REPLY IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE REFERENCES TO FORMER DEFENDANTS AS "DEFENDANTS" [#4] (DKT. 120)

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

    Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.      IT WOULD BE CONFUSING AND UNFAIRLY PREJUDICIAL FOR PLAINTIFFS TO REFER TO FORMER DEFENDANTS AS "DEFENDANTS" OR "CO-DEFENDANTS" ................................................................................................ 1

II.    A JURY INSTRUCTION ALONE IS INSUFFICIENT TO ADDRESS THE POTENTIAL UNFAIR PREJUDICE TO DOW ................................................................ 2

CONCLUSION ...................................................................................................................... 4


## **TABLE OF AUTHORITIES**

*Austin v. Hill*,
  No. 11-2847, 2014 WL 3054268 (E.D. Pa. July 7, 2014) ..........................................................3

*Mavrinac v. Emergency Med. Ass'n of Pittsburgh (EMAP)*,
  No. 04-1880, 2007 WL 4190714 (W.D. Pa. Nov. 21, 2007) ......................................................3

*Sweeten v. Layson's Home Improvements, Inc.*,
  No. 104-CV-2771, 2007 WL 1189359 (M.D. Pa. Apr. 19, 2007) .............................................3

## INTRODUCTION

To avoid jury confusion and unfair prejudice to Dow, Dow has moved to preclude Plaintiffs from referring to BASF SE, BASF Corporation, BASF Coordination Center Comm. V., Bayer AG, Huntsman International LLC, Lyondell Chemical Company, Jeanne-Pierre Dhanis, and/or Uwe Hartwig ("Former Defendants") as "defendants" or "co-defendants." *See* Dow's Initial Br. (Dkt. 120-1) at 1–3.  In response, Plaintiffs argue that: (1) it would be overly burdensome to apply such a rule to video deposition testimony; and (2) a jury instruction would be sufficient to address Dow's concerns.  To be clear, Dow seeks only to preclude Plaintiffs' counsel and live witnesses from referring to Former Defendants as "defendants" or "co-defendants" in open court.  Further, Dow agrees that a jury instruction is necessary to correct any confusion caused by such deposition testimony.  The best way to avoid unfair prejudice and lessen or eliminate any additional confusion, however, would be to supplement that instruction with an order precluding Plaintiffs' counsel and witnesses from making any other references to the Former Defendants as "defendants" or "co-defendants."

## ARGUMENT

**I.   IT WOULD BE CONFUSING AND UNFAIRLY PREJUDICIAL FOR PLAINTIFFS TO REFER TO FORMER DEFENDANTS AS "DEFENDANTS" OR "CO-DEFENDANTS."**

As Dow explained in its initial brief, references to Former Defendants as "defendants" or "co-defendants" would be both confusing to the jury and unfairly prejudicial to Dow because such references imply that the Former Defendants may have already been found liable and thus that Dow, as a participant in the same industry, should also be held liable.  Likewise, jurors may incorrectly infer the claims against the Former Defendants (and Dow) have merit because the

Former Defendants settled. For this reason, courts routinely prohibit references to former defendants who have settled their claims. Dow's Initial Br. at 3–4 (citing cases).[1]

In response, Plaintiffs tacitly acknowledge the prejudicial nature of such references and do not even attempt to explain how referring to the Former Defendants as "defendants" or "co-defendants" could have any relevance or probative value to their claims against Dow. Instead, they ask the Court to deny the motion simply because they "do not intend to *unnecessarily* use the terms 'defendants' and 'co-defendants' at trial, and will normally refer to each company by name"—without explaining how or why it might ever be "necessary" to do so. Pls.' Opp'n Br. (Dkt. 154) at 1 (emphasis added). In effect, they ask the court to leave the door open for prejudicial tactics without offering a single reason why using the terms "defendants" or "co-defendants" might be relevant, probative, or "necessary" in any way.

Plaintiffs' primary objection—that it would be unduly burdensome to edit video deposition transcripts to avoid use of the term "defendants" Pls.' Opp'n Br. at 1–3—is misplaced. Dow only seeks to exclude references to Former Defendants as "defendants" or "co-defendants" by Plaintiffs' counsel or live witnesses in open court, and agrees that a jury instruction should be given to correct confusion caused by such references in video deposition testimony.

## II.  A JURY INSTRUCTION ALONE IS INSUFFICIENT TO ADDRESS THE POTENTIAL UNFAIR PREJUDICE TO DOW.

As Plaintiffs acknowledge, given the video deposition excerpts that jurors will hear, a jury instruction is entirely appropriate to help alleviate the risk that jurors will draw improper inferences from the fact that Former Defendants are no longer in the case. Pls.' Opp'n Br. at 3–

---

[1] Plaintiffs suggest that these cases are "inapposite" because "none . . . are antitrust or conspiracy cases." *See* Pls.' Opp'n Br. at 4. The potential prejudice here, however—that a jury might infer that Dow is liable as a result of the actions of Former Defendants—is even *greater* in the conspiracy context.

4. But there is no need to add to that risk by allowing Plaintiffs' counsel and live witnesses to refer to other "defendants" or "co-defendants" at will in open court. The most effective way to limit unfair prejudice and confusion here would be to preclude Plaintiffs' counsel and witnesses from using these prejudicial terms or referring to previous settlements in open court and provide a supplemental jury instruction. *See Sweeten v. Layson's Home Improvements, Inc.*, No. 104-2771, 2007 WL 1189359, at *3 (M.D. Pa. Apr. 19, 2007) (precluding reference to prior settlements in the case because "the probative value of the settlements is substantially outweighed by the danger of unfair prejudice and misleading the jury" and "these issues cannot be cured by a limiting instruction").

Plaintiffs' reliance on *Mavrinac v. Emergency Medical Association of Pittsburgh (EMAP)*, No. 04-1880, 2007 WL 4190714 (W.D. Pa. Nov. 21, 2007) is misplaced. Pls.' Opp'n Br. at 3. In that case, the plaintiffs moved to exclude references to the fact that certain defendants had previously settled their claims. *Mavrinac*, 2007 WL 4190714 at *1. While the court agreed to provide a jury instruction, it *also* held that "at trial there will be no statement, evidence, argument or inference concerning the settlement by defendants." *Id.* at *2. Indeed, the court explained that "the prejudice created by admission of such evidence cannot be cured through a limiting instruction to the jury." *Id.*; *see also Austin v. Hill*, No. 11-2847, 2014 WL 3054268, at *5 (E.D. Pa. July 7, 2014) ("[A court] need not grant any party license to cause a harm merely because [the judge] may later cure it with a jury instruction. The risk of allowing an accumulation of improper statements to create a harm that would be insufficiently remedied by a curative instruction mitigates against allowing such statements before a jury at all.").

Here, the best way to avoid jury confusion and unfair prejudice to Dow is an order precluding Plaintiffs' counsel and witnesses from referring to the Former Defendants as

"defendants" or "co-defendants" in open court—particularly where, as here, Plaintiffs cannot offer a *single* reason why they should be permitted to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* to preclude Plaintiffs from referring to former defendants in this case as "defendants" or "co-defendants" should be granted.

Respectfully submitted,

Dated: October 15, 2015  By:  s/ Lawrence S. Lustberg
Newark, New Jersey           Lawrence S. Lustberg
                             Daniel J. McGrady
                             **GIBBONS P.C.**
                             One Gateway Center
                             Newark, NJ  07102
                             Telephone:  (973) 596-4500
                             Facsimile:  (973) 596-0545

                             David M. Bernick (admitted *pro hac vice*)
                             **DECHERT LLP**
                             1095 Avenue of the Americas
                             New York, NY  10036
                             Telephone:  (212) 698-3551
                             Facsimile:  (212) 698-3599

                             *Attorneys for Defendant*
                             *The Dow Chemical Company*

## **CERTIFICATE OF SERVICE**

On October 15, 2015, a copy of the foregoing was served on all counsel of record via email.

<div style="text-align:right">

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company

</div>