# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF) *Document Filed Electronically* |

## THE DEFENDANT THE DOW CHEMICAL COMPANY'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE URETHANE CLASS ACTION [#3] (Dkt. 118)

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.    PLAINTIFFS SHOULD NOT BE PERMITTED TO USE THE JURY VERDICT
IN THE CLASS CASE TO CROSS-EXAMINE DOW'S EXPERTS ............................. 3

II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO HAVE THEIR OWN
EXPERT IDENTIFY THE JURY VERDICT IN THE CLASS CASE AS A
BASIS FOR HER OPINIONS ......................................................................................... 5

CONCLUSION ...................................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Blakely v. City of Clarksville*,
    244 F. App'x 681 (6th Cir. 2007) .............................................................3

*Engquist v. Oregon Dep't of Agric.*,
    478 F.3d 985 (9th Cir. 2007) ............................................................3, 4

*Pineda v. Ford Motor Co.*,
    520 F.3d 237 (3d Cir. 2008)...............................................................5

*Smart Mktg. Grp., Inc. v. Pub. Int'l, Ltd.*,
    No. 04-146, 2014 WL 625321 (N.D. Ill. Feb. 18, 2014) ........................3

*United States v. Gaev*,
    No. 92-457, 1993 WL 147186 (E.D. Pa. May 5, 1993)..........................4

**Other Authorities**

Fed. R. Civ. P. 26...............................................................................5

Fed. R. Evid. 401 ..............................................................................3

Fed. R. Evid. 402 ..............................................................................3

Fed. R. Evid. 403 ..............................................................................3

Fed. R. Evid. 611 ..............................................................................3

Fed. R. Evid. 703 ..............................................................................5

## INTRODUCTION

Dow has moved pursuant to Federal Rules of Evidence 401, 402, 403, 611, and 703 for an order precluding Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from mentioning or referring to the existence or outcome of a class action that involved similar conspiracy allegations. *See* Dow's Mot. (Dkt. 118). Dow's opening brief explained that the existence and outcome of the class action are irrelevant, and that any probative value these facts would be substantially outweighed by the dangers of unfair prejudice and jury confusion. *See* Dow's Initial Br. (Dkt. 118-1).

Plaintiffs admit "that they have no intention to affirmatively raise the class trial." Pls.' Opp'n Br. (Dkt. 151) at 1. But this hollow assurance is made meaningless by their contention that if Dow presents any testimony from its experts or cross-examines Plaintiffs' expert at all, Dow will have "opened the door" and made the jury verdict in the class action relevant.[1] *Id.* at 1-7. As Plaintiffs themselves put it, their position is that Dow should be forced to acknowledge the jury verdict in the class action "when presenting its experts' opinions or in attacking the opinions of Plaintiffs' expert." *Id.* at 1.

This position is outrageous. While Plaintiffs can cross-examine Dow's experts using the factual record developed in discovery, the fact that a different jury, considering a different subset of the underlying discovery record, reached a verdict against Dow in a different case is not

---

[1] Specifically, Plaintiffs claim they are entitled to introduce the class verdict if Dow's economic expert on liability issues, Professor Kenneth G. Elzinga, testifies about his findings that the economic evidence is inconsistent with conspiracy, or fails to acknowledge "documents and testimony" that Plaintiffs say "show[s] the existence of a conspiracy"; or if Dow's damages expert, Dr. Keith R. Ugone, testifies that there were "insufficient factual bases for [Plaintiffs' expert] to conclude that a conspiracy caused Plaintiffs to pay overcharges"; or if Dow cross-examines Plaintiffs' expert "about the existence of facts sufficient to support her opinion that the [alleged] overcharges are attributable to the conspiracy." Pls.' Opp'n Br. at 7.

relevant here and, in fact, the MDL Court[2] has already held that it could have no preclusive effect in this case.  See Dow's Initial Br. at 2-3.  And that information would be so obviously and overwhelmingly unfairly prejudicial to Dow that in their response Plaintiffs simply ignored that point—they had literally nothing to say, even though the risk of unfair prejudice was a cornerstone of Dow's opening brief.

Plaintiffs argue that Dow's motion is "premature."  *See* Pls.' Opp'n Br. (Dkt. 151) at 1, 7. There is no foreseeable situation, however, in which the jury verdict in the class case would become relevant and Plaintiffs would be able to overcome the ban on the introduction of evidence that is substantially more prejudicial than probative.  Accordingly, the Court should decide the issue now and grant Dow's motion *in limine*.

## ARGUMENT

As Dow previously explained, the MDL Court held that the verdict in the class case would not have any preclusive effect in this case, because "the jury [in the class case] might have found a conspiracy limited in scope in such a way that it would not fall within the particular claim alleged by any particular direct-action plaintiff."  Dow's Initial Ex. C (Dkt. 118-4) at 10. The MDL Court also held that "there would be some danger of confusion and unfair prejudice to Dow if the jury [in this case] were told that some sort of conspiracy existed, at some time, involving some members and some products, but that the [direct action] plaintiffs were still required to prove the details of that conspiracy."  *Id*. at 11.  This ruling is the law of the case and binding on Plaintiffs.  *See* Dow's Initial Br. at 2-3.

In defiance of this ruling, Plaintiffs have repeatedly expressed their intent to mention the existence and outcome of the class case in connection with cross-examining Dow's experts and

---

[2] The United States District Court for the District of Kansas oversaw pretrial proceedings in both the class action and this case, as well as the trial of the class action.

presenting their own expert's testimony to the jury.  But they never address the effect of the MDL Court's ruling, they fail to establish relevance, and in fact they ignore the entire issue of unfair prejudice.  While the underlying evidence the jury in the class case considered in reaching its verdict might also be relevant here, the jury verdict *itself* has no bearing on the issues in this case and presents and overwhelming risk of unfair prejudice.  It is properly excluded.

## I.     PLAINTIFFS SHOULD NOT BE PERMITTED TO USE THE JURY VERDICT IN THE CLASS CASE TO CROSS-EXAMINE DOW'S EXPERTS.

Plaintiffs cannot demand that Dow's experts give the class verdict the very preclusive effect that the MDL Court determined it does not have.  Although experts can be cross-examined and impeached, courts can and should "exercise reasonable control" over the process, irrelevant evidence must be excluded, and even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 611, 402, 403.

Plaintiffs cannot overcome—and so fail to even address—the issue of prejudice.  Plaintiffs do not dispute that courts, including the Third Circuit, have held that a prior verdict against the same defendant is *precisely* the sort of evidence that gives rise to a significant risk of unfair prejudice.  *See* Dow's Initial Br. at 4-5 (citing cases).  Testimony about a prior verdict— particularly in a case involving near-identical claims—creates "a substantial risk that the jury [will] import the whole verdict," and no limiting instruction can "cure" the "resulting prejudice." *Blakely v. City of Clarksville*, 244 F. App'x 681, 684 (6th Cir. 2007); *see also Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007) ("Commentators agree that most courts forbid the mention of verdicts or damage amounts obtained in former or related cases."); *Smart Mktg. Grp., Inc. v. Pub. Int'l, Ltd.*, No. 04-146, 2014 WL 625321 at *4 (N.D. Ill. Feb. 18, 2014) (refusing to allow a defense expert to be cross-examined using an appellate decision on an

earlier verdict due to the fact that "the jury might be confused as to the proper weight to give such evidence" and the "inherent prejudice" that would result).   Exclusion is particularly appropriate where, as here, the underlying evidence that formed the basis for the jury's verdict in the earlier case is also available in the later case.   "The verdict itself [does] not possess such additional probative value . . . [as] to overcome the risk of prejudice and confusion that the verdict pose[s]."  *Engquist*, 478 F.3d at 1010.

The case cited by Plaintiffs, *United States v. Gaev*, No. 92-457, 1993 WL 147186 (E.D. Pa. May 5, 1993), is not to the contrary.  There, another district court allowed the ***guilty pleas*** of ***non-parties*** to come in for the limited purpose of testing an expert witness's hypothesis.  Thus, the *Gaev* decision neither addressed nor altered the established rule that prior jury verdicts against the same defendant have minimal probative value and are inherently unfairly prejudicial and confusing to a jury.

Further, Plaintiffs' position that the class verdict is somehow admissible with regard to the credibility of Dow's experts—while not being relevant on the merits—is nonsensical.  The class verdict bears no logical connection to Dr. Elzinga's or Dr. Ugone's expert opinions, which were based on their analyses of economic evidence relating to the alleged conspiracy period. Plaintiffs can cross-examine Dow's experts on their analyses of that evidence, or even on whether they should have considered other record evidence and whether it would change their conclusions, but the fact that, ten years after the alleged conspiracy period, a jury in the class

case found in favor of the class plaintiffs is irrelevant and will serve only to taint the jury's consideration of the evidence before it.[3]

## II.   PLAINTIFFS SHOULD NOT BE PERMITTED TO HAVE THEIR OWN EXPERT IDENTIFY THE JURY VERDICT IN THE CLASS CASE AS A BASIS FOR HER OPINIONS.

In two cursory sentences, Plaintiffs argue that if on cross-examination Dow challenges whether there is an adequate factual basis for the opinion of their expert, Dr. Leslie Marx, then she should be allowed to bolster her opinion by referring to the jury verdict in the class case. Pls.' Opp'n at 7.  Notably, however, Plaintiffs do not claim that the class verdict actually *was* a basis for Dr. Marx's opinion.  Nor could they:  the Federal Rules of Civil Procedure required Dr. Marx to disclose the bases for her opinion in her report,[4] and she did not identify the class verdict as one of them.  Nor did she do so in her deposition; instead she confirmed that there were no bases for her opinions beyond those disclosed in her report.  *See generally* Dow's Initial Br. at 7.

---

[3] Plaintiffs falsely claim Dr. Elzinga "agreed" that the class verdict would undermine his opinion. Pls.' Resp. at 3.  Dr. Elzinga acknowledged the verdict, but he did not concede that it meant his analysis was wrong.  As Dr. Elzinga explained in portions of his testimony that Plaintiffs selectively omitted from their Exhibit B:



Pls.' Opp'n Ex. B [2/26/14 Elzinga Dep.] at 32; *see also* Pls. Ex. B [5/3/12 Elzinga Dep.] at 253

[4] *See* Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii) (requiring that expert report disclose not only "all opinions the witness will express" but also "the basis and reasons for them" and "the facts or data considered by the witness in forming them").

Moreover, Plaintiffs ignore Rule 703, which provides that if an expert relies on facts or data that would otherwise be inadmissible, "the proponent of the opinion may disclose them to the jury *only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect*." Fed. R. Evid. 703 (emphasis added); *see also Pineda v. Ford Motor Co.*, 520 F.3d 237, 247 n.14 (3d Cir. 2008) (Rule 703 "clearly establishes a presumption against disclosure to the jury of otherwise inadmissible evidence"). Plaintiffs make no effort to argue that this condition is satisfied here. And for the reasons explained above and in Dow's opening brief, it is not.[5]

---

[5] In a footnote, Plaintiffs speculate that Dow may "open the door" in its cross-examination of Dr. Marx, and that if so Plaintiffs should be permitted to disclose the class verdict as "'information reasonably relied upon by [her].'" *See* Pls.' Opp'n. at 7 n.8. There are at least two problems with this argument. First, there is no conceivable reason Dow would refer to the jury verdict in the class case during its cross-examination of Dr. Marx. Second, as explained above, here the class verdict was not "reasonably relied upon" by Dr. Marx, because she has never identified it as a basis for her opinion.

## <u>CONCLUSION</u>

The Court should grant Dow's motion *in limine* to preclude references to the existence or outcome of the class action.

Respectfully submitted,

Dated: October 15, 2015        s/ Lawrence S. Lustberg
Newark, New Jersey             Lawrence S. Lustberg
                               Daniel J. McGrady
                               **GIBBONS P.C.**
                               One Gateway Center
                               Newark, NJ  07102
                               Telephone:  (973) 596-4500
                               Facsimile:  (973) 596-0545

                               David M. Bernick (admitted *pro hac vice*)
                               **DECHERT LLP**
                               1095 Avenue of the Americas
                               New York, NY  10036
                               Telephone:  (212) 698-3551
                               Facsimile:  (212) 698-3599

                               *Attorneys for Defendant*
                               *The Dow Chemical Company*

## <u>CERTIFICATE OF SERVICE</u>

On October 15, 2015, a copy of the foregoing was served on all counsel of record via

ECF.

<u>/s/ Daniel J. McGrady</u>
Attorney for The Dow Chemical Company

8