UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF)<br><br>*Document Filed Electronically* |

**REPLY IN SUPPORT OF DEFENDANT THE DOW CHEMICAL COMPANY'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' EXPERT FROM OFFERING OPINIONS OUTSIDE HER AREA OF EXPERTISE [#6] (DKT. 121)**

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

                                                                          **Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

I.     IT IS UNDISPUTED THAT DR. MARX CANNOT OFFER OPINIONS ON WITNESS CREDIBILITY OR WHETHER A PARTICULAR EVENT ACTUALLY OCCURRED—YET PLAINTIFFS INTEND TO HAVE HER DO JUST THAT............................................................................................................ 1

II.    PLAINTIFFS' RELIANCE ON JUDGE LUNGSTRUM'S *DAUBERT* RULING IN THE CLASS CASE IS MISPLACED........................................................................ 3

CONCLUSION.................................................................................................................... 5

# **TABLE OF AUTHORITIES**

PAGE

**Cases**

*Barber v. CSX Distrib. Servs.*,
    68 F.3d 694 (3d Cir. 1995)......................................................................................2

*In re Processed Egg Products Antitrust Litig.*,
    No. 08-MD-2002, 2015 WL 337224 (E.D. Pa. Jan. 26, 2015) ................................2

*Suter v. Gen'l Accident Ins. Co. of Am.*,
    424 F. Supp. 2d 781 (D.N.J. 2006) .........................................................................2

*In re Urethane Antitrust Litig.*,
    No. 04-1616, 2012 WL 6681783 (D. Kan. Dec. 21, 2012) .....................................4

# INTRODUCTION

Plaintiffs' primary response to Dow's motion *in limine* to preclude Plaintiffs' expert, Dr. Leslie Marx, from offering opinions outside her area of expertise (Dkt. 121) is that Plaintiffs do not intend to elicit such testimony. Pls.' Opp'n Br. (Dkt. 158), at 1, 2–3. If that is the case, then Dow's motion should be granted as essentially uncontested.

The only issue remaining for the Court is whether Dr. Marx's proposed testimony strays into areas that both sides agree are impermissible—such as evaluating witness credibility, or whether a particular event actually occurred.[1] As explained below, it does—and the Court should limit the scope of her testimony accordingly.

# ARGUMENT

**I.   IT IS UNDISPUTED THAT DR. MARX CANNOT OFFER OPINIONS ON WITNESS CREDIBILITY OR WHETHER A PARTICULAR EVENT ACTUALLY OCCURRED—YET PLAINTIFFS INTEND TO HAVE HER DO JUST THAT.**

Plaintiffs concede that an expert may not give any opinion on the credibility of a witness or whether a particular event actually occurred. *See* Pls.' Opp'n Br. at 7 (quoting *In re Urethane Antitrust Litig.*, No. 04-1616, 2012 WL 6681783, at *3 (D. Kan. Dec. 21, 2012)). Plaintiffs' original expert, Dr. Matthew Raiff, crossed that line. He testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dow Ex. D (Dkt. 122-1) [Excerpt of Dep. of M. Raiff] at 196–98 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Plaintiffs do not deny this was improper. Instead, they dismiss Dr. Raiff's testimony as "irrelevant" and claim it "should be ignored." Pls.' Opp'n Br. at 2 n.4. But the Plaintiffs

---

[1] Plaintiffs' untimeliness argument (Pls.' Opp'n Br. at 3) is meritless. Dow does not challenge Dr. Marx's qualifications *per se* and has timely raised issues regarding Plaintiffs' apparent intent to have her offer testimony beyond her area of expertise.

themselves have made that impossible: Dr. Raiff—not Dr. Marx—created the econometric models that Plaintiffs' case depends on, and Dr. Marx is required to "endorse and defend Dr. Raiff's opinions." Dow's Initial Br., Ex. C (Dkt. 121-4) [8/13/13 Order (MDL Doc. 2974)] at 6. Indeed, Plaintiffs concede they intend to have Dr. Marx "explain to the jury how and why Dr. Raiff developed [his] econometric models," Pls.' Opp'n Br. at 4, which statement is irreconcilable with their desire to treat his testimony as irrelevant.

In any event, the record shows that Dr. Marx made the same improper determinations as Dr. Raiff, albeit in a more generalized fashion. She testified that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dow's Initial Br., Ex. E (Dkt. 122-2) [Excerpts of Dep. of L. Marx] at 230–35. Because the evidence was conflicting, she necessarily—and improperly—assessed disputed facts and made credibility determinations.

It is just as impermissible for Dr. Marx to testify ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In both situations, experts are reading and interpreting conflicting evidence and bringing an expert's imprimatur to disputed questions of fact that are for the jury alone to decide. *See, e.g.*, *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 700 (3d Cir. 1995) ("Evaluation of witness credibility is the exclusive function of the jury[.]" (quotation omitted)); *Suter v. Gen'l Accident Ins. Co. of Am.*, 424 F. Supp. 2d 781, 793 (D.N.J. 2006) ("Expert witnesses may not offer opinions . . . based on their personal assessment of the credibility of another witness's testimony." (alteration omitted)); *In re Processed Egg Products Antitrust Litig.*, No. 08-MD-

2

2002, 2015 WL 337224, at *8 (E.D. Pa. Jan. 26, 2015) (an economist cannot testify about conflicting "documentary evidence, unrelated to his or her economic expertise");[2] Dow's Initial Br., Ex. E (Dkt. 122-2) [Excerpts of Dep. of L. Marx] at 231 (█████████████████████████ █████████████████████████████).

Accordingly, Plaintiffs should be barred from presenting any evidence that modeling decisions were made based on their experts' evaluation of non-economic evidence, such choosing one witness's version of events over another's. If the Court allows Dr. Marx to testify,[3] she should be strictly limited to saying that she believes the models have been properly constructed, without opining that her evaluation of "all" the relevant evidence supports the modeling decisions Dr. Raiff made.

## II. PLAINTIFFS' RELIANCE ON JUDGE LUNGSTRUM'S *DAUBERT* RULING IN THE CLASS CASE IS MISPLACED.

Plaintiffs' response suggests that they intend to use Dr. Marx to "put events in an economic context," akin to the role that the class plaintiffs' economic liability expert, Dr. John Solow, played in the class trial. See Pls.' Opp'n Br. at 4 & n.5, 7. But Dr. Marx's opinions in this case are fundamentally different from Dr. Solow's opinions in the class case, making Judge Lungstrum's ruling on the admissibility of Dr. Solow's opinions inapplicable here.

Dr. Solow was the class plaintiffs' *liability* expert. In contrast, Dr. Marx (and before her Dr. Raiff) specifically disclaimed any intent to offer *any* opinion on the issue of liability. See Ex. A [Excerpts of Dep. of L. Marx] at 581–82 (█████████████████████████

---

[2] Nothing about Plaintiffs' discussion of the *Eggs* litigation (or the other cases cited in Dow's motion) calls into question the principle for which Dow cited the case: "an economist's testimony is not admissible where he or she simply reads and interprets evidence of collusion as any juror might, or where an economist infers intent to collude from mere documentary evidence, unrelated to his or her economic expertise." *Compare* Dow's Initial Br. at 6 *with* Pls.' Opp'n Br. at 6.

[3] Dow's *Daubert* motion (MDL Dkt. 3152, 3193) remains pending.

██████████████████████████████████).  Nor did Dr. Marx or Dr. Raiff conduct a structure-conduct-performance economic analysis, as Dr. Solow did in the class case, and as Dow's expert, Professor Kenneth G. Elzinga, did in both cases.[4]

Much of Plaintiffs' opposition brief touts the economic credentials of Dr. Marx and her ability to opine on whether a conspiracy caused prices to be higher.  *See* Pls.' Opp'n Br. at 4. But the issue is not whether Dr. Marx is *qualified*, but rather whether she is entitled to present new opinions not originally presented by Dr. Raiff.  Dr. Marx is a substitute witness for Dr. Raiff, and her participation in this case was explicitly conditioned on her "step[ping] into" and "endors[ing] and defend[ing] Dr. Raiff's opinions."  Dow Ex. C (Dkt. 121-4) [8/13/13 Order (MDL Doc. 2974)] at 6.  She is not entitled to present opinions that were not originally presented by Dr. Raiff; because Dr. Raiff, presented no opinion on liability, neither can Dr. Marx.  *See* Ex. A [Excerpts of Dep. of L. Marx] at 581–82 (██████████████████████████████████); *id.* at 271 (██████████████████████████████████████████████████████████).

Plaintiffs selectively quote Judge Lungstrum's statements about the admissibility of Dr. Solow's opinions, inappropriately suggesting that expert economists can in general be used to "put events in an economic context."  *See* Pls.' Opp'n Br. at 7.  But what Judge Lungstrum actually said was that Dr. Solow's *structure-conduct-performance analysis* would be helpful to put events into an economic context.  *See In re Urethane Antitrust Litig.*, No. 04-1616, 2012 WL 6681783, at *3 (D. Kan. Dec. 21, 2012) ("Dow has conceded that the *structure-conduct-*

---

[4] Notably, Plaintiffs have attempted to exclude Professor Elzinga's opinion in this case while the class plaintiffs made no corresponding effort to exclude Professor Elzinga in the class trial. Plaintiffs appear to be second-guessing their strategic choice to present only an econometric expert—originally Dr. Raiff and now Dr. Marx—while the class plaintiffs offered two expert witnesses: an econometric expert (Dr. James McClave), plus Dr. Solow on liability issues.

4

*performance analysis by an economist* is well-accepted in this field, and the Court concludes that it would be helpful to a jury for an expert to put events into an economic context." (emphasis added)). Here, as noted above, Dr. Marx did *not* conduct a structure-conduct-performance liability analysis, and Plaintiffs made a strategic decision not to present an economic liability expert. Plaintiffs' improper and untimely attempt to transform Dr. Marx into an economic liability expert must be rejected.

## CONCLUSION

For these reasons and the reasons stated in Dow's opening brief, Dow respectfully requests an order precluding Plaintiffs' expert, Dr. Leslie Marx, from offering opinions outside her area of expertise, such as opinions concerning the credibility of witnesses or whether a particular event actually occurred.

Respectfully submitted,

| | |
|---|---|
| Dated: October 15, 2015<br>Newark, New Jersey | s/ Lawrence S. Lustberg<br>Lawrence S. Lustberg<br>Daniel J. McGrady<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone:  (973) 596-4500<br>Facsimile:  (973) 596-0545<br><br>David M. Bernick (*admitted pro hac vice*)<br>**DECHERT LLP**<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 698-3500<br>Fascimile:  (212) 698-3599<br><br>*Attorneys for Defendant*<br>*The Dow Chemical Company* |

5

## **CERTIFICATE OF SERVICE**

On October 15, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company