# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF) |
|  | *Document Filed Electronically* |

---

## DEFENDANT THE DOW CHEMICAL COMPANY'S REPLY IN SUPPORT OF MOTION *IN LIMINE* REGARDING WITNESS TESTIMONY AT TRIAL [#8] (DKT. 123)

---

Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 2

I.     THIS COURT MAY—AND SHOULD—REQUIRE PLAINTIFFS TO MAKE
CERTAIN OF THEIR CURRENT EMPLOYEES AVAILABLE TO TESTIFY
AT TRIAL, AT A MINIMUM VIA LIVE VIDEOCONFERENCE. .............................. 2

II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO OFFER DEPOSITION
TESTIMONY FROM STANLEY PAULEY AT TRIAL. ................................................ 6

CONCLUSION ....................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006) ........................................................................2

*In re Actos (Pioglitazone) Products Liab. Litig.*,
   No. 12-00064, 2014 WL 107153 (W.D. La. Jan. 8, 2014) ...........................................3, 4, 5, 6

*Ping-Kuo Lin v. Horan Capital Mgmt., LLC*,
   No. 14-5202, 2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014) ......................................5

*Virtual Architecture, Ltd. v. Rick*,
   No. 08-5866, 2012 WL 388507 (S.D.N.Y. Feb. 7, 2012) ...........................................5

**OTHER AUTHORITIES**

Fed. R.C.P. 32 ...............................................................................................................1, 6, 7

Fed. R.C.P. 43 ...............................................................................................................3, 4

Fed. R.C.P. 45 ...............................................................................................................2, 3, 4

# INTRODUCTION

Defendant The Dow Chemical Company ("Dow") has moved for an order (1) precluding Plaintiffs from presenting the deposition testimony of certain former Dow employees who are expected to testify live at trial and were not officers or directors of Dow at the time of their depositions; (2) precluding Plaintiffs from presenting the deposition testimony of their own witnesses unless and until Plaintiffs meet their burden of showing that these witnesses are "unavailable" within the meaning of Rule 32(a)(4); (3) requiring Plaintiffs to make their live witnesses equally available to Dow; and (4) requiring Plaintiffs to make certain of their current employees available to testify live at trial or at a minimum via live videoconference.  *See* Dow's Mot. (Dkt. 123); Dow's Initial Br. (Dkt.123-1).

In response, Plaintiffs have substantially agreed to requests (1) and (3).  In particular, Plaintiffs have agreed that they will not introduce deposition testimony from David Fischer, William Long, or Robert Wood provided that these former Dow employees testify live at trial; and Plaintiffs have also agreed that Dow may conduct its direct examination of live witnesses called by Plaintiffs, beyond the scope of Plaintiffs' direct examination, during Plaintiffs' case-in-chief rather than recalling the same witnesses during Dow's case.[1]  Pls.' Opp'n Br. (Dkt. 161) at 9–11.  Furthermore, as to issue (2), Plaintiffs have agreed to withdraw their designations of deposition testimony of Raj Mehta (Crest Foam).  *Id.* at 8 n.10.  Therefore, this reply brief addresses only issue (4) and the remainder of issue (2).

---

[1] While Plaintiffs claim they "already agreed to this" during the meet and confer process, that is not true.  What they said before was that "[i]f Plaintiffs call a witness live, Dow will obviously have the opportunity to ***cross examine*** that witness."  Pls.' Opp'n Br., Ex. A (Dkt. 161-1) at 2 (emphasis added).  Plaintiffs had not agreed to allow Dow to conduct its direct examination at the same time.  Dow appreciates Plaintiffs' change in position on this issue and is pleased that the parties have now come to an agreement that they had not before.

**ARGUMENT**

**I.      THIS COURT MAY—AND SHOULD—REQUIRE PLAINTIFFS TO MAKE CERTAIN OF THEIR CURRENT EMPLOYEES AVAILABLE TO TESTIFY AT TRIAL, AT A MINIMUM VIA LIVE VIDEOCONFERENCE.**

Plaintiffs refuse to make eight of their current employees available for Dow to examine live at trial,[2] based solely on (1) a declaration of counsel as to where these witnesses reside, work, and regularly transact business, Pls.' Opp'n Br., Ex. B (Dkt. 161-2); and (2) a bald assertion that the witnesses "have not agreed to appear voluntarily"—without specifying whether the witnesses have even been *asked* if they would appear voluntarily, either in person or by videoconference.  Pls.' Opp'n Br. at 5.

Plaintiffs do not dispute that—as employers—they have the authority to compel these witnesses to testify at trial regardless of their locations of residence, and they admit that, typically, "party witnesses . . . are presumed to be willing to testify."  *See* Pls.' Opp'n Br. at 4 (citing *Ziemkiewicz v. R+L Carriers, Inc.*, No. 12-1923, 2013 WL 505798, at *4 (D.N.J. Feb. 8, 2013)).  None of Plaintiffs' arguments (nor the 2013 amendments to Fed. R.C.P. 45) change the fact that Plaintiffs have the authority to compel the testimony of their current employees— regardless of the Court's subpoena power.  *See, e.g.*, *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) ("parties can compel the testimony of their own employees without the need for subpoena").  Plaintiffs, not Dow, made the choice to pursue these actions in the District of New Jersey, and this Court should not allow Plaintiffs to choose a forum and then simply throw up their hands and refuse to bring current employees to trial in that forum with no explanation beyond the witnesses' locations.

---

[2] These witnesses are Paul Davidson, Stanley Pauley, and Christopher Pugh (Carpenter); Kenneth Todd Councilman, Wilbur Mann, and Don Simpson (Hickory Springs); Michael Vaughn (Lubrizol); and David Scott Wheeler (Woodbridge).

This concern rings particularly true in the context of Dow's alternative request for live videoconference testimony, which would address any concern regarding the witnesses' travel. While in-person testimony is always preferred, there is no dispute that a "court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R.C.P. 43(a). And just as Plaintiffs have the authority to compel their current employees to attend trial, Plaintiffs certainly have the authority to compel those employees to attend a live videoconference located closer to their residences, saving travel time and expense while honoring the preference for live testimony over deposition testimony.

As Plaintiffs acknowledge, in *In re Actos (Pioglitazone) Products Liability Litigation*, No. 12-00064, 2014 WL 107153 (W.D. La. Jan. 8, 2014), the district court agreed to order live trial testimony by videoconference of then-current employees of the defendants who were outside of the court's Rule 45 subpoena power. *See* Pls.' Opp'n Br. at 5. In *Actos*, the defendants indicated, relatively late in the trial preparation process, that they did not intend to bring several current employees to trial as witnesses. The district court remarked that the defendants (like Plaintiffs in this case) "have made no effort to explain whether the witnesses are themselves unwilling to appear for trial; whether the Defendants have asked them to appear; [or] whether the Defendants have chosen not to ask them [to] appear." 2014 WL 107153 at *4. Just as in this case, the district court in *Actos* was forced to makes its decision based solely on the assertion that the witnesses in question resided more than 100 miles away.

The *Actos* defendants argued, as Plaintiffs do here, that Rules 43 and 45 could not be read together to allow the court to order video testimony that itself would take place outside of the court's subpoena power, even for a party's employee. But the *Actos* court rejected this argument:

> Nothing in Rule 45, itself, indicates the Rule must be read in the vacuum Defendants argue; to the contrary, Rule 45 must be read *in tandem with* Rule 43 and as a part of an harmonious whole that is the Federal Rules of Civil Procedure.   Rule 43 defines an appearance 'at trial' in 'open court,' as including 'testimony in open court by contemporaneous transmission from a different location;' Rule 45 grants the mechanism to assure that appearance 'in open court' by way of video transmission.

2014 WL 107153, at *4 (emphasis in original).  Accordingly, the court concluded that ordering live video testimony "would *benefit* and *not undermine* the inherent goal of our system of justice."  *Id.* at *6 (emphasis in original).  Therefore, the court held that it could compel a witness to provide live video testimony as long as the requirements of both Rules 43 and 45 are satisfied by the remote testimony.  *Id.* at *10.  Thus, it is clear that—at least where a party-employer indisputably exercises control over a witness-employee—the court may properly order live video testimony as a compromise alternative to those employees testifying at trial.  This Court should reach the same result.

Plaintiffs argue that the court's power to compel witness testimony by live videoconference under Rule 43(a) "'presupposes a witness willing or compelled to testify at trial.'"  Pls.' Opp'n Br. at 5 (quoting *Roundtree v. Chase Bank USA, N.A.*, No. 13-239, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014)).  But Plaintiffs admit that party witnesses are typically *presumed* willing to testify, Pls.' Opp'n Br. at 4, based on the party-employer's control over them.  And here, crucially, Plaintiffs have not rebutted this presumption, contending only that their employee witnesses are beyond this Court's reach because of where they live, rather than demonstrating either the witnesses' unwillingness to appear or even that their employers have directed—or even asked—them to appear.

The "good cause" and "compelling circumstances" required by Rule 43 to permit live video testimony are evident here.  First, good cause can be based on these witnesses' long

distances from the Court, as evidenced by counsel's declaration.  *See, e.g.*, *Virtual Architecture, Ltd. v. Rick*, No. 08-5866, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012).

Furthermore, Plaintiffs' refusal to compel their employees to testify at a highly-complex trial in Plaintiffs' chosen forum itself establishes good cause and compelling circumstances, just as it did in *Actos*.  Plaintiffs attempt to distinguish *Actos* by noting that it was "a bellwether trial in a multidistrict litigation, which was sought and agreed to by defendants."  Pls.' Opp'n Br. at 5 n.4.  But that is a distinction without a difference.  First, while the *Actos* court took into account that it was preparing for a bellwether trial, this case likewise presents compelling circumstances for requiring live testimony.  This case has been pending for approximately seven years, many of them filled with extensive discovery practice.  And the parties have designated dozens of witnesses for testimony in a single trial in which a jury will have to make determinations on claims totaling more than a billion dollars in damages.  As in *Actos*, the trial in this case "should present the testimonial evidence of both sides as fairly and completely as possible."[3]  2014 WL 107153, at *6.

Second, Plaintiffs' reliance on *Ping-Kuo Lin v. Horan Capital Management, LLC*, No. 14-5202, 2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014), is misplaced.  *Ping-Kuo Lin* did not deal with the testimony of a party's employee, but rather a *non-party* subpoenaed to give testimony at an arbitration hearing.  *Ping-Kuo* noted that the finding of "compelling circumstances" in *Actos* was driven by the fact that the defendants in *Actos* had "subjected their employees to the court's subpoena power" by seeking and agreeing to the bellwether trial.  2014 WL 3974585 *2.  A similar situation exists here:  Plaintiffs chose this forum, and thus chose to subject themselves

---

[3] The video depositions of these witnesses are not adequate substitutes, because they were taken as discovery depositions, not trial depositions, consistent with the general presumption that party witnesses will appear at trial.

(and their employees) to this Court's power, and their refusal to bring these witnesses to trial provides "good cause" and "compelling circumstances" for testimony by live videoconference.

Dow's proposal for live videoconference testimony is precisely what the *Actos* court recognized as the appropriate balance to strike when a party, without proper explanation, refuses to produce current employees for live testimony at trial. At a minimum, this Court should order such employees to appear for live videoconference testimony at a more convenient location.

## II.    PLAINTIFFS SHOULD NOT BE PERMITTED TO OFFER DEPOSITION TESTIMONY FROM STANLEY PAULEY AT TRIAL.

In its moving brief, Dow noted that Plaintiffs had made no effort to meet their burden of showing that seven witnesses for whom they proposed to offer deposition testimony are "unavailable" within the meaning of the Rule 32(a)(4). *See* Dow's Initial Br. at 4–5. In response, Plaintiffs' counsel submitted a declaration identifying five of the witnesses as former employees who live and work more than 100 miles from Newark, New Jersey.[4] Pls.' Opp'n Br., Ex. B. Dow acknowledges that, in light of this declaration, these witnesses may be "unavailable" within the meaning of Rule 32, provided they remain more than 100 miles from Newark.

The declaration from Plaintiffs' counsel also identified one witness—Stanley Pauley, the chairman and chief executive officer of Carpenter—as a current employee who lives and works more than 100 miles from Newark, New Jersey.[5] Pls.' Opp'n Br., Ex. B. Mr. Pauley is not only Carpenter's CEO; today he is now also its sole shareholder. *See* Ex. A [Excerpt of Oct. 21, 2014 S. Pauley Dep.] at 13:13–16:12. In effect, he *is* Carpenter, a Plaintiff seeking damages in this

---

[4] It is unclear why Plaintiffs waited until now to provide this information to Dow. This aspect of the motion might have been avoided if Plaintiffs had provided the information earlier.

[5] The declaration did not mention the seventh witness, Raj Mehta (Crest Foam), and so presumably he is available. Plaintiffs have agreed to withdraw their deposition designations for Mr. Mehta. *See* Pls.' Opp'n Br. at 8 n.10.

litigation.  This Court should therefore order that Carpenter exercise its control to produce its CEO and sole shareholder for live (or at least live videoconference) testimony at trial.  When it does so, Mr. Pauley will cease to be "unavailable" for purposes of Rule 32, and his deposition testimony will then be inadmissible at trial in this case.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Dow's initial brief, Dow respectfully requests that this Court issue an order (1) precluding Plaintiffs from presenting the deposition testimony of former Dow employees David Fischer, William Long, and Robert Wood, who are expected to testify live at trial and were not officers, directors, managing agents, or designees of Dow at the time of their depositions; (2) precluding Plaintiffs from presenting the deposition testimony of Stanley Pauley (Carpenter); (3) requiring Plaintiffs to make their live witnesses equally available to Dow; and (4) requiring Plaintiffs to make certain of their current employees available to testify live at trial or at a minimum via live videoconference.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Dated: October 15, 2015<br>Newark, New Jersey</td><td>s/ Lawrence S. Lustberg<br>Lawrence S. Lustberg<br>Daniel J. McGrady<br><b>GIBBONS P.C.</b><br>One Gateway Center<br>Newark, NJ  07102<br>Telephone:  (973) 596-4500<br>Facsimile:  (973) 596-0545</td></tr>
<tr><td></td><td>David M. Bernick (admitted <i>pro hac vice</i>)<br><b>DECHERT LLP</b><br>1095 Avenue of the Americas<br>New York, NY  10036<br>Telephone:  (212) 698-3551<br>Facsimile:  (212) 698-3599</td></tr>
<tr><td></td><td><i>Attorneys for Defendant<br>The Dow Chemical Company</i></td></tr>
</table>

## CERTIFICATE OF SERVICE

On October 15, 2015, a copy of the foregoing was served on all counsel of record via

ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company