## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Master Docket No. 08-5169 (WJM) (MF)<br><br>*Document Filed Under Seal* |

**REPLY IN SUPPORT OF DEFENDANT THE DOW CHEMICAL COMPANY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO ALLEGATIONS OF DOCUMENT DESTRUCTION [#5] (DKT. 125)**

Lawrence S. Lustberg
Daniel J. McGrady
**Gibbons P.C.**
One Gateway Center
Newark, NJ  07102
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545
llustberg@gibbonslaw.com
dmcgrady@gibbonslaw.com

David M. Bernick (*admitted pro hac vice*)
**Dechert LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone: (212) 698-3500
Facsimile:  (212) 698-3599
david.bernick@dechert.com

*Attorneys for Defendant*
*The Dow Chemical Company*

## **TABLE OF CONTENTS**

      **Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 3

I.     STEPHANIE BARBOUR'S ELECTRONIC FILES WERE PRESERVED BY DOW .................................................................................................................................. 3

II.    WOOD AND FISCHER'S DOCUMENTS WERE PROPERLY SUBJECT TO DOW'S DOCUMENT PRESERVATION POLICY ......................................................... 4

III.   ANY TESTIMONY REGARDING DOW'S DOCUMENT RETENTION POLICIES IS IRRELEVANT AND PREJUDICIAL ........................................................ 6

CONCLUSION .............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bull v. United Parcel Serv., Inc.*,
   665 F.3d 68 (3d Cir. 2012)..................................................................................................3

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
   No. 1:09-md-2089, 2015 U.S. Dist. LEXIS 101474 (N.D. Ga. Aug. 3, 2015)......................6, 7

*Klett v. Green*,
   No. 3:10-cv-02091, 2012 U.S. Dist. LEXIS 89115 (D.N.J. June 27, 2012).............................4

*MOSAID Techs. Inc. v. Samsung Elecs. Co.*,
   348 F. Supp. 2d 332 (D.N.J. 2004) ........................................................................................6

*United States v. Nelson*,
   481 F. App'x 40 (3d Cir. 2012) ..............................................................................................4

*United States v. Williams*,
   458 F.3d 312 (3d Cir. 2006)....................................................................................................6

**RULES**

Fed. R. Evid. 403 ................................................................................................................................6

## INTRODUCTION

Plaintiffs' opposition to Dow's motion *in limine* regarding document destruction makes clear that Plaintiffs have *no evidence* that Dow spoliated evidence or engaged in a cover-up. Without that, they have no basis to ask that any adverse inference be drawn or to present unfounded speculation to the jury. In fact, for Stephanie Barbour's documents, the unrebutted evidence is that Dow preserved all relevant custodial documents upon her exit—the exact opposite of spoliation. And for the other Dow employees who left in 2004, Dow had no threat of litigation or reason to suspend its customary document retention policy.

The clear and unrebutted testimony of a Dow employee with knowledge of the document retention process has carefully described the steps that were taken to preserve former Dow employee Stephanie Barbour's custodial documents that were retained as a result of the potential threat of her filing employment litigation. That testimony is clear, and Plaintiffs have done nothing to rebut it.

Plaintiffs, moreover, have now agreed remove from the deposition designations Ms. Barbour's testimony that her "notes" purportedly documenting collusive activity were not in a deposition preparation binder and she does not know what happened to them. *See* Pls.' Opp'n Br. (Dkt. 156) at 5 n.5 (withdrawing designation of 74:21-75:1 of Ms. Barbour's 9/14/10 deposition). But Plaintiffs continue to designate testimony that the "folder where [she] kept these notes" was still on her work computer "on the day [she] left Dow." *See id.* at 5 & Ex. E (Dkt. 156-5). It would be improper for Plaintiffs to present this evidence to the jury and invite it to agree with allegations of cover-up that the record—primarily additional deposition testimony taken after the class trial—shows are contrary to the evidence. And yet Plaintiffs intend to argue to the jury that this is evidence "from which the jury could believe that Dow erased those materials from her work computer." Pls.' Opp'n Br. at 2.

1

Evidence and argument that invites the jury to reach this conclusion is wholly inappropriate in the circumstances of this case because the record is clear—based in large part on additional deposition testimony taken after the class trial from Ms. Barbour herself that provides an alternative explanation for what happened to her notes.[1]  Ms. Barbour acknowledged that her computer crashed in 2003, before she left Dow.  Dow's Initial Br., Ex. K (Dkt. 126-5) [Barbour 2013 Dep.] at 234-35.  Because she simply does not know what files were lost as a result of this computer crash, *see id.*, or even if they were on her computer when she left Dow, *see* Ex. A [Barbour Sept. 15, 2010 Dep.] at 507-08, admitting Ms. Barbour's testimony and allowing Plaintiffs' intended argument would be the quintessence of unfair prejudice.  Moreover, it would lead the parties far afield from the events of 1994 to 2003 on which this case should turn, wasting the jury's time and risking confusing the issues.

With respect to former Dow employees David Fischer and Robert Wood, there was no reasonably foreseeable litigation to trigger any document retention obligation upon their departures from Dow in 2004.  Absent such an obligation, it is improper as a matter of law to have the jury hear about document destruction pursuant a document destruction policy:  the operation of Dow's standard document retention policy before the allegations asserted in this case were even made is irrelevant, unfairly prejudicial, and a waste of the jury's time.

The discovery following the class trial confirms that there is nothing to Plaintiffs' theory of a potential "cover up," and Plaintiffs should not be permitted to present pure speculation to achieve, in effect, an adverse spoliation inference.  The Court should grant Dow's motion.

---

[1] As Plaintiffs note, in the class trial, Judge Lungstrum admitted certain testimony from Arthur Eberhart, Dow's Global Director of Information Systems and Facility Management, regarding document retention issues that Dow also seeks to exclude here.  But Plaintiffs are wrong in suggesting that "[n]othing has occurred" between the class trial and now to affect whether this evidence should be admitted.  Following the class trial, Dow waived privilege over its 2004 internal investigation into Ms. Barbour's allegations, and the parties pursued extensive follow-up discovery—discovery which shows that there is nothing but speculation to support Plaintiffs' allegations of a "cover-up."

## ARGUMENT

I.  **STEPHANIE BARBOUR'S ELECTRONIC FILES WERE PRESERVED BY DOW.**

Plaintiffs admit that they lack any basis for a spoliation instruction regarding Ms. Barbour's notes. *See* Pls.' Opp'n Br. at 1 (stating that Plaintiffs do not seek a spoliation instruction).[2] Yet they still intend "to present evidence from which the jury could believe that Dow erased those materials from her work computer." *Id.* at 2. These two positions are fundamentally inconsistent.

There is no basis for an adverse spoliation inference, whether mandatory or permissive. The *only* testimony Plaintiffs offer in support of their theory that Dow wrongfully destroyed certain of Stephanie Barbour's files is a brief excerpt from her deposition in 2010 in which Barbour states that she believed her notes were still on her computer when she left Dow. *See* Pls.' Opp'n Br. at 5. But, Ms. Barbour also testified in 2010 that she was not even sure the notes were on her computer when she left Dow. *See* Ex. A [Barbour Sept. 15, 2010 Dep.] at 507-08 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).[3] And Plaintiffs ignore Ms. Barbour's 2013 testimony that her computer crashed in 2003 and that she had no recollection about which files were lost. *See* Dow's Initial Br., Ex. K (Dkt. 126-5) [Barbour Oct. 16, 2013 Dep.] at 234-35 (▇▇▇▇▇▇▇▇▇▇

---

[2] *See also Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (for a spoliation instruction, the following factors must be satisfied: "(1) the evidence was in the party's control; (2) the evidence is relevant to the claims or defenses in the case; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party.").

[3] Thus, even if the testimony were not unfairly prejudicial, Barbour has no personal knowledge of what happened to her files, and such testimony should be excluded as lacking foundation. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

3

██████████████████████████████████████████████

████).

Plaintiffs' reliance on a letter from early 2010 stating that Ms. Barbour's laptop was "wiped" and given to another employee per Dow's normal policy is misleading. *See* Pls.' Opp'n Br. at 5 (citing Ex. F). Plaintiffs know that Ms. Barbour's computer was backed up *before* it was "wiped" because *they have received the files that were on it*. Dow produced thousands of documents from Ms. Barbour's custodial files,[4] and Plaintiffs have presented no evidence that the production was incomplete. Plaintiffs cannot be permitted to potentially mislead and confuse the jury by suggesting, without any evidence, that Dow intentionally destroyed Ms. Barbour's files. *See, e.g.*, *Bensel v. Allied Pilots Ass'n*, 263 F.R.D. 150, 153 (D.N.J. 2009) (noting lack of bad faith document destruction and "Plaintiffs have provided only speculation to prove the contrary"). Thus, contrary to Plaintiffs' unsubstantiated allegations, the unrebutted evidence is that Dow has preserved Ms. Barbour's documents.

## II. WOOD AND FISCHER'S DOCUMENTS WERE PROPERLY SUBJECT TO DOW'S DOCUMENT PRESERVATION POLICY.

It is well-settled that litigation must be reasonably foreseeable at the time information was discarded to trigger a preservation duty. *See, e.g.*, *United States v. Nelson*, 481 F. App'x 40, 42 (3d Cir. 2012) ("Spoliation occurs when evidence is destroyed or altered, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable.") (internal citation omitted); *Klett v. Green*, No. 3:10-cv-02091, 2012 U.S. Dist. LEXIS 89115, at *29 (D.N.J. June 27, 2012) ("[A] litigant is under no duty to keep or retain every document in its possession, even in advance of litigation," but only "what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation.").

---

[4] *See* TDCC_PU1227102–TDCC_PU362575; TDCC_PU3020051–TDCC_PU3020520.

As previously explained, Dow had no duty to retain Bob Wood's or David Fischer's files because they left Dow in 2004 before anyone had sued or threatened to sue Dow over price-fixing in the urethanes industry.  *See* Dow's Initial Br. at 9.  Although Plaintiffs cite a handful of events that they argue should have triggered Dow's document preservation duty, *see* Pls.' Opp'n Br. at 3-4, none of them would have triggered a duty to preserve Mr. Fischer's documents based on pending or reasonably foreseeable litigation.  Rather, as Plaintiffs well know, Lynn Schefsky investigated Ms. Barbour's allegations against Mr. Fischer and found them to be without merit.  *See* Ex. B [Schefsky Dec. 7, 2012 Dep.] at 93, 123-24, 128-29.  The same is true of Ms. Barbour's allegations to Tom McCormick and Lynn Schefsky against Marco Levi.  *See* Ex. C [McCormick Sept. 23, 2013 Dep.] at 44-45; Ex. B [Schefsky Dec. 7, 2012 Dep.] at 40-41.  Plaintiffs also state the Mr. Fischer testified about an unspecified "HR" investigation of his conduct when he (and Ms. Barbour) left in 2004.  *See* Pls.' Opp'n Br. at 3.  But Mr. Fischer did not recall whether the investigators were in "█████████████" and therefore his testimony appears to relate to the same allegations from Ms. Barbour that Dow investigated and found to be without merit.  *See* Ex. D [Fischer April 29, 2010 Dep.] at 56-59; Ex. E [Wingate Dec. 15, 2010 Dep.] at 33-34; Ex. F [Comeaux Nov. 19, 2010 Dep.] at 46.

In addition, Plaintiffs claim that the following events are "backdrop" to why Mr. Fischer's documents should have been preserved:

- **Raid of Bayer for Price-Fixing in 2002.**  Plaintiffs do not even specify what industry this allegation against Bayer referred to, let alone how it would trigger a duty for Dow to preserve Mr. Fischer's documents.  *See* Pls.' Opp'n Br. at 4.

- **Raid of Dow's European Rubber Facilities.** This allegation regarding European price fixing in the rubber industry had absolutely nothing to do with Mr. Fischer; indeed, it is for this very reason that Dow has moved to exclude irrelevant and prejudicial references to unrelated price-fixing cases like this one.

5

- **Peter Davies.**  Finally, Plaintiffs point to Ms. Barbour's allegation that Peter Davies told her that if she ever divulged his participation in unlawful contacts, he would deny it and call Ms. Barbour a liar.  *See* Pls.' Opp'n Br. at 4 n. 3.  Leaving aside that this would also not trigger a preservation obligation, Plaintiffs have made no suggestion that Ms. Barbour ever presented this information to Dow in 2004 (or at any time prior to her deposition in 2010).

The fact of the matter is that Dow had no duty to preserve Mr. Fisher's or Mr. Wood's documents at the time those documents were deleted pursuant to Dow's standard document retention policy.  *See, e.g.*, *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 336 (D.N.J. 2004).  Moreover, Plaintiffs only argument for the preservation of documents for Bob Wood is that because he was Mr. Fischer's supervisor, his documents should also have been preserved.  *See* Pls.' Opp'n Br. at 3 n.2.  But because there was no reason that Dow should have preserved Mr. Fischer's documents, there is even less basis for an argument that it should have preserved Mr. Wood's custodial files.

## III.   ANY TESTIMONY REGARDING DOW'S DOCUMENT RETENTION POLICIES IS IRRELEVANT AND PREJUDICIAL.

Although Plaintiffs expend some effort discussing the possible relevance of a cover-up to their claims, *see* Pls.' Opp'n Br. at 6-7, as demonstrated above, there is simply no actual evidence that Dow intentionally destroyed its employees' documents.  Therefore, it would be fundamentally unfair for Plaintiffs to reference any spoliation of evidence by Dow (under the guise of a cover-up) or to introduce the testimony of Dow's Global Director of Information Systems and Facility Management, Arthur Eberhart, regarding document retention issues.  *See, e.g.*, *United States v. Williams*, 458 F.3d 312, 319 (3d Cir. 2006) (quoting Fed. R. Evid. 403 advisory committee's note) ("Evidence is unfairly prejudicial when it will have 'an undue tendency to suggest decision on an improper basis[.]'"); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, No. 1:09-md-2089, 2015 U.S. Dist. LEXIS 101474, at *47-48 (N.D. Ga. Aug. 3, 2015) (excluding evidence of alleged spoliation under Rule 403 because the claim was

unsubstantiated, "the prejudice flowing . . . from the introduction of spoliation evidence at trial would be profoundly unfair," and it would "transform what should be a trial about Defendants' alleged antitrust conspiracy into one about discovery practices and abuses").

As the court in *Delta/AirTran* observed, pursuing spoliation issues at trial—as the testimony Plaintiffs designated from the depositions of Arthur Eberhart and Stephanie Barbour shows they intend to do—would create a needless "trial within a trial" which distracts from the merits of the case:

> [I]t would create the need for a "trial within a trial" regarding discovery, which raises the risk of confusing the issues and resulting in the presentation of cumulative evidence, the wasting of time, and undue delay. This case needs to be decided on its merits, and the Court questions whether that would be possible if trial is injected with issues of spoliation based only on the evidence presently before the Court.

*In re Delta/AirTran Baggage Fee Antitrust Litig.*, 2015 U.S. Dist. LEXIS 101474, at *48. The same is true here.[5]

## **CONCLUSION**

For the foregoing reasons, Dow respectfully requests an order excluding any reference to document destruction or spoliation relating to Stephanie Barbour, David Fischer, or Bob Wood, or the testimony of 30(b)(6) witness Arthur Eberhart.

---

[5] Lastly, Plaintiffs' passing argument that Dow, out of abundance of caution, has designated portions of Mr. Eberhart's testimony is without merit. *See* Pls.' Opp'n Br. at 8. As is no doubt clear, such testimony was designated in the event that the Court does not grant Dow's motion. However, for the reasons discussed above, Plaintiffs allegations of wrongful document destruction are without basis and would be unfairly prejudicial—and should therefore be excluded. If the Court grants Dow's motion, Dow will withdraw its designations of Eberhart's testimony.

7

Respectfully submitted,

Dated: October 15, 2015  s/ Lawrence S. Lustberg
Newark, New Jersey  Lawrence S. Lustberg
Daniel J. McGrady
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

David M. Bernick (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3551
Facsimile: (212) 698-3599

*Attorneys for Defendant*
*The Dow Chemical Company*

8

## **CERTIFICATE OF SERVICE**

On October 15, 2015, a copy of the foregoing was served on all counsel of record via ECF.

/s/ Daniel J. McGrady
Attorney for The Dow Chemical Company