# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | AVRAM S. EULE | ALAN J. GRANT° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | RAYMOND W. FISHER | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | _____ | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | OF COUNSEL | MEGAN A. NATALE |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | MICHAEL CROSS |
| | LINDSEY H. TAYLOR | | CHRISTOPHER J. BUGGY |
| JAMES D. CECCHI (1933-1995) | CAROLINE F. BARTLETT | | °MEMBER NY BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | | | +MEMBER FL BAR ONLY |
| ELLIOT M. OLSTEIN (1939-2014) | | | |

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

December 3, 2015

VIA ECF

Hon. William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

      Re:    In Re Urethane Antitrust Litigation,
                Civil Action No. 08-5169 (WJM) (MF)

Dear Judge Martini:

      Plaintiffs write in response to Dow's December 1, 2015 letter which, among other things, belatedly requests an evidentiary hearing in support of its Motion to Exclude the Expert Testimony of Plaintiffs' Damages Expert Dr. Leslie Marx ("*Daubert* motion").[1] Dow claims that a hearing will somehow remove "layers of burden, complexity and trial time." Dkt Entry 210 at 2. It does not say how a hearing would achieve that objective.

      Plaintiffs respectfully submit that Dow would be better served in moving toward its stated goal by (1) paring down its list of **6,920 proposed trial exhibits** to those that it truly plans to use in its case in chief, (2) reducing its list of **88 trial witnesses** to those it truly intends to call, and (3) eliminating the **71 plus hours** of largely cumulative, irrelevant, and mind-numbing videotaped testimony it "counter-designated" in response to Plaintiffs' deposition designations. To date, Dow has resisted every effort to take such common-sense steps to reduce the burden, complexity, or length of the trial.

      If the Court believes that it would benefit from an evidentiary hearing on Dow's *Daubert* motion, Plaintiffs would of course be pleased to make Dr. Marx available at a mutually agreeable time. Plaintiffs are concerned, however, that an additional pretrial hearing will simply cause further delay and will not result in any meaningful savings of trial time. Dow suggests that

---

[1]   Dow's original motion to exclude the testimony of Dr. Matthew Raiff was filed in the MDL court in August of 2012. Argument on the motion was held in November of 2012. Dr. Leslie Marx was substituted for Dr. Raiff in August of 2013 and a revised *Daubert* motion was filed in February of 2014. In May of 2014 Judge Lungstrum denied the motion in part and reserved the remainder for this Court. At no time did Dow request an evidentiary hearing.

Hon. William J. Martini
December 3, 2015
Page 2

without an evidentiary hearing, the Court will be forced into making "Rule 702 rulings in real time as the trial unfolds," *id.* at 2. However, that contention begs the question of why Dow filed a *Daubert* motion in the first instance, since the purpose of the motion is to resolve any Rule 702 issues in advance of trial.

To be clear, there is nothing unique about the methodology Dr. Marx used in forming her opinions, as shown in the only case that Dow cited in its letter, *In re Linerboard Antitrust Litigation*. In that case, the Hon. Jan DuBois rejected a *Daubert* challenge to a conceptually identical two-stage model in a case alleging that containerboard producers unlawfully coordinated output restrictions to increase corrugated container prices. *See In re Linerboard Antitrust Litig.*, 497 F. Supp. 2d 666, 670-72 (E.D. Pa. 2007). Judge DuBois found the model to be "a reliable method of establishing causation of damages in price-fixing cases." *Id*. at 668.

In that case, as here:

- The expert[2] used data from a presumed non-collusive benchmark period from both before and after the alleged conspiracy period to predict what prices would have been but for the alleged conduct. *See* Tr. *Daubert* H'rg, *In re Linerboard Antitrust Litig.*, No. MDL 1261, at 20:14-24:17 (E.D. Pa. July 2, 2007) (attached as Ex. 1).

- The expert used a "process of elimination" to reach his opinion that the alleged conduct caused the difference between actual and predicted prices. *Linerboard*, 479 F. Supp. 2d at 679-82.

- The expert was not asked to proffer an opinion on liability and did not seek to connect specific anticompetitive acts to specific effects on price. Instead, he "reliably isolated defendants' alleged collusive behavior 'taken together' as the cause of the alleged overcharge." *Id.* at 683.

Dow's letter only criticizes the facts that Dr. Marx considered in reaching her opinion. Such criticisms have nothing to do with the methodology that Dr. Marx employed and therefore they go to weight, not admissibility. *See, e.g., In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1263 (10th Cir. 2014) ("[A] district court must admit expert testimony as long as it is based on a reliable methodology. It is then for the jury to evaluate the reliability of the underlying data, assumptions, and conclusions."). Indeed, much of Dr. Marx's testimony squarely addresses questions that Dow injected into this case, such as one of Dow's expert's claim that there was too much record evidence of "competition" to believe any conspiracy existed or, if it did, that the conspiracy caused a measurable effect on prices. *See, e.g*., Rebuttal Expert Report of Keith R. Ugone, Ph.D. Responding to Expert Report of Dr. Raiff ¶¶ 4(b), 84 (Mar. 23, 2012) (Attachment 6.9 to Final Pretrial Order).

---

2   The expert was the late Halbert L. White, Jr., Ph.D., a founding partner of the same Bates White economic firm for which Dr. Marx works.

Hon. William J. Martini
December 3, 2015
Page 3

      Thank you for your continued attention to this matter. Plaintiffs will be prepared to further address this issue at the December 22 conference. We look forward to meeting with Your Honor.

Respectfully submitted,

CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:    Honorable Mark Falk, U.S.M.J. (via ECF)
        All counsel of Record (via ECF)