

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

December 9, 2015

**VIA ECF**

Honorable William J. Martini
United States District Judge
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street, P.O. Box 999
Newark, New Jersey 07101-0999

      Re:   *In re Urethane Antitrust Litigation*,
              Master Docket No. 08-5169 (WJM) (MF)

Dear Judge Martini:

      As Your Honor is aware, this firm, along with Dechert LLP, represents defendant The Dow Chemical Company ("Dow") in the above-referenced action. Although I hesitate to burden the Court with further correspondence, I write briefly in response to the new material in Mr. Cecchi's letter dated December 3, 2015 (ECF No. 211), which is unrelated to Dow's prior letter dated December 1, 2015 (ECF No. 210).

      Dow's letter concerned a potential hearing on pending *Daubert* motions. Plaintiffs use their response to criticize the scope of Dow's exhibit list, the length of Dow's counter-designations to Plaintiffs' own deposition designations, and the number of potential trial witnesses. These same issues were raised and fully discussed at the Pre-Trial Conference before Magistrate Judge Falk on June 10, 2015. With apologies for rehashing these issues, we want to ensure that the Court has a more complete and accurate view of the state of play in advance of our status conference and we therefore attach the hearing transcript where these issues were discussed. *See* July 22, 2015 Hr'g Tr. at 18-24 (ECF No. 86), attached as Ex. A. Briefly:

- **Exhibits.** Because the Court's scheduling order provided for simultaneous exchanges of exhibit lists, the exhibit lists were necessarily over-inclusive. In an effort to reduce the number of exhibits and get closer to a set of exhibits that the parties would actually use at trial, we proposed to follow the same procedure used in the class trial and agree to "pre-admit" a large number of exhibits. Although much progress was made on this front, to the point that the parties were prepared to pre-admit approximately 2,000 exhibits, the parties did not reach an agreement regarding the remaining proposed pre-admits and other listed exhibits. *See* Ex. A at 24. We expect that the Court's decisions regarding the parties' motions *in limine*—in particular the motions relating to live witnesses and counter-designations—will assist the parties in finalizing the exhibits they will present at trial and help them considerably narrow any remaining disagreements.

- **Deposition Counter-Designations.** The deposition designations from both sides in this case are very lengthy. As explained in Dow's Opposition to Plaintiffs' Motion *in limine* to limit Dow's Counter-Designations (ECF No.143), Dow proposes a streamlined approach in which a single videotape is presented for each witness. We

GIBBONS P.C.

Honorable William J. Martini
December 9, 2015
Page 2

believe that this approach will greatly reduce the length of testimony and make the trial much more efficient. In any event, Dow has requested guidance from the Court regarding this issue because the parties appear to have fundamentally different views about how the evidence should be presented. *See id.* at 13. With the Court's guidance, we expect that many of the remaining scope objections can be resolved.

- **Number of Witnesses.** Plaintiffs are correct that both sides have listed a large number of potential witnesses, in part because Plaintiffs allege a decade-long conspiracy involving three different types of chemicals, multiple manufacturers, numerous employees, and eleven families of Plaintiffs—each with their own unique market position and individualized course of dealing with Dow and other manufacturers. In addition, Plaintiffs have refused to make many of their own current employees available to testify at trial in the forum they have chosen. Dow expects that the number of witnesses in this case could be reduced considerably if Plaintiffs' current employees are made available to testify live at trial or by live video conference. *See* Dow's Motion *in Limine* Regarding Witness Testimony at Trial (ECF No. 123); Dow's Reply in Support (ECF No. 186).

We hope that this information is helpful to the Court in considering the substance of our forthcoming status conference, where we will, of course, be prepared to discuss these matters further, if Your Honor wishes. Thank you again for your kind consideration of this matter.

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg

cc: Honorable Mark Falk, U.S.M.J. (*via* Regular Mail)
All counsel of record (*via* ECF)