# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
|  | Civ. No. 2:08-5169 (WJM-MF) |
| **IN RE URETHANE ANTITRUST LITIGATION** | **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Plaintiffs' motion *in limine* to preclude evidence related to Plaintiffs' conduct in downstream markets. Because the evidence has limited probative value but carries a reasonable risk of unfair prejudice, *see* Federal Rule of Evidence 403, Plaintiffs' motion *in limine* will be **GRANTED**.

## I.   BACKGROUND

Defendant in this action is Dow Chemical Company ("Dow"), a major manufacturer and seller of Polyether Polyol Products ("PPPs"). Plaintiffs are PPPs purchasers who use PPPs to manufacture foam, which they, in turn, sell in the downstream market. Plaintiffs accuse Dow of conspiring to manipulate prices of PPPs in violation of antitrust laws.

In 2004, Dow (along with other defendants) was named as a defendant in a consolidated class action lawsuit in the United States District Court for the District of Kansas (hereinafter, "the MDL Court"), alleging price-fixing. A number of PPP purchasers (Plaintiffs in this action) opted out of the certified class and initiated the instant litigation in the District of New Jersey. The MDL Panel transferred this litigation to the MDL Court for the handling of various pre-trial proceedings, including discovery disputes.

During pre-trial proceedings, Dow sought to compel discovery related to Plaintiffs' anticompetitive conduct as a seller of foam products in the downstream market (hereinafter, the "downstream evidence"). The MDL Court's magistrate judge granted Dow's motion to compel discovery. The judge reasoned that the Federal Rules favor "liberal discovery,"

based on the theory "that the 'search for the truth' should be 'nearly unencumbered.'"  Def. Br. (ECF 138), Ex. A at 7.  The judge did not rule as to the admissibility of this evidence at trial.

Dow subsequently deposed Plaintiffs' current and former employees regarding Plaintiffs' conduct in the foam market.  Dow asked the employees whether they believed there was anything "wrong with" what Plaintiffs did or whether anyone should "infer" (or "assume" or "suspect") from Plaintiffs' conduct that they were engaged in a conspiracy or an antitrust violation.

Now that discovery has concluded, the matter is before this Court for final pre-trial proceedings and trial.  Dow's proposed exhibit list contains documents relating to Plaintiffs' conduct in downstream markets, including the depositions of Plaintiffs' employees.  Plaintiffs have filed the instant motion *in limine* to preclude this evidence.[1]  Dow opposes the motion.

## II.   DISCUSSION

Dow first argues that the MDL Court has already ruled on the relevance of the downstream evidence, and that this ruling is law of the case and, therefore, binding on this Court.  Not so.  The MDL Court's decision was confined to the discoverability of the downstream evidence.  In fact, the MDL Court explicitly limited its ruling, stating that: "at the discovery stage the focus is on placing all pertinent facts . . . on the table," but the "admissibility of those facts . . . will be addressed at trial."  *Id*. at 12.  Thus, the MDL Court's ruling is not law of the case, and the evidence must be deemed relevant by this Court to be admissible at trial.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."  However, "Rule 401 does not raise a high standard." *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (internal citations and quotation marks omitted); *see also United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) ("[E]vidence is irrelevant only when it has no tendency to prove a consequential fact." (alteration in original)).

The issue to be determined in this action is whether Dow conspired with other urethane manufacturers to manipulate PPP prices in violation of antitrust laws.  Plaintiffs' allegedly anticompetitive conduct in the foam market does not appear especially relevant to the determination of this action.  First, Dow may not use Plaintiffs' wrongful conduct as a defense.  *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 724–25 (1977) ("passing on" an

---

[1] In June 2015, this Court ruled that documents related to an antitrust litigation against Plaintiffs were inadmissible, but took no position on the admissibility of any other documents that concern Plaintiffs' activities in the downstream market.  *See* ECF 81.

overcharge is not a defense in an antitrust action); *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968), (*in pari delicto* is not a defense in an antitrust action), *overruled on other grounds by Copperweld v. Indep. Tube Corp.*, 467 U.S. 752 (1984); *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951) (unclean hands is not a defense in an antitrust action), *overruled on other grounds by Copperweld*, 467 U.S. 752. Second, Dow argues that the downstream evidence is relevant to its defense because it shows "that Plaintiffs' own witnesses view [its] activities as normal, common business practices—ones in which they themselves engage—and are in no way indicative of an unlawful price-fixing conspiracy." But the significance of such a showing is questionable. It is not clear what inferences may be drawn about Dow's conduct in the urethane manufacturing market based on Plaintiffs' conduct in the downstream foam market. *See In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 359–61 (3d Cir. 2004) (describing how some markets may be more conducive to price fixing than others). And, whether Plaintiffs' employees believed that Plaintiffs' actions violated the Sherman Act has no bearing on whether Dow's actions actually violated the Sherman Act. But even assuming that the low bar for relevance has been met, *see Gibson*, 355 F.3d at 232, the downstream evidence must be excluded under Federal Rule of Evidence 403.

To determine whether evidence should be excluded under Rule 403, a court must weigh the probative value of the evidence against the risk of unfair prejudice, confusion of issues, and waste of trial time. "The balancing test in Rule 403 ensures that juries are not presented with evidence that is far less probative than it is prejudicial." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002).

Here, as set forth above, the probative value of the proffered evidence is low. The risk of prejudice, on the other hand, is high. Evidence regarding Plaintiffs' own anticompetitive behavior may tempt the jury to decide the case on an improper basis, such as the "relative moral worth of the parties," *see Perma Life Mufflers*, 392 U.S. at 139, or a sense that Plaintiffs are being hypocritical in pursuing an action against Dow when they have engaged in similar conduct, *see* Fed. R. Evid. 403 Advisory Committee Note (stating that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). Admission of the downstream evidence also creates a risk of a lengthy mini-trial regarding the Plaintiffs' behavior. *See e.g., United States v. Misquitta*, 568 Fed. App'x 154, 156 (3d Cir. 2014) (affirming district court's exclusion of evidence related to theory of defense where evidence could convert the proceedings into a mini-trial). Finally, Plaintiffs' employees' lay opinions as to the legality of certain business practices raises a host of admissibility issues. *See generally* Fed. R. Evid. 701, 704; *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 223 (3d Cir. 2008) (district court erred in admitting improper lay opinion testimony); *Patrick v. Moorman*, 536 Fed. App'x 255, 258 (3d Cir. 2013) (under Rule 704, an expert witness is prohibited from opining about legal standards or drawing legal conclusions).

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* is **GRANTED**. An appropriate order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  December 21, 2015**