**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

January 8, 2016

<u>**Via ECF**</u>

The Honorable William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:   In re Urethane Antitrust Litigation
      <u>Civil Action No. 08-5169 (WJM) (MF)</u>

Dear Judge Martini:

We regret having to trouble you with this letter. Unfortunately, an important question of procedure has arisen in connection with the hearing to be held next Wednesday, January 13, in connection with Dow's motion to exclude the testimony of Plaintiffs' expert Dr. Leslie Marx. This issue arose yesterday during a meet-and-confer teleconference between Plaintiffs' counsel and Dow's counsel. In that conversation, Mr. Bernick indicated that he intends to bring both of Dow's experts to the hearing and to begin the hearing by eliciting testimony from those experts. He then expects to directly call Dr. Marx as an adverse witness. He further suggested that the hearing would involve subsequent examination of Dow's expert, Dr. Elzinga, in connection with Plaintiffs' motion *in limine* to exclude his testimony. Given that Dow's proposal is so far removed from standard *Daubert* procedure and what the parties discussed at the status conference on December 22, 2015, we felt compelled to seek your guidance.

As you recall, Dow requested an evidentiary hearing in support of its motion to exclude Dr. Marx's testimony. Plaintiffs volunteered to make Dr. Marx available at the Court's discretion, and the Court asked that she appear on January 13, 2016 to provide testimony. At sidebar, the parties discussed with the Court that each side would have 20 minutes to explain its position to the Court and then Plaintiffs would call Dr. Marx to explain to the Court what she has done and to answer any questions that the Court indicated it might provide in advance of the hearing. Normally, Dow would then have the opportunity to cross-examine Dr. Marx, and Plaintiffs to re-direct. This, of course, makes logical sense. To properly assess Dr. Marx's opinions, the Court would first need to hear exactly what Dr. Marx did before listening to critiques of her approach.

The Court will further recall that during the conference on December 22, Dow never suggested that it would seek to start the hearing by eliciting testimony from its own experts. Had Dow

Los Angeles | New York | Stamford | Washington, DC

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

The Honorable William J. Martini
January 8, 2016
Page 2

asked for permission to do so, Plaintiffs would have vigorously objected on the ground that any such testimony would be untimely. The extensive pleadings, filed years ago, disclose that Dow never sought to support its motion with declarations from its experts. Even worse, Dow's *Daubert* motion cited portions of Dr. Ugone's "Supplemental Report" that the MDL Court struck as untimely, and which Plaintiffs will ask this Court to ignore in its consideration of Dow's *Daubert* motion. A copy of that order was sent to you with our November 11, 2015 letter. Plaintiffs believe it is improper for Dow to use this hearing to once again attempt an end-run around the MDL Court's rulings.

Procedurally, Dow's proposal has it backwards. Despite the fact that the hearing arises by motion of a challenging party, the offering party has the burden of proof on the admissibility of expert testimony. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743, n.9 (3d Cir. 1994).[1] Thus, standard practice for *Daubert* hearings involves the offering party calling its expert first, followed by the challenging party's cross-examination. That is the procedure that the Honorable Jan DuBois employed for the *Daubert* hearing of Dr. Hal White in *In re Linerboard*, which Plaintiffs have already cited at length (it involved a similar model and similar criticisms). *See* Pls.' Opp. to Dow's *Daubert* Mot. to Exclude Marx, Ex. 6 (Nov. 9, 2015) (Dkt. Entry 200-3). Apart from the fact that the adverse party, Dow, has advanced the motion, a circumstance which is always present, Dow has offered no reason to deviate from this standard procedure.

As to Plaintiffs' motion *in limine* to exclude the testimony of Dr. Elzinga, at no time did Plaintiffs request an evidentiary hearing on its motion. We believe the motion can and should be

---

[1] *See also, e.g., United States v. Mitchell*, 365 F.3d 215, 253 (3d Cir. 2004) ("[T]he putative substitute testimony was actually given at the *Daubert* hearing and was subject there to cross-examination by [defendant]."); *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003) (noting that at a *Daubert* hearing, the expert made a certain admission on cross-examination); *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 156, 164 (3d Cir. 1999) ("When cross-examining [plaintiff's expert] at the *Daubert* hearing, [the defendant] offered a number of plausible alternative causes . . . ."; "The District Court noted this inconsistency . . . as did [plaintiff's expert] himself implicitly on cross-examination at the *Daubert* hearing."); *In re Mercedes-Benz*, No. 99-4311(WHW), 2006 WL 2129100, at *7 (D.N.J. July 26, 2006) (case involving price-fixing allegations; "The *Daubert* hearings were conducted . . . and provided the opportunity for direct examination, cross-examination, presentation of evidence, and oral argument with respect to each of the challenged experts."); *United States v. Schiff*, 538 F. Supp. 2d 818, 840 (D.N.J. 2008) ("The Government failed to provide proper notice that this factual premise was an underpinning for [the government's expert's] opinion before the *Daubert* hearing so that the proffered expert could be cross-examined on the facts underlying this theory under FRE 705.").

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

The Honorable William J. Martini
January 8, 2016
Page 3

decided on the papers. If the Court desires a hearing on that motion, we would respectfully request that it be set on some date in the future, after Plaintiffs have had the opportunity to prepare for such a hearing.

We respectfully seek your guidance. We want to provide the Court with a presentation that is useful and efficient. We believe such a presentation is best accomplished by following the procedures used in *Linerboard* and in the host of cases noted above. Thank you for your consideration.

Very truly yours,

Jeffrey M. Johnson
(202) 420-4726 direct dial
johnsonjeff@dicksteinshapiro.com


cc:     Honorable Mark Falk, U.S.M.J. (via ECF)
        All Counsel (via ECF)