

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

February 12, 2016

**VIA ECF**

Honorable William J. Martini
United States District Judge
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street, P.O. Box 999
Newark, New Jersey 07101-0999

      Re:  *In re Urethane Antitrust Litigation*,
            **Master Docket No. 08-5169 (WJM) (MF)**

Dear Judge Martini:

      As Your Honor is aware, this firm, along with Dechert LLP, represents defendant The Dow Chemical Company ("Dow") in the above-referenced action. Dow submits this letter as a supplement to its pending Motion *in Limine* Regarding Witness Testimony at Trial (Dkt. No. 123).

      In the Pretrial Order initially filed with this Court, plaintiffs listed a total of thirteen live witnesses affiliated with the plaintiffs. That list included at least one live witness for each of the eleven plaintiffs that filed this lawsuit.[1] In that initial Pretrial Order the plaintiffs also listed various individuals affiliated with the plaintiffs whom they intended to call by deposition, including several high-level executives still employed by the plaintiffs. In Dow's motion *in limine*, it argued, in part, that plaintiffs should not be permitted to call plaintiff-affiliated witnesses by deposition at trial. At the December 22, 2015 pretrial conference in this matter, Your Honor expressed skepticism as to how plaintiffs were "going to try this case with just video depositions and not bring any live witnesses in." Dec. 22, 2015 Hr'g Tr. at 8.

      Despite this Court's concerns, recently on January 22, 2016, the plaintiffs informed Dow that they were dropping six of these thirteen live witnesses, and intended instead to call five of them by deposition. Earlier this week on February 8, 2016, plaintiffs informed Dow that they were dropping another four live witnesses and now intended to call each by deposition. The result is that plaintiffs now intend to call only three live witnesses from the eleven plaintiffs in this case, leaving eight of the eleven corporate families entirely unrepresented at trial.[2] In total, plaintiffs propose to call only five fact witnesses live and thirty-three witnesses by deposition, including seventeen of their own witnesses by deposition. Plaintiffs' recent reductions to their already narrow live witness list have made it necessary for Dow to address the issue again with the Court.

---

[1]     Jeffrey Briney (Flexible Foam Products), James Boehm (Foam Supplies), Alan Weber (Huber), Stephen Jackson (Leggett & Platt); John Quackenbush (Lubrizol), Sandon Wool (MarChem), Martin Cosgrove (Vita), Nigel Hay (Vita), Bruce O'Brien (Woodbridge); Stuart Watson (Carpenter); Joseph Plati (Woodbridge).

[2]     Plaintiffs informed Dow on February 8, 2016, that they will be presenting the live testimony of *only* Jorge Burtin (Skypark), Joseph Plati (Woodbridge), and David Underdown (Hickory Springs).

GIBBONS P.C.

Honorable William J. Martini
February 12, 2016
Page 2

The Court expressed concern at the pretrial hearing that it was constrained by the Rules of Civil Procedure from forcing the plaintiffs to bring witnesses live to trial. *See* Dec. 22, 2015 Hr'g Tr. at 9. But regardless of this Court's power to force live witnesses to appear at trial, this Court does have the power to prevent plaintiffs from calling their own witnesses by deposition. As set forth below, there are two independent bases on which to do so: (1) Federal Rule of Civil Procedure 32(a) gives the Court discretion to prevent a party from calling its own witnesses by deposition; and (2) plaintiffs simply cannot present deposition testimony taken pursuant to Rule 30(b)(6) when that testimony is not based on personal knowledge, a pre-requisite to admissibility under the Federal Rules of Evidence.

I. **The Court Can and Should Exercise Its Discretion To Prevent Plaintiffs From Presenting Deposition Testimony Under Federal Rule of Civil Procedure 32(a)**

Numerous courts have held that while Federal Rule of Civil Procedure 32(a)(4)(B)[3] permits a court to allow into evidence the deposition testimony of a witness who is more than 100 miles from the courthouse, the trial court also has discretion to prohibit the admission of deposition testimony, particularly when the witness in question is or was affiliated with the offering party. *See, e.g., Garcia-Martinez v. City and Cnty. of Denver*, 392 F.3d 1187, 1192 (10th Cir. 2004) ("Other cases hold that the mere fact a party is more than 100 miles from the courthouse does not require the district court to automatically admit a party's deposition. . . . "[T]he trial court retains significant discretion in applying Rule 32 to an absent party"); *VIIV Healthcare Co. v. Mylan, Inc.*, No. 12-1065, 2014 WL 2195082, *2 (D. Del. May 23, 2014) (a party's "failure to procure [a witness] may be taken be taken into account when courts exercise their discretion regarding whether to admit the deposition testimony"); *A.H. ex rel Hadjih v. Evenflo Co., Inc.*, No. 10-2435 2013 WL 4659482 at *11 (D. Col. Aug. 30, 2013), *aff'd in part, rev'd in part on other grounds*, 579 F. App'x 649 (recognizing that even though a witness was more than 100 miles away from the trial location, Rule 32(a) does not "compel the conclusion that the deposition testimony must be admitted.").

As the *Mylan* court held in 2014:

> Historically, federal courts have preferred live testimony over recorded testimony. For this reason, courts must consider all the relevant circumstances in determining whether to admit deposition testimony in lieu of live testimony. Here, while the two witnesses both reside over 100 miles from the location of the courthouse, Plaintiffs have failed to show why they are unable to procure them for trial, let alone that they have made any attempt at doing so. Thus I cannot conclude on the present record that the Plaintiffs two fact witnesses are "unavailable" for purposes of Fed. R.Civ.P. 32(a)(4)(B). … I deny Plaintiffs' request to submit the testimony of their two fact witnesses . . . by deposition rather than at trial. Plaintiffs may renew the request at trial when I may have more

---

[3]  Rule 32(a)(4)(B) provides: "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds…that the witness if more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition."

> context to evaluate the request, but I believe if the testimony is truly important to their case, they have the capability of getting both witnesses to appear in person.

2014 WL 2195082 at *2.

The cases cited above all recognize the longstanding and still strong preference for live testimony at trial. *See* Dow's Brief in Support of its Motion *In Limine* Regarding Witness Testimony at 1-2. As the Tenth Circuit stated in *Garcia-Martinez*, "The preference for a witness's attendance at trial is axiomatic. When the 'key factual issues' at trial turn on the credibility and demeanor of the witness, [the court prefers] the finder of fact to observe live testimony of the witness. *This is especially true when the witness is the plaintiff.*" *Id.*; s*ee also Ramada Worldwide, Inc. v. Bellmark Sarasota Airport*, LLC, No. 05-2309, 2006 WL 1675067 at *4 (D.N.J. Jun. 15, 2006) (emphasis added); 7 James Wm. Moore, et. al., *Moore's Federal Practice* § 32.24 (2015).[4]

Contrary to the assertions by plaintiffs' counsel, the testimony of the plaintiffs themselves is extremely important in this case. To succeed on their claims, each plaintiff must not only prove that Dow participated in a conspiracy, but also that each plaintiff was individually injured *by reason of* the conspiracy. 15 U.S.C. § 15(a). This antitrust injury requirement demands a hard look into plaintiff-specific questions about the negotiating power of each plaintiff and the impact of any alleged conspiracy on the plaintiff. In short, if plaintiffs successfully avoided any impact through their negotiations with Dow and others, they cannot recover, even if they are able to prove an attempt at conspiracy. By bringing virtually none of their clients to trial, plaintiffs' counsel are trying to minimize and avoid the issue of impact, and cut Dow off from presenting an important defense.[5]

In fact, plaintiffs concede that negotiations are essential for determining pricing—and thus impact—in the urethane industry. At the *Daubert* hearing held on January 13, 2016, plaintiffs' counsel explained that their expert Dr. Leslie Marx would discuss the second stage of her damages model and explain "how it accounts for plaintiff-specific factors such as bargaining skill and negotiating leverage[.]"

---

[4] In *In re Jacoby Airplane Crash Litig.*, the court read Rule 32(a) as granting it no discretion to exclude deposition testimony of witnesses further than 100 miles from the courthouse. No. 99-6073, 2007 WL 559801 *6-7 (D.N.J. Feb. 14, 2007). Notably, the court cited no authority for this constraint.

[5] Plaintiffs contend that Dow should have developed this evidence during discovery so that it could present it at trial by deposition testimony. This argument is flawed for a number of reasons. First, Dow did develop such evidence during discovery and will present it at trial. But that is not a substitute for live witnesses from the plaintiffs (who are suing Dow for hundreds of millions of dollars) responding to cross examination on this critical issue. If it were, every civil trial would consist only of openings, disjointed videotapes of depositions, and closings. Moreover, such a system would likely require multiple rounds of depositions of the same witnesses so that there could be a "discovery" deposition and then a "trial" deposition. It is simply not fair to expect that depositions taken years ago in order to discover the facts on a broad range of issues are the equivalent of focused examination at trial on the remaining critical issues. If it were, live testimony would not be preferred in our trial system – but it is because it is much more effective at revealing the truth.

GIBBONS P.C.

Honorable William J. Martini
February 12, 2016
Page 4

Hr'g Tr. at 7.  Marx explained that "it's true in this market that the prices, individual prices for each transaction are determined through a negotiation between the buyer and seller.  And so by having the second stage model, that allows us to capture any individual effects associated with a particular transaction."  *Id*. at 64.  Plaintiffs take the position that the model sufficiently addresses "bargaining skill and negotiation power."  Dow vigorously disputes that, and testimony from the plaintiffs themselves about their real world negotiations with Dow and other urethane suppliers, as opposed to a statistical model far removed from reality, is highly relevant to this issue.[6]

In sum, plaintiffs' counsel have made a tactical decision to try to present most of the plaintiffs in this case by deposition rather than live.  This Court should exercise its discretion to preclude the plaintiffs from submitting their own testimony in this manner.

II.     **Plaintiffs Cannot Present Their Own 30(b)(6) Witness Deposition Testimony Because The Witnesses Did Not Testify Based On Personal Knowledge, As Required by Federal Rule of Evidence 602**

During discovery in this case, certain witnesses provided deposition testimony pursuant to Fed.R.Civ.P. 30(b)(6).  Under that rule, a corporate representative educates himself or herself on identified topics by speaking to others inside the company and by reviewing documents, and then provides deposition testimony on behalf of the corporate entity.  Rule 30(b)(6) is a means to expedite the discovery of facts from multiple sources inside a company.  Because this testimony is provided on behalf of the corporate entity, it may be put into evidence at trial *against* that entity as a party admission.  Fed. R.Civ.P. 32(a)(3) ("an adverse party"—but only an adverse party—"may use for any purpose the deposition of a party" taken pursuant to Rule 30(b)(6).).  However, to be admissible, a 30(b)(6) deposition or any other deposition, must otherwise meet the requirements of the rules of evidence.  *See* Rule 32(a)(1)(B) (allowing the admission of deposition testimony at trial only "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying.").

The plaintiffs propose to offer into evidence during their case at trial six different 30(b)(6) depositions.[7]  Regardless of whether this Court accepts Dow's application in Section I above (and declines to allow Plaintiffs to offer their own testimony by deposition), Plaintiffs simply cannot put these 30(b)(6) depositions affirmatively into evidence because the witnesses who testified were generally not testifying from personal knowledge, a fundamental pre-requisite to admissibility.

At trial "a witness may testify to a matter *only* if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Numerous courts

---

[6]     Dow notes that this Court has reserved decision on whether it will allow the plaintiffs to claim that the model provides any evidence of causation or impact.  *See* Mem. Op. January 26, 2016 (Dkt. No. 229)

[7]     Plaintiffs have stated their intent to present the deposition testimony of the following 30(b)(6) witnesses:  Del Felter (Carpenter); Helen Ebert (Vita); Jeffrey Briney (Flexible Foam); Alan Weber (Huber); Sandon Wool (MarChem); and Nigel Hay (Vita).

Honorable William J. Martini
February 12, 2016
Page 5

have held that 30(b)(6) depositions are not admissible at trial absent proof of personal knowledge by the deponent.[8]  *See Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010) (finding that 30(b)(6) testimony could not come into evidence because the witness's knowledge of the company's contract bidding practices was based on conversations with other employees); *TIG Ins. Co. v. Tyco Intern. Ltd.*, 919 F. Supp. 2d 439, 454-55 (M.D. Pa. 2013) (explaining that a 30(b)(6)'s witness testimony as to events that occurred prior to his time at the company would not be admissible at trial because it was not based on personal knowledge); *Indus. Eng. & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912 at *3-4 (M.D. Fla. Oct. 6, 2014) (finding that "Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement").[9]

Plaintiffs seek to present at trial the deposition testimony of their own 30(b)(6) witnesses who do not have personal knowledge of the events at issue in this case.  For example, plaintiffs seek to introduce the deposition testimony of Nigel Hay, who at the time of his deposition was the Chief Executive Officer of The Vita Group's compounding division.  Hay's proffered testimony dealt with Synair Corporation, a company not acquired by Vita until 2004, after the conclusion of the damages period.  *See* December 11, 2011 Dep. Tr. of Helen Ebert & Nigel Hay, 30, 86-90.  Hay, therefore, had no personal knowledge about Synair from which he could testify—all of his knowledge came from others, including his reading of the deposition testimony other witnesses in this case (depositions which plaintiffs do not seek to introduce). *Id*. at 30.  Similarly, plaintiffs seek to offer the testimony of Helen Ebert on behalf of various Vita plaintiffs, even though Ebert did not join any Vita related entity until 2007.  Plaintiffs also offer the deposition testimony of J.M. Huber Corporation's 30(b)(6) witness Alan Weber, who did not join the company until August 2003, just four months before the end of the damages period.  S*ee* July 27, 2010 Dep. Tr. of Alan Weber, 14-18, 30-31.  In short, the plaintiffs should be precluded from offering these six 30(b)(6) depositions into evidence.[10]

---

[8]     As noted above, because 30(b)(6) deposition testimony is an admission by a party opponent, the adverse party may offer it at trial.  Fed.R.Civ.P 32(a)(3); Federal Rule of Evidence 804(b).

[9]     The court in *Sara Lee Corp. v. Kraft Foods Inc*. recognized that in limited circumstances the deposition testimony of 30(b)(6) witnesses could be presented at trial related to matters of "corporate knowledge" (as a substitute for the personal knowledge requirement of Federal Rule of Evidence 602). 276 F.R.D. 500, 502-03 (N.D. Ill. August 2, 2011).  Such matters of "corporate knowledge" include policies, procedures, and biographical information such as the company address or confirmation of a corporate organization chart. *Id*. It does not include testimony as to what individuals inside the company knew or did not know; what they believed; or how individuals acted "in a specific instance."  *Id*.  Further, the type of corporate knowledge admitted by the court in *Sara Lee* is easily distinguished from fact-specific actions and knowledge issues for which plaintiffs seek to introduce their own 30(b)(6) deponents in this case.

[10]    Dow anticipates that plaintiffs will claim Dow should have raised this argument earlier.  Plaintiffs are wrong.  First, when Dow put in its motions *in limine*, it understood each plaintiff would have at least one live witness at trial.  The landscape has fundamentally changed.  Second, plaintiffs have only recently (on January 22 and February 8, 2016) informed Dow that they would be using four of these six 30(b)(6) depositions (plaintiffs previously indicated that those four witnesses would appear live at trial).

GIBBONS P.C.

Honorable William J. Martini
February 12, 2016
Page 6

      We hope that this information is helpful to the Court and we will be prepared to discuss these matters further if Your Honor wishes. Thank you for your kind consideration of this matter.

                                                            Respectfully submitted,

                                                            s/ Lawrence S. Lustberg
                                                            Lawrence S. Lustberg

cc:      Honorable Mark Falk, U.S.M.J. (*via* Regular Mail)
          Honorable Joel A. Pisano, Special Master (*via* Regular Mail)
          All counsel of record (*via* ECF)

---

Moreover, Dow made extensive objections based on lack of foundation and lack of personal knowledge to one of the other two depositions.