# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

**COUNSELLORS AT LAW**

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
———
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
°MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

February 16, 2016

**Via ECF**

The Honorable William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

     Re: *In re Urethane Antitrust Litigation*
       Civil Action No. 08-5169(WJM)(MF)

Dear Judge Martini:

  We write on behalf of Plaintiffs in response to Dow Chemical Company's ("Dow") February 12, 2016 letter, and to supplement Plaintiffs' opposition to Dow's motion *in limine* regarding witness testimony.

  There is no legal basis for Dow's argument that the Court should preclude Plaintiffs from presenting any deposition testimony given by their individual and 30(b)(6) witnesses on the ground that, in Dow's view, Plaintiffs are not supplying sufficient live witnesses to testify during the upcoming trial. The Court does not have discretion under the Federal Rules to preclude this testimony for the reasons Dow requests – and even assuming that the Court did possess such discretion, it should not exercise it to radically alter the manner in which Plaintiffs will present their case and thwart Plaintiffs' efforts to streamline their presentation of evidence.

  Dow is engaging in eleventh-hour gamesmanship, in an effort to dictate the mode by which Plaintiffs present their case.[1] Dow's arguments arise out of information it has long known, but nonetheless delayed in raising until three weeks before trial.

---

[1] Dow has veered from asking the Court to compel Plaintiffs to produce live witnesses – a proposition for which Dow effectively admits there is no legal basis – to stating that the Court should preclude all of Plaintiffs' witnesses' deposition testimony "regardless of this Court's power to force live witnesses to appear at trial." Dow Letter, at 2. Furthermore, of the 11 witnesses Dow lists in its first footnote as initially identified as live, only two are still employed by Plaintiffs (Stephen Jackson (Leggett), who Plaintiffs have dropped entirely, and Joseph Plati (Woodbridge), who will appear live). The remaining individuals have retired or are employed elsewhere. Thus, the only witness from this list still employed by Plaintiffs who will present any

The Honorable William J. Martini
February 16, 2016
Page 2

Plaintiffs, who bear the burden of proof, should not be penalized for seeking to present their case in an efficient manner that fully complies with the law. Federal Rule of Civil Procedure 32 gives Plaintiffs the absolute right to present the deposition testimony of witnesses who live and work more than 100 miles from the courthouse, so long as Plaintiffs have not procured those witnesses' absence. Dow does not and cannot claim that Plaintiffs procured the absence of the witnesses at issue within the meaning of Rule 32.

Moreover, rather than properly objecting to any specific testimony it claims is not based on personal knowledge, Dow improperly seeks the wholesale exclusion of testimony from Plaintiffs' 30(b)(6) witnesses. To the extent Dow believes particular designated testimony from a 30(b)(6) witness is beyond that witness's personal knowledge, Judge Pisano should decide those objections on a case-by-case basis. Even Dow concedes that deposition testimony from a 30(b)(6) witness is admissible where the witness's testimony is based on personal knowledge, and much of the testimony Plaintiffs have designated falls into that category.

Ultimately, the adjustments Plaintiffs have made to their case in light of the Court's order limiting the parties to 60 hours of trial time are intended to streamline the presentation of evidence and save valuable time. None of those changes run afoul of the law or provide a basis to completely exclude the deposition testimony of Plaintiffs' witnesses.

I.  **Federal Rule of Civil Procedure 32 Does Not Grant The Court Unfettered Discretion To Preclude Plaintiffs' Use Of Its Own Witnesses' Deposition Testimony**

Dow does not dispute that Plaintiffs have designated the depositions of witnesses who live and work more than 100 miles from the court, and does not claim that Plaintiffs procured the unavailability of these witnesses. Thus, Dow does not dispute that Plaintiffs' conduct complies with Rule 32 of the Federal Rules of Civil Procedure. Instead, Dow asks for the outrageous sanction that the Court entirely exclude the deposition testimony of all witnesses currently or formerly affiliated with Plaintiffs. There is no legal basis for this request.[2]

Dow misreads the relevant legal principles in an effort to manufacture more discretion for this Court under Fed.R.Civ.P. 32. Rule 32(a)(4)(B) is unambiguous:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (B) that the witness is more than 100 miles from the

---

testimony at trial (Mr. Plati) will do so live. In addition to identifying these 11 witnesses as appearing live, plaintiffs also designated their depositions consistent with the parties' agreement in the June 2015 Pretrial Order that these witnesses could appear by deposition instead. Initial Pretrial Order, Divider 5, at 1 n.1 (June 5, 2015) (Dkt. No. 77).

[2]   Dow's argument is also late. Dow could have briefed this issue in connection with its motion *in limine* on compelling the attendance of live witnesses, but did not. To the extent Dow raises concerns about certain witnesses' personal knowledge, those concerns would exist regardless of whether those witnesses testify live or by deposition.

The Honorable William J. Martini
February 16, 2016
Page 3

> place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the partying offering the deposition.

Fed. R. Civ. P. 32(a)(4)(B).  The language of the Rule affords discretion to *the parties* (not the courts) to use deposition testimony in lieu of live testimony where a witness lives and works more than 100 miles from the court.  *In re Jacoby Airplane Crash Litig.*, 2007 WL 559801, at *8 (D.N.J. Feb. 14, 2007) ("This Court can find no discretion granted to the Court within the text of Rule 32(a)(3)(B). . . . Clearly the discretion is left to the party, not the court.").[3]  For Rule 32(a)(4)(B), "[d]istance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of [this rule] is not contingent upon a showing that the witness is otherwise unavailable." *Daigle v. Maine Med. Ctr., Inc.*, 14 F.3d 684, 691-92 (1st Cir. 1994) (rejecting argument that "a witness, though at the stated distance from the place of trial, is not unavailable if, with reasonable efforts, he might be persuaded to attend," based on rule's language which "does not permit a court to read this sort of qualification into it") (citations omitted); *see also MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 67 (D.N.H. 2013) (rejecting argument that party offering deposition of an unavailable witness need first exercise reasonable efforts to secure the witness's attendance at trial) (citations and internal quotation marks omitted); *Smith v. United States*, 2012 WL 1453570, at *32 (S.D. Ohio Apr. 26, 2012) ("Rule 32(a)(4) permits any party to use the deposition of a witness if that witness is more than 100 miles from the place of the trial.  There is no need to show that the witness is otherwise unavailable") (citations omitted).

The cases Dow cites to rebut this point do not hold the contrary; rather, they tether the court's discretion to its assessment of whether the witness's absence was procured by the offering party.  *Garcia-Martinez*, 392 F.3d at 1191-92 (finding the plaintiff deliberately chose to leave the U.S., and therefore procured his own absence, and that district court did not abuse its discretion in excluding the plaintiff's deposition); *A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 Fed. Appx. 649, 655-56 (10th Cir. 2014) (upon determination that the witness resided and worked more than 100 miles from the courthouse, the "key inquiry" is whether it appeared that witness's absence was procured by the party offering his deposition, and noting "a difference between procuring a witness's absence and electing not to procure his attendance").[4]  Here, Dow does not allege or offer any evidence that Plaintiffs procured any witnesses' unavailability.

---

[3]   Dow criticizes *In re Jacoby*'s holding on the ground that Judge Ackerman did not cite any legal authority.  Dow Letter, at 3 n.4.  Dow is incorrect, as the Rule itself, which the court cited and interpreted, *is legal authority*.  *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) (the starting point for analyzing any rule of procedure "is always [with] the language of the [rule] itself").

[4]   In *A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 2013 WL 4659482 (D. Colo. Aug. 30, 2013), the district court found that the offering party had not procured the witness's absence; the witness had simply moved to Georgia to take another job.  *Id.* at *11.  Moreover, the court noted that the party objecting did not initially do so, and instead sought to exchange deposition designations.  *Id.* at *10.  The court also took noted that the objecting party did not submit any

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

*VIIV Healthcare Co. v. Mylan Inc.*, 2014 WL 2195082 (D. Del. May 23, 2014), is readily distinguishable, as it dealt with only two depositions, not the entire universe of depositions offered by the party.  More importantly, *Mylan* is plainly inconsistent with the law of this Court as set forth in *In re Jacoby*, and the authorities underpinning *Mylan*'s conclusions do not support its final holding relative to 32(a)(4)(B).  For example, the *Mylan* court held that Rule 32(a)(4)(B) granted it discretion based on the language that "[a] party may use" deposition transcripts as evidence, *id.* at *1, but this Court has already rejected that proposition, *In re Jacoby*, 2007 WL 559801, at *8.  The *Mylan* court also relies on *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 308 (7th Cir. 2009), but that case involved Rule 32(a)(4)(D), a different sub-provision of Rule 32 under which the Seventh Circuit found implicit discretion to determine whether the offering party had used "reasonable diligence" in attempting to serve the unavailable witness with a subpoena.  *Id.* at 308.  In any event, the court there acknowledged that "[p]arties are not required to take active steps to procure witnesses who would otherwise not be within 100 miles of the location of the trial,"[5] and that its exclusion of the relevant (30(b)(6) testimony) also was based on concerns regarding the witnesses' lack of personal knowledge and other reliability issues.  *Id.* at *2.

Dow's claims of unfair prejudice ring hollow.  It already has had the opportunity to take the testimony of every witness for whom Plaintiffs are offering deposition testimony.  Dow admits as much, and acknowledges that its cross examination of these witnesses will be shown at trial.  Dow Letter, at 3 n.5.[6]  Furthermore, the evidence cited in its letter that it seeks to rebut comes from Plaintiffs' expert, Dow Letter, at 3-4, who will testify live and who will be subject to cross examination.

Ultimately, Dow does not offer any legal basis for the Court to stray from the District of New Jersey's own precedent, and the only authorities Dow cites do not support the relief it seeks.

---

disputes regarding specific portions of the deposition to be presented.  *Id.*  Thus, in considering the "totality of the circumstances," the District of Colorado ultimately ***admitted the deposition testimony***, and found that doing so was not erroneous despite tactical behavior employed by both parties.

[5]   While *Mylan* notes that a party's failure to take active steps to procure a witness can be taken into account when courts exercise their discretion, the court does not cite a single legal authority in support of that proposition.  2014 WL 2195082, at *1.

[6]   Dow's attempt to distinguish "discovery depositions" and "trial depositions," Dow Letter, at 3 n.5, is meritless.  *A.H. ex rel. Hadjih*, 2013 WL 4659482, at *12, on which Dow relies, notes that as to "discovery depositions," "[t]here is no such thing in the rules."  Thus, "under the rules currently in place, a deposition is a deposition; and whether testimony is taken for the purpose of discovery is admissible at trial ultimately turns on the application of those rules."  *Id.*  Dow's conduct in discovery reflects its own strategic choices, and where the lion's share of the witnesses here reside more than 100 miles from the court, Dow had ample notice that such individuals might not attend trial.

The Honorable William J. Martini
February 16, 2016
Page 5

## II. A Party May Present Its Own 30(b)(6) Deposition Testimony At Trial

Dow also seeks to exclude the deposition testimony of six Plaintiffs' 30(b)(6) witnesses. Dow Letter at 4-5.[7] Dow argues that such testimony must satisfy Federal Rule of Evidence 602's personal knowledge requirement, and contends that the "witnesses who testified were ***generally*** not testifying from personal knowledge." *Id.* at 4 (emphasis added). Dow's argument fails for several reasons.

Foremost, Dow's argument fails because the law does not support the wholesale exclusion of Plaintiffs' 30(b)(6) depositions. Rather, Dow's cited cases merely acknowledge that testimony based on hearsay is inadmissible. *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. Appx. 899, 907 (5th Cir. 2010) (noting that 30(b)(6) designee testimony is not admissible to the extent it is hearsay); *TIG Ins. V. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454-55 (M.D. Pa. 2013) (striking portions of corporate designee's testimony based on hearsay not subject to an exception, but admitting portions based on personal knowledge); *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912, at *3-4 (M.D. Fla. Oct. 6, 2014) (noting that trial testimony of corporate designee would need to be based on personal knowledge to be admissible).[8] Indeed, Dow admits that testimony based on personal knowledge is admissible. *See* Dow Letter at 4-5. Thus, the proper course of action for Dow would be to raise testimony-specific objections for each witness, particularly in light of the Court's appointment of Special Master Pisano to review disputes on deposition designations.[9]

The law also recognizes that 30(b)(6) testimony that goes beyond the witness's personal knowledge is still admissible where it reflects "corporate knowledge." *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011). While there is necessarily tension between Federal

---

[7] All of the witnesses implicated by Dow's 30(b)(6) argument reside more than 100 miles from the court, including two in the United Kingdom, two in Missouri, one in North Carolina, and one in Richmond. All are therefore unavailable under Rule 32(a)(4)(B). Further, none are still employed by Plaintiffs.

[8] Even *Mylan* recognizes that a party may present its own 30(b)(6) deposition where the testimony satisfies the Federal Rules of Evidence. *See Mylan*, 2014 WL 2195082, at *2 (analyzing whether proffered 30(b)(6) testimony was based on personal knowledge).

[9] Dow provides only cherry-picked snippets that give a misleading impression of the 30(b)(6) testimony Plaintiffs offer. Dow Letter, at 5. For example, Dow does not mention Sandon Wool, MarChem's 30(b)(6) witness, whose testimony falls entirely within his personal knowledge. Mr. Wool began working at MarChem's family of companies in 1979, held the position of Vice President at the parent corporation (Dash-Multi-Corp), and was responsible for purchasing urethane chemicals (including by negotiating with suppliers). *See, e.g.*, Dep. Tr. of S. Wool, 19-23, 25-26 (Sept. 10, 2010). Similarly, Dow does not mention Jeffrey Briney, who, as Flexible Foam's Vice President of Sales, is well suited to testify regarding the various Flexible Foam entities, the products they produced, and the centralization of purchasing. *See, e.g.*, Dep. Tr. of J. Briney, at 6, 9, 21-23, 25-28, 30, 38 (Feb. 14, 2012).

The Honorable William J. Martini
February 16, 2016
Page 6

Rule of Evidence 602's personal knowledge requirement and testimony given pursuant to Rule 30(b)(6), "[w]hen it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve," such as requiring the marshaling of evidence from multiple witnesses. *Id.* at 503. Therefore, 30(b)(6) deposition testimony is admissible at trial where it relates to "matters about which the corporation's official position is relevant, such as corporate policies and procedures, or the ***corporation's opinion about whether a business partner complied with the terms of a contract***." *Id.* at 503 (emphasis added). Here, where Plaintiffs' designations reach beyond the witnesses' personal knowledge, the testimony falls into the category of corporate knowledge, and is therefore admissible.

As a practical matter, Dow's objection to Plaintiffs' use of its own 30(b)(6) testimony is much too late, and should be deemed waived. Plaintiffs identified Del Felter (Carpenter) and Helen Ebert (Vita) to be called by deposition in the initial June 2015 Pretrial Order (Divider 5, at 8), but Dow did not object at the time to Plaintiffs' general use of its own 30(b)(6) testimony. This is unsurprising given that Dow identified the deposition of its own 30(b)(6) witness, Arthur Eberhart, in the same Order. *Id.* at 13. Likewise, Dow ignores that both parties reserved their rights regarding the identified live witnesses, and consistent with that reservation, Plaintiffs provided Dow designated portions of the 30(b)(6) depositions of the four other witnesses – Jeffrey Briney (Flexible Foam), Nigel Hay (Vita), Alan Weber (Huber), and Sandon Wool (MarChem) – at the time. Dow raised no objection to the use of 30(b)(6) testimony in this regard either, instead exchanging counter designations. Dow also has availed itself of this reservation, as David Fischer will now appear by deposition rather than live.[10]

Ultimately, Plaintiffs believe they can streamline the Court's review of the 30(b)(6) issue by making the following changes to their evidence: (1) Plaintiffs will withdraw the majority of Ms. Ebert's testimony from her depositions on January 24 and 26, 2012, except where she identifies her position; (2) Plaintiffs will withdraw the majority of Mr. Felter's testimony, except where he discusses which Carpenter entities performed purchasing; (3) Plaintiffs will withdraw Mr. Hay's testimony, but will retain the brief testimony given by Ms. Ebert in the same deposition discussing Vita's acquisition of Pathway Polymers; (4) Plaintiffs propose to withdraw Mr. Weber's testimony and instead ask the Court's permission to substitute the deposition of Mark Talbert,[11] a former Huber employee who was responsible for purchasing; and (5) Plaintiffs will retain the testimony of Mr. Wool and Mr. Briney, and to the extent Dow has particular objections to that testimony, Plaintiffs will engage with Special Master Pisano to resolve them.

---

[10] Dow's motion *in limine* regarding witness testimony at trial ironically sought to prevent Plaintiffs from using Mr. Fischer's deposition on the grounds that he would appear live.

[11] Plaintiffs did not initially identify Mr. Talbert to appear by deposition, but given Dow's concerns regarding Mr. Weber's testimony, we believe this substitution offers an expedient resolution.

The Honorable William J. Martini
February 16, 2016
Page 7

      Plaintiffs hope that this information provides the Court a more accurate understanding of the law and facts at play, and we are prepared to further discuss these issues should the Court so desire.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc:    Honorable Mark Falk, U.S.M.J. (*via* ECF)
        Honorable Joel A. Pisano, Special Master (*via* ECF)
        All Counsel of Record (*via* ECF)