UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION | Civ. No. 2:08-5169 (WJM-MF) <br><br> **OPINION & ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is an antitrust action in which Plaintiffs accuse The Dow Chemical Company ("Dow") of colluding with other businesses in order to artificially inflate the prices of urethane chemicals. This matter comes before the Court on Dow's motion *in limine* regarding witness testimony at trial. **[ECF 123]**. Specifically, Dow seeks an order compelling Plaintiffs to make eight of their current employees[1] available to Dow for questioning live at trial or, at a minimum, via live video conference. Dow has also supplemented its motion *in limine* with a request that the Court prevent Plaintiffs from presenting, during their case-in-chief, the deposition testimony of ten witnesses who were originally designated as live witnesses in the June 2015 pretrial order. Finally, Dow raises objections to the deposition testimony of six of Plaintiffs' witnesses under Federal Rule of Civil Procedure 30(b)(6).[2] The Court writes for the benefit of the parties and assumes familiarity with both the facts of the case and the issues presented in the instant motion.

I. DISCUSSION

A. The Eight Employees' Testimonies

Dow seeks to examine eight of Plaintiffs' current employees live at trial in support of its defenses, and asks the Court to require Plaintiffs to compel their employees to testify live at trial or, at a minimum, via live video conference.

---

[1] These witnesses are Paul Davidson, Stanley Pauley, and Christopher Pugh (Carpenter employees); Kenneth Todd Councilman, Wilbur Mann, and Don Simpson (Hickory Springs); Michael Vaughn (Lubrizol); and David Scott Wheeler (Woodbridge).
[2] Dow's motion *in limine* previously included other requests which have since been resolved and are, therefore, not addressed in this opinion.

Under Rule 45(c)(1), "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> > (i) is a party or a party's officer; or
> > (ii) is commanded to attend a trial and would not incur substantial expense."

Fed. R. Civ. P. 45(c)(1). The Rule's 100-mile constraint applies in full force to parties and their officers: "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45(c)(1) Adv. Comm. Notes (2013); *see also Havens v. Mar. Commc'ns/Land Mobile, LLC*, No. 11-993, 2014 WL 2094035, at *1 (D.N.J. May 20, 2014) ("A straightforward application of the rule mandates that subpoenas issued to [party officers], California residents who work in California and do not regularly transact business in person in New Jersey . . . cannot compel them to appear for a trial in New Jersey").

Plaintiffs have shown that none of the eight employees reside in, are employed in, or regularly transact business in New Jersey or within 100 miles of the Court. *See* ECF doc. 161, Ex. B (Dec'l of Richard J. Leveridge). Dow concedes that these witnesses are "technically . . . outside the subpoena power of the Court," but argues that they should be compelled to testify because "parties have the authority to compel their own employees to testify." ECF doc. 123-1 (Dow Br.) at 7. Ultimately, Dow attempts to make an end run around Rule 45 and reach the same result: Dow asks the Court to compel Plaintiffs to compel their own employees to testify. The Court cannot and will not do so.

The Court further finds that "compelling circumstances" do not exist to warrant requiring these witnesses to testify via live video feed under Federal Rule of Civil Procedure 43(a). *See* Fed. R. Civ. P. 43(a) Adv. Comm. Notes (2013) ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena [as compared to video testimony]"). *Cf. Estate of Spear v. C.I.R.*, 41 F.3d 103, 116 (3d Cir. 1994) ("Although live testimony is generally preferable to videotaped testimony, the absence of such testimony, even from a key witness, is only minimally prejudicial when that witness is adverse and when there is a videotaped deposition that can be introduced in lieu of live testimony.").

### B. The Ten Withdrawn Live Witnesses

Dow also requests that the Court prevent Plaintiffs from presenting, during their case-in-chief, the deposition testimony of ten witnesses who were originally designated as live witnesses in the June 2015 pretrial order.[3] Because Plaintiffs have made the requisite showing that these witnesses are unavailable under Rule 32(a), Dow's request is denied.

Pursuant to Rule 32(a), a party may use the deposition of a witness, whether or not that witness is a party, if the Court finds, *inter alia*, that the witness is more than 100 miles from the place of trial, unless it appears that the witness's absence was procured by the party offering the deposition. *See* Fed. R. Civ. P. 32(a)(4)(B). "[D]istance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of Rule 32(a)(3)(B) is not contingent upon a showing that the witness is otherwise unavailable." *In re Jacoby Airplane Crash*, 2007 WL 559801, at *7 (D.N.J. Feb. 14, 2007) (quoting *Daigle v. Me. Med. Ctr., Inc.*, 14 F.3d 684, 691-92 (1st Cir. 1994)). No discretion is granted to the Court within the text of the Rule. *Id.* at *8.

Plaintiffs have designated the depositions of ten witnesses who live and work more than 100 miles from the Court. Dow does not contend that these witnesses are less than 100 miles from the Court or that Plaintiffs have procured their absence. Instead, Dow argues that the Court has the discretion under Rule 32(a) to preclude Plaintiffs from using the deposition testimony at trial. Dow further claims that the live testimony of these witnesses is "extremely important" because it will allow Dow to present an "important defense." ECF doc. 240 (Letter) at 3.

The Court concludes that it lacks discretion to preclude Plaintiffs from presenting their witnesses' deposition testimonies. *See In re Jacoby*, 2007 WL 559801, at *8. Any perceived importance of certain testimony does not create an exception to the Rule. The non-binding authority submitted by Dow in conjunction with its supplemental briefing on this issue does not persuade the Court otherwise. *See, e.g., A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 Fed. Appx. 649, 655-56 (10th Cir. 2014) (stating, upon determination that the witness resided and worked more than 100 miles from the courthouse, that the "key inquiry" is whether it appeared that witness's absence was procured by the party offering his deposition, and noting "a difference between procuring a witness's absence and electing not to procure his attendance"). The Court further finds that, even if it did have discretion to preclude Plaintiffs from using the deposition testimony, the circumstances in this case do not warrant exercise of that discretion. Dow had the opportunity at the deposition stage to cross examine each witness regarding Dow's defense and admits that it "developed such evidence" during the witnesses' video depositions and "will present it at trial." ECF doc. 240 (Letter) at 3 n. 5. *Cf. Estate of Spear*, 41 F.3d at 116.

---

[3] Dow argues that Plaintiffs should be held to their commitment at the June 2015 pretrial conference that they would be calling 13 live witnesses. But this Court has made clear to the parties that it considered the June 2015 pretrial order to be a work in progress, and that the parties would return to Magistrate Judge Falk to finalize the pretrial order. Therefore, this argument is unpersuasive.

### C. Dow's 30(b)(6) Objections

Finally, with respect to Dow's Federal Rule of Civil Procedure 30(b)(6) objections to portions of Plaintiffs' deposition testimony, the Court will reserve decision on these objections pending receipt of the special master's report. The parties are directed to present their arguments regarding these witnesses directly to the special master.

## II. CONCLUSION

Consistent with the above determinations, **IT IS** on this 22nd day of February 2016, hereby **ORDERED** that

Dow's motion *in limine* regarding witness testimony at trial **[ECF 123]** is **DENIED**; and it is further

**ORDERED** the Court will **RESERVE DECISION** as to Dow's 30(b)(6) objections to Plaintiffs' witnesses pending receipt of the special master's report.

_____
WILLIAM J. MARTINI, U.S.D.J.