

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

February 23, 2016

**VIA ECF**

Honorable William J. Martini
United States District Judge
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street, P.O. Box 999
Newark, New Jersey 07101-0999

      Re:  *In re Urethane Antitrust Litigation*,
            **Master Docket No. 08-5169 (WJM) (MF)**

Dear Judge Martini:

      As Your Honor is aware, this firm, along with Dechert LLP, represents defendant The Dow Chemical Company ("Dow") in the above-referenced action. I write briefly in response to Plaintiffs' letter of February 22, 2016 (Dkt. No. 249) requesting leave to file a supplemental brief supporting the expert opinion of Dr. Leslie Marx less than two weeks before trial.

      Plaintiffs' brief—submitted more than a year and half after briefing on the *Daubert* issue was complete—is simply an untimely *Daubert* brief. In the Court's January 14, 2016 order, the Court encouraged the parties to seek a "mutually agreeable resolution on whether or how Dr. Marx will testify" to the issue of whether "the variances detected by her models are attributable to the alleged conspiracy or are otherwise consistent with the evidence of the conspiracy as a whole." Dkt. No. 223; *see also* Dkt. No. 229 at 13. Plaintiffs have made no such effort. Instead, without ever raising the issue with us, they have gone ahead and filed an additional brief that rehashes arguments that have already been presented to the Court.

      For these reasons, Dow requests that the Court deny Plaintiffs leave to file this untimely brief. That said, if the Court chooses to consider further briefing on this issue (although six previous briefs have already been submitted to the Court), Dow respectfully requests seven days to respond. As the Court has heard from both sides, each model in each case is different. The particular Raiff model in this case differs from others in important respects, as discussed previously in the *Daubert* briefs. Also unique to this case is Dr. Marx's concession that causation presents a "separate question" not addressed by the model, that the model does not address causation, that Dr. Marx has no opinion on conspiracy, and that she cannot attribute modeled variance to any particular wrongful act as opposed to the "evidence of conspiracy as a whole." *See* Marx Nov. 15, 2013 Dep. Tr. 369-70, 579-85. The last point was conceded, reluctantly, after Dr. Marx's unfounded attempt at the hearing to connect variance at a particular point in time to conspiratorial conduct at that time. Jan. 13, 2016 *Daubert* Hr'g Tr. 135-36, 140-42. These crucial concessions, together with the numerous technical failings of the model, make the compelling case that Dr. Marx's opinion on causal attribution should be precluded as unhelpful to the jury under Federal Rule of Evidence 702.

      Thank you for your consideration in this matter.

GIBBONS P.C.

Honorable William J. Martini
February 23, 2016
Page 2

                Respectfully submitted,

                s/ Lawrence S. Lustberg
                Lawrence S. Lustberg

cc:  Honorable Mark Falk, U.S.M.J. (*via* Regular Mail)
    All counsel of record (*via* ECF)

Case 2:08-cv-05169-WJM-MF   Document 261   Filed 02/23/16   Page 2 of 2 PageID: 19313

GIBBONS P.C.