UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE URETHANE ANTITRUST LITIGATION<br><br>This Document Relates to:  All Actions | Civil Action No. 08-5169 (WJM)(MF)<br><br>**PLAINTIFFS' RESPONSE TO DOW'S OBJECTIONS TO THE SPECIAL MASTER'S PRELIMINARY EVIDENTIARY RULINGS** |

Plaintiffs respectfully submit this response to Dow's Objections to Judge Pisano's evidentiary rulings.

I.  **EVIDENCE OF LARRY STERN'S COOPERATION AGREEMENT WITH PLAINTIFFS IS INADMISSIBLE**

Dow takes the position that testimony from Mr. Stern relating to his cooperation agreement – which resulted directly from the Bayer settlement – should be admitted, notwithstanding that Dow successfully argued that the Bayer settlement and resulting proffer should <u>not</u> be admitted.  Dow thus seeks to impose an unfair double standard.

The Bayer settlement and Mr. Stern's cooperation are inextricably intertwined.  The settlement released Bayer's "past and present . . . officers, directors, employees, agents . . . [and] representatives," and in return, Bayer agreed, *inter alia*, to cooperate with Plaintiffs in the prosecution of their claims against the remaining defendants.  Absent the settlement agreement, Mr. Stern would never have agreed to have his deposition taken in this case.  Indeed, the email from Mr. Stern's lawyer to Plaintiffs merely memorialized Mr. Stern's "understanding" of the terms of his cooperation – it was not, as Dow insinuates, an entirely separate "personal cooperation agreement" having nothing to do with the Bayer settlement.  The testimony that Dow seeks to introduce violates the parties' agreement not to "make reference to or seek to introduce evidence or argument regarding settlements or settlement discussions with former

Defendants, with Dow, or with alleged co-conspirators." Bayer is a former defendant and, notwithstanding Dow's efforts to muddy the waters, it is clear that Mr. Stern is an "alleged co-conspirator" as that term is used in the agreement, given the voluminous evidence of Mr. Stern's conspiratorial conduct. Dow argues that, because Dow drafted the stipulation, and now says that Dow never intended it to cover Mr. Stern, it does not apply. To the contrary, to the extent that there is any ambiguity in this agreement between the parties (and there really isn't), it should be construed against the drafter, Dow. Therefore, the Court should hold Dow to its agreement and exclude this evidence.

II. **IF DOW WISHES TO INTRODUCE THE STEPHANIE BARBOUR DEPOSITION TESTIMONY AT ISSUE REGARDING HER HANDLING OF HER NOTES, IT MUST DO SO IN ITS OWN CASE**

While Dow argues at great length that a deposition excerpt regarding Ms. Barbour's handling of her notes of certain conversations is "critical evidence," it is in fact of marginal relevance at best, and is outside the scope of Ms. Barbour's direct testimony. Judge Pisano stated, in response to Plaintiffs' scope objection, that he believed that this evidence "is something that's got to come in in your [i.e., Dow's] defense." Plaintiffs agree with Judge Pisano that this evidence can only be admitted as part of Dow's case.

III. **JUDGE PISANO CORRECTLY SUSTAINED PLAINTIFFS' OBJECTIONS TO MS. BARBOUR'S TESTIMONY REGARDING DISCUSSIONS WITH BOB WOOD THAT HAVE NOTHING TO DO WITH THE ANTITRUST CLAIM AT ISSUE IN THIS CASE**

Judge Pisano correctly sustained Plaintiffs' objections to an excerpt from Ms. Barbour's deposition in which she testified that she spoke with Mr. Wood, to whom Mr. Fischer reported, regarding Mr. Fischer's "command and control leadership methods" and other aspects of Mr. Fischer's leadership style that "foster[ed] a climate of tension" within his group. Judge Pisano properly noted that such testimony "is way beyond the point." Contrary to Dow's insinuation,

Judge Pisano's ruling was not the product of any "mistaken belief" regarding previous rulings, but was based on a straightforward assessment that this testimony was irrelevant to any legitimate issue in this case. The Court should reject Dow's entirely speculative theory that, because the testimony shows that Ms. Barbour discussed some things with Mr. Wood, it is somehow relevant to support Dow's contention that her testimony regarding Dow's collusive conduct was fabricated, because she did not discuss the antitrust violations with Mr. Wood. But there was no reason for Ms. Barbour to discuss this with Mr. Wood, particularly given that she properly discussed it with the appropriate in-house counsel on more than 10 occasions (to no avail). Thus, Judge Pisano properly concluded that the testimony was irrelevant.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
*Attorneys for Plaintiffs*

By:   /s/ James E. Cecchi
         JAMES E. CECCHI

Dated: March 3, 2016

Jeffrey M. Johnson
Adam Proujansky
Daniel P. Schaefer
Alex E. Hassid
BLANK ROME LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200

James R. Martin
ZELLE LLP
1220 L Street, NW
Suite 100-143
Washington, DC 20005
(202) 359-6688
*Attorneys for Plaintiffs*

Richard J. Leveridge
ADAMS HOLCOMB, LLP
1875 Eye Street, NW
Washington, DC 20006
(202) 580-8818