# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
°MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

March 21, 2016

**Via ECF**

The Honorable William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

           Re:    *In re Urethane Antitrust Litigation*
                  Civil Action No. 08-5169 (WJM) (MF)

Dear Judge Martini:

      Plaintiffs are in receipt of yet another brief from Dow addressing Dr. Marx's testimony that was filed this evening at 6:00 PM. Dow's brief makes virtually the same arguments that Dow has made on multiple occasions and as to which the Court has already ruled. Specifically, the Court already has held that Dr. Marx would be permitted to give her opinion attributing the overcharges to the existence of the conspiracy, albeit without attributing any variance to a specific price increase amount on a specific date. The Court further agreed that Dr. Marx would be permitted to testify that she looked at the actual historical facts. Plaintiffs certainly do not plan to have Dr. Marx recite a litany of testimony and evidence regarding the conspiracy. At the same time, the notion that Dr. Marx must be limited to a bare recital of the "evidence as a whole" is unreasonably crabbed, and is designed to allow the Defendant to claim, as it already has done repeatedly and erroneously, that Dr. Marx did not consider the actual historical facts.

      The Court further ruled that Dr. Marx would need to stick to her original opinion as to the amount of damages and that Dow would be permitted, if it chose to do so, to cross examine her on any variance and the reasons for such variance. The Court reserved only on the question of whether Dr. Marx would be permitted to say that counsel for the Plaintiffs asked her, for legal reasons, to subtract a certain amount of damages, and that is why Plaintiffs now ask for $582 million. On that final question, Mr. Martin will be in Court tomorrow morning and will seek your guidance regarding what can and cannot be said about purchases by Plaintiff Carpenter in 1994-96 of products that Lyondell incorrectly labeled as polyols.

      We can also assure the Court (as we have assured Dow on multiple occasions) that Plaintiffs have no intention of asking Dr. Marx to testify with respect to PX-1413, a summary exhibit that accurately maps out all the agreed price increase announcements with the median and but for prices for all three products at issue.

The Honorable William J. Martini
March 21, 2016
Page 2

      Finally, Dow brings what amounts to still another motion *in limine* seeking to prohibit Dr. Marx from validating her results with reference to the statistical model used in the class trial, another model that was entirely consistent with her results. Obviously, Dr. Marx will not make any reference to the class trial or the results thereof. However, when another expert in the field has done an independent econometric analysis and has come up with overcharges that are in fact consistent with Dr. Marx's results here, such results are exactly the type of validation that gives credence to Dr. Marx's opinions, and reflects the sort of peer review that is valued by economists in the field. This opinion was fully revealed in the expert report, thus giving Dow ample ability to timely object to the opinion during the course of pretrial proceedings, rather than less than 48 hours before Dr. Marx is scheduled to testify.

      As noted above, Mr. Martin will be in Court tomorrow morning to address these and any other issues that the Court deems appropriate.

      Thank you for your continued consideration of this matter.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc: All Counsel (via ECF)