# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
_____
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
°MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

March 28, 2016

VIA ECF

The Honorable William J. Martini
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

     Re: *In re Urethane Antitrust Litigation*
       Civil Action No. 08-5169 (WJM) (MF)

Dear Judge Martini:

  Plaintiffs have again received from Dow another set of belatedly disclosed, new, purported "summary" exhibits. Dow provided these documents on the morning of March 27, 2016 (Easter Sunday) in an email titled "New Summary Exhibits," with the expectation of authenticating them with its summary witness, Marissa Ginn, as early as the afternoon of Monday, March 28, 2016. Dow's email contained six new sets of graphs – marked as DX 8710, DX 8711, DX 8712, DX 8713, and DX 8715 (attached as Exhibits A-E) – each of which contains at least three pages of graphs, and none of which were previously disclosed in any expert's report.[1] This is not the first time Dow has ambushed Plaintiffs with a last-minute attempt to use new summary documents.

  As Your Honor may recall, on February 29, 2016, Dow produced a number of so-called summary documents just before the parties' final meeting with Judge Falk regarding the Final Pretrial Order. Plaintiffs objected to those documents, and the parties corresponded regarding those objections through the weekend leading up to jury selection and opening statements. Just prior to the delivery of opening statements on the morning of March 8, 2016, Dow's counsel informed Plaintiffs that despite Plaintiffs' objections, Dow planned to use some of its objectionable "summaries" in its opening statement. When Plaintiffs raised the issue with the Court, Your Honor indicated, and Dow's counsel acknowledged, that Dow would proceed at its own peril in using these summary documents in opening statement. At the time, the Court expressed concern regarding the last-minute nature of the dispute.

---

[1] In the evening on Easter Sunday, Dow revised its proffer to eliminate DX 8714.

The Honorable William J. Martini
March 28, 2016
Page 2

On March 16, 2016, the day before Plaintiffs' witness David Underdown was scheduled to testify, Dow again provided Plaintiffs with new "summary" documents. Plaintiffs objected, and the Court heard limited argument regarding the documents on the morning of March 17, 2016. While ruling to exclude Dow's belatedly served graphs, Your Honor stated: "I'm not satisfied that [the documents] accurately reflect the data and I'm disturbed by the fact that they weren't provided on a more timely basis to your adversary." Trial Tr. at 3:21-24 (Mar. 17, 2016) (emphasis added).

Dow continues to employ the same tactics. Plaintiffs strenuously object to these new, last-minute documents, which Dow has disclosed only after the close of plaintiffs case. First, these charts simply come too late. If Dow wanted to use such documents, it was obligated to provide them on a timely basis. Second, because these documents reflect entirely new graphical presentations, they constitute new opinions, and should be excluded on that basis as well. For the same reason, Plaintiffs would object to any attempt by Dow to use with its first expert witness, Kenneth Elzinga, Ph.D., any documents or charts not included in his initial or supplemental expert reports.

Third, because these documents offer completely new graphical presentations of data, Plaintiffs have not had the opportunity to examine any expert in this case on the data, have not had a meaningful opportunity to consult with their own experts regarding the data, and should not be forced to conduct such inquiries for the first time during trial. Fourth, Dow seeks to offer these documents into evidence now, after Dr. Marx has testified and been cross examined, despite the fact that its new "summary" documents purport to contain data used by Dr. Marx. In short, these documents reflect little more than lawyer argument, and none should be provided to the jury in any form.

As Your honor may recall, Dow initially proposed dozens of summary documents that were not included in the Final Pretrial Order. According to information Dow provided on Easter Sunday, Plaintiffs now understand that for 11 of those documents – which Dow purportedly has revised to address some of Plaintiffs' objections – Dow will seek to have Marissa Ginn authenticate and offer foundation for them as early as the afternoon of March 28. While Plaintiffs continue to view those documents as inaccurate and inadmissible, we will be prepared to demonstrate those concerns through the cross examination of Ms. Ginn.

Furthermore, Plaintiffs strongly believe Ms. Ginn's examination, if permitted at all, should take place outside the presence of the jury. Plaintiffs have not had the opportunity to depose Ms. Ginn, and the entirety of her testimony addresses the admissibility of purported summary documents under Federal Rule of Civil Procedure 1006. Dow should not be permitted to parade those documents in front of the jury before the Court decides whether the documents are admissible. *See U.S. ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 200 (E.D.N.Y. 2001) (concluding that the trial court acted within its discretion in deciding after "a hearing outside the presence of the jury" not to allow the cost report summary into evidence under Federal Rule of Evidence 1006), *aff'd sub nom. Morganti Inc. v. Liberty Bond Serv., Inc.*, 67 F. App'x 68 (2d Cir. 2003); *see also United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984) ("trial court, out of the presence of the jury, should carefully examine the summary charts

The Honorable William J. Martini
March 28, 2016
Page 3

to determine that everything contained in them is supported by the proof"); *United States v. Bartone*, 400 F.2d 459, 461 (6th Cir. 1968) ("The use of summaries is not without danger[;] . . . [t]hus, it is necessary that the trial judge carefully examine this type of evidence and supporting exhibits, out of hearing of the jury, in order to determine that everything contained in the summary is supported by the proof.").

      Plaintiffs will be prepared to address both Dow's new summary documents and Ms. Ginn's testimony when Court begins on Monday. Thank you for your consideration of these matters.

                        Respectfully Submitted,

                        CARELLA, BYRNE, CECCHI,
                  OLSTEIN, BRODY & AGNELLO, P.C.

                            /s/ James E. Cecchi

                            JAMES E. CECCHI

cc: All Counsel (via ECF)