

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

March 31, 2016

**VIA ECF**

Honorable William J. Martini
United States District Judge
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street, P.O. Box 999
Newark, New Jersey 07101-0999

      Re:   *In re Urethane Antitrust Litigation*,
             Master Docket No. 08-5169 (WJM) (MF)

Dear Judge Martini:

      As Your Honor is aware, this firm, along with Dechert LLP, represents defendant The Dow Chemical Company ("Dow") in the above-referenced action. We regret the need to bring this issue to your attention, but the parties have been unable to reach an agreement regarding the presentation of an additional 5 minutes and 8 seconds of videotape deposition for Stephanie Barbour that is necessary to correct a factual mischaracterization by Plaintiffs' counsel during trial, and that we expect Plaintiffs will continue to pursue next week when they cross-examine various live Dow witnesses at trial. On Tuesday April 5, prior to that live testimony, Dow intends to present portions of Ms. Barbour's videotaped testimony to which Plaintiffs do not object. Dow seeks to add an additional brief designation (which is attached hereto as Exhibit A) to that testimony in order to respond to claims Plaintiffs have now made during this trial, and cross-examination we expect they will pursue next week. Dow has offered Plaintiffs the opportunity to submit counter-designations, if necessary, to this limited supplemental designation. Plaintiffs have declined and object to this testimony. This Court should permit Dow to add this testimony because Dow did not and could not have anticipated the claim Plaintiffs have made and will make during trial which the attached testimony rebuts.

      On Tuesday, March 15, after Plaintiffs' initial designations, counter-designations, and objections regarding the deposition of Stephanie Barbour had been resolved first by Judge Pisano and then this Court, and after Dow had served on Plaintiffs proposed affirmative designations for its case,[1] Plaintiffs' counsel posed the following question to Robert Wood in open court before the jury:

> Q. Mr. Schefsky, Dow's in-house lawyer for the urethanes business, testified that he conducted **two separate investigations in response to complaints that Ms. Barbour made that she suspected Mr. Fischer of engaging in price-fixing with competitors**. You weren't aware of these investigations, were you, sir?

---

[1] On February 8, 2016, Plaintiffs served initial deposition designations for Stephanie Barbour. On February 19, Dow served objections and counter-designations to Ms. Barbour's 2010 and 2013 depositions. On February 24, Judge Pisano sustained Plaintiffs' objections to Dow's counter designations in the 2013 deposition of Stephanie Barbour as beyond the scope of Plaintiffs' affirmative designations. Judge Pisano directed Dow to seek Your Honor's approval to play those 2013 designations in its affirmative case, which Dow did. On March 7, 2016, Your Honor ruled on objections to Judge Pisano's rulings. The next day, Dow sent to Plaintiffs its proposed designations for Barbour, which largely converted Dow's former counter designations for the Barbour 2013 deposition into affirmative designations for Dow's case.

GIBBONS P.C.

Honorable William J. Martini
March 31, 2016
Page 2

        A. No.

3/15/16 Tr. at 67:8-14 (emphasis added). Two days later, on Thursday March 17, Plaintiffs served objections to Dow's deposition designations for Dow's head of compliance, Tom McCormick, and again reiterated their assertion that Mr. Schefsky recalled two complaints regarding price fixing.[2] The following Tuesday, March 22, Dow submitted the attached supplemental designations in order to respond to these claims and to respond to anticipated cross-examination forthcoming next week.

    Plaintiffs' characterization of Mr. Schefsky's testimony and Ms. Barbour's testimony is directly contradicted by Ms. Barbour's own testimony attached hereto. The two investigations to which Plaintiffs' counsel referred on March 15 and 17 involve Ms. Barbour's complaints to Dow's former in-house counsel, Lynn Schefsky. In his 2010 deposition, Mr. Schefsky testified that Ms. Barbour made two complaints that raised potential antitrust concerns: the first involved David Fischer's contacts with Kay Gugler of Huntsman and the second involved the volume of telephone calls that Mr. Fischer had with competitors. As to the former, Mr. Schefsky expressed some uncertainty whether Ms. Barbour raised any issue of price fixing or whether it was Mr. Schefsky's own inference, and as to the latter, Mr. Schefsky firmly testified that Ms. Barbour did not mention price fixing. *See* Schefsky 2010 Tr. at 90:7-18; 119-20.

    Despite Mr. Schefsky's equivocation as to whether he inferred that the first episode regarding Mssrs. Gugler and Fischer involved price-fixing, Ms. Barbour's attached testimony on this point (which Dow now seeks to designate in light of Plaintiffs' assertion made during trial) is clear that the issue with Mr. Gugler did not relate to "anything illegal," including price fixing:

> Q. What was the nature of the renegotiation -- what was the nature of the discussion between Mr. Fischer and Mr. Gugler that you are aware of?
> A. I think they were -- Mr. Fischer was trying to renegotiate the contract so that the -- so that he could change the way that the pricing was set up -- the way that the purchase price was set up, and I suspect also to try to see if he could buy aniline instead of MDI because we did need aniline.
> Q. What is aniline?
> A. Aniline is the raw material -- the major raw material that goes into making MDI.
> Q. And why did you need that?
> A. We were short.
> Q. Was the -- this renegotiation process that you described, did you have any criticisms of the way Mr. Fischer handled that?
> A. Yes.

---

[2] In the email setting forth their objections, Plaintiffs stated that the examination of McCormick "is misleading because it gives the impression that [Ms. Barbour] never reported these issues until 2010 when in fact she testified that she had already reported price-fixing issues to her business lawyer, Lynn Schefsky, as they were happening and prior to the 2004 investigation; Schefsky himself remembered two such complaints." *See* 3/17/2016 9:33 P.M. Email from Daniel Schaefer, counsel for Plaintiffs, to counsel for Dow.

GIBBONS P.C.

Honorable William J. Martini
March 31, 2016
Page 3

> Q. And what were those?
> A. That he was doing it absent of any advice from the lawyers or the legal group.
> Q. And why was he doing that?
> A. I don't know.
> Q. Did you report that to Mr. Schefsky or anyone else?
> A. Mr. Schefsky was aware of it already.
> Q. How was Mr. Schefsky aware of it?
> A. He was concerned about it.
> Q. Did he tell you why he was concerned about it?
> A. No.
> Q. Were you concerned about it?
> A. Yes.
> Q. And why were you concerned about it?
> A. Because of the financial impact to the business.
> Q. And what -- what about the renegotiation did you think was going to have a negative impact on Dow's financial position?
> A. I thought that Mr. Fischer was probably going to give away more than he should have -- **not anything illegal**, just, you know, he was -- Mr. Fischer had a reputation for being a bit of a wheeler dealer without actually understanding the consequences of what he was wheeling and dealing.

*See* Attachment A (Barbour 2010 Tr. 102-105) (emphasis added).

Given the assertion that Plaintiffs presented in the middle of trial about Ms. Barbour's complaints to Mr. Schefsky, particularly regarding Mr. Gugler and Mr. Fischer, relate specifically to *price fixing* as opposed to any other improper conduct, it became necessary for Dow to serve on Plaintiffs the attached additional designation of Ms. Barbour, which it did shortly thereafter. Those additional brief designations establish – by Ms. Barbour's own admission – that her complaint regarding Fischer and Gugler did not relate to price fixing—or "anything illegal." *See* Attachment A.[3] While Mr. Schefsky will address these issues directly in his live testimony next week, Dow should be able to submit into evidence during its case the sworn testimony of Ms. Barbour herself, in which she states unequivocally that her complaint concerning Mr. Fischer's interaction with Mr. Gugler had nothing to do with price fixing.

Despite the limited scope of this designation necessitated by Plaintiff's assertions during trial, Plaintiffs informed Dow on Saturday, March 26 that they object to Dow adding this designation to Ms. Barbour's testimony that will be played next week. Plaintiffs argue that any additional designations are untimely and should have been included in the process before Judge Pisano concerning Ms. Barbour's 2010 deposition that was completed before the start of trial. Plaintiffs are wrong. Dow had no way of knowing that Plaintiffs would mischaracterize testimony in a way that could be rebutted with the attached

---

[3] On February 19, before trial started, Dow objected to certain of Plaintiffs' proposed designations regarding Mr. Fischer at Barbour 2010 Dep. 92-96 and 105-107 (surrounding the attached proposed designations)) as irrelevant and prejudicial because at the time Dow did not know Plaintiffs would be making the arguments described above.

GIBBONS P.C.

Honorable William J. Martini
March 31, 2016
Page 4

testimony, or that Plaintiffs would pursue this specific line of cross-examination concerning Mr. Fischer's contacts with Mr. Gugler, and therefore Dow did not designate that testimony prior to trial.  It was only after Plaintiffs made the repeated assertions described above that Dow re-studied the Barbour testimony and found the attached testimony that responds to Plaintiffs' assertions.  In short, Dow is simply reacting during trial to a claim made by Plaintiffs during trial and that they will no doubt make next again week during live testimony.  If this trial were being conducted by live witnesses, clearly Dow would be permitted to respond during its case to assertions by Plaintiffs during their case.  This is no different, but instead involves responding with a short additional deposition designation from a witness who Dow was already going to present by deposition during its case, and whose attached testimony shows Plaintiffs' assertion is false. If Dow is denied the opportunity to present evidence, the truth seeking process will be undermined and Dow will be prejudiced.

   Dow respectfully requests that the Court permit this limited additional testimony be presented next week on Tuesday, April 5, or in the alternative, after Dow's live witnesses who address this subject.

   Thank you for your consideration in this matter.

                     Respectfully submitted,

                     s/ Lawrence S. Lustberg
                     Lawrence S. Lustberg

cc:  All counsel of record (*via* ECF)

2289974.1  099998-00001